# MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

JOHN H. SUMINSKI
Direct Dial: (973) 425-8706
jsuminski@mdmc-law.com

July 5, 2018

**VIA ECF AND REGULAR MAIL**

Hon. Peter G. Sheridan, Sr. U.S.D.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse, Room 4050
402 E. State Street
Trenton, New Jersey 08608

> Re:  *Ass'n of N.J. Rifle & Pistol Clubs, Inc. et al. v. Grewal et al.*
>       Civil Action No. 18-10507 (PGS) (LHG)

Dear Judge Sheridan:

This firm represents defendant Thomas Williver in his official capacity as Chief of Police of the Chester Police Department.  Please accept this letter in lieu of a formal brief as Chief Williver's response to plaintiffs' Motion for a Preliminary Injunction.

Chief Williver will rely on the papers submitted by the Attorney General with respect to the issues raised in plaintiffs' motion.  For his part, as a public official charged with maintaining public safety and enforcing the law,[1] Chief Williver will only point out that the injunctive relief sought by plaintiffs is inconsistent with the legislature's judgment of the public interest at stake here.  The public safety factor alone is reason to deny the motion.

The recent amendments to *N.J.S.A.* 2C:39-1(w)(4) and *N.J.S.A.* 2C:39-1(y), and related provisions, that plaintiffs challenge are now the law of the land.  *P.L.* 2018, *c.* 39.  As such they are entitled to a presumption of validity, and plaintiffs bear a heavy burden in seeking to overcome that presumption and to prove, beyond a reasonable doubt, that the amendments are unconstitutional.  *See, e.g.*, *State v. Trump Hotels & Casino Resorts*, 160 N.J. 505, 526 (1999) (presumption of validity attaches to statutory enactments); *New Jersey Sports & Exposition Auth.*

---

[1] *See Code of the Township of Chester*, § 41-1 ("The Police Department shall be responsible for the following: to protect life and property; preserve the public peace; detect, arrest and assist in the prosecution of offenders of the laws of the United States of America and the State of New Jersey, the ordinances of the Township of Chester and such other laws as may fall under their jurisdiction; . . . .")

NEW JERSEY    NEW YORK    PENNSYLVANIA    CONNECTICUT    MASSACHUSETTS    COLORADO    DELAWARE    FLORIDA    RHODE ISLAND

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Peter G. Sheridan, Sr. U.S.D.J.
July 5, 2018
Page 2

*v. McCrane*, 61 N.J. 1, 8 (1972) (the exercise of judicial power to invalidate a legislative act "has always been exercised with extreme self restraint, and with a deep awareness that the challenged enactment represents the considered action of a body composed of popularly elected representatives"); *Harvey v. Essex County Bd. Of Freeholders*, 30 N.J. 381, 388 (1959) ("[A] legislative act will not be declared void unless its repugnancy to the Constitution is clear beyond a reasonable doubt."); *see also Marshall v. Lauriault*, 372 F.3d 175, 185 (3d Cir. 2004), *citing I.N.S. v. Chadha*, 462 U.S. 919, 944 (1983) (constitutional analysis begins with presumption that statute or its application is constitutional, and challenger bears burden of proving that statute is unconstitutional). Given the presumption of validity—a presumption that plaintiffs' papers fail to even acknowledge, let alone address—plaintiffs are unable to demonstrate a likelihood of success on the merits under any of their theories of unconstitutionality.

Ultimately it will be for the Court in this case to say what the law is. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). But that judgment cannot be made at this stage of these proceedings. The motion for a preliminary injunction should be denied.

Respectfully yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*John H. Suminski*

John H. Suminski

cc:     All Counsel (via ECF and e-mail)