Lawrence S. Lustberg, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
llustberg@gibbonslaw.com

*Attorneys for Amicus Curiae*
*Everytown for Gun Safety*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC. et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of New Jersey, et al.<br><br>*Defendants*. | Civil Action No. 18-cv-10507<br><br>Judge Peter G. Sheridan<br><br>**CERTIFICATION OF LAWRENCE S. LUSTBERG, ESQ.** |

I Lawrence S. Lustberg, Esq., of full age, hereby certify:

1. I am an attorney-at-law of the States of New Jersey and New York and Chairman of the Criminal Department and Director of the John J. Gibbons Fellowship in Public Interest and Constitutional Law at Gibbons P.C., attorneys for proposed *Amicus Curiae* Everytown for Gun Safety (hereinafter, "Everytown"). I respectfully submit this certification in support of Everytown's Motion to Participate as *Amicus Curiae* in support of Defendants in the above captioned matter.

2. Everytown for Gun Safety is the nation's largest gun-violence-prevention organization, with millions of supporters spread across all fifty states, including thousands of

New Jersey residents. It was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking; and Moms Demand Action for Gun Sense in America, an organization formed after the murder of twenty children and six adults in an elementary school in Newtown, Connecticut. Everytown also includes a large network of gun violence survivors who are empowered to share their stories and advocate for responsible gun laws.

3. Everytown's advocacy includes defending gun laws through the filing of *amicus* briefs that provide historical context and doctrinal analysis, which will be of assistance to the Court or might otherwise be overlooked in deciding challenges to gun laws. Everytown has filed such *amicus* briefs in several recent cases, including cases dealing with large capacity magazines. *See, e.g.*, *Kolbe v. Hogan, No.* 14–1945, 2016 WL 1572325 (4th Cir. April 18, 2016); *Duncan v. Becerra*, No. 17-56081 (9th Cir. Nov. 22, 2017); *see also Peruta v. Cty. of San Diego*, Nos. 10-56971, 11-16255, 2015 WL 2064206 (9th Cir. Apr. 30, 2015).

4. Everytown seeks leave to file the attached *amicus* brief in order to assist the court by providing additional information and analysis on three important topics related to this challenge brought by, *inter alia*, the Association of New Jersey Rifle & Pistol Clubs (this State's affiliate of the National Rifle Association), to a recently enacted New Jersey statute, A2761, which prohibits the possession of firearms with large capacity ammunition magazines ("LCMs"). First, Everytown's brief provides the court with historical evidence on the long tradition of regulating or prohibiting weapons that legislatures have determined to be unacceptably dangerous—including a century of restrictions on firearms capable of firing a large number of rounds without reloading, including LCMs. Second, Everytown's brief provides doctrinal analysis demonstrating how the test proposed by Plaintiffs in this matter, which turns on the national prevalence of the regulated weapon in circulation is both nonsensical and doctrinally flawed. Finally, Everytown presents social science research conducted by Everytown, as well as

other relevant social science, demonstrating that LCMs make mass shootings more deadly and showing that A2761 is appropriately tailored to addressing New Jersey residents' public safety concerns in this regard.

5.  There is no rule or statute that prescribes a standard for participation as *amicus curiae* in this Court, but in both civil and criminal matters, this and other Courts commonly look to Federal Rule of Appellate Procedure 29 for guidance in this regard. See *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002); *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). Under Rule 29, "[a]micus status is typically granted when : (1) the *amicus* has a 'special interest' in the particular case; (2) the *amicus*' interest is not represented competently or at all in the case; [and] (3) the proffered information is timely and useful. . . ." *Alkaabi*, 223 F. Supp. 2d at 592; accord *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.).[1] Accordingly the courts in this Circuit allow *amicus* participation where the movant complies with Fed. R. App. P. 29. *Neonatology*, 203 F.3d at 132-33.

6.  Given both its legislative advocacy and extensive experience litigating Second Amendment cases, Everytown has a special interest in this case. Everytown's participation is particularly appropriate because its brief presents broader arguments about history, doctrine and social science than those presented by the parties, issues with regard to which Everytown possesses great expertise, which it will seek to bring to bear to assist the Court. See Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J. App. Prac. & Process 279, 281 (1999) (*amicus* participation is especially appropriate where the prospective *amicus* has "particular

---

[1] The *Alkaabi* Court clarifies that "there is no rule that amici must be totally disinterested." 223 F. Supp. 2d at 592. Indeed the Third Circuit has made clear that any requirement of impartiality "became outdated long ago." *Neonatology*, 293 F.3d at 131.

expertise" or "argue points deemed too far-reaching for emphasis by a party."). Finally, there is no applicable timing provision for this filing, as Rule 29 calls for submission "no later than 7 days after the principal brief of the parting being supported is filed." Fed. R. App. P. 29(a)(6). Because of the expedited timeline in this case, Everytown will be filing, with the consent of Plaintiffs, by noon on the day after the state's brief in opposition to Plaintiffs' Motion for a Preliminary Injunction is due. Thus, Everytown is in compliance with Rule 29, has an adequate interest, and will provide arguments of relevance and desirability to the Court. In addition, Everytown has precisely the sort of expertise, and will present the sort of nuanced arguments, that make *amicus* participation especially appropriate.

7. All parties have consented to the filing of this proposed *amicus* brief.

8. For the foregoing reasons Everytown should be permitted to participate in Plaintiffs' motion for a preliminary injunction as *amicus curiae* by submitting the attached Brief.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 6, 2018
/s Lawrence S. Lustberg
Lawrence S. Lustberg, Esq.

GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
llustberg@gibbonslaw.com

*Attorneys for Amicus Curiae
Everytown for Gun Safety*