# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC.; BLAKE ELLMAN; and ALEXANDER DEMBOWSKI,<br><br>    Plaintiffs,<br>vs.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of New Jersey; PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police; THOMAS WILLIVER, in his official capacity as Chief of Police of the Chester Police Department; and JAMES B. O'CONNOR, in his official capacity as Chief of Police of the Lyndhurst Police Department,<br><br>    Defendants. | Hon. Peter G. Sheridan, United States District Judge<br>Hon. Lois H. Goodman, United States Magistrate Judge<br><br>**Civil Action No. 18-cv-10507**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PRELIMINARY INJUNCTION MOTION** |

HANNAH SHEARER
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
268 BUSH ST. # 555
SAN FRANCISCO, CA 94104
(415) 433-2062

J. ADAM SKAGGS
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
223 WEST 38TH ST. # 90
NEW YORK, NY 10018
(917) 680-3473

Of Counsel for *Amicus Curiae* Giffords
Law Center to Prevent Gun Violence

TIMOTHY M. HAGGERTY
FRIEDMAN KAPLAN SEILER
  & ADELMAN LLP
ONE GATEWAY CENTER, 25TH FLOOR
NEWARK, NJ 07102-5311
(973) 877-6400

Counsel for *Amicus Curiae* Giffords
Law Center to Prevent Gun Violence

With the consent of all parties, Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") respectfully moves for leave to file the attached *amicus curiae* brief.

Giffords Law Center is a national, non-profit organization dedicated to reducing gun violence. It was founded 25 years ago after a mass shooting at a San Francisco law firm perpetrated by a gunman armed with semiautomatic pistols and large-capacity magazines.[1] The organization was renamed Giffords Law Center in 2017 after joining forces with the gun-safety group founded by former Congresswoman Gabrielle Giffords. Today, Giffords Law Center provides comprehensive legal expertise in support of effective violence-prevention policies and programs. It has provided informed analysis of social science research and Second Amendment law as an *amicus* in numerous cases, and several courts have cited research and information from Giffords Law Center's briefs in their decisions. *E.g., Stimmel v. Sessions*, 879 F.3d 198, 208 (6th Cir. 2018); *Peruta v. Cty. of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring).[2]

District courts have discretion whether to grant leave to file an *amicus* brief.

---

[1] *See* Rachel Swan, *Legacy of '93 SF Rampage: The Mass Shooting at 101 California Has Shaped Gun Politics and Policies for Decades*, SF CHRONICLE, July 2, 2018.
[2] Giffords Law Center filed these briefs under its former name, the Law Center to Prevent Gun Violence.

1

*See, e.g.*, *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). The Court's discretion may be informed by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which requires explanation of "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b)(2). The Third Circuit recognizes that a "broad reading" of Rule 29(b)(2) is "prudent" and that "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.).

Giffords Law Center's participation in this case is desirable under Rule 29 because the organization has "particular expertise" about gun policy and large-capacity magazine laws. *See Neonatology Assocs.*, 293 F.3d at 132. Participation is also desirable because the principle at stake in this case—the ability of state legislatures to regulate the magazines that have become a favored tool of mass shooters—is fundamental to Giffords Law Center's mission and critically important to its members. This Court's decision on Plaintiffs' motion for a preliminary injunction will immediately affect those interests in New Jersey and could be persuasive to courts adjudicating similar cases nationally. One such case is a Second Amendment challenge pending in California over large-capacity magazine regulations that Giffords Law Center drafted as part of a state ballot initiative. *Duncan v. Becerra*, 265 F. Supp. 3d 1106 (S.D. Cal. 2017), *appeal*

2

*docketed*, No 17-56081 (9th Cir. Jul. 27, 2017).

The proposed *amicus* brief also asserts matters "relevant to the disposition" of Plaintiffs' Second Amendment claim. Fed. R. App. P. 29(b)(2); *see also Neonatology Assocs.*, 293 F.3d at 132 (*amicus* briefs that "collect background or factual references that merit judicial notice" or advance arguments underemphasized by the parties can be useful). Giffords Law Center's brief presents relevant information and empirical evidence about the dangers of large-capacity magazines; describes why New Jersey's possession ban is necessary to achieve the state's public safety goals; and advances legal arguments that these magazines fall outside the scope of the Second Amendment's protections.

In addition to Rule 29, this Court has considered three factors when assessing a motion for leave to file an amicus brief: (1) whether an *amicus* party has a "special interest," (2) whether the party's special interest is not represented in the case, and (3) whether proposed brief is "timely and useful." *See, e.g.*, *Alkaabi*, 223 F. Supp. 2d at 592 (applying these and dismissing a fourth factor—the "amicus is not partial to a particular outcome"—after finding that "[p]arties with pecuniary and policy interests have been regularly allowed to appear as *amici* in our courts"). These factors, too, are satisfied here. As discussed above, Giffords Law Center has a unique interest in the outcome of this litigation, and its interest as a national policy organization is not represented by the parties. Furthermore, the brief

3

presents useful information and is timely filed one day after the State's brief with consent from both parties.

For the foregoing reasons, Giffords Law Center respectfully requests that the Court grant its motion for leave to file an *amicus* brief.

Dated: Newark, New Jersey
       July 6, 2018

                                Respectfully Submitted,

                                FRIEDMAN KAPLAN SEILER &
                                  ADELMAN LLP

                                s/ Timothy M. Haggerty
                                Timothy M. Haggerty
                                One Gateway Center, 25th Floor
                                Newark, NJ 07102-5311
                                (973) 877-6400
                                thaggerty@fklaw.com

                                *Counsel for Amicus Curiae Giffords Law*
                                *Center to Prevent Gun Violence*

Of Counsel:

Hannah Shearer
Giffords Law Center to Prevent Gun Violence
268 Bush St. # 555
San Francisco, CA 94104
(415) 433-2062
hshearer@giffords.org

J. Adam Skaggs
Giffords Law Center to Prevent Gun Violence
223 West 38th St. # 90
New York, NY 10018
(917) 680-3473
askaggs@giffords.org