UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOTCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>GURBIR GREWAL, *et al.*,<br><br>    *Defendants*. | Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J.<br>Civil Action No. 18-cv-10507<br><br>Motion Date: Date of the Issuance of the Court's Order Regarding Plaintiffs' Motion for a Preliminary Injunction (Date Unknown)<br><br>**<u>CIVIL ACTION</u>**<br><br>**(ELECTRONICALLY FILED)** |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
MOTION FOR AN INJUNCTION PENDING APPEAL**

David H. Thompson*
Peter A. Patterson*
Haley N. Proctor*
J. Joel Alicea*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Admitted pro hac vice

*Attorneys for Plaintiffs*

## TABLE OF AUTHORITIES

**Cases** **Page**

*Conestoga Wood Specialities Corp. v. Secretary of U.S. Dep't of Health & Human Servs.,* 2013 WL 1277419 (3d Cir. Feb. 8, 2013) ..................................... 2

*Duncan v. Becerra*, 2018 WL 3433828 (9th Cir. July 17, 2018) .............................. 3

*Duplantier v. United States*, 606 F.2d 654 (5th Cir. 1979) ....................................... 5

*LaRouche v. Kezer*, 20 F.3d 68 (2d Cir. 1994) ......................................................... 3

*Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219 (D. Or. 2016) ................................................................. 5

*Population Inst. v. McPherson*, 797 F.2d 1062 (D.C. Cir. 1986) .......................... 2, 3

*Reilly v. City of Harrisburg,* 858 F.3d 173 (3d Cir. 2017) .................................... 2, 3

*Wheaton Coll. v. Burwell,* 134 S. Ct. 2806, 2807 (2014) .......................................... 3

**Statutes and Administrative Materials**

28 U.S.C. § 1657(a) .................................................................................................. 5

FED. R. APP. P.

    8(a)(2). ................................................................................................................. 6

    62(c) ................................................................................................. 1, 2, 4, 5, 6

**Other**

CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, 11 FEDERAL PRACTICE AND PROCEDURE CIVIL (3d ed. 2018) ......................................................................... 3

In anticipation of this Court's ruling on Plaintiffs' Motion for a Preliminary Injunction, and pursuant to FED. R. CIV. P. 62(c), Plaintiffs respectfully move for an injunction pending appeal. Plaintiffs make this request before the Court rules on their preliminary injunction motion because, should this Court deny preliminary injunctive relief, Plaintiffs face the prospect of irreparable harm during the pendency of an appeal to the U.S. Court of Appeals for the Third Circuit. Without an injunction pending appeal, if the Third Circuit does not issue a decision on Plaintiffs' appeal before December 10, 2018, the compliance period provided by Act A2761 will expire, and hundreds of thousands of New Jersey citizens (including Plaintiffs) will become criminals if they continue to possess property that they previously acquired lawfully. Although Plaintiffs do not presume to know how this Court will rule on their Motion for a Preliminary Injunction,[1] prudence dictates that they seek relief under Rule 62(c) now and respectfully request that the Court rule on this motion at the same time that it rules on the Motion for a Preliminary Injunction.

Rule 62(c) provides, in relevant part: "While an appeal is pending from an interlocutory order . . . that . . . denies an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights." The standard for obtaining an injunction pending appeal "is essentially the same as

---

[1] Should this Court grant in full Plaintiffs' Motion for a Preliminary Injunction, this Motion for an Injunction Pending Appeal will become moot.

that for obtaining a preliminary injunction." *Conestoga Wood Specialities Corp. v. Secretary of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). In the Third Circuit, a movant for a preliminary injunction—and, therefore, a movant for an injunction pending appeal—must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (alterations in original). The movant need not satisfy all four factors to obtain an injunction, *id.* at 176–77; it need only meet the first two factors, after which a court balances all the factors to determine whether to grant relief, *id.* at 179. "How strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Id.*

For the reasons stated in Plaintiffs' Post-Hearing Proposed Findings of Fact and Conclusions of Law (Sept. 4, 2018), Doc. 60, Plaintiffs have more than met the standard for Rule 62(c) relief. That is true even assuming that this Court denies Plaintiffs' Motion for a Preliminary Injunction. "The test [for an injunction pending appeal] is a flexible one. Injunctive relief may be granted with either a high likelihood of success and some injury, or vice versa." *Population Inst. v. McPherson*,

2

797 F.2d 1062, 1078 (D.C. Cir. 1986); *see also Reilly*, 858 F.3d at 179. Even if this Court were to hold (wrongly, we respectfully submit) that Plaintiffs are not likely to succeed on the merits, Plaintiffs have, at a minimum, shown that a "serious legal question is involved." *LaRouche v. Kezer*, 20 F.3d 68, 72–73 (2d Cir. 1994); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 11 FED. PRAC. & PROC. CIV. § 2904 (3d ed. 2018); *cf. Edelman v. Jordan*, 414 U.S. 1301, 1302–03 (1973) (Rehnquist, J., in chambers) (granting injunction pending a petition for certiorari where there was "[a] substantial legal question" and the equities favored relief). That much is clear from the fact that the Ninth Circuit has affirmed the grant of a preliminary injunction against California's SCM ban. *See Duncan v. Becerra*, 2018 WL 3433828 (9th Cir. July 17, 2018).

