LAW OFFICES

# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki \*º
Brian T. Keane ◊º
Richard L. Ravin \*º□
Daniel L. Schmutter\*
Andrew T. Wolfe ◊
Samantha N. Polizzi◊
Steven B. Gladis◊×

───────────────

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar
× Pennsylvania Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

───────────────

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

September 21, 2018

**VIA ECF**
The Honorable Peter G. Sheridan
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

> Re:  Association of New Jersey Rifle & Pistol Clubs, Inc.,
>      et al. v. Gurbir Grewal, et al.
>      Civil Action No.: 18-cv-10507

Dear Judge Sheridan:

This letter is in response to your September 19, 2018 Order (Doc. 69) that the parties advise you of any objection they have to your consideration of the State Defendants' September 14 Letter and attachments (Doc. 66). Because the September 14 Letter and attachments relate to legislative facts, and because federal courts are not confined to evidence provided at an evidentiary hearing in adjudicating legislative facts, *see Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 112 (1st Cir. 1999); *Dunagin v. Oxford*, 718 F.2d 738, 748 n.8 (5th Cir. 1983); *United States v. Gould*, 536 F.2d 216, 219–20 (8th Cir. 1976), Plaintiffs have no objection to their being considered by the Court.

Plaintiffs note, however, that the two documents submitted by the State Defendants are irrelevant. The first document, Doc. 66-1, is a research paper comparing the casualty counts for active shooter incidents involving semi-automatic rifles with those incidents that do not involve semi-automatic rifles. The study does not analyze magazine size, which is the relevant issue in this case, and it expressly acknowledges that it does not control for factors that could explain its results, such as the intentions of the shooter. The study tells us nothing about this case.

The second document, Doc. 66-2, is a Violence Policy Center document that rehashes arguments Defendants have made regarding the total number of annual defensive gun uses ("DGUs"). Those arguments are addressed in Plaintiffs' Post-Hearing Proposed Findings of Fact and Conclusions of Law (Sept. 4, 2018), Doc. 60, PFOF 47–50, and Defendants offer nothing new in this regard. The Violence Policy Center document also discusses the number of justifiable homicides in the United States, but those figures, even assuming their accuracy, do not speak to

the total number of DGU incidents, let alone incidents in which a victim requires more than 10 rounds of ammunition. As detailed in Plaintiffs' post-hearing brief, there are at least 4,663 DGUs annually in which the victim fires more than 10 rounds in self-defense. *Id.* PFOF 51; *see also id.* PFOF 52–57.

If the Court has any further questions, please let us know.

Respectfully submitted,

| | |
|---|---|
| David H. Thompson* | /s/ Daniel L. Schmutter |
| Peter A. Patterson* | Daniel L. Schmutter |
| Haley N. Proctor* | Hartman & Winnicki, P.C. |
| J. Joel Alicea* | 74 Passaic Street |
| COOPER & KIRK, PLLC | Ridgewood, New Jersey 07450 |
| 1523 New Hampshire Avenue, N.W. | (201) 967-8040 |
| Washington, D.C. 20036 | (201) 967-0590 (fax) |
| (202) 220-9600 | dschmutter@hartmanwinnicki.com |
| (202) 220-9601 (fax) | |
| dthompson@cooperkirk.com | |

* Admitted *pro hac vice*

cc via ECF:
All counsel of record registered to receive electronic notification