# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# TRENTON VICINAGE

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and ALEXANDER DEMBOWSKI,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, THOMAS WILLIVER, in his official capacity as Chief of Police of the Chester Police Department, and JAMES B. O'CONNOR, in his official capacity as Chief of Police of the Lyndhurst Police Department,<br><br>　　　Defendants. | Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J.<br><br>Docket No. 3:18-cv-10507-PGS-LHG<br><br>**CIVIL ACTION**<br><br>**(ELECTRONICALLY FILED)**<br><br>Motion Return Date: Date of the Issuance of the Court's Order Regarding Plaintiffs' Motion for a Preliminary Injunction (Date Unknown) |

BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN
INJUNCTION PENDING APPEAL PURSUANT TO FED. R. CIV. P. 62(C)
ON BEHALF OF DEFENDANTS GURBIR S. GREWAL AND
PATRICK J. CALLAHAN

| | |
|---|---|
| Joseph C. Fanaroff | GURBIR S. GREWAL |
| Jeremy Feigenbaum | ATTORNEY GENERAL OF NEW JERSEY |
| Stuart M. Feinblatt | |
| Assistant Attorneys General | R.J. Hughes Justice Complex |
|   Of Counsel and On the Brief | P.O. Box 112 |
| | Trenton, New Jersey 08625 |
| Evan A. Showell | Attorney for Defendants, |
| Valeria Dominguez | Gurbir S. Grewal and Patrick J. Callahan |
| Bryan E. Lucas | |
| Deputy Attorneys General | 973-648-7811 |
|   On the Brief | Bryan.Lucas@law.njoag.gov |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                               **Page**

*Conestoga Wood Specialties Corp. v. Sec'y of Dept. of Health & Human Servs.*,
    2013 WL 1277419 (3d Cir. Feb. 8, 2013) .................................................. 1, 3, 4

*HR Staffing Consultants LLC v. Butts*, 2015 WL 3561618
    (D.N.J. June 4, 2015) ........................................................................................2

*Population Inst. v. McPherson*, 797 F.2d 1062 (D.C. Cir. 1986)..............................4

*Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017) ....................................2, 3

Defendants, Gurbir S. Grewal, Attorney General of New Jersey, and Colonel Patrick Callahan, Superintendent of the New Jersey State Police, respectfully submit this brief in opposition to Plaintiffs' request for an injunction pending appeal pursuant to Fed. R. Civ. P. 62(c). The request is premature and it suffers the same fatal flaws that plague Plaintiffs' motion for a preliminary injunction.

As a threshold matter, Plaintiffs' request is premature. This Court has not even issued its ruling and so the parties cannot know whether this Court will grant or deny Plaintiffs' request—much less the reasons for doing so. Rule 62(c) is clear that it only applies "[w]hile an appeal is pending from an interlocutory order." Here, no such appeal has been taken and, indeed, no such order has issued. Unless and until that changes, the rule does not even apply.

But more importantly, if this Court ultimately denies Plaintiffs' motion for a preliminary injunction, it should deny Plaintiffs' motion for an injunction pending appeal for the same reasons. A request for an injunction pending appeal is "rarely granted," particularly in the Third Circuit. *Conestoga Wood Specialties Corp. v. Sec'y of Dept. of Health & Human Servs.*, 2013 WL 1277419, *1 (3d Cir. Feb. 8, 2013). There is a good reason for that: the same factors that govern requests for a preliminary injunction also govern motions for an injunction pending appeal—a "particularly high" bar to clear. *Id.* (confirming that "the standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary

1

injunction"). Simply put, a movant—here, Plaintiffs—"must meet the threshold for the two 'most critical' factors," *i.e.,* a sufficient likelihood of success on the merits and irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

The court will not even *look* to the remaining two factors in the preliminary injunction analysis if the movant cannot satisfy those first two prongs. *See id.* ("If these gateways factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."). That makes good sense, for otherwise courts might find themselves in the position of denying motions for a preliminary injunction while simultaneously "negat[ing]" that order by granting an injunction pending the appeal. *HR Staffing Consultants LLC v. Butts*, 2015 WL 3561618, *4 (D.N.J. June 4, 2015) ("Far from a mere preservation of some neutral status quo, it would be tantamount to a victory…."). So the Third Circuit's approach logically treats the two analyses as closely related.

