UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>GURBIR GREWAL, *et al.*,<br><br>      *Defendants*. | Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J.<br>Civil Action No. 18-cv-10507<br><br>Motion Date: Date of the Issuance of the Court's Order Regarding Plaintiffs' Motion for a Preliminary Injunction (Date Unknown)<br><br>**CIVIL ACTION**<br><br>**(ELECTRONICALLY FILED)** |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR AN INJUNCTION PENDING APPEAL**

David H. Thompson*
Peter A. Patterson*
Haley N. Proctor*
J. Joel Alicea*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Admitted pro hac vice

*Attorneys for Plaintiffs*

# **TABLE OF AUTHORITIES**

**Cases**  **Page**

*Conestoga Wood Specialities Corp. v. Secretary of U.S. Department of Health & Human Services*, 2013 WL 1277419 (3d Cir. Feb. 8, 2013) .............................. 3

*Duplantier v. United States*, 606 F.2d 654 (5th Cir. 1979) ...................................... 1

*HR Staffing Consultants LLC v. Butts*, 2015 WL 3561618 (D.N.J. June 4, 2015) ..................................................................................... 1

*Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017) ....................................... 3

**Rules**

Fed. R. App. P. 8(a)(1) ............................................................................................. 2

**Other**

11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. (3d ed. 2018). .............................................................. 1

*Frequently Asked Questions*, Magblock (Sept. 23, 2018), https://goo.gl/jwqwvo . 3

Defendants make three arguments why Plaintiffs' motion for an injunction pending appeal should be denied, all of which are meritless. First, Defendants assert that Rule 62(c) "only applies [w]hile an appeal is pending from an interlocutory order," and because "no such appeal has been taken," the rule does not apply. Br. in Opp'n to Pls.' Mot. for an Inj. Pending Appeal at 1 (Sept. 21, 2018), Doc. 71 ("State Br.") (quotation marks omitted). Defendants cite no authority for that proposition, and that is because it has been expressly rejected by the leading authority in the field:

> It may be argued that this means that the court may not make an order under Rule 62(c) before the appeal has been taken, and further, that after the taking of the appeal the district court no longer has jurisdiction of the case. However, those arguments would make the rule a nullity and are unsound. When there is reason to believe that an appeal will be taken, there is no reason why the district court should not make an order preserving the status quo during the expected appeal.

11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2904 (3d ed. 2018).

Second, they contend that if this Court denies Plaintiffs' motion for a preliminary injunction, it must necessarily deny a motion for an injunction pending appeal. Again, Defendants cite no authority for that position;[1] nor do they respond to the cases Plaintiffs cite in which a district court denied injunctive relief but granted

---

[1] *HR Staffing Consultants LLC v. Butts*, 2015 WL 3561618, at *4 (D.N.J. June 4, 2015), merely stands for the unremarkable position that, where a stay pending appeal will cause irreparable harm to the non-moving party, a stay should not be granted. Here, an injunction pending appeal will do no harm to the State, which is not yet enforcing the ban on possession of pre-owned magazines.

an injunction pending appeal. *See Duplantier v. United States*, 606 F.2d 654, 661 (5th Cir. 1979); Order, *Hayes v. Harvey*, No. 15-2617 (E.D. Pa. June 22, 2016), Doc. 31. Indeed, if Defendants were correct, then the Federal Rules of Appellate Procedure would be nonsensical. Those rules require seeking an injunction pending appeal in the district court before seeking such relief from the court of appeals, FED. R. APP. P. 8(a)(1), but under Defendants' view, that requirement would be entirely meaningless in preliminary injunction cases.

    Moreover, there is nothing inconsistent about a district court denying a preliminary injunction while granting an injunction pending appeal. It is certainly possible that a movant could show sufficient likelihood of success on the merits and irreparable harm to get past those threshold factors (even if the movant has not shown that it is more-likely-than-not that they will succeed on the merits), yet the district court might decide not to grant an injunction based on the balancing of the equities. But, as Plaintiffs' pointed out in their opening brief, the equities governing an injunction pending appeal are quite different than those governing a preliminary injunction, and a court could come to a different conclusion on the former than on the latter, especially in light of the Third Circuit's instruction that "[h]ow strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be

while still supporting some preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).[2]

Finally, Defendants assert that there is no evidence to support Plaintiffs' claim that there are hundreds of thousands of standard-capacity magazines in New Jersey and that permanently altering or disabling them would require the services of gunsmiths who could be overloaded with demand as the December 10 deadline approaches. But not only are those facts contained in a sworn declaration entered into the record, *see* PX6, Bach Decl. ¶¶ 9–14; they were *undisputed* by Defendants before, during, and after the evidentiary hearing. Against this evidence, Defendants cite an Amazon.com webpage for a Magblock magazine-alteration kit and imply— presumably based on their own unspecified expertise in firearms—that magazines can be permanently altered without resort to a gunsmith, but Magblock's website warns its New Jersey customers that "additional modification is required" to comply with New Jersey law beyond the use of the kit. *Frequently Asked Questions*, MAGBLOCK (Sept. 23, 2018), https://goo.gl/jwqwvo. It is telling that Defendants do not actually *say* that use of the Magblock kit alone would bring a magazine into

---

[2] Defendants cite *Conestoga Wood Specialities Corp. v. Secretary of U.S. Department of Health & Human Services* for the proposition that courts "must examine each factor and determine whether Plaintiffs have met their burden as to each element," 2013 WL 1277419, at *2 (3d Cir. Feb. 8, 2013), but that test was expressly repudiated in *Reilly*, which clarified that only the first two factors must be met, *see* 858 F.3d at 178–79.

compliance with Act A2761.³ But even if Plaintiffs and other New Jersey citizens *could* permanently alter or disable their magazines using something like the Magblock kit, the whole point of injunctive relief is to prevent them from *unnecessarily* and *irreparably* doing so should the Third Circuit reverse the denial of a preliminary injunction.⁴ The urgent need for injunctive relief—and the certainty that it would bring—remains, regardless of whether New Jersey citizens have Amazon Prime accounts.

## CONCLUSION

Plaintiffs respectfully request that, should this Court deny their motion for a preliminary injunction, it immediately grant their motion for an injunction pending appeal. In any event, Plaintiffs request that the Court rule on their motion for an injunction pending appeal at the same time that it rules on the motion for a preliminary injunction.

| | |
|---|---|
| Dated: September 24, 2018 | Respectfully submitted, |
| David H. Thompson* | /s/ Daniel L. Schmutter |
| Peter A. Patterson* | Daniel L. Schmutter |
| Haley N. Proctor* | Hartman & Winnicki, P.C. |
| J. Joel Alicea* | 74 Passaic Street |

---

³ By failing to do so, Defendants continue to sow confusion about what is required to comply with Act A2761's permanent-modification rule. The State has yet to issue instructions interpreting the rule. PX6, Bach Decl. ¶ 11.

⁴ Contra Defendants, because there is no guarantee that the Third Circuit will issue a decision before December 10, the fact that Plaintiffs will seek expedited briefing does not diminish the need for an injunction pending appeal.

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

\* Admitted *pro hac vice*