## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and ALEXANDER DEMBOWSKI, | Hon. Peter G. Sheridan, U.S.D.J. Hon. Lois H. Goodman, U.S.M.J. |

ASSOCIATION OF NEW JERSEY
RIFLE & PISTOL CLUBS, INC.,
BLAKE ELLMAN, and ALEXANDER
DEMBOWSKI,

   Plaintiffs,

  v.

GURBIR GREWAL, in his official
capacity as Attorney General of New
Jersey, PATRICK J. CALLAHAN, in his
official capacity as Superintendent of the
New Jersey Division of State Police,
THOMAS WILLIVER, in his official
capacity as Chief of Police of the Chester
Police Department, and JAMES B.
O'CONNOR, in his official capacity as
Chief of Police of the Lyndhurst Police
Department,

   Defendants.

Hon. Peter G. Sheridan, U.S.D.J.
Hon. Lois H. Goodman, U.S.M.J.

Docket No. 3:18-cv-10507-PGS-LHG

## <u>CIVIL ACTION</u>

(ELECTRONICALLY FILED)

## BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)

Joseph Fanaroff
Jeremy Feigenbaum
Stuart M. Feinblatt
Assistant Attorneys General
    Of Counsel and on the Brief


Evan A. Showell
Bryan Edward Lucas
Deputy Attorneys General
        On the Brief

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
124 Halsey Street
P.O. Box 45029
Newark, New Jersey 07101
Attorney for Defendants, Gurbir S. Grewal and
Patrick J. Callahan
973-648-7811
Bryan.Lucas@law.njoag.gov

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................... ii

PRELIMINARY STATEMENT ............................................................1

PROCEDURAL HISTORY................................................................1

STANDARD OF REVIEW ..................................................................7

ARGUMENT ......................................................................................8

    THIS COURT MUST GRANT SUMMARY JUDGMENT BECAUSE THE THIRD CIRCUIT HAS ALREADY REJECTED EACH OF PLAINTIFFS' CHALLENGES TO THE LAW...................................................................8

        A. The Third Circuit's Precedential Decision Resolves This Case. .....9

        B. The Third Circuit's Decision Is Also Law of the Case. .................12

CONCLUSION .....................................................................................16

## TABLE OF AUTHORITIES

**Cases**                                                          **Page**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..........................................7, 8

*Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*,
   106 F. Supp. 3d 506 (M.D. Pa. 2015) ...................................................................14

*Ass'n of N.J. Rifle & Pistol Clubs v. Grewal* (*"NJRPC I"*),
   2018 U.S. Dist. LEXIS 167698 (D.N.J. Sept. 28, 2018)...................................3, 4

*Ass'n of N.J. Rifle & Pistol Clubs v. Grewal* (*"NJRPC II"*),
   910 F.3d 106 (3d Cir. 2018) ......................................................................... passim

*Bellevue Drug Co. v. Caremarks PCS*,
   582 F.3d 432 (3d Cir. 2009) ...............................................................................12

*Brooks v. Kyler*, 204 F.3d 102 (3d Cir. 2000) ...........................................................8

*Brown v. City of Pittsburgh*, 586 F.3d 263 (3d Cir. 2009) ......................................13

*Cavel Intern., Inc. v. Madigan*, 500 F.3d 551 (7th Cir. 2007)................................11

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ..........................................................7

*Doeblers Pa. Hybrids, Inc. v. Doebler*,
   442 F. 3d 812 (3d Cir. 2006) ..............................................................................11

*Finch v. Hercules, Inc.*, 865 F. Supp. 1104 (D. Del. 1994)....................................10

*Hayman Cash Register Co. v. Sarokin*,
   669 F.2d 162 (3d Cir. 1982) ...............................................................................12

*In Re Brown*, 951 F.2d 564 (3d Cir. 1991) .............................................................14

*Kaucher v. County of Bucks*, 455 F.3d 418 (3d Cir. 2006).......................................7

*McTernan v. City of York,* 577 F.3d 521 (3d Cir. 2009).................................. 13, 14

*Minard Run Oil Co. v. U.S. Forest Service,*
    F. App'x 93 (3d Cir. 2013) ...................................................................11

*Orson, Inc. v. Miramax Film Corp.,*
    79 F.3d 1358 (3d Cir. 1996) ...................................................................7

*Pitt News v. Pappert*, 379 F.3d 96 (3d Cir. 2004) ...................................... 11, 12, 13

