UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., *et al.*, </br>      *Plaintiffs*, </br>  v. </br>GURBIR GREWAL, *et al.*, </br>      *Defendants*. | Hon. Peter G. Sheridan, U.S.D.J. </br>Hon. Lois H. Goodman, U.S.M.J. </br>Civil Action No. 18-cv-10507 </br></br>**CIVIL ACTION** </br></br>**(ELECTRONICALLY FILED)** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit this notice of supplemental authority relevant to the Court's adjudication of the pending motions for summary judgment and Plaintiffs' cross-motion for a stay. On March 29, 2019, the U.S. District Court for the Southern District of California issued a permanent injunction against California's ban on magazines capable of holding more than 10 rounds. *See Duncan v. Becerra*, No. 17-cv-1017 (C.D. Cal. Mar. 29, 2019) (attached as Exhibit A).

Like this Court, the District Court in *Duncan* found that, because magazines capable of holding more than 10 rounds are "arms" in common use that have not been historically regulated, they are protected by the Second Amendment. Slip Op. at 17–21, 26–33. It then applied the text, history, and tradition test mandated by the Supreme Court to hold that California's magazine ban was unconstitutional, irrespective of any tiers-of-scrutiny test. *Id.* at 23–26, 33–35; *see Heller v. District*

1

*of Columbia*, 670 F.3d 1244, 1271–85 (D.C. Cir. 2011) (Kavanaugh, J., dissenting). Alternatively, the District Court held that California's magazine ban was subject to strict scrutiny because it "exacts a severe price on a citizen's freedom to defend the home," Slip Op. at 42, and the magazine ban failed strict scrutiny because "[c]ategorical bans are the opposite of narrowly tailored bans," *id.* at 43.

Even applying intermediate scrutiny, however, the District Court held that the magazine ban was invalid. It found that mass shootings "are rare events," and "many are committed without large capacity magazines." *Id.* at 47. Observing that "the quality of the evidence relied on by the State is remarkably thin," *id.* at 48 n.46, the District Court emphasized that "[e]ven with deference" to state legislative judgments, "meaningful review is required," *id.* at 54. A deferential approach "is exactly the approach promoted by dissenting Justice Breyer and *rejected* by the Supreme Court's majority in *Heller*." *Id.* (emphasis in original).

The District Court made several factual findings that proved the unconstitutionality of California's magazine ban. Quoting Louis Klarevas—on whom Defendants rely in this case—the District Court observed that "a person set on inflicting mass casualties will get around any clip prohibitions by having additional clips on his person (as Loughner did anyway) or by carrying more than one fully loaded weapon." *Id.* at 65. It pointed out that mass shooters in California generally did not use prohibited magazines, and those who did often circumvented

California's magazine ban by obtaining the magazines in other states. *Id.* at 49–51. Finally, the District Court found that, even assuming that the need to reload more often creates a pause, that pause would be "lethal" for a law-abiding citizen forced to reload more often when *defending* against an attacker, and "[t]he good that a reloading pause might do in the extremely rare mass shooting incident is vastly outweighed by the harm visited on manifold law-abiding, citizen-victims who must also pause while under attack." *Id.* at 74.

*Duncan* demonstrates that the mode of analysis adopted by a court can make a decisive difference in evaluating a magazine ban, and because *New York State Rifle & Pistol Association, Inc. v. City of New York*, No. 18-280 (U.S.), is due to provide guidance on the proper analysis in Second Amendment cases such as this one, *Duncan* supports Plaintiffs' cross-motion for a stay.

Dated: April 3, 2019

Respectfully submitted,

David H. Thompson*
Peter A. Patterson*
Haley N. Proctor*
J. Joel Alicea*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

/s/Daniel L. Schmutter
Daniel L. Schmutter
Hartman & Winnicki, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

* Admitted *pro hac vice*