

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

### State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
124 Halsey Street
P.O. Box 45029
Newark, NJ 07101

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

April 30, 2019

**VIA ECF**
Hon. Peter G. Sheridan, U.S.D.J.
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

  Re: **Assoc. of N.J. Rifle & Pistol Clubs, Inc., et al. v. Grewal, et al.**
    **Civil Action No. 3:18-cv-10507-PGS-LHG**

Dear Judge Sheridan:

  The State submits this letter both as a response to Plaintiffs' second notice of supplemental authority on April 25, 2019, and as a notice of an additional supplemental authority.

  The only remaining question is whether this Court should deprive the State of the judgment to which it is entitled until the Supreme Court resolves *New York State Rifle & Pistol Association Inc. v. City of New York* (*NYSRPA*), No. 18-280. This Court should not do so.

  To date, the courts of appeals have recognized that Second Amendment cases need not, as a matter of course, be held or stayed in light of *NYSRPA*. On April 26, 2019, the First Circuit – in an opinion by Judge Bruce Selya, and joined by Judge David Barron and Justice David Souter (Ret.) – issued a decision rejecting "a constitutional challenge to a Massachusetts law proscribing the sale, transfer, and possession of certain semiautomatic assault weapons and large-capacity magazines." *Worman v. Healey*, No. 18-1545 (1st Cir. Apr. 26, 2019) (slip op. at 4). The panel



Page 2

did not see any need to hold its decision in light of *NYSRPA*. That made good sense: the question in *NYSRPA* (whether a government may restrict an individual's ability to carry their firearms outside their home) does not control the validity of the LCM restrictions at issue in *Worman*.

By contrast, cases involving the public carrying of firearms have been stayed pending the Supreme Court's decision in *NYSRPA*, given the obvious overlap between those two issues. *See Young v. Hawaii*, No. 12-17808 (9th Cir.); *see also* Dkt. 97 at 11-12 (discussing the overlap between *NYSRPA* and public carry cases). That explains the State's position in its brief in opposition to the pending petition for certiorari in *Rogers v. Grewal*, No. 18-824 (U.S.). *Rogers*, like *Young*, is a challenge to New Jersey's public carrying laws. That is why the State recognized that the Court could plausibly hold the *Rogers* petition until it resolves *NYSRPA*.

This case has nothing in common with *NYSRPA*, *Young*, and *Rogers*. To the contrary, this case involves the same issues as in *Worman*. Just as the First Circuit decided to resolve *Worman*, this Court should issue summary judgment in this litigation.

        Respectfully submitted,

        GURBIR S. GREWAL
        ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Bryan Edward Lucas
      Bryan Edward Lucas
      Deputy Attorney General

cc: All Counsel of Record    **(Via ECF)**