MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, PO Box 093
Trenton, New Jersey 08625-0093
Attorney for Defendants Matthew J. Platkin and Patrick J. Callahan

By:  Stuart M. Feinblatt
     Assistant Attorney General
     Stuart.Feinblatt@law.njoag.gov
     (609) 376-3202

```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                  VICINAGE OF TRENTON
```

| | | |
|---|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and MARC WEINBERG, | : : : : | Hon. Peter G. Sheridan |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 3:18-cv-10507 |
| MATTHEW J. PLATKIN, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, RYAN MCNAMEE, in his official capacity as Chief of Police of the Chester Police Department, and JOSEPH MADDEN, in his official capacity as Chief of Police of the Park Ridge Police Department, | : : : : : : : | **DEFENDANTS MATTHEW J. PLATKIN's AND PATRICK J. CALLAHAN's ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Defendants. | | |

Defendants Attorney General Matthew J. Platkin and Superintendent Patrick J. Callahan, hereinafter referred to as "Answering Defendants," by way and through the undersigned counsel, hereby respond to the allegations set forth in Plaintiffs' Amended Complaint and by way of Answer to the same state:

## INTRODUCTION

1. Denied. In addition, Answering Defendants deny Plaintiffs' characterization of the large-capacity magazines defined in N.J.S.A. 2C:39-1(y) as "standard-capacity" as to each and every time that characterization is repeated in the Amended Complaint.

2. Denied.

3. Denied. To the extent the allegations call for legal conclusions, Answering Defendants make no answer to this paragraph because no responsive pleading is required.

4. Denied.

5. Except to deny that the State of New Jersey is violating the constitutional rights of its residents, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

**JURISDICTION AND VENUE**

6. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

7. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

8. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

**PARTIES**

9. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

10. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

11. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

12. Except to admit that Defendant Matthew J. Platkin is the Attorney General of New Jersey, and that he has an official address of 25 Market Street, Trenton, New Jersey, and is being sued in his official capacity, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

13. Except to admit that Defendant Patrick J. Callahan is the Superintendent of the New Jersey Division of State Police, has an official address of P.O. Box 7068, West Trenton, New Jersey, and is being sued in his official capacity, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

14. Answering Defendants neither admit nor deny the allegations contained in this paragraph as they are not directed at Answering Defendants. To the extent an answer is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiffs are left to their proofs.

15. Answering Defendants neither admit nor deny the allegations contained in this paragraph as they are not directed at Answering Defendants.  To the extent an answer is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and Plaintiffs are left to their proofs.

**FACTUAL ALLEGATIONS**

**New Jersey's Ban on Standard-Capacity Magazines**

16. Apart from admitting that the quoted text appears in the document cited, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

17. Apart from admitting that the quoted text appears in the document cited, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

18. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

19. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

20. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

21. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

22. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

23. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph characterizes New Jersey's sentencing laws as "harsh," those characterizations are hereby denied.

24. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

**New Jersey Has Banned and Criminalized a
Common and Important Means of Self-Defense**

25. Denied.

26. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

27. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

28. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph, and Plaintiffs are left to their proofs.

29. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations call for legal conclusions, Answering Defendants make no answer to this paragraph because no responsive pleading is required.

30. Except to admit that Bill A2761 reduced the maximum capacity of ammunition magazines to 10 rounds, the allegations in this paragraph are hereby denied.

31. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

32. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

33. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

34.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations call for legal conclusions, Answering Defendants make no answer to this paragraph because no responsive pleading is required.

35.  Denied.

**The Magazine Ban Deprives Plaintiffs of Their Property and Prevents Them from Keeping or Acquiring Arms for Self-Defense**

36.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

37.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

38.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

39.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph, and Plaintiffs are left to their proofs.

40. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

41. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

42. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

43. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

**COUNT ONE**

**Deprivation of Plaintiffs' Rights Under**

**U.S. CONST. amends. II and XIV**

44. Answering Defendants hereby repeat and reassert their answers to the previous paragraphs as if set forth fully herein.

45. Admitted.

46. Apart from admitting that the quoted text appears in the document cited, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

47. Denied.

48. Apart from admitting that the quoted text appears in the document cited, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

49. Denied.

50. Denied.

## COUNT TWO

### Deprivation of Plaintiffs' Rights Under U.S. CONST. amends. V and XIV

51. Answering Defendants hereby repeat and reassert their answers to the previous paragraphs as if set forth fully herein.

52. Admitted.

53. Admitted.

54. Denied.

55. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

56. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

57. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.  To the extent the allegations call for legal conclusions, Answering Defendants make no answer to this paragraph because no responsive pleading is required.

58. Denied.

59. Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Answering Defendants demand judgment dismissing Plaintiffs' Amended Complaint with prejudice, together with costs of suit.

Answering Defendants deny that there was any violation of Plaintiffs' constitutional rights.  Answering Defendants deny that Plaintiffs are entitled to any relief from Answering Defendants, including injunctive relief, attorney's fees, expert fees, and costs, or any other relief demanded by Plaintiffs.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Answering Defendants have not deprived Plaintiffs of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress.

**SECOND AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim against Answering Defendants upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs do not have standing with respect to the allegations in their Amended Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

The claims asserted in Plaintiffs' Amended Complaint are not ripe for adjudication.

**FIFTH AFFIRMATIVE DEFENSE**

The weapons that are regulated by the challenged New Jersey laws do not fall within the text or the scope of the rights protected by the Second Amendment.

**SIXTH AFFIRMATIVE DEFENSE**

The challenged New Jersey laws do not violate the Second Amendment because they are consistent with this country's historical tradition of firearm regulation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from suit based upon the Eleventh Amendment and the doctrine of sovereign immunity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded in whole or in part by the doctrine of collateral estoppel, res judicata, law of the case, and/or the entire controversy doctrine.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to interpose each and every such other separate defense that continuing investigation and discovery may indicate.

## RESERVATION OF RIGHTS

Answering Defendants reserve the right, at or before trial, to move to dismiss the Amended Complaint and/or move for summary judgment, on the grounds that it fails to state a claim upon which relief can be granted and/or the Answering Defendants are entitled to judgment as a matter of law.

**DESIGNATION OF TRIAL COUNSEL**

Please be advised that Daniel M. Vannella, Assistant Attorney General, is hereby designated as trial counsel in this matter.

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                        Respectfully submitted,

                        MATTHEW J. PLATKIN
                        ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Stuart M. Feinblatt
       Stuart M. Feinblatt
       Assistant Attorney General

Dated: November 17, 2022

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2022, Defendants Matthew J. Platkin's and Patrick J. Callahan's Answer was electronically filed with the Clerk of Court in the United States District Court for the District of New Jersey through the Court's CM/ECF system, which filing effected service upon counsel of record through the CM/ECF system.

Dated: November 17, 2022      By: /s/ Stuart M. Feinblatt
                                  Stuart M. Feinblatt
                                  (NJ ID# 018781979)
                                  Assistant Attorney General