LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

January 3, 2023

**VIA ECF**
The Honorable Peter G. Sheridan
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

> Re:   Association of New Jersey Rifle & Pistol Clubs, Inc., et al. v. Platkin, et al. - No.: 18-cv-10507 ("ANJRPC")
> Ellman, et al. v. Platkin, et al., No. 22-cv-4397
> Cheeseman, et al. v. Platkin, et al., No. 22-cv-4360
>
> **LETTER BRIEF OF ANJRPC AND ELLMAN PLAINTIFFS IN OPPOSITION TO MOTION TO CONSOLIDATE**

Dear Judge Sheridan:

We represent Plaintiffs in the above referenced *ANJRPC* and *Ellman* matters. We submit this letter brief in opposition to the motion of Attorney General Matthew Platkin and Superintendent Patrick Callahan ("State Defendants") to consolidate the within four-year-old case commenced in 2018 challenging a ban on standard capacity ammunition magazines which has been tried to conclusion with two brand new actions commenced in 2022 challenging a ban on semi-automatic firearms with features the State does not like and which have proceeded literally not at all. In other words, the State asks this court to consolidate an old case which has

The Honorable Peter G. Sheridan
January 3, 2023
Page -2-

seen a trial and two appeals with two brand new cases. Such a request twists Rule 42 beyond recognition.

The State does this because of a simple fact of its own making: New Jersey has too many unconstitutional gun control laws that it wants to defend. New Jersey is the leading perpetrator of laws that violate the Second Amendment. Defendant Platkin admitted as much as recently as December 22, 2022:

> New Jersey continues to lead the nation in combatting gun violence and demonstrating how commonsense gun laws help keep residents and law enforcement safe.

*Governor Murphy Signs Gun Safety Bill Strengthening Concealed Carry Laws in New Jersey in Response to Bruen Decision* (December 22, 2022), https://nj.gov/governor/news/news/562022/approved/20221222a.shtml (last visited January 1, 2023).

New Jersey Assembly Speaker Craig Coughlin has confirmed this as well:

> New Jersey continues to lead the nation on fair and robust common-sense gun safety thanks to the Governor and Legislature's partnership that has made public safety a priority . . . .

*Governor Murphy Signs Sweeping Gun Safety Package 3.0 to Continue the Fight Against Gun Violence* (July 5, 2022), https://nj.gov/governor/news/news/562022/approved/20220705a.shtml (last visited January 1, 2023).

The current administration of Governor Phil Murphy is especially enamored with enacting ever increasing numbers of gun laws:

> If passed by the Legislature and signed into law, the bill package would be the third wide-ranging gun safety package signed by Murphy since taking office.

*Governor Phil Murphy calls on NJ lawmakers to pass gun safety package,* ABC7NY (December 2, 2021), https://abc7ny.com/gun-control-safety-phil-murphy-new-jersey/11293619/ (last visited January 1, 2023).

The Honorable Peter G. Sheridan
January 3, 2023
Page -3-

The simple reason New Jersey finds itself in the position of having to defend multiple laws in multiple lawsuits is that, since the Supreme Court decided *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), plainly holding that the Second Amendment guarantees the fundamental right to keep and bear arms, New Jersey has gone into hyperdrive in passing new and even more sweeping gun control laws – laws that further infringe on that fundamental constitutional rights of New Jerseyans. In fact, New Jersey is proud of this.

After 12 years of states like New Jersey ignoring the Supreme Court, the Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), making crystal clear that states cannot give short shrift to the fundamental right to keep and bear arms. Astonishingly, instead of hearing the Supreme Court's clear message, in response to *Bruen*, New Jersey enacted yet *another* sweeping gun control law, this time directly contravening the holding in *Bruen*. Not surprisingly, New Jersey was immediately sued. *See, e.g., Siegel v. Platkin,* 22-7463 (D.N.J).

New Jersey simply cannot reasonably complain about having to expend resources defending multiple lawsuits. If New Jersey keeps passing unconstitutional laws. New Jersey is going to keep getting sued.

And what the State Defendants are asking for in this motion is truly improper. They ask that this Court take two brand new cases involving a wholly different statute and consolidate them into this four-year-old case (*ANJRPC*)—a case which the Third Circuit held had effectively seen a trial on the merits.

