UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and MARC WEINBERG<br><br>   Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, RYAN MCNAMEE, in his official capacity as Chief of Police of the Chester Police Department, and JOSEPH MADDEN, in his official capacity as the Chief of Police of the Park Ridge Police Department,<br><br>   Defendants. | HON. PETER G. SHERIDAN<br><br>Civil Action No. 3:18-cv-10507<br><br>Motion Set For Hearing:<br>January 17, 2023 |
| MARK CHEESEMAN, TIMOTHY CONNELLY, and FIREARMS POLICY COALITION, INC.,<br><br>   Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, CHRISTINE, A. HOFFMAN, in her official capacity as Acting Gloucester | HON. RENEE M. BUMB<br><br>Civil Action No. 1:22-cv-04360 |

| | |
|---|---|
| County Prosecutor, and BRADLEY D. BILLHIMER, in his official capacity as Ocean County Prosecutor,<br><br>        Defendants. | |
| BLAKE ELLMAN, THOMAS R. ROGERS, and ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, LT. RYAN MCNAMEE, in his official capacity as Officer in Charge of the Chester Police Department, and KENNETH BROWN, JR., in his official capacity as Chief of the Wall Township Police Department.<br><br>        Defendants. | HON. FREDA L. WOLFSON<br><br>Civil Action No. 3:22-cv-04397 |

**ANSWERING BRIEF IN OPPOSITION TO STATE DEFENDANTS'
MOTION FOR CONSOLIDATION**

Bradley P. Lehman (NJ Bar No. 129762014)
GELLERT SCALI BUSENKELL & BROWN LLC
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19808
(302) 416-3344
blehman@gsbblaw.com

*Attorney for Plaintiffs Mark Cheeseman, Timothy Connelly, and Firearms Policy Coalition, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT..............................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ...............................................2

ARGUMENT .............................................................................................................6

   I.   *CHEESEMAN* SHOULD NOT BE CONSOLIDATED WITH THE *ELLMAN* AND ANJRPC CASES..............................................................................6

      A.   Overlapping Discovery is Not a Concern in These Cases .........................7

      B.   Consolidation of This Case With the DSSA Case Will ...........................10

         Prejudice the Plaintiffs .................................................................................10

CONCLUSION ........................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*,
  710 F.3d 99 (3d Cir. 2013) ................................................................................10

*Coal. of N.J. Sportsmen, Inc. v. Whitman*,
  44 F. Supp. 2d 666 (D.N.J. 1999) ......................................................................3

*Coalition of New Jersey Sportsmen v. Florio*,
  744 F. Supp. 602 (D.N.J. 1990) .........................................................................4

*Ezell v. City of Chicago*,
  651 F.3d 684 (7th Cir. 2011) ............................................................................10

*Grodko v. Cent. European Distrib. Corp. (In re Cent. European Distrib. Corp.)*,
  2012 U.S. Dist. LEXIS 160248 (D.N.J. Nov. 8, 2012) .......................................6

*Moore v. Madigan*,
  702 F.3d 933 (7th Cir. 2012) ..............................................................................7

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  142 S. Ct. 2111 (2022) ........................................................................................8

**Statutes**

United States Code

18 U.S.C. § 922(g) .................................................................................................5

New Jersey Statutues

N.J. STAT. ANN. § 2C:39-1 ...................................................................................2

N.J. STAT. ANN. § 2C:39-5 ............................................................................2, 3, 5

N.J. STAT. ANN. § 2C:39-6 ...................................................................................3

N.J. STAT. ANN. § 2C:39-9 ................................................................................2, 4

N.J. STAT. ANN. § 2C:43-3 ............................................................................................... 4

N.J. STAT. ANN. § 2C:58-4 ............................................................................................... 3

N.J. STAT. ANN. § 2C:58-5 ......................................................................................... 2, 3, 4

N.J. STAT. ANN. § 2C:58-12 ............................................................................................. 3

N.J. STAT. ANN. § 2C:58-13 ......................................................................................... 3, 5

**Other Authorties**

WILLIAM ENGLISH, 2021 *National Firearms Survey: Updated Analysis Including Types of Firearms Owned* (May 13, 2022), https://bit.ly/3yPfoHw ................................................................................................. 8

## PRELIMINARY STATEMENT

The State Defendants' motion to consolidate is premised upon a fundamental misunderstanding of how cases like these are to proceed, particularly in light of the U.S. Supreme Court's June 2022 ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). There are only two pertinent questions of fact in *Cheeseman*, and neither of them requires any fact or expert discovery in order to answer. The first question is whether the "assault firearms" banned by the State of New Jersey constitute bearable "arms" and are therefore protected by the Second Amendment. Indisputably, they are. The second question is whether they are now in common use for lawful purposes and accordingly, pursuant to *Bruen*, cannot be banned. Indisputably, they are. Thus ends the factual inquiry.

