# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and MARC WEINBERG,<br><br>     Plaintiffs,<br><br>v.<br><br>MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, RYAN MCNAMEE, in his official capacity as Chief of Police of the Chester Police Department, and JOSEPH MADDEN, in his official capacity as Chief of Police of the Park Ridge Police Department,<br><br>     Defendants. | HON. PETER G. SHERIDAN, U.S.D.J.<br><br><br>Civil Action No. 3:18-cv-10507 |
| MARK CHEESEMAN, TIMOTHY CONNELLY, and FIREARMS POLICY COALITION, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey | HON. RENÉE MARIE BUMB, U.S.D.J.<br><br><br>Civil Action No. 1:22-cv-4360 |

State Police, CHRISTINE A.
HOFFMAN, in her official capacity as
Acting Gloucester County Prosecutor,
and BRADLEY D. BILLHIMER, in
his official capacity as Ocean County
Prosecutor,

     Defendants.

BLAKE ELLMAN, THOMAS R.
ROGERS, and ASSOCIATION OF
NEW JERSEY RIFLE & PISTOL
CLUBS, INC.,

     Plaintiffs,

v.

MATTHEW J. PLATKIN, in his
official capacity as Attorney
General of New Jersey, PATRICK J.
CALLAHAN, in his official capacity
as Superintendent of the New Jersey
Division of State Police, LT. RYAN
MCNAMEE, in his official capacity as
Officer in Charge of the Chester Police
Department, and KENNETH BROWN, JR.,
in his official capacity as Chief of the Wall
Township Police Department,

     Defendants.

HON. FREDA L. WOLFSON,
U.S.D.C.J.


Civil Action No.
3:22-cv-04397


---

### REPLY BRIEF IN SUPPORT OF
### STATE DEFENDANTS' MOTION FOR CONSOLIDATION

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendants Matthew J. Platkin and
Patrick J. Callahan

By:  Daniel M. Vannella (NJ Bar # 015922007)
    Assistant Attorney General
    (609) 376-2776
    Daniel.Vannella@law.njoag.gov

Motion Returnable: January 17, 2023

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT .....................................................................................1

ARGUMENT ..............................................................................................................2

   **I.**    All Three Cases Share Common Questions of Law and Fact…...…………2

   **II.**   The Three Cases Are At The Same Procedural Stage…………...………..4

   **III.**  Consolidation Will Not Prejudice Plaintiffs………………….....………..7

CONCLUSION ...........................................................................................................9

i

## TABLE OF AUTHORITIES

**Page(s)**

## U.S. CONSTITUTION

U.S. Const. amend. II ............................................................................5, 6

U.S. Const. amend. XIV ............................................................................3

## CASES

*ANJRPC v. Bruck*,
  142 S. Ct. 2894 (2022)..............................................................*passim*

*Garrett v. Wexford Health*,
  938 F.3d 69 (3d Cir. 2019) ............................................................7

*Hall v. Hall*,
  138 S. Ct. 1118 (2018)...................................................................10

*Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*,
  No. 02-4146, 2007 WL 9725164 (D.N.J. July 26, 2007) ...............7

*Nat'l Ass'n for Gun Rights, et al. v. Lamont, et al.*,
  No. 22-1118 (D. Conn. Oct. 25, 2022), ECF No. 26......................5

*Nat'l Ass'n for Gun Rights, et al. v. Shikada*,
  No. 22-404 (D. Haw. Sept. 6, 2022), ECF No. 1 ...........................5

*New York State Rifle & Pistol Association, Inc. v. Bruen*,
  142 S. Ct. 2111 (2022).......................................................5, 6, 7, 8

*In re TMI Litig.*,
  193 F.3d 613 (3d Cir. 1999) .........................................................10

## STATUTES

1990 N.J. Laws 217, 221 Ch. 32.................................................................4

N.J. Stat. Ann. § 2C:39-1.......................................................................3, 4

N.J. Stat. Ann. § 2C:39-1(w) ....................................................................3

N.J. Stat. Ann. § 2C:39-5 .................................................................................. 3

