

### State of New Jersey

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 116
TRENTON, NJ 08625-0116

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

February 28, 2023

**<u>VIA CM/ECF</u>**
Hon. Lois H. Goodman
United States Magistrate Judge
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

Re:   *Association Of New Jersey Rifle & Pistol Clubs,*
      *Inc. et al. v. Platkin et al. ("ANJRPC")*
      Docket No. 3:18-cv-10507
      *Cheeseman et al. v. Platkin et al.*
      Docket No. 1:22-cv-04360
      *Ellman et al. v. Platkin et al.*
      Docket No. 3:22-cv-04397

Dear Judge Goodman:

This office represents Defendants Matthew J. Platkin and Patrick J. Callahan

("State Defendants") in the three above-captioned matters.  We write in response to

today's letter from the *ANJRPC* and *Ellman* Plaintiffs (Dkt. 150), and **in opposition**

**to the adjournment of the March 2, 2023 conference they seek**, and to submit

State Defendants' proposed discovery plan.[1]

---

[1] Pursuant to direction from Your Honor's chambers last week, the proposed

HUGHES  JUSTICE COMPLEX  •  TELEPHONE: (609) 376-3202  •  FAX: (609) 292-0690
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

February 28, 2023
Page 2

Following Judge Sheridan's consolidation of those three matters for the coordination of discovery (ECF No. 148), Your Honor set a conference for March 2, 2023, and directed counsel to confer on and submit a discovery plan five days in advance (ECF No. 149).  Our office drafted a joint discovery plan with the intent to discuss it with counsel and submit it to Your Honor by the February 24, 2023 deadline.  Having received no response from Mr. Schmutter – counsel for the *ANJRPC* and *Ellman* Plaintiffs – by February 22, 2023, I reached out to him by phone.  During that call, Mr. Schmutter stated he wished to request a one-week adjournment of the March 2, 2023 conference because he was working on a preliminary injunction reply brief in another matter over the next few days.  Under those circumstances, State Defendants consented to the proposed adjournment and waited for Mr. Schmutter to submit a request to the Court, pending the consent of all counsel.

However, when Mr. Schmutter had yet to do so by Friday, February 24, I emailed him to inquire about the status of the request and the other parties' consent. **(See attached Ex A.)** I stated that our office was prepared to finalize and submit the joint discovery plan but had paused those discussions in light of his anticipated adjournment request.  Mr. Schmutter responded that he would definitely be seeking

---

discovery plan is not being e-filed but shall be e-mailed to your chambers.

an adjournment.  **(Ex A.)**  In addition, co-Plaintiffs and one of the co-Defendants indicated their consent to the proposed adjournment in response to my email. Nevertheless, Mr. Schmutter did not file an adjournment request on February 24 or over the weekend.

Yesterday afternoon, for the first time, Mr. Schmutter advised counsel that Plaintiffs seek an adjournment because they "imminently intend to move for summary judgment or in alternative for a preliminary injunction."  **(Ex. B.)** Plaintiffs did not reveal this intent during the prior conversations in which State Defendants agreed to the proposed adjournment.  In light of this newly-asserted rationale for Plaintiffs' request, State Defendants can no longer consent to adjourn the March 2, 2023 conference.  Rather, they respectfully submit the conference should remain in place in order to discuss a discovery schedule, as originally planned, and/or any motion that Plaintiffs now announce they intend to file.  Before State Defendants had an opportunity to take under advisement and respond back to Plaintiffs, they e-filed their letter to the Court today.

**Plaintiffs' letter e-filed today suggests that State Defendants consent to an adjournment of the conference because of Plaintiffs' now-revealed intent to**

**file a dispositive motion.  To be clear, State Defendants have not and do not**

**consent to an adjournment if that is the actual reason for it.[1]**

Plaintiffs' plan to file a motion for a preliminary injunction or summary

judgment is inappropriate at this stage in the proceedings.  First, Plaintiffs can hardly

argue irreparable harm when the assault firearms law they challenge has been in

place for decades, and more than six months have passed since *ANJRPC* – the large

capacity magazine case – was remanded following the Supreme Court's decision in

*New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

Moreover, any effort to hasten any substantive ruling without discovery

directly contravenes the Third Circuit's and this Court's instruction.  The Third

Circuit expressly determined that even though "there are good arguments to be made

for resolving this case now, on the record before us," the *Bruen* Court "provided

lower courts with new and significant guidance on . . . the particular historical

inquiry that courts must undertake when deciding Second Amendment claims."

Order at 1 n.1, *ANJRPC*, No. 19-3142 (3d Cir. Aug. 25, 2022), ECF No. 147.  In

light of that "additional guidance provided in *Bruen* – and given that [the] last

decision in this case turned on law-of-the-case considerations that are no longer in

---

[1] Earlier today, and following the e-filing of Plaintiffs' letter, counsel for co-defendant Chief Kenneth Brown, Jr. in the *Ellman* matter, Mitchell B. Jacobs, Esq., advised the undersigned that co-defendant Brown joins State Defendants in opposing this adjournment request.

play," the Court granted the State's request to remand this matter "for further record development, targeted at the legal and historical analysis required under *Bruen*." *Id.* The Third Circuit thus clearly and unambiguously rejected Plaintiffs' argument that this matter is appropriate for resolution on the existing record.

Plaintiffs' position that discovery is unnecessary here was rejected a second time when Judge Sheridan consolidated the three cases specifically "for coordination of discovery," making clear that consolidation would "expedite[]" "[t]he development of historical evidence and discovery," to be overseen by Your Honor. Mem. & Order at 8-9, *ANJRPC*, No. 3:18-cv-10507 (D.N.J. Feb. 6, 2023), ECF No. 148. Plaintiffs' effort to, once again, restrict or eliminate the development of evidence in these cases flies in the face of those prior rulings.

State Defendants are prepared to proceed with a reasonable discovery schedule, to be determined by this Court. Based on prior communications from Mr. Schmutter, our office believed Plaintiffs sought an adjournment due to the timing of his work in another case. Now, under the newly-asserted, and – State Defendants submit – inappropriate reason for the adjournment, and in an effort to move these cases forward, State Defendants hereby submit their own proposed discovery plan. Our office remains willing to work with all counsel to finalize this plan.

Thank you for the Court's consideration of this matter.

February 28, 2023

Page 6

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY


By:  /s/ Daniel M. Vannella
     Daniel M. Vannella
     Assistant Attorney General

**Enclosures**
Exs. A-B (e-filed)
State Defendants' Proposed Discovery Plan (e-mailed to court only)

**cc: all counsel of record (via CM/ECF and e-mail)**