LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *°
Richard L. Ravin *°□
Daniel L. Schmutter*
Andrew T. Wolfe*

———————

\* New York and New Jersey Bars
° Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

———————

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

February 28, 2023

**VIA ECF**
The Honorable Lois H Goodman, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

  **Re:** **Association of New Jersey Rifle & Pistol Clubs, Inc. ("ANJRPC") v. Platkin, et al. - 3:18-cv-10507-PGS-LHG**
     **Ellman v. Platkin - 3:22-cv-04397-PGS-LHG**
     **Cheeseman v. Platkin - 1:22-cv-04360-PGS-LHG**

Dear Judge Goodman:

  We represent the ANJRPC and Ellman Plaintiffs in the above referenced consolidated matters.

  We have received the letter from Mr. Vanella of the Attorney General's office objecting to our adjournment request. When he and I spoke last week, I was indeed seeking an adjournment for the reason I stated, that is, I was working on preliminary injunction reply papers in *Koons v. Reynolds/Siegel v. Platkin* – 22-cv-7464-RMB-AMD. Those papers were filed just before midnight last Friday February 24, 2023, which is why no adjournment request was submitted last week.

  Since the time he and I spoke, we made the decision to file the proposed motions, and I called him on Monday to let him know about our decision so it would not come as a surprise when I filed my letter with the Court. I left a message, but I did not hear back from him, but it did not occur to me that the State would literally *withdraw* consent because we now want to file motions. Yesterday I also emailed all counsel. I did not file my letter yesterday because I had not heard from everyone.

  Mr. Vanella's opposition letter improperly argues the merits of our not yet filed motions. The merits should be decided on the record not on a pre-filing objection.

The Honorable Lois H Goodman, U.S.M.J.
February 28, 2023
Page 2

    Further, the fact that we wish to file dispositive motions does not change the fact that we were, in fact, unable to prepare and discuss a proposed discovery schedule last week due to the *Koons/Siegel* briefing. That has always been true. So it seems odd that the fact that we now intend to file motions and are seeking literally one week more than previously discussed has now resulted in a complete withdrawal of consent (including, apparently, withdrawing the one week consent given due to *Koons/Siegel* briefing).

    Especially given that the State is has been seeking a full *year* of discovery, it is odd that they are now objecting to an adjournment of *one* additional week beyond the one week they previously agreed to. It is almost as if they are trying to punish us for wanting to file motions.

    Ultimately, we have the right to file motions. Refusing consent does not change that. We just thought it made sense for the Court to have the conference after the motions are filed so they could be taken into account in whatever discussions are to be had.

    Nothing about our proposed motions or a two-week adjournment (instead of the one week they had agreed to) prejudices Defendants in their position on discovery. The only difference is that now they insist on proceeding with the Court not having the benefit of seeing what we are going to file. That seems inefficient, counterproductive, and again purely punitive.

    Thank you.

Respectfully submitted,

    s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/ars
cc:    Daniel M. Vannella Esq.
       Kathleen N. Fennelly, Esq.
       Bradley Lehman, Esq.
       Linda A. Galella, Esq.
       Mary Jane Lidaka, Esq.
       Nicholas Klingbeil Kant, Esq.
       Rachel Manning, Esq.
       Mitchell B. Jacobs, Esq.