

*State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

August 11, 2023

**VIA ECF**
Hon. J. Brendan Day, U.S.M.J.
United States District Court
402 East State Street
Trenton, NJ 08608

> **Re:**   *Association of New Jersey Rifle & Pistol Clubs,*
> *Inc. et al. v. Platkin et al. ("ANJRPC")*
> Docket No. 3:18-cv-10507
> *Cheeseman et al. v. Platkin et al.*
> Docket No. 1:22-cv-04360
> *Ellman et al. v. Platkin et al.*
> Docket No. 3:22-cv-04397

Dear Judge Day:

I represent State Defendants[1] in these above-captioned consolidated matters. Ahead of the August 14, 2023 status conference scheduled by the Court in these matters, State Defendants provide the following update on still-ongoing discovery, as well as raise some issues that they wish to bring to the Court's attention at this time.

Since the last status conference with the Court on May 21, 2023, the parties have exchanged affirmative expert reports, as well as rebuttal expert reports.  State

---

[1] That is, the Attorney General of New Jersey and Superintendent of the New Jersey Division of State Police as to all three matters; and additionally the Camden County Prosecutor and Ocean County Prosecutor in the *Cheeseman* matter only.

Defendants took the deposition of one of the Plaintiffs' experts, Emanuel Kapelsohn, on August 4.  On August 8, State Defendants followed up in writing to Plaintiffs to request certain additional materials concerning Mr. Kapelsohn's expert report and/or deposition testimony, and asked that Plaintiffs produce same by August 11, 2023. As of the filing of this letter, State Defendants have noticed and anticipate taking the deposition of Plaintiffs' expert Ashley Hlebinsky on August 11, and Plaintiffs' expert Clayton Cramer on August 21, 2023.  Plaintiffs have not noticed the deposition of any of State Defendants' experts.

As such, at this point in time it is anticipated that expert discovery will be concluded by the August 31, 2023 deadline set forth in the Court's March 16, 2023 scheduling order (Dkt. 154).

In light of the above, State Defendants again wish to bring to the Court's attention issues relating to post-discovery scheduling/procedures for these matters. The first is the timing of the filing of dispositive motions, as well as potentially *Daubert* motions[2] as to expert witnesses.

Earlier this week, State Defendants proposed to Plaintiffs that the parties agree on a briefing schedule for dispositive/*Daubert* motions, whereby the dispositive and *Daubert* motions would be filed concurrently (rather than filing the *Daubert* motions first, and only turning to dispositive motions once those motions are resolved).  State Defendants believe a single filing deadline would be significantly more efficient:  it would allow the State to file its dispositive and Daubert motions in September[3]; Plaintiffs would have a deadline to respond to those motions and to file any cross-motion; State Defendants would then have a deadline to file reply briefing for their motions as well as respond to any cross-motion; and finally Plaintiffs would have a deadline to file a reply as to any cross-motion.  This four-step motion process would resolve the dispute more timely and with fewer briefs than a process by which the

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[3] The March 16, 2023 scheduling order (Dkt. 154) contemplated a September 22, 2023 deadline to file dispositive motions.  Since under this proposal State Defendants would be filing not only their dispositive motion but also any *Daubert* motion, they submit that this first deadline be pushed back one week to September 29, 2023.  They are willing to work with Plaintiffs in trying to reach an agreement on when the later briefing deadlines would fall.

August 11, 2023
Page 3

parties would sequentially file competing *Daubert* motions and competing cross-motions for summary judgment.

Second, State Defendants also propose discussing the continued consolidation of these three matters. In Judge Sheridan's February 6, 2023 order and memorandum opinion, he stated that consolidation at that time was for "coordination of discovery," and that "[a]fter discovery is complete," he "will revisit the issue to determine if consolidation is appropriate for disposition of the case." (Dkt. 148, at pp.8-9). State Defendants believe the cases should remain consolidated, in order for a single judge to review overlapping historical expert reports and overlapping historical evidence that relates to LCMs and to assault weapons, and to avoid any possibly inconsistent rulings on *Daubert* motions as to these particular experts.

Plaintiffs have advised that they will need additional time past the filing of this letter to take this matter under advisement. The parties may be able to provide the Court with a further update regarding same at the August 14, 2023 conference.

Thank you for the Court's consideration of this matter.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY


By:   /s/ Daniel M. Vannella_____
         Daniel M. Vannella
         Assistant Attorney General

cc: All counsel of record (via ECF)