Moreover, absent an injunction, irreparable harm is certain: in less than 100 days, Plaintiffs will become criminals, be dispossessed of SCMs they previously acquired lawfully, or be forced to *permanently* alter or disable them. An injunction pending appeal is needed to ensure that Plaintiffs are not required to take these irrevocable measures while seeking reversal of a potential judgment by this Court denying a preliminary injunction. At the very least, equity dictates that Plaintiffs be permitted to pursue an appeal without facing the impending threat of irreparable harm. *Cf. Wheaton Coll. v. Burwell*, 134 S. Ct. 2806, 2807 (2014) (granting injunction pending appeal without expressing a view on the merits); Order, *Hayes v.*

*Harvey*, No. 15-2617 (E.D. Pa. June 22, 2016), Doc. 31 (denying injunctive relief but granting injunction pending appeal, despite "little likelihood of success on the merits," because "balancing of the other factors weigh[ed] in favor" of a Rule 62(c) injunction).

What is more, absent an injunction it is not clear that all of the compliance options provided by the New Jersey legislature will be realistic ones as the deadline approaches. With the threat of criminal liability hanging over their heads, hundreds of thousands of New Jersey citizens are waiting to see whether this or another court will grant an injunction before they are forced to forfeit, transfer, alter, or disable their lawfully acquired property. The closer they get to the end of the 180-day compliance period, the greater the risk that there will be insufficient time for them to comply. *See* PX6, Bach Decl. ¶¶ 9–14. For example, it would require considerable time for gunsmiths to permanently alter the hundreds of thousands of magazines that exist statewide, a problem exacerbated by the fact that the state has so far failed to even issue guidelines on what type of alteration would comply with the new law. Alternatively, if hundreds of thousands of people are suddenly forced to try and sell magazines into a limited legal market before the December 10 deadline, the oversupply of SCMs will make it even more difficult than it is now—if not impossible—to sell them. Those who cannot modify or sell their magazines in time will be forced to make a choice between surrender of their property or potential

incarceration. Law-abiding citizens should not be put to this choice while an appeal is pending that could result in a ruling for Plaintiffs. An injunction is urgently needed to create certainty, avoid chaos and confusion, and permit Plaintiffs' appeal to be adjudicated without the prospect of criminal liability.

Finally, the equities of injunctive relief pending appeal are different than those of preliminary injunctive relief. *See, e.g.*, *Duplantier v. United States*, 606 F.2d 654, 661 (5th Cir. 1979) (district court denied a preliminary injunction but granted a Rule 62(c) injunction). An injunction pending appeal is of very limited duration, lasting only the life of the appeal. By contrast, a preliminary injunction "may last for months, if not years, while the lawsuit progresses toward its conclusion." *Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219, 1223 n.2 (D. Or. 2016). Relief is especially likely to be short-lived here, since Plaintiffs intend to request expedited consideration of their appeal by the Third Circuit. *See* Schmutter Decl. ¶ 4. Indeed, federal law requires expedited consideration of appeals of this type. *See* 28 U.S.C. § 1657(a). Plaintiffs therefore will urge both sides to complete briefing the appeal by the end of October.

The relief Plaintiffs request is modest, the legal questions are substantial, and the irreparable harm is fast-approaching and, absent injunctive relief, highly likely. This Court should grant an injunction pending appeal.

## CONCLUSION

Plaintiffs respectfully request that, should this Court deny their Motion for a Preliminary Injunction, it grant Plaintiffs' Motion for an Injunction Pending Appeal. Alternatively, Plaintiffs request that the Court at least enjoin the running of Act A2761's grace period pending appeal. In any event, Plaintiffs respectfully ask that this Court rule on the present motion at the same time that it rules on their Motion for a Preliminary Injunction, which will permit Plaintiffs time to seek an injunction pending appeal from the Third Circuit should this Court deny relief under Rule 62(c).[2] *See* FED. R. APP. P. 8(a)(2).

Dated: September 18, 2018

Respectfully submitted,

| | |
|---|---|
| David H. Thompson* | /s/ Daniel L. Schmutter |
| Peter A. Patterson* | Daniel L. Schmutter |
| Haley N. Proctor* | Hartman & Winnicki, P.C. |
| J. Joel Alicea* | 74 Passaic Street |
| COOPER & KIRK, PLLC | Ridgewood, New Jersey 07450 |
| 1523 New Hampshire Avenue, N.W. | (201) 967-8040 |
| Washington, D.C. 20036 | (201) 967-0590 (fax) |
| (202) 220-9600 | dschmutter@hartmanwinnicki.com |
| (202) 220-9601 (fax) | |
| dthompson@cooperkirk.com | |

\* Admitted *pro hac vice*

---

[2] Because Defendants will not suffer costs or damages from the proposed injunction, while imposing a more than *de minimis* bond would unduly interfere with Plaintiffs' Second, Fifth, and Fourteenth Amendment Rights, Plaintiffs respectfully request that the Court waive any bond requirement. *See Borough of Palmyra, Bd. of Educ. v. F.C. Through R.C.*, 2 F. Supp. 2d 637, 646 (D.N.J. 1998).