That means Plaintiffs would be unable to succeed on their Rule 62(c) motion should this Court deny Plaintiffs' underlying motion for a preliminary injunction. Indeed, should this Court deny Plaintiffs' underlying motion, it would necessarily be because Plaintiffs have failed to meet at least one of the four elements necessary for the issuance of such relief. Such a decision would be done after an evidentiary

2

hearing, briefing, and oral argument where the Defendants identified critical public safety interests implicated by A2761, including interests in reducing the lethality of gun violence, mass shootings, and attacks against law enforcement officers, and/or that the law does not implicate or infringe on Second Amendment rights. And in reality—although no party has yet seen this Court's ruling—there are sufficient bases for this Court to deny Plaintiffs' motion for a preliminary injunction because Plaintiffs failed to show either a likelihood of success on the merits or irreparable harm. Plaintiffs *ipso facto* cannot satisfy the standard for an injunction pending appeal that the Third Circuit set forth in *Reilly* and *Conestoga Wood*.

      The truth is that what Plaintiffs really want is for the Court to consider the preliminary relief factors on a "sliding scale"—a test squarely foreclosed by Third Circuit precedent. Indeed, although Plaintiffs concede that this Court may reject their claims that they have shown a sufficient likelihood of success on the merits, Plaintiffs argue that other considerations, including irreparable harm, equity, and unsupported claims that "compliance options" will be unavailable, weigh in favor of granting their motion. *See generally* Pb at 3-4. (Similarly, although Plaintiffs at one point admit that they need to show both a likelihood of success on the merits and irreparable harm, they also puzzlingly describe the standard for injunction pending appeal as a "flexible one" that only requires *either* a likelihood of success on the merits *or* irreparable harm.) *See* Pb at 2 (citing *Population Inst. v.*

3

*McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986)). But Plaintiffs' reliance on out-of-circuit cases is unavailable, because the Third Circuit rejected such an analysis. *See Conestoga Wood*, 2013 WL 1277419 at *2 ("The fact of the matter is that this Court has not sanctioned the 'sliding scale' standard employed in other courts of appeal. Accordingly, we must examine each factor and determine whether Plaintiffs have met their burden as to each element."). There should be no doubt about this: if this Court finds that Plaintiffs have not shown a likelihood of success or irreparable harm in the process of adjudicating the preliminary injunction motion, this Court should deny the Rule 62(c) motion too.

Plaintiffs take one final tack—offering factual allegations about the need for an injunction based on speculative claims and harms that have no support in the record. To take two examples, Plaintiffs claim that "hundreds of thousands of New Jersey citizens are waiting to see whether this or another court will grant an injunction before they are forced to forfeit, transfer, alter, or disable their lawfully acquired property" without a shred of evidence. *See* Pb at 4. Similarly, Plaintiffs warn of an "oversupply" of now-banned large capacity magazines flooding the market, making the devices harder to sell. *Ibid.* Again, no evidence is proffered and no mention of the fact that A2761 was enacted into law more than three months ago, providing owners of now-prohibited LCMs ample time to comply with the law—whether by selling their now-prohibited LCMs, modifying them, transporting

4

them out-of-state (which would allow for continued ownership of the LCMs without modification until this case is decided), or surrendering them to law enforcement.[1]

Ultimately, the balance of the equities clearly weighs in favor of the State, as it does for the pending motion for a preliminary injunction. If this Court denies Plaintiffs' request for a preliminary injunction, this Court will have done so after an extensive evidentiary hearing and briefing by the Defendants articulating the rationale for deeming A2761 constitutional. Plaintiffs' request, assuming this Court denies their motion, is not "modest," *Pb* at 5, but rather would moot this Court's underlying decision and prevent New Jersey from implementing its constitutional law. And, on the other hand, Plaintiffs do not need a stay pending appeal, as they already plan to seek expedited review in the Third Circuit. *See* Pb at 5. If, as Plaintiffs suggest, briefing before that court concludes by the end of October and oral argument is heard shortly thereafter, the Third Circuit can affirm or reverse this Court's decision before the 180-day deadline is met, obviating the need for an

---

[1] Plaintiffs also claim that "it would require considerable time for gunsmiths to permanently alter the hundreds of thousands of magazines that exist statewide." *Pb* at 4. There is no evidence in the record that hundreds of thousands of magazines are possessed in New Jersey. But more importantly, a quick check on the internet confirms that modification kits are accessible at little cost and do not require a gunsmith to install. *See* "Magblock 10 round limiter for Glock Magazines," *available at* https://www.amazon.com/Magblock-Round-Limiter-Glock-Magazines/dp/B00OTZNFP4 (accessed Sept. 20, 2018).

injunction pending appeal. Third Circuit precedent, and the equities, point the same way—to denying this premature Rule 62(c) motion.

## CONCLUSION

For the reasons stated above, Plaintiffs' request for an injunction pending appeal should be denied.


Dated: September 21, 2018          Respectfully Submitted,
GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Bryan Edward Lucas

Joseph Fanaroff
Jeremy Feigenbaum
Stuart M. Feinblatt
Assistant Attorneys General

Evan A. Showell
Valeria Dominguez
Bryan Edward Lucas
Deputy Attorneys General

6