*Thornburgh v. Am. College of Obstetricians & Gynecologists,*
    476 U.S. 747 (1986) .............................................................................13

*Villines v. Harris*, 487 F. Supp. 1278 (D.N.J. 1980) ...............................10

*Vujosevic v. Rafferty*, 844 F.2d 1020 (3d Cir. 1988) .................................8

*Woloszyn v. County of Lawrence,*
    396 F.3d 314 (3d Cir. 2005) ...................................................................7

**Statutes**

N.J. Stat. Ann. § 2C:39-1(y) .......................................................................1

N.J. Stat. Ann. § 2C:39-6(l). .......................................................................3

N.J. Stat. Ann. § 2C:39-17 ..........................................................................2

N.J. Stat. Ann. § 2C:39-19 ..........................................................................2

N.J. Stat. Ann. § 2C:39-20 ..........................................................................2

N.J. Stat. Ann. § 2C:58-1y ..........................................................................1

**Other Authorities**

Internal Operating Procedures of the United States Circuit Court of Appeals for the
    Third Circuit 5.2 ..................................................................................12

**Rules**

Fed. R. Civ. P. 56(a).....................................................................................7

Fed. R. Civ. P. 56(e).....................................................................................8

## PRELIMINARY STATEMENT

This Court should grant summary judgment because the Third Circuit has now reviewed—and rejected—all of Plaintiffs' challenges to New Jersey's large capacity magazine law, A2761.  Although the Third Circuit issued its decision in the context of a preliminary judgment application, the panel addressed the ultimate merits of the case and "conclude[d] that [A2761] does not" contravene the Second Amendment, the Takings Clause, and the Equal Protection Clause.  *Ass'n of N.J. Rifle & Pistol Clubs v. Grewal* (*"NJRPC II"*), 910 F.3d 106 (3d Cir. 2018).  The Third Circuit's published decision thus resolves each of Plaintiffs' three claims (and, in addition, is "law of the case" in this suit), ending this litigation.

## PROCEDURAL HISTORY

On June 13, 2018, the Governor of New Jersey signed Assembly Bill 2761 ("A2761") into law, in an effort to prevent the spread and lethality of mass shootings.  A2761 limits the number of rounds of ammunition a single magazine can lawfully hold by revising the definition of unlawful "large capacity magazine" from 15 to 10.  N.J. Stat. Ann. § 2C:39-1(y).  State law now defines an LCM as "a box, drum, tube or other container which is capable of holding more than 10 rounds of ammunition to be fed continuously and directly therefrom into a semi-automatic firearm."  *Id.* § 2C:58-1y.  Although the law restricts the capacity of a

single magazine, it imposes no limitation on the number of firearms or magazines or the amount of ammunition that a person can lawfully purchase or own.

Owners of prohibited magazines were given 180 days to comply with the new law. *Id.* § 2C:39-19. Owners could come into compliance in several ways: "[t]ransfer the semi-automatic rifle or magazine to any person or firm lawfully entitled to own or possess that firearm or magazine; [r]ender the semi-automatic rifle or magazine inoperable or permanently modify a large capacity magazine to accept 10 rounds or less; or [v]oluntarily surrender the semi-automatic rifle or magazine." *Id.* A2761 also creates exemptions for firearms "with a fixed magazine capacity [of up to] 15 rounds which is incapable of being modified to accommodate 10 rounds or less" and ones "which only accept[] a detachable magazine with a capacity of up to 15 rounds which is incapable of being modified to accommodate 10 or less rounds." Owners of those weapons simply have to register them within one year. *Id.* § 2C:39-20.

A2761 also contains an exemption allowing certain retired law enforcement officers to carry an LCM "capable of holding up to 15 rounds of ammunition." *Id.* § 2C:39-17. This statutory exemption applies only to retired law enforcement officers authorized under federal and state law to possess and carry a handgun. *Id.* To qualify, that retired law enforcement officer must "semi-annually qualif[y] in

2

the use of the handgun he is permitted to carry in accordance with the requirements and procedures established by the Attorney General." *Id.* § 2C:39-6(l).

On the same day A2761 was signed into law, Plaintiffs filed suit in this Court, alleging that A2761 violates the Second Amendment, the Takings Clause of the Fifth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.  On June 21, 2018, Plaintiffs filed a motion to preliminarily enjoin enforcement of the new law.  This Court, after requesting the parties take depositions of the individuals that had submitted declarations on each side, held an extensive three-day fact-finding hearing in August 2018 and heard oral argument on September 6, 2018.