Importantly, in *ANJRPC*, this Court has already made the key finding of fact that entitles the *ANJRPC* Plaintiffs to prevail on the merits. In 2018, after a full trial, this Court made a finding that the ammunition magazines at issue are "typically possessed by law-abiding citizens

for lawful purposes" and are therefore "entitled to Second Amendment protection." (ECF No. 73 at 19-22) ("Guided by these decisions, the Court sees no reason to deviate from employing the "common use" standard. In addition, under this standard, the Court is satisfied, based on the record presented, that magazines holding more than ten rounds are in common use and, therefore, entitled to Second Amendment protection.")

Under *Heller*, this finding, alone, compels a finding that the magazine ban is unconstitutional, and the *ANJRPC* Plaintiffs intend to move for a preliminary injunction and/or summary judgment on that issue. The *ANJRPC* Plaintiffs, ready to make a dispositive motion, should not be burdened with joinder with two brand new cases, merely because the State of New Jersey does not want to defend different statutes in different lawsuits.

Notably, the State Defendants misdescribe this situation in two important ways. First, they claim that "[a]ll three cases challenge New Jersey's law regulating dangerous weapons and munitions capable of inflicting significant injuries and fatalities." That could literally describe every Second Amendment lawsuit. If such a generic characterization could justify consolidation, then every Second Amendment case could be consolidated with every other one regardless of the actual claims being asserted and regardless of how many different laws are at issue. Rule 42's common question requirement requires more than the mere fact that two suits bring claims arising under the same constitutional provision. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993); *see also Bacon v. Avis Budget Grp., Inc.*, No. 16-cv-05939, 2022 WL 2158964, at *3 (D.N.J. June 15, 2022) (Cases concerning a rental-car company charging its customers for tolls and driving infractions "do not sufficiently share common questions of law or fact" with a case alleging that the same company charged its customers fees that they had not agreed to.).

The Honorable Peter G. Sheridan
January 3, 2023
Page -5-

Second, they claim that "all three cases are in similar procedural postures. In each case, the operative complaint was filed recently after the Supreme Court's *Bruen* decision. Discovery has just begun in *Cheeseman* and is about to begin in *ANJRPC*." This is a serious mischaracterization. The Complaint in *ANJRPC* was filed in 2018 and was tried to judgment. On remand after *Bruen*, The *ANJRPC* Plaintiffs filed an Amended Complaint simply to drop a count and substitute a new Plaintiff (Weinberg) where a previous plaintiff was lost (Dembowski), and there is nothing new in the Amended Complaint that would warrant calling the cases "in a similar procedural posture."

Courts should and typically do deny motions to consolidate where the cases sought to be consolidated are at different stages of progress. *Landsman & Funk, P.C. v. Skinder-Strauss Associates,* 2012 WL 2476371 (D.N.J. June 27, 2012) (consolidation denied where lead case was four years old and several of the cases had been extensively litigated through dispositive motion practice, an appeal, and now a remand, while others were new); *Lyons v. Andersen*, 123 F. Supp. 2d 485, 487 (N.D. Iowa 2000) ("'[C]onsolidation is not justified when the cases are in different phases of pretrial procedures.'" (quoting *Schacht v. Javits,* 53 F.R.D. 321 (S.D.N.Y. 1971)). Consolidation is therefore inappropriate here.

Moreover, The *ANJRPC* Plaintiffs strongly dispute that any further discovery is appropriate. As indicated above, the *ANJRPC* Plaintiffs are ready to file their dispositive motion. In fact, joinder with the other cases could negatively impact the appealability of the *ANJRPC* case under the final order rule. The cases sought to be consolidated into *ANJRPC* could not be more different and should not be consolidated.

The Honorable Peter G. Sheridan
January 3, 2023
Page -6-

The State Defendants want to consolidate cases that address different laws and are at vastly different stages working significant prejudice to the Plaintiffs. The motion should be denied.

Respectfully submitted,

s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/ars
cc: Stuart M. Feinblatt, Esq.
Bradley Lehman, Esq.
Kathleen N. Fennelly, Esq.
Mitchell B. Jacobs, Esq.
Linda A. Galella, Esq.
Mary Jane Lidaka, Esq.
John Schettino, Esq.