The State Defendants seek consolidation of the above-captioned cases largely on the grounds that "myriad common questions of fact and law exist" in these cases and that the "State intends to rely on largely the same fact and historical experts" in all three cases. They argue that "consolidation would avoid the costs of issuing duplicative discovery requests, reduce burdens on fact and expert witnesses, and facilitate a more efficient and economic resolution of these related challenges." But neither discovery requests nor any fact or expert witnesses are necessary or appropriate in *Cheeseman* or the other above-captioned cases. Instead, the cases turn

on legislative facts rather than those adjudicative facts that are found in the course of discovery or adduced at trial.

## NATURE AND STAGE OF THE PROCEEDINGS

**The Ban Challenged in the Cheeseman Case**

Through the State of New Jersey's statutes defining and regulating "assault firearms" and related conduct,[1] and through Defendants' regulations, policies, guidelines, practices, and customs interpreting, implementing, and applying the statutes (collectively hereinafter referred to as "New Jersey's Ban" or the "Ban"), Defendants have and continue to enforce against Plaintiffs and all non-prohibited persons in New Jersey an expansive unconstitutional criminal regime that makes it a serious crime for non-prohibited citizens of New Jersey to exercise their fundamental right to keep and bear such arms to, *inter alia*, acquire, possess, transport, use, and dispose of constitutionally protected firearms that the State pejoratively terms "assault firearms." The very limited exemptions from this onerous criminal statutory scheme do not allow typical non-prohibited individuals to keep and bear these common firearms.

In New Jersey, a typical law-abiding person must first be eligible for and acquire a valid Firearms Purchaser Identification Card or Handgun Purchase Permit,

---

[1] *See* N.J. STAT. ANN. §§ 2C:39-1, 2C:39-5, 2C:39-9, and 2C:58-5.

2

as applicable, in order to acquire common, modern semi-automatic firearms for lawful purposes, including self-defense. N.J. STAT. ANN. §§ 2C:39-5; 2C:58-3. New Jersey applies the pejorative label of "assault firearm" to many constitutionally protected semi-automatic firearms.

New Jersey categorically prohibits under its criminal laws the possession of all "assault firearms" "unless certain very narrow exceptions apply." *Coal. of N.J. Sportsmen, Inc. v. Whitman*, 44 F. Supp. 2d 666, 670 (D.N.J. 1999). The narrow exceptions include rifles designated by the Attorney General as "legitimate" target-shooting firearms (if registered and owned by an individual who has been a member of a rifle or pistol club since at least 1990), N.J. STAT. ANN. § 2C:58-12; rifles that have been rendered inoperable, *id.* § 2C:58-13; rifles owned by a member of the military or a law enforcement officer who has completed an approved firearms training course, *id.* § 2C:39-6(a), (j); or rifles owned by an individual who has received a license by demonstrating to a judge that "public safety and welfare" *require* him or her to possess a so-called "assault firearm," *id.* § 2C:58-5.

The license to possess common semi-automatic firearms under N.J. STAT. ANN. § 2C:58-5(b) requires that an applicant demonstrate that he or she qualifies for a permit to carry a handgun pursuant to N.J. STAT. ANN. § 2C:58-4 *and* that a judge of the Superior Court of New Jersey "finds that the public safety and welfare so require." This conjunctive requirement is a *de facto* ban. Upon information and

3

belief, the Superior Court has issued either no or almost no licenses since the Ban took effect in 1990, and that common, law-abiding individuals like Plaintiffs are not eligible for and are not issued a license under N.J. STAT. ANN. § 2C:58-5.

The requirements for such a license "create[ ] restrictions are so substantial that they create a *de facto* prohibition on the sale of [firearms] that may fall under New Jersey's statutory definition of semi-automatic firearms. Any potential owner must qualify under two lengthy application procedures and may be refused at any time the State determines such a license does not serve the public interest. This regulatory scheme vests unbridled discretion over the licensing process with the State." *Coalition of New Jersey Sportsmen v. Florio*, 744 F. Supp. 602, 608 (D.N.J. 1990).