N.J. Stat. Ann. § 2C:39-9 .................................................................................. 3

N.J. Stat. Ann. § 2C:58-5 .................................................................................. 3

N.J. Stat. Ann. § 2C:39-1(y) ............................................................................. 3

N.J. Stat. Ann. § 2C:39-3(j) .............................................................................. 3

N.J. Stat. Ann. § 2C:39-12 ................................................................................ 3

Violent Crime Control and Law Enforcement Act of 1994, Pub. L.
    No. 103-322, §§ 110102 and 110103, 108 Stat. 1996 (1994) ........................ 4

## **OTHER AUTHORITIES**

Fed. R. Civ. P. 42 ......................................................................................... 3, 4

Fed. R. Civ. P. 54(b) ....................................................................................... 10

## PRELIMINARY STATEMENT

Plaintiffs in *Association of New Jersey Rifle & Pistol Clubs, Inc. et al. v. Platkin et al.* and *Ellman et al. v. Platkin et al.* ("*ANJRPC* Plaintiffs"), and in *Cheeseman et al. v. Platkin et al.* ("*Cheeseman* Plaintiffs") (collectively, "Plaintiffs") all allege that N.J. Stat. Ann. § 2C:39-1, and other related provisions regulating firearms within that same Chapter, violate their Second and Fourteenth Amendment rights.[1] The challenged laws aim to prevent and reduce injuries and deaths caused by assault weapons and large capacity magazines ("LCMs"), two interrelated technologies that are frequently used together by perpetrators of mass shootings and similar crimes. Defendants Matthew J. Platkin and Patrick J. Callahan ("State Defendants") moved to consolidate these three matters pursuant to Fed. R. Civ. P. 42. ("Moving Br.," ECF No. 128). Their opening brief sets forth multiple straightforward bases for consolidation: common plaintiffs, common defendants, common legal issues, common factual issues, and common discovery issues.

Plaintiffs' oppositions, in contrast, barely even attempt to argue how the standard for consolidation is *not* met here. Instead, they focus on issues that simply are not relevant to the Court's Rule 42 analysis, such as the underlying merits of

---

[1] Specifically, *ANJRPC* Plaintiffs challenge N.J. Stat. Ann. §§ 2C:39-1(y), 2C:39-3(j), and 2C:39-12, and the Plaintiffs in *Cheeseman* and *Ellman* challenge N.J. Stat. Ann. §§ 2C:39-1(w), 2C:39-5, 2C:39-9, and 2C:58-5.

their constitutional claims, press statements about firearms laws they do not challenge, and whether discovery is necessary in these cases.

Because consolidation will streamline proceedings in these three cases and avoid duplication of effort without causing undue prejudice to any party, the Court should grant State Defendants' motion.

## ARGUMENT

### I.    All Three Cases Share Common Questions of Law and Fact.

As detailed in State Defendants' moving brief, consolidation of *ANJRPC*, *Cheeseman*, and *Ellman* is warranted because they share common questions of law and fact.

***First***, the three cases share common issues of fact because the weapons restricted by the challenged laws are interrelated technologies that are frequently used together in mass shootings and other crimes, and, for that reason, have been regulated under a single legislative framework for more than three decades. *See* Ch. 32, 1990 N.J. Laws 217, 221; N.J. Stat. Ann. § 2C:39-1 (1991); *see also* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, §§ 110102 and 110103, 108 Stat. 1996 (1994).