On September 28, 2018, this Court issued a memorandum and order denying Plaintiffs' motion for a preliminary injunction.  *Ass'n of N.J. Rifle & Pistol Clubs v. Grewal* (*"NJRPC I"*), 2018 U.S. Dist. LEXIS 167698, *47-48 (D.N.J. Sept. 28, 2018).  First, this Court rejected Plaintiffs' Second Amendment claim because A2761 survives intermediate scrutiny.  As this Court held, A2761 is constitutional because it advances New Jersey's interest in public safety and does not burden law-abiding citizens' rights.  *Id*. at *48, n.10.  This Court added that A2761 "is reasonably tailored to achieve [the state's] goal of reducing the number of casualties and fatalities in a mass shooting, and [it] leaves several options open for current LCM owners to retain their magazines and for purchasers to buy large

3

amounts of ammunition." *Id*. at *39. Second, this Court rejected Plaintiffs' equal protection claim on the grounds that retired members of law enforcement are not "similarly situated" to members of the general public, including military veterans. *Id*. at *42-43. In particular, retired law enforcement officers—the group exempted from the law's reach—possess different training and experience and are subject to different risks (*e.g.,* from criminals they have arrested) than ordinary citizens and even veterans. *Id*. Last, this Court rejected Plaintiffs' takings claim because A2761 does not deprive LCM owners of the full value of their property—owners can simply modify their firearms. *Id*. at *46-47.

Plaintiffs appealed. On December 5, 2018, the Third Circuit issued an opinion affirming this Court's decision in all respects. *NJRPC II*, 910 F.3d at 106. The Third Circuit held that A2761 is constitutional. *Id.* at 110. First, the panel concluded that "New Jersey's law reasonably fits the state's interest in public safety and does not unconstitutionally burden the Second Amendment's right to self-defense in the home." *Id.* In reaching this holding, the Third Circuit found that "New Jersey's LCM ban reasonably fits the State's interest in promoting public safety" because "LCMs are used in mass shootings" and, when used in such incidents, they "allow for more shots to be fired from a single weapon and thus more casualties to occur." *Id.* at 119. The panel added that reducing magazine capacity affords potential victims of gun violence more opportunities to flee (or to

confront the attacker). The Court noted the importance of a "shooter's pause" in allowing potential victims to escape deadly mass shootings like the ones that occurred at a Las Vegas concert in 2017, in Navy Yard (Washington, D.C.) in 2013, and in Newtown in 2012.  *Id*. at 120.  Finally, the Court held that A2761 does not burden more conduct than necessary because "it imposes no limit on the number of firearms or magazines or amount of ammunition a person may lawfully possess." *Id*. at 122.[1]

The Third Circuit also rejected Plaintiffs' takings claim.  *Id.* at 124-25. While the Third Circuit recognized that the state may "prohibit[] the use of property as an exercise of its police powers," *id.* at 125 n.32 (citation omitted), the Court grounded its rejection of Plaintiffs' argument by finding that A2761 does not "result in either an actual or regulatory taking." *Id.* As the Third Circuit explained, A2761 permits owners of now-prohibited LCMs "the option to transfer or sell their LCMs to an individual or entity who can lawfully possess LCMs, modify their LCMs to accept fewer than ten rounds, or register those LCMs that cannot be modified," so it does not establish a physical taking for government use. *Id.* at 124. The statute does not constitute a regulatory taking either, "because it does not deprive the gun owners of all economically beneficial or productive uses of their

---

[1]  The Third Circuit found—as this Court had—that A2761 implicates the Second Amendment right, but also held (for five discrete reasons) that A2761 plainly does not "severely burden" the core Second Amendment right. *Id*. at 117-18. The Third Circuit thus evaluated the law under intermediate scrutiny.  *Id*.

magazines." *Id*. The Court reached this conclusion by observing that modifying the magazine does not destroy its functionality. *Id*.