"A person who has been convicted of an offense may be sentenced to pay a fine, to make restitution, or both[.]" N.J. STAT. ANN. § 2C:43-3. "Any person who manufactures, causes to be manufactured, transports, ships, sells or disposes of an assault firearm without being registered or licensed to do so pursuant to N.J.S.2C:58-1 et seq. is guilty of a crime of the third degree," a violation of N.J. STAT. ANN. § 2C:39-9(g). "Any person who knowingly has in his possession an assault firearm is guilty of a crime of the second degree except if the assault firearm is licensed pursuant to N.J.S. 2C:58-5; registered pursuant to section 11 of P.L. 1990, c.32 (C. 2C:58-12); or rendered inoperable pursuant to section 12 of P.L. 1990, c.32 (C.

4

2C:58-13])." N.J. STAT. ANN. §§ 2C:39-5(f).

Violations of New Jersey's Ban are punishable by up to ten years in prison and a $150,000 fine. Moreover, a conviction under New Jersey's Ban would result in a lifetime ban on the person's possession of firearms and ammunition under the Federal Gun Control Act and state law, adding further penalty to a non-prohibited person's exercise of rights and conduct prohibited by New Jersey's Ban. *See, e.g.,* 18 U.S.C. § 922(g).

**The Stage of the Proceedings**

The *Cheeseman* plaintiffs filed suit on June 30, 2022,[2] to challenge the Ban's violation of the Second and Fourteenth Amendments. Compl., No. 1:22-cv-04360 (D.N.J. June 30, 2022), ECF No. 1. On July 14, 2022, the Cheeseman plaintiffs filed their amended complaint. ECF No. 4. The State filed its answer on August 26, 2022. ECF No. 17. The court set a discovery schedule (ECF No. 32), and initial disclosures were exchanged by the parties pursuant to Fed. R. Civ. P. 26 on November 30, 2022.

*Ellman*, filed a day later than *Cheeseman* on July 1, 2022, also challenged the Ban. Compl., No. 3:22-cv-4397 (D.N.J. July 1, 2022), ECF No. 1. The State filed its answer to Plaintiffs' complaint on November 15, 2022. ECF No. 15.

In *ANJRPC*, the plaintiffs filed suit in 2018 to enjoin enforcement of a

---

[2] The State Defendants' opening brief in support of their motion to consolidate incorrectly states that the *Cheeseman* case was filed in July 2022.

5

different law – New Jersey's ban on so-called "large capacity magazines." The State's opening brief sets forth the somewhat labyrinthine appellate history of the *ANJRPC* case. The *ANJRPC* plaintiffs filed an amended complaint on October 28, 2022. Am. Compl., No. 3:18-cv-10507 (Oct. 28, 2022), ECF No. 122, and the State's answer and proposed schedule for the development of evidence were due on November 18, 2022, ECF No. 121.

## ARGUMENT

### I.   *CHEESEMAN* SHOULD NOT BE CONSOLIDATED WITH THE *ELLMAN* AND ANJRPC CASES.

The standard for consolidation of cases is highly discretionary. *Grodko v. Cent. European Distrib. Corp. (In re Cent. European Distrib. Corp.)*, 2012 U.S. Dist. LEXIS 160248, *22 (D.N.J. Nov. 8, 2012). "Common questions of law or fact do not necessitate consolidation: The mere existence of common issues, however, does not require consolidation. Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." *Id*. (internal citations and quotations omitted). "[T]he court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives. *Id*. at *23. Here, these considerations counsel against consolidation

## A.     <u>Overlapping Discovery is Not a Concern in These Cases</u>

The State Defendants argue in their opening brief that consolidation is appropriate because, *inter alia*, "[a]ll three cases also involve the common questions of whether historical regulations of dangerous weapons and munitions existed and whether they are analogous to the State's modern-day firearms regulations," and "[t]he State intends to rely on largely the same fact and historical experts to answer these questions in all three cases." These justifications are without substance in these cases.

The State Defendants' position is premised upon a fundamental misunderstanding of how cases like these are to proceed, particularly in light of the U.S. Supreme Court's June 2022 ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The only "facts" relevant to resolution of the constitutional question involved in *Cheeseman* are "legislative facts" regarding the modern firearms that Defendants characterize as "assault firearms" and of historical firearm regulation in this country, and all such facts can accordingly be developed in briefing and through oral argument without the need for expert or other evidence adduced through traditional party discovery methods. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (ordering entry of judgment for plaintiffs on review of order granting motion to dismiss because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial….

7

Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law."). Reviewing the statutes that have been in effect in the U.S. over time to determine whether there is an historical tradition of analogous regulations is a task that is firmly within the province of judges and lawyers, and no fact or expert testimony is needed or appropriate.