*ANJRPC* Plaintiffs inaccurately assert that State Defendants attempt to consolidate all challenges to laws regulating "dangerous weapons and munitions capable of inflicting significant injuries and fatalities," which, they argue, "could

2

literally describe every Second Amendment lawsuit." ANJRPC Br. 4. This strawman argument ignores that LCMs and assault weapons are specifically linked. They are interrelated technologies used together to increase the number of bullets that individuals can shoot within a given timeframe. That reality has been recognized not only by Congress as well as the New Jersey Legislature, *see* laws cited *supra* p. 2, but also by plaintiffs in other cases that challenged assault weapon and LCM laws in a single action. *See, e.g.*, Second Am. Compl., *Nat'l Ass'n for Gun Rights, et al. v. Lamont, et al.*, No. 22-1118 (D. Conn. Oct. 25, 2022), ECF No. 26; Compl., *Nat'l Ass'n for Gun Rights, et al. v. Shikada*, No. 22-404 (D. Haw. Sept. 6, 2022), ECF No. 1; Compl., *Rocky Mountain Gun Owners, et al. v. City of Boulder*, No. 22-2112 (D. Colo. Aug. 18, 2022), ECF No. 1; Compl., *Rocky Mountain Gun Owners, et al. v. Town of Superior, et al.*, No. 22-1685 (D. Colo. July 7, 2022), ECF No. 1.

**Second**, the three cases share common issues of law because Plaintiffs bring nearly identical constitutional challenges to the same statutes, which will require the Court to apply the same legal test as set forth in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). If Plaintiffs should demonstrate that the text of the Second Amendment protects the possession of LCMs and assault weapons, State Defendants would offer evidence to show that its laws are consistent with the nation's historical tradition of regulating particularly dangerous weapons. *See Bruen*, 142 S. Ct. at 2126. The evidence, arguments, and analysis in each of the

three cases will overlap given that LCMs and assault weapons, again, are interrelated technologies, which are frequently used together in practice and for the same purpose: firing more rounds more quickly and causing more damage.

Indeed, *Ellman* and *Cheeseman* are virtually identical. They challenge the exact same 1990 law regulating assault weapons on the exact same ground that it violates the Second Amendment as interpreted by the Supreme Court in *Bruen*. And *ANJRPC* Plaintiffs challenge a related part of the same 1990 law and assert the same Second Amendment claim as do *Cheeseman* and *Ellman*.

Given these common issues of law and fact, consolidation would avoid duplication of parties' efforts in engaging in similar discovery, presenting similar evidence, and offering similar legal analysis. Consolidation would also conserve judicial resources by avoiding parallel proceedings in the three cases and remove the possibility of inconsistent judgments on the same legal issues. Plaintiffs do not dispute that consolidation would create these efficiencies.

## II.    The Three Cases Are At The Same Procedural Stage.

Nor will consolidation cause delay or confusion, because all three cases are at the same procedural stage: the operative complaints in each action were recently filed after *Bruen* and discovery has not yet commenced.

To this, *ANJRPC* Plaintiffs respond that *ANJRPC* was initiated in 2018 while *Cheeseman* and *Ellman* were filed in 2022. ANJRPC Br. at 5. But it is the current

posture of the cases that is relevant to whether they should be consolidated, not the time since initial filing. *See, e.g.*, *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, No. 02-4146, 2007 WL 9725164, *4 n.1 (D.N.J. July 26, 2007) (consolidating cases filed nearly five years apart and noting that "the amount of time between the filed cases" was not a reason to deny consolidation).

Regardless of when the initial complaint in *ANJRPC* was filed, that case is now at the same stage of litigation as *Cheeseman* and *Ellman*. The initial complaint filed in 2018 in *ANJRPC* is no longer the operative one. In 2019, the District Court granted State Defendants summary judgment and dismissed all claims in that complaint with prejudice. *ANJRPC*, ECF No. 103. In light of *Bruen*, the Supreme Court granted certiorari in *ANJRPC*, vacated the lower courts' orders, and remanded back to the Third Circuit, which further remanded the case back to this court for further record development. *See ANJRPC v. Bruck*, 142 S. Ct. 2894 (2022); *ANJRPC*, ECF No. 109. Plaintiffs then filed an Amended Complaint—the operative complaint—last year. ECF No. 122; *see Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity."). With the filing of the Amended Complaint, *ANJRPC* has essentially started the litigation over under the new legal standard set forth in *Bruen.* Indeed, the Third Circuit's remand order stated that *Bruen* "provided lower courts with new and significant guidance" and that "law-of-the-case

considerations … are no longer in play" in this case. *ANJRPC*, ECF 109. *ANJRPC* is thus at the initial stages of litigation before discovery has begun.