Finally, the Court held that A2761 does not violate the equal protection clause. *Id*. at 125-26. The Court identified a number of ways in which law enforcement officers are different than members of the general public (including retired members of the military) in regards to the use of firearms. *See id*. at 125 ("Police officers in New Jersey must participate in firearms and defensive tactics training, including mandatory range and classroom training…."). Many active duty officers also use, as their standard-issue firearm, a semiautomatic pistol equipped with a fifteen-round magazine, giving them special "experience carrying and using LCMs." *Id*. And, the Third Circuit went on, law enforcement officers are different even from the military in terms of their training: "Unlike military personnel trained for the battlefield, law enforcement officers are trained for and have experience in addressing volatile situations in both public streets and closed spaces, and they operate in noncombat zones where the Constitution and other rules apply." *Id*. at 126.

Given the Third Circuit's ruling on the merits of each of Plaintiffs' claims, Defendants now seek summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate when the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and material only if it has the ability to "affect the outcome of the suit under governing law."  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  Not every issue of fact is sufficient to defeat summary judgment; issues of fact are genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes over unnecessary facts thus will not preclude summary judgment.  *Id*.

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 322.  Once the moving party has satisfied this initial burden, the opposing party must identify "specific facts which demonstrate that there exists a genuine issue for trial."  *Orson*, 79 F.3d at 1366.  The nonmoving party must offer "more than a scintilla of evidence showing that there is a genuine issue for trial."  *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).  Additionally, the nonmoving party cannot rest

upon mere allegations; he or she must present actual evidence that creates an issue of material fact.  *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249.  This Court must thus review the available evidence and determine if a reasonable jury could return a verdict for the nonmoving party.  *See Brooks v. Kyler*, 204 F.3d 102, 105, n.5 (3d Cir. 2000).

When the Third Circuit has issued a precedential opinion directly on point, this Court must grant summary judgment because it is bound by that decision—and it "does not have the discretion to disregard [that] controlling precedent." *Vujosevic v. Rafferty*, 844 F.2d 1020, 1030 n.4 (3d Cir. 1988).

## ARGUMENT

### THIS COURT MUST GRANT SUMMARY JUDGMENT BECAUSE THE THIRD CIRCUIT HAS ALREADY REJECTED EACH OF PLAINTIFF'S CHALLENGES TO THE LAW.

Each of Plaintiffs' challenges to A2761—under the Second Amendment, the Takings Clause, and the Equal Protection Clause—must fall for one simple reason: the Third Circuit has already rejected them.  Because that decision is binding on this Court generally, and is law of the case in this particular litigation, the only remaining course of action is to grant Defendants summary judgment on the same record that was amassed at the preliminary injunction stage.

A.    <u>The Third Circuit's Precedential Decision Resolves This Case</u>.

From the beginning of this case, Plaintiffs have argued that New Jersey's law restricting the permissible capacity of a single magazine violates three constitutional provisions: the Second Amendment, the Takings Clause, and the Equal Protection Clause.  The Third Circuit rejected all three challenges, writing:

> Today we address whether one of New Jersey's responses to the rise in active and mass shooting incidents in the United States—a law that limits the amount of ammunition that may be held in a single firearm magazine to no more than ten rounds—violates the Second Amendment, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Equal Protection Clause. We conclude that it does not. New Jersey's law reasonably fits the State's interest in public safety and does not unconstitutionally burden the Second Amendment's right to self-defense in the home. The law also does not violate the Fifth Amendment's Takings Clause because it does not require gun owners to surrender their magazines but instead allows them to retain modified magazines or register firearms that have magazines that cannot be modified. Finally, because retired law enforcement officers have training and experience that makes them different from ordinary citizens, the law's exemption that permits them to possess magazines that can hold more than ten rounds does not violate the Fourteenth Amendment's Equal Protection Clause.

*NJRPC II*, 910 F.3d at 110.

There is nothing more to do in this case. Plaintiffs can no longer prevail on any of their legal theories. *Compare* ECF 1 ¶51 ("Because standard-capacity magazines are in common use and 'chosen by Americans for self-defense in the home . . . a complete prohibition of their use is invalid' under the Second Amendment, regardless of the applicable level of scrutiny.") (internal citation