Moreover, the *Bruen* Court has already done the necessary historical research in cases where a state seeks to ban a category of firearms as New Jersey has done with so-called "assault firearms." The only fact that matters is whether they are currently in common use for lawful purposes, as Bruen makes clear that arms may not be banned unless they are both dangerous *and* unusual, and arms in common use for lawful purposes are not unusual. Notably, a recent survey of gun owners indicates that about 24.6 million Americans have owned up to 44 million AR-15s or similar rifles. *See* WILLIAM ENGLISH, 2021 *National Firearms Survey: Updated Analysis Including Types of Firearms Owned* at 1 (May 13, 2022), https://bit.ly/3yPfoHw.

The U.S. Supreme Court's recent decision in *Bruen* provides further support for dispensing with discovery in *Cheeseman*. In *Bruen*, no factual development occurred in the district court because plaintiffs' claims were foreclosed by circuit precedent at the time the complaint was filed, and the district court accordingly entered judgment against the plaintiffs on the pleadings. *See* 354 F. Supp. 3d 143 (N.D.N.Y. 2018). In holding that New York's may-issue licensing scheme violated

8

the Second Amendment, the Supreme Court expressly rejected the argument that it could not "answer the question presented without giving respondents the opportunity to develop an evidentiary record," 142 S. Ct. at 2135 n.8, because "in light of the text of the Second Amendment, along with the Nation's history of firearm regulation," the conclusion "that a State may not prevent law-abiding citizens from publicly carrying handguns because they have not demonstrated a special need for self-defense" did not turn on disputed factual questions. *Id.* The same is true here where the Court must determine whether the text of the Second Amendment and the Nation's history of firearm regulation allow the State of New Jersey to ban law-abiding citizens from acquiring, possessing, transporting, etc., a widely owned category of modern firearms that are unquestionably in common use for lawful purposes today.

Application of *Bruen*'s text and history test does not involve any analysis of adjudicative facts of the kind that are disclosed through discovery. *See id.* While the State Defendants apparently believe that expert discovery is necessary and appropriate in these cases, it is noteworthy that *Bruen* itself did not have expert witnesses. Indeed, the Supreme Court decided the case based on a motion-to-dismiss record in the district court (*i.e.*, based solely on the contents of the complaint). Likewise, the *Cheeseman* case turns entirely upon legal issues that can and should be fully resolved by this Court on evidence from the public and historical legislative

9

record when presented by the parties in briefing. Given the lack of any legitimate concern about overlapping discovery, consolidation of these cases would serve no real purpose here, and the discovery that the State Defendants suggest will be necessary would be of no value except as a mechanism to delay resolution of this case.

### B. Consolidation of This Case With the DSSA Case Will Prejudice the Plaintiffs

As noted above, when faced with a motion to consolidate under Rule 42(a), the Court must balance any savings of time and effort gained through consolidation against any inconvenience, delay, or expense that may result. Here, these factors weigh against consolidation. While there is some factual and legal overlap in these cases, the *Cheeseman* plaintiffs here stand to experience potentially significant delay and additional expense if they must wait for various procedural issues now present or which may arise in the other cases to play out while paying their counsel to keep track of events unfolding between other parties. In the meantime, the *Cheeseman* plaintiffs have suffered and will continue to suffer irreparable harm. It is well accepted that the deprivation of a constitutional right constitutes irreparable harm. *See, e.g., K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 113 (3d Cir. 2013); *see also Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011) ("Infringements of this [Second Amendment] right cannot be compensated by damages."). Under the standard reiterated by *Bruen*, the *Cheeseman* plaintiffs are

entitled to a prompt resolution of their case without unneeded, time-wasting discovery or delays associated with unwarranted consolidation. Notably, in a consolidated action, the *Cheeseman* plaintiffs may be prejudiced through denial of the opportunity to promptly appeal any adverse judgment on their Second Amendment claim while other claims from the *Ellman* and/or *ANJRPC* cases remain pending.

## CONCLUSION

For all of the foregoing reasons, the *Cheeseman* plaintiffs respectfully request that this Court enter an order denying the State Defendants' motion to consolidate this case with the *Ellman* and *ANJRPC* cases.

Respectfully submitted,

Dated: January 3, 2023              **GELLERT SCALI BUSENKELL & BROWN LLC**

*/s/ Bradley P. Lehman*
Bradley P. Lehman (NJ 129762014)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
P: (302) 425-5800
E: blehman@gsbblaw.com

*Attorney for the Cheeseman plaintiffs*

11