Plaintiffs also miss the point by discussing at length their belief that discovery should not be permitted in the three matters. ANJRPC Br. at 5; Cheeseman Br. at 7-10. As this Court is aware, State Defendants believe discovery in all three cases is necessary to develop an adequate record, and that such discovery would overlap due to State Defendants' reliance on the same experts and historical evidence to defend both the LCM and assault weapon laws. Moving Br. 8,10.[2] But regardless of whether further discovery is warranted in each of the three cases, one thing is clear: Plaintiffs do not dispute that all three cases should be treated *the same*. If discovery is exchanged, it would be substantially similar, if not identical, in all three cases, counseling in favor of consolidation. And if the Court decides discovery is unnecessary, consolidation would still be warranted because all three cases would still involve overlapping legal and factual issues. Moreover, just as consolidation would avoid three different judges on the same Court rendering inconsistent holdings on the merits of Plaintiffs' claims, it would also avoid different judges on the same Court rendering inconsistent holdings on discovery issues.

---

[2] Indeed, on remand, the Third Circuit expressly directed the District Court to "afford the State [the] opportunity" for "further record development, targeted at the legal and historical analysis required under *Bruen*." *ANJRPC*, ECF 109. And the Court in *Cheeseman* has already set a discovery schedule allowing State Defendants to introduce expert testimony. *Cheeseman*, ECF No. 32.

### III.    Consolidation Will Not Prejudice Plaintiffs.

Plaintiffs argue that consolidation will prejudice them by delaying resolution of the three matters, but they offer no reason why consolidation would result in any more delay than proceeding separately. ANJRPC Br. at 6; Cheeseman Br. at 10-11. In fact, Plaintiffs undercut their own argument by demonstrating no urgency in moving these cases forward; every recent adjournment in *ANJRPC* has been at Plaintiffs' request. *See* ECF No. 120 (requesting three-week extension to file an amended complaint and submit a proposed discovery plan); ECF No. 134 (requesting three-week extension of return date for consolidation motion); ECF No. 137 (requesting adjournment of deadline to respond to State Defendants' proposed discovery plan until decision on motion to consolidate). And in *Cheeseman*, Plaintiffs voiced no objection to the Court's *sua sponte* administrative termination of the case pending resolution of this consolidation motion. ECF No. 44. Similarly, the *Ellman* Plaintiffs consented or did not object to a co-defendant's request for the Court to adjourn an initial scheduling conference (and thus any subsequent discovery deadlines). *Ellman*, No. 22-04397, ECF No. 21 (Dec. 9, 2022). Plaintiffs' argument that they will be prejudiced by "delay" is thus belied by their own lack of urgency.

Finally, Plaintiffs' claim that consolidation will hamper their ability to appeal an undesirable ruling in any of the three cases is completely unfounded. ANJRPC Br. at 5, Cheeseman Br. at 11. "[W]hen one of several consolidated cases is finally

decided, a disappointed litigant is free to seek review of that decision in the court of appeals," even if the other consolidated cases remain pending. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). As for any other interlocutory decisions, Plaintiffs are free to ask the Court to certify them for appeal, if appropriate. Fed. R. Civ. P. 54(b). In sum, Plaintiffs have not demonstrated that they will suffer any prejudice if this Court grants State Defendants' motion for consolidation.

"The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (quoting *In re Prudential Sec., Inc. Ltd. P'ships Litig.*, 158 F.R.D. 562, 571 (S.D.N.Y. 1994)). To deny consolidation here would greatly frustrate all of those important objectives.

## <u>CONCLUSION</u>

For the reasons described in State Defendants' moving brief and this reply brief, the motion for consolidation should be granted, and *Cheeseman* and *Ellman* should be consolidated into the instant action.

Respectfully submitted,

MATHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:     /s/ Daniel M. Vannella
        Daniel M. Vannella
        Assistant Attorney General

Dated: January 10, 2023

9