omitted) *with NJRPC II*, 910 F.3d at 122 ("the Act survives intermediate scrutiny, and like our sister circuits, we hold that laws restricting magazine capacity to ten rounds of ammunition do not violate the Second Amendment"), ECF 1 ¶¶59-60 ("A2761 violates Plaintiffs' rights under the Fifth and Fourteenth Amendments by taking their property without putting it to a public use and without providing just compensation.   Alternatively, Act A2761 effects an unconstitutional regulatory taking . . .") *with NJRPC II*, 910 F.3d at 124 ("Plaintiffs' Fifth Amendment claim also fails [because] the compliance measures in the Act do not result in either an actual or regulatory taking"), and ECF 1 ¶68 ("Because Act A2761 draws a distinction that fails any applicable level of scrutiny, the standard-capacity magazine ban violates the Equal Protection Clause of the Fourteenth Amendment both facially and as-applied.") *with NJRPC II*, 910 F.3d at 126 ("retired law enforcement officers are not similarly situated to retired military personnel and ordinary citizens, and therefore their exemption from the LCM ban does not violate the Equal Protection Clause").   Because it is black letter law that "[d]ecisions of the Court of Appeals for a given circuit are binding on the district courts within the circuit," *Villines v. Harris*, 487 F. Supp. 1278, 1279 n.1 (D.N.J. 1980); *see also, e.g., Finch v. Hercules, Inc.*, 865 F. Supp. 1104, 1121 (D. Del. 1994) (noting "a district court owes blind fealty to the latest precedent of the circuit court"), there is no reason for this Court to take more evidence, to reconsider its prior rulings in this

case, or to send this case to a jury.  There is only one thing left to do: grant summary judgment to Defendants and uphold dismiss the case.

The Third Circuit's decision, to be sure, arose at the preliminary injunction stage.  But that is of no moment.  While decisions granting or denying a preliminary injunction do not *automatically* bind subsequent merits dispositions of the case, *see, e.g., Doeblers Pa. Hybrids, Inc. v. Doebler*, 442 F. 3d 812, 820 (3d Cir. 2006), they do serve as binding precedent when the Third Circuit "does not stop at the question of likelihood of success and instead addresses the merits." *Pitt News v. Pappert*, 379 F.3d 96, 106 (3d Cir. 2004) (Alito, J.); *see also Minard Run Oil Co. v. U.S. Forest Service*, F. App'x 93, 96-97 (3d Cir. 2013) ("Any conclusions as to the merits of [the parties'] claims reached by the [preliminary injunction] panel are binding upon this Court since the panel made a precedential ruling."); *Cavel Intern., Inc. v. Madigan*, 500 F.3d 551, 559 (7th Cir. 2007) (affirming the denial of a preliminary injunction and then dismissing case because "the merits of [plaintiff's] challenge ... have been fully briefed and argued and there are no unresolved factual issues the resolution of which in a trial would alter the result").  In other words, a ruling at the preliminary injunction stage does bind future assessments of a statute where the panel passed on that law's constitutionality.  And as the above passages show clearly, that is precisely what

the panel did here.  The Third Circuit left only one avenue for this Court—to grant summary judgment on each of these legal theories.[2]

B.     The Third Circuit's Decision Is Also Law of the Case.

Although the above discussion is sufficient to dispose of this challenge to New Jersey's LCM law, there is another case-specific reason to grant summary judgment: the "law of the case doctrine."  Under this doctrine, "once an issue is decided, it will not be re-litigated in the same case, except in unusual circumstances."  *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982); *see also Bellevue Drug Co. v. Caremarks PCS*, 582 F.3d 432, 439 (3d Cir. 2009) ("Law of the case rules have developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'") (internal citation omitted).

---

[2]   The Third Circuit's ruling designating the opinion as "precedential" and upholding the constitutionality of A2761 carries "precedential" or "institutional" value rather than just being of value to this Court or the parties. *See* Internal Operating Procedures of the United States Circuit Court of Appeals for the Third Circuit ("IOP") 5.2.  Accordingly, the panel's precedential decision would not only extend to deem constitutional the enactment of a law similar to A2761 in any of the other states within the Third Circuit, but to subsequent Third Circuit panels, who would also be bound by that decision.  *See* IOP 9.1 ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels."); *see also Pitt News*, 379 F.3d at 105 ("if the first panel does not stop at the question of likelihood of success and instead addresses the merits, the later panel, in accordance with our Court's traditional practice, should regard itself as bound by the prior panel opinion.")

"Law of the case" rules apply where, as here, a court rules on the underlying merits of the suit when addressing a preliminary injunction request.[3]  In *McTernan v. City of York*, for example, a court was called on to consider whether a ramp leading to the handicapped entrance of a healthcare facility that performed abortions was a public forum for First Amendment purposes.  577 F.3d 521, 524 (3d Cir. 2009).  After holding an evidentiary hearing on a preliminary injunction request, the Court found the ramp was not a public forum and concluded that Plaintiffs had "no probability of success on the merits."  *Id.* at 531.  The court dismissed the case shortly thereafter, noting that the prior decision "effectively resolved the issues on Defendants' motion to dismiss."  *Id*.  The Third Circuit approved of the court's decision to dismiss the suit on that basis.  *See id.*  ("As the issues on the two motions [motion for a preliminary injunction and to dismiss] were exactly the same, Plaintiffs had a full opportunity to present their arguments at the hearing on the preliminary injunction . . . and there is no reason to prolong the inquiry."); *see also Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 106

---

[3]  As the Third Circuit has made clear, there is nothing wrong with a district court or a panel reaching out and deciding such issues in the appropriate case. *See, e.g., Pitt News*, 379 F.3d at 105 (noting that "[i]f a preliminary injunction appeal presents a question of law 'and the facts are established or of no controlling relevance,' the panel may decide the merits of the claim.") (quoting *Thornburgh v. Am. College of Obstetricians & Gynecologists*, 476 U.S. 747, 756-57 (1986)); *see also Brown v. City of Pittsburgh*, 586 F.3d 263, 288 (3d Cir. 2009) (adding that "a decision on the merits" at the preliminary injunction stage is appropriate where the issue of an ordinance's "facial validity" has already been briefed and argued).

F. Supp. 3d 506, 519 n.11 (M.D. Pa. 2015) (relying on *McTernan* to hold that "[t]rial courts in the Third Circuit may grant preclusive effect to findings set forth in preliminary injunction opinions 'if the circumstances make it likely that the findings are accurate and reliable.'") (citation omitted).[4]

That is exactly what happened here.  Over the course of an extensive three-day fact-finding hearing, this Court created an extensive evidentiary record on whether A2761 violated Plaintiffs' constitutional rights.   The preliminary injunction record included deposition and in-court testimony from each party's experts, more than 100 exhibits, proposed findings of fact and conclusions of law, and oral argument. At the conclusion of this fact and evidence gathering, this Court issued an opinion reaching the merits of the Complaint—*i.e.,* whether A2761 violates the Second Amendment, the Takings Clause, or the Equal Protection Clause. Plaintiffs have thus "had the full opportunity to present their arguments at the hearing on the preliminary injunction." *McTernan*, 577 F.3d at 531.  And they cannot argue otherwise—Plaintiffs themselves sought a permanent injunction in their post-hearing briefing before this Court on the grounds that "[i]f the Court agrees with any of Plaintiffs' legal arguments … there would be no factual

---

[4]     In determining whether this standard is met, a court "should consider whether the parties were fully heard, whether a reasoned decision was filed, and whether that decision could have been, or actually was appealed." *In Re Brown*, 951 F.2d 564, 569 (3d Cir. 1991). There can be no question all of these elements are met here.

questions to resolve in subsequent proceedings." *See* ECF 60 at 37 n.3. They made the same point in their appellate brief. *See* Br. 51-52 (contending "it would be pointless to remand for further proceedings" if they won a preliminary injunction, as the merits would be "certain" and additional proceedings would only "wast[e] judicial resources").

Additionally, and as laid out in detail above, the relevant opinions "effectively resolved the issues" in this case. *See NJRPC I*, 2018 U.S. Dist. LEXIS 34380 at *40 (holding that, "[b]ecause the Court is satisfied that the state has presented evidence that demonstrates that the LCM law is reasonably tailored to achieve their goal of reducing the number of casualties and fatalities in a mass shooting, and that it leaves several options open for current LCM owners to retain their magazines and for purchasers to buy large amounts of ammunition, it passes constitutional muster"); *NJRPC II*, 910 F.3d at 110 ("Today, we address whether . . . a law that limits the amount of ammunition that may be held in a single firearm magazine ... violates the Second Amendment, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Equal Protection Clause. We conclude that it does not.").

For these reasons, the Third Circuit's decision on the merits is now law of the case. Having had a "full opportunity" to present their case, and the Third Circuit having reached a contrary result on the merits, that decision now controls.

15

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants' motion for summary judgment should be granted.

 

Respectfully Submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Bryan Edward Lucas

Joseph Fanaroff
Jeremy Feigenbaum
Stuart M. Feinblatt
Assistant Attorneys General

Evan A. Showell
Bryan Edward Lucas
Deputy Attorneys General

DATE: February 13, 2019