# EXHIBIT 87

# SESSION LAWS

OF THE

# STATE OF WASHINGTON

## TWENTY-THIRD SESSION

Convened January 9, Adjourned March 9

# 1933

Compiled in Chapters
Under the Direction of ERNEST N. HUTCHINSON, Secretary of State,
and Including Five Acts Passed by the People Under the
Initiative Provision of the State Constitution
at the General Election, Held
on November 8, 1932.

Marginal Notes and Index

BY

## G. W. HAMILTON

Attorney General

PUBLISHED BY AUTHORITY

OLYMPIA, WASH.
O. H. OLSON, PUBLIC PRINTER
1933

## CHAPTER 64.

[S. B. 223.]

### MACHINE GUNS.

Aɴ Aᴄᴛ relating to machine guns, regulating the manufacture, possession, sale of machine guns and parts, and providing penalty for the violation thereof, and declaring an emergency.

*Be it enacted by the Legislature of the State of Washington:*

Sᴇᴄᴛɪᴏɴ 1.   That it shall be unlawful for any person to manufacture, own, buy, sell, loan, furnish, transport, or have in possession, or under control, any machine gun, or any part thereof capable of use or assembling or repairing any machine gun: *Provided, however,* That such limitation shall not apply to any peace officer in the discharge of official duty, or to any officer or member of the armed forces of the United States or the State of Washington.

*Machine guns banned.*

*Officers.*

Sᴇᴄ. 2.   For the purpose of this act a machine gun is defined as any firearm or weapon known as a machine gun, mechanical rifle, submachine gun, and/or any other weapon, mechanism, or instrument not requiring that the trigger be pressed for each shot and having a reservoir clip, disc, drum, belt, or other separable mechanical device for storing, carrying, or supplying ammunition which can be loaded into such weapon, mechanism, or instrument, and fired therefrom at the rate of five or more shots per second.

*Definition.*

Sᴇᴄ. 3.   Any person violating any of the provisions of this act shall be guilty of a felony.

*Violation, felony.*

Sᴇᴄ. 4.   All machine guns, or parts thereof, illegally held or possessed are hereby declared to be contraband, and it shall be the duty of all peace officers, and/or any officer or member of the armed forces of the United States or the State of Wash-

*Declared contraband.*

Seizure.

ington, to seize said machine gun, or parts thereof, wherever and whenever found.

Effective immediately.

SEC. 5. This act is necessary for the immediate preservation of the public health and safety, and shall take effect immediately.

Passed the Senate February 10, 1933.
Passed the House February 23, 1933.
Approved by the Governor March 6, 1933.

---

## CHAPTER 65.

[H. B. 263.]

### EMERGENCY RELIEF BONDS.

AN ACT to relieve the people of the state from hardships and suffering caused by unemployment, through the agency of the emergency relief administration, creating a debt, authorizing the issuance and sale of state bonds, creating a sinking fund to be known as the "General Obligation Bonds of 1933 Retirement Fund" and allocating a portion of receipts in the motor vehicle fund thereto for the payment of interest and principal of said bonds, providing for a tax levy to cover any deficiency therein, making an appropriation therefrom, declaring an emergency and that the act shall take effect immediately.

*Be it enacted by the Legislature of the State of Washington:*

SECTION 1. *Preamble.*—World wide economic depression has brought about unemployment of and distress to the citizens of the state. Their savings and reserves are becoming depleted. Hunger marches. Discontent, social unrest and incipient

Insurrection.

insurrection exist. Acts of insurrection are occurring. The moral resistance of the people is lessening. Government itself is imperiled and must be protected and preserved. Sovereignty implies sacrifice and imposes duty. It looks only to the perpetuity of our institutions as defined in our constitutions and in the hearts of men. It measures in terms of peace, good order and the common good.

EXHIBIT 88

11/30/22, 8:19 PM    1933 S.D. Sess. Laws 245-47, An Act Relating to Machine Guns, and to Make Uniform the Law with Reference Thereto, ch. 20…

Case 3:18-cv-10507-PGS-JBD   Document 126-8   Filed 12/15/23   Page 6 of 179 PageID: 9850
" />



(https://firearmslaw.duke.edu)



(https://law.duke.edu/)

Search this website   

# 1933 S.D. Sess. Laws 245-47, An Act Relating to Machine Guns, and to Make Uniform the Law with Reference Thereto, ch. 206, §§ 1-8.

## Subject(s):

- Dangerous or Unusual Weapons (https://firearmslaw.duke.edu/subjects/dangerous-or-unusual-weapons/)

## Jurisdiction(s):

- South Dakota (https://firearmslaw.duke.edu/jurisdictions/south-dakota/)

## Year(s):

1933

§ 1. "machine gun" applies to and includes a weapon of any description by whatever name known, loaded or unloaded from which more than five shots or bullets may be rapidly or automatically, or semi-automatically discharged from a magazine, by a single function of the firing device. "Crime of Violence" apples to and includes any of the following crimes or an attempt to commit any of the same, namely, murder, manslaughter, kidnapping, rape, mayhem, assault to do great bodily harm, robbery, burglary, housebreaking, breaking and entering, and larceny. "Person" applied to and includes firm, partnership, association or corporation. § 2. Possession or use of

a machine gun in the perpetration or attempted perpetration of a crime of violence is hereby declared to be a crime punishable by imprisonment in the state penitentiary for a term of not more than twenty years. § 3. Possession or use of a machine gun for offensive or aggressive purpose is hereby declared to be a crime punishable by imprisonment in the state penitentiary for a term of not more than fifteen years. § 4. Possession or use of a machine gun shall be presumed to be for offensive or aggressive purpose; (a) When the machine gun is on premises not owned or rented for bona fide permanent residence or business occupancy by the person in whose possession the machine gun may be found; or (b) when in the possession of, or used by, an unnaturalized foreign born person, who has been convicted of a crime of violence in any court of record, state or federal of the United States of America, its territories or insular possessions; or (c) when the machine gun is of the kind described in §8 and has not been registered as in said section required; or (d) when empty or loaded pistol shells of 30 or larger caliber which have been or are susceptible or use in the machine gun are found in the immediate vicinity thereof. § 5. The presence of a machine gun in any room, boat, or vehicle shall be evidence of the possession or use of the machine gun by each person occupying the room, boat, or vehicle where the weapon is found. § 6. Exceptions. Nothing contained in this act shall prohibit or interfere with (1.) the manufacture for, and sale of, machine guns to the miltary forces or the peace officers of the United States or of any political subdivision thereof, or the transportation required for that purpose; (2.) The possession of a machine gun for scientific purpose, or the possession of a machine gun not usable as a weapon and possessed as a curiosity, ornament, or keepsake; (3.) The possession of a machine gun other than one adapted to use pistol cartridges of 30 (.30 in. or 7.63 mm.) or larger caliber, for a purpose manifstly not aggresive or offensive. § 7. Every manufacturer shall keep a register of all machine guns manufactured or handled by him. This register shall show the model and serial number, date of manufacture, sale, loan, gift, delivery or receipt, of every machine gun, the name, address, and occupation of the person to whom the machine gun was sold, loaned, given or delivered, or from whom it was received and the purpose for which it was acquired by the person to whom the machine gun was sold, loaned given or delivered, or from whom received. Upon demand every manufacturer shall permit any marshal, sheriff or police officer to inspect his entire stock of machine guns, parts and supplies therefor, and shall produce the register, herein required, for inspection. A violation of any provisions of this section shall be punishable by a fine of not more than five hundred dollars, or by imprisonment in the county jail, nfor not exceeding six months or by both such fine and imprisonment. § 8. Every machine gun now in this state adapted to use pistol cartridges of 30 (.30 in. or 7.63 mm.) or larger caliber shall be registered in the office of the Secretary of State, on the effective date of this act, and annually thereafter. If acquired hereafter it shall be registered within 24 hours after its acquisition. Blanks for registration shall be prepared by the Secretary of STate, and furnished upon application. To comply with this section the application as filed must show the model and serial number of the gun, the name, address and occupation of the person in possession, ande from whom and the purpose for which, the gun was acquired. The registration data shall not be subject to inspection by the public. Any person failing to register any gun as required by this section shall be presumed to possess the same for offensive and aggressive purpose.

-  (https://twitter.com/dukefirearmslaw)

- (https://www.youtube.com/playlist?list=PLPlIY2puNnqYUNnmXwbGnQFKMSaLSVDoq)

- Home (https://firearmslaw.duke.edu/)
- About (https://firearmslaw.duke.edu/about/)
- Blog (https://firearmslaw.duke.edu/secondthoughts/)
- Videos (https://firearmslaw.duke.edu/videos/)
- Events (https://firearmslaw.duke.edu/events/)
- Repository of Historical Gun Laws (https://firearmslaw.duke.edu/repository/)

- Teaching Resources (https://firearmslaw.duke.edu/teaching-resources/)
- Conferences (https://firearmslaw.duke.edu/conferences/)

Duke Center for Firearms Law | 210 Science Drive, Durham, NC 27708 | firearmslaw@law.duke.edu (mailto:firearmslaw@law.duke.edu)

Questions or comments about the Repository of Historical Gun Laws can be sent to gunlaws@law.duke.edu (mailto:gunlaws@law.duke.edu).

Copyright © 2022. All rights reserved. Website designed by Addicott Web (https://www.wordpress-web-designer-raleigh.com/).

WP Twitter Auto Publish (https://xyzscripts.com/wordpress-plugins/twitter-auto-publish/compare) Powered By : XYZScripts.com (http://www.xyzscripts.com)

EXHIBIT 89

# A C T S

### OF THE

# GENERAL ASSEMBLY

### OF THE

## STATE OF VIRGINIA

———

### EXTRA SESSION

*which commenced at the State Capitol on
Thursday, August 17, 1933*

———

RICHMOND:
DIVISION OF PURCHASE AND PRINTING
1933

CHAP. 95.—An ACT to empower the councils of cities and towns to release the liability and liens for interest, penalties and accrued costs, or any part thereof, on unpaid taxes due such cities and towns for any year or years to and including 1933, provided such taxes are paid within one hundred and twenty days after this act is in force. [H B 48]

Approved March 7, 1934

1. Be it enacted by the General Assembly of Virginia, That the councils of cities and towns are hereby empowered to release all persons, firms, associations and corporations from all liability, for interest, penalties and accrued costs on any taxes due such respective cities and towns for any year or years prior to and including the year nineteen hundred and thirty-three, that are unpaid at the time the ordinance relieving same goes into effect, provided such unpaid taxes are paid such cities or towns within one hundred and twenty days after the date this act shall be in force.

2. That nothing in this act contained shall empower any such council to release any liability for interest, penalties and accrued costs, or any part thereof, on such unpaid taxes as are not paid within the one hundred and twenty days aforesaid.

3. By reason of the necessity of immediately granting said councils power to grant taxpayers the above relief, an emergency is declared to exist, and this act shall be in force from its passage.

---

CHAP. 96.—An ACT to define the term "machine gun"; to declare the use and possession of a machine gun, for certain purposes, a crime and to prescribe the punishment therefor; to require manufacturers, dealers and other persons, with certain exemptions, in possession thereof, to register all machine guns with the Secretary of the Commonwealth; to keep records of and report transfers and sales to the said Secretary; to allow inspection of records and of machine guns by peace officers; to provide for seizures and search warrants; to prescribe rules of evidence and presumptions; to provide penalties, and to repeal all inconsistent acts. [S B 110]

Approved March 7, 1934

1. Be it enacted by the General Assembly of Virginia, as follows:
Section 1. Where used in this act:

(a) "Machine gun" applies to and includes a weapon of any description by whatever name known, loaded or unloaded, from which more than seven shots or bullets may be rapidly, or automatically, or semi-automatically discharged from a magazine, by a single function of the firing device, and also applies to and includes weapons, loaded or unloaded, from which more than sixteen shots or bullets may be rapidly, automatically, semi-automatically or otherwise discharged without reloading.

(b) "Crime of violence" applies to and includes any of the following crimes or an attempt to commit any of the same, namely, murder, manslaughter, kidnapping, rape, mayhem, assault with intent to maim,

disable, disfigure or kill, robbery, burglary, housebreaking, breaking and entering, and larceny.

(c) "Person" applies to and includes firm, partnership, association or corporation.

Section 2. Possession or use of a machine gun in the perpetration or attempted perpetration of a crime of violence is hereby declared to be a crime punishable by death or by imprisonment in the State penitentiary for a term of not less than twenty years.

Section 3. Unlawful possession or use of a machine gun for offensive or aggressive purpose is hereby declared to be a crime punishable by imprisonment in the State penitentiary for a term of not less than ten years.

Section 4. Possession or use of a machine gun shall be presumed to be for offensive or aggressive purpose:

(a) When the machine gun is on premises not owned or rented, for bona fide permanent residence or business occupancy, by the person in whose possession the machine gun may be found; or

(b) When in the possession of, or used by, an unnaturalized foreign-born person, or a person who has been convicted of a crime of violence in any court of record, state or federal, of the United States of America, its territories or insular possessions; or

(c) When the machine gun is of the kind described in section eight and has not been registered as in said section required; or

(d) When empty or loaded pistol shells of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber which have been or are susceptible of use in the machine gun are found in the immediate vicinity thereof.

Section 5. The presence of a machine gun in any room, boat, or vehicle shall be *prima facie* evidence of the possession or use of the machine gun by each person occupying the room, boat, or vehicle where the weapon is found.

Section 6. Nothing contained in this act shall prohibit or interfere with

First. The manufacture for, and sale of, machine guns to the military forces or the peace officers of the United States or of any political subdivision thereof, or the transportation required for that purpose. This act shall not apply to machine guns and automatic arms issued to the National Guard of Virginia by the United States or such arms used by the United States Army or Navy or in the hands of troops of the National Guards of other States or Territories of the United States passing through Virginia, or such arms as may be provided for the officers of the State Police or officers of penal institutions.

Second. The possession of a machine gun for scientific purposes, or the possession of a machine gun not usable as a weapon and possessed as a curiosity, ornament, or keepsake;

Third. The possession of a machine gun other than one adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber, for a purpose manifestly not aggressive or offensive.

Section 7. Every manufacturer or dealer shall keep a register of all machine guns manufactured or handled by him. This register shall show the model and serial number, date of manufacture, sale, loan, gift, delivery or receipt, of every machine gun, the name, address, and occupation of the person to whom the machine gun was sold, loaned, given or delivered, or from whom it was received; and the purpose for which it was acquired by the person to whom the machine gun was sold, loaned, given or delivered, or from whom received. Upon demand every manufacturer or dealer shall permit any marshal, sheriff or police officer to inspect his entire stock of machine guns, parts, and supplies therefor, and shall produce the register, herein required, for inspection. A violation of any provision of this section shall be punishable by a fine of not less than one hundred dollars nor more than one thousand dollars.

Section 8. Every machine gun now in this State adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber shall be registered in the office of the Secretary of the Commonwealth on the effective date of this act, and annually thereafter. If acquired hereafter it shall be registered within twenty-four hours after its acquisition. Blanks for registration shall be prepared by the Secretary of the Commonwealth, and furnished upon application. To comply with this section the application as filed must show the model and serial number of the gun, the name, address and occupation of the person in possession, and from whom and the purpose for which, the gun was acquired. The Secretary of the Commonwealth shall immediately upon registration required in this section furnish the registrant with a certificate of registration, which shall be kept by the registrant and produced by him upon demand by any peace officer. Failure to keep or produce such certificate for inspection shall be a misdemeanor and punishable by a fine of not less than five nor more than one thousand dollars, and any peace officer may, without warrant, seize the machine gun and apply for its confiscation as provided in section nine of this act. The registration data shall not be subject to inspection by the public. Any person failing to register any gun as required by this section, shall be presumed to possess the same for offensive or aggressive purpose.

Section 9. Warrant to search any house or place and seize any machine gun adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber possessed in violation of this act may issue in the same manner and under the same restrictions as provided by law for stolen property, and any court of record, upon application of the Commonwealth's attorney, a police officer or conservator of the peace, shall have jurisdiction and power to order any machine gun, thus or otherwise legally seized, to be confiscated and either destroyed or delivered to a peace officer of the State or a political subdivision thereof.

Section 10. If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given

effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

Section 11. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Section 12. This act may be cited as the Uniform Machine Gun Act.

Section 13. All acts or parts of acts which are inconsistent with the provisions of this act are hereby repealed.

---

CHAP. 97.—An ACT to make effective the Constitutional provision to the effect that the General Assembly shall establish and maintain an efficient system of public free schools throughout the State, and to repeal all acts and parts of acts inconsistent with this act.        [S B 153]

Approved March 7, 1934

Whereas, section one hundred and twenty-nine of the Constitution of Virginia provides that "The General Assembly shall establish and maintain an efficient system of public free schools throughout the State," now, therefore,

1. Be it enacted by the General Assembly of Virginia, as follows:

Section 1. The school board of each and every school division in the State is hereby empowered and required to maintain the public free schools of such division for a period of at least eight months or one hundred and sixty teaching days in each school year. In order that each school division may have the funds necessary to enable the school board to maintain the elementary and high schools thereof for such minimum terms, it is hereby provided that when any county, city or town has legally complied with the existing laws with reference to local school levies, such school division or divisions shall be allotted out of the public school funds held in the treasury of the State for each group of twenty-five to forty pupils in average daily attendance, a sum equal to the amount to be derived by dividing said public school fund by the number of groups of twenty-five to forty pupils in average daily attendance in the State, depending upon the density of population, to be apportioned by the State Board of Education, as provided in section one hundred and thirty-five of the Constitution and in conformity with the provisions of the Code and of the Acts of the Assembly under such rules and regulations as may be set up by said State Board of Education.

Section 2. That in addition the counties and cities shall provide, from local school taxes, as provided in section one hundred and thirty-six of the Constitution of Virginia, for the supplementing of their instructional programs such amounts as will insure the services of properly prepared and effective teaching personnel, and to the degree that financial ability and community interest in education will permit; provided further, that the counties and cities shall provide, in keeping with the laws already existing, such funds as may be necessary for debt service, capital outlay, transportation, general operation and maintenance.

EXHIBIT 90

" />



(https://firearmslaw.duke.edu)

(https://law.duke.edu/)



# 1927 Mass. Acts 416, An Act Relative to Machine Guns and Other Firearms, ch. 326, § 5 (amending §10)

## Subject(s):

- Carrying Weapons (https://firearmslaw.duke.edu/subjects/carrying-weapons/)

## Jurisdiction(s):

- Massachusetts (https://firearmslaw.duke.edu/jurisdictions/massachusetts/)

## Year(s):

1927

. . . Whoever, except as provided by law, carries on his person, or carries on his person or under his control in a vehicle, a pistol or revolver, loaded or unloaded, or possesses a machine gun as defined in section one hundred and twenty-one of chapter one hundred and forty… or whoever so carries any stiletto, dagger, dirk knife, slung shot, metallic knuckles or sawed off shotgun, or whoever, when arrested upon a warrant for an alleged crime or when arrested while committing a crime or a breach or disturbance of the public peace, is armed with, or has on his person, or has on his person or under his control in a vehicle, a billy or dangerous weapon other than those herein mentioned, shall be punished by imprisonment for not less than six months nor more than two and a half years in a jail . .



- (https://twitter.com/dukefirearmslaw)

- (https://www.youtube.com/playlist?list=PLPlIY2puNnqYUNnmXwbGnQFKMSaLSVDoq)

- Home (https://firearmslaw.duke.edu/)
- About (https://firearmslaw.duke.edu/about/)
- Blog (https://firearmslaw.duke.edu/secondthoughts/)
- Videos (https://firearmslaw.duke.edu/videos/)
- Events (https://firearmslaw.duke.edu/events/)
- Repository of Historical Gun Laws (https://firearmslaw.duke.edu/repository/)
- Teaching Resources (https://firearmslaw.duke.edu/teaching-resources/)
- Conferences (https://firearmslaw.duke.edu/conferences/)

Duke Center for Firearms Law | 210 Science Drive, Durham, NC 27708 | firearmslaw@law.duke.edu
(mailto:firearmslaw@law.duke.edu)
Questions or comments about the Repository of Historical Gun Laws can be sent to gunlaws@law.duke.edu
(mailto:gunlaws@law.duke.edu).

Copyright © 2023. All rights reserved. Website designed by Addicott Web (https://www.wordpress-web-designer-raleigh.com/).

# EXHIBIT 91

" />



(https://firearmslaw.duke.edu)

(https://law.duke.edu/)



# 1933 Cal. Stat. 1169

### Subject(s):

- Dangerous or Unusual Weapons (https://firearmslaw.duke.edu/subjects/dangerous-or-unusual-weapons/)

### Jurisdiction(s):

- California (https://firearmslaw.duke.edu/jurisdictions/california/)

### Year(s):

1933

§ 2. [E]very person, firm or corporation, who within the State of California sells, offers for sale, possesses or knowingly transports any firearms of the kind commonly known as a machine gun … is guilty of a public offense…

§ 3: The term machine gun as used in this act shall be construed to apply to and include all firearms known as machine rifles, machine guns, or submachine guns capable of discharging automatically and continuously loaded ammunition of any caliber in which the ammunition is fed to such gun from or by means of clips, discs, drums, belts or other separable mechanical device and all firearms which are automatically fed after each discharge from or by means of clips, discs, drums, belts or other separable mechanical device having a capacity greater than ten cartridges.

Full text: HeinOnline (subscription required) [General (https://heinonline.org/HOL/P?h=hein.ssl/ssca0252&

i=1279)] [Remote (https://heinonline.org/HOL/P?h=hein.ssl/ssca0252&i=1279&a=amVua2luc2xhdy5vcmc)]

- (https://twitter.com/dukefirearmslaw)

- (https://www.youtube.com/playlist?list=PLPllY2puNnqYUNnmXwbGnQFKMSaLSVDoq)

- Home (https://firearmslaw.duke.edu/)
- About (https://firearmslaw.duke.edu/about/)
- Blog (https://firearmslaw.duke.edu/secondthoughts/)
- Videos (https://firearmslaw.duke.edu/videos/)
- Events (https://firearmslaw.duke.edu/events/)
- Repository of Historical Gun Laws (https://firearmslaw.duke.edu/repository/)
- Teaching Resources (https://firearmslaw.duke.edu/teaching-resources/)
- Conferences (https://firearmslaw.duke.edu/conferences/)

Duke Center for Firearms Law | 210 Science Drive, Durham, NC 27708 | firearmslaw@law.duke.edu
(mailto:firearmslaw@law.duke.edu)
Questions or comments about the Repository of Historical Gun Laws can be sent to gunlaws@law.duke.edu
(mailto:gunlaws@law.duke.edu).

Copyright © 2023. All rights reserved. Website designed by Addicott Web (https://www.wordpress-web-designer-raleigh.com/).

# EXHIBIT 92

# ACTS

OF THE

# One Hundred and Forty=fourth Legislature

OF THE

## STATE OF NEW JERSEY

AND

## Seventy=Sixth Under the New Constitution



TRENTON, N. J.
MacCrellish & Quigley Co., State Printers.

1920

62                    CHAPTERS 30 & 31, LAWS OF 1920.

contract, for labor, freight and materials.   The State
of New Jersey, or its agencies, and in the case of mu-
nicipalities, including boards of chosen freeholders as
aforesaid, shall have the power by resolution or ordi-
nance to reimburse and pay said contractor or con-
tractors such sums of money as may be shown by said
contractor or contractors to have been paid for labor,
freight and materials over and above the prices pre-
vailing for the same at the time of the making of such
contract.   Such payment shall be made out of any
moneys that may be available therefor, or from any
moneys appropriated or raised in any manner for the
purposes of this act.   Any payment made under this
act shall be considered as an emergency payment.

Source of
payments.

Emergent
payment.

3. This act shall take effect immediately.
Approved March 22, 1920.

_____

CHAPTER 31.

An Act to amend an act entitled "An act for the pro-
tection of certain kinds of birds, game and fish, to
regulate their method of capture, and provide open
and close seasons for such capture and possession"
(Revision of 1903), approved April fourteenth, one
thousand nine hundred and three.

BE IT ENACTED *by the Senate and General Assembly
of the State of New Jersey:*

Section 1
amended.

1. Section one of the act of which this act is amenda-
tory be and the same is hereby amended to read as
follows:

Unlawful
to hunt cer-
tain game
except with
gun.

1. It shall be unlawful to pursue, with intent to kill
or injure, or in any manner to attempt to take or in-
jure, and it shall also be unlawful to kill or destroy or
injure any anatidæ, commonly known as swans, geese,
brant and river and sea ducks; rallidæ, commonly

CHAPTER 31, LAWS OF 1920.                    63

known as rails, gallinules, coots and mud-hens; limicolæ, commonly known as shore birds, surf snipe or bay snipe, among them being yellow legs, plovers, willets, sandpipers, dowitchers or robin snipe, brown backs, curlews, turnstones or calico backs, godwits or marlin, tattlers and woodcock; gallinæ, commonly known as wild turkeys, grouse, prairie chickens, pheasants, partridges and quails; and the species of icteridæ, commonly known as reed birds; or any hare, commonly known as rabbit; gray, black or fox squirrel; or any other game bird or game animal whatsoever, excepting in the manner usually known as hunting with a gun, the gun being not larger than ten guage and held at arm's length and fired from the shoulder without rest, and at such times as may be permitted in this act, under a penalty of twenty dollars for each offense. *Penalty.*

2. Section six of the act of which this act is amendatory be and the same is hereby amended to read as follows: *Section 6 amended.*

6. It shall be unlawful for any person hunting or gunning after geese, duck, or brant or other game birds to place the boat, sink-box or other vessel or construction in which such person may lie in wait to kill said geese, duck, brant or other game birds, at a distance of more than one hundred feet from ice, marsh or meadow, bar or bank, or heaped seaweed not covered with water; and it shall be unlawful for any person or persons, with intent to capture or kill geese, duck, brant, or other game birds to hunt after or pursue the same in any manner except between one-half hour before sunrise and sunset, under a penalty of twenty dollars for each offense. *Hunting web-footed wild fowl.* *Penalty.*

3. Section seven of the act of which this act is amendatory be and the same is hereby amended to read as follows: *Section 7 amended.*

7. It shall be unlawful for any person to pursue any goose, duck, brant, or any kinds of game birds, whatsoever, or to shoot, or to shoot at, or kill, or wound the same from any boat or vessel propelled by any means other than by oars or paddles, or from any boat, vessel or other structure anchored or staked upon the waters of any of the bays, sounds, coves, ponds, *Pursuing web-footed wild fowl.*

64                    CHAPTER 31, LAWS OF 1920.

rivers, creeks or streams of the State at a greater distance than one hundred feet from ice, marsh or meadow, bar or bank, or heaped seaweed not covered with water,

*Penalty.*
*Using airplane unlawful.*

under a penalty of twenty dollars for each offense. It shall also be unlawful for any person while in an airplane, hydroplane or other device propelled in any manner through the air to pursue, shoot, shoot at, kill or injure any of the above-mentioned game birds, under a penalty of one hundred dollars for each offense.

*Penalty.*
*Section 8 amended.*

4. Section eight of the act of which this act is amendatory be and the same is hereby amended to read as follows:

*Unlawful to have certain game in possession, etc., except in open season.*

8. It shall be unlawful to capture, kill, injure, destroy or have in possession any quail, rabbit, hare, squirrel, raccoon, English or ring-neck pheasant, ruffed grouse, prairie chicken, wild turkey, Hungarian partridge, reed bird, wild swans, wood duck, wild geese, brant, wild ducks, rails or marsh hens, gallinules, coot (commonly known as crow duck), upland plover, black-bellied plover, golden plover, greater or lesser yellowlegs, willets, sandpipers, dowitchers or robin snipe, brown backs, curlews, turnstones or calico backs, godwits or marlin tattlers, Wilson snipe or jacksnipe, woodcock or any other birds commonly known as shore birds, surf snipe or bay snipe, except and unless an open season is prescribed therefor, and then only during the respective open seasons fixed by this section.

*Season for geese, ducks, etc.*

The open season for wild geese, brant, wild ducks (except wood duck), coot, gallinules and Wilson snipe or jacksnipe, shall be from October sixteenth to January thirty-first, following, both days inclusive.

*Season for plover, etc.*

The open season for black-bellied and golden plovers and greater and lesser yellowlegs shall be from August sixteenth to November thirtieth following, both days inclusive.

*Season for marsh hen.*

The open season for Sora, marsh hen or mud hen and other rails (other than coot and gallinules) shall be from September first to November thirtieth following, both days inclusive.

*Season for woodcock.*

The open season for woodcock shall be from October first to November thirtieth following, both days inclusive.

The open season for reed birds shall be from September first to October thirtieth, both days inclusive. <span style="float:right">Season for reed birds.</span>

The open season for quail, rabbit, hare, squirrel, English or ring-neck pheasant, ruffed grouse, prairie chicken, wild turkey or Hungarian partridge shall be from November tenth to December fifteenth, both days inclusive. <span style="float:right">Season for quail, rabbits, pheasants, etc.</span>

The open season for raccoon shall be from October first to December fifteenth, both days inclusive. <span style="float:right">Season for raccoon.</span>

The birds and animals for which an open season is prescribed by this section may be possessed during the respective open seasons therefor and for the additional period of ten days immediately succeeding such open seasons. <span style="float:right">Time for possession.</span>

Any person violating any of the provisions of this section shall be liable to a penalty of twenty dollars for each bird or animal or part thereof unlawfully captured, killed, injured, destroyed or had in possession. <span style="float:right">Penalty.</span>

5. Section nine of the act of which this act is amendatory be and the same is hereby amended to read as follows: <span style="float:right">Section 9 amended.</span>

9. It shall be unlawful to capture, kill, injure, destroy or have in possession in any one day more than ten quail, three English or ring-neck pheasants, three Hungarian partridge, six woodcock, three ruffed grouse, twenty-five in the aggregate of all kinds of duck (except wood duck), eight geese, eight brant, fifty Sora, fifty reed birds, twenty-five in the aggregate of all kinds of rails (except Sora), including marsh hens, coots and gallinules, fifteen in the aggregate of all kinds of black-bellied and golden plover and greater and lesser yellowlegs, twenty-five Wilson snipe or jacksnipe, or ten rabbits, under a penalty of twenty dollars for each bird or rabbit captured, killed, injured, destroyed or had in possession in excess of the number permitted by this section; *provided*, that nothing in this section contained shall apply to any proprietor of a hotel, restaurant or cafe having in possession at his or her hotel, restaurant or cafe at any time any game raised on licensed game preserves tagged or marked in accordance with law, or to any rabbit during the open <span style="float:right">Number of certain game that may be taken.</span> <span style="float:right">Penalty.</span> <span style="float:right">Proviso.</span>

season permitted by law, and for a period of ten days immediately succeeding such open season.

Section 10 amended.

6. Section ten of the act of which this act is amendatory be and the same is hereby amended to read as follows:

Unlawful sale of game.

10. It shall be unlawful to sell, offer for sale or possess for sale within this State, whether killed within or without this State, any of the dead bodies, or parts thereof, of squirrels of all species, wild deer of all species, and the dead bodies or parts thereof of any dead game birds or song birds belonging to any species or subspecies native to this State, protected by law, or belonging to any family, any species or subspecies of which is native to this State and protected by law, whether taken within or without this State, under a

Penalty.

penalty of twenty dollars for each squirrel, wild deer or birds above mentioned, so sold, offered for sale or

Proviso.

possessed for sale as aforesaid; *provided, however,* that the carcasses of deer and the unplucked carcasses of mallard, black and wood ducks, Canada geese, ruffed grouse, squirrels, quail and pheasants of all species raised on licensed game preserves and properly tagged, and the unplucked carcasses of Scotch grouse, European black grouse, European black plover, red-legged partridge and Egyptian quail coming from a foreign country, which are properly tagged by the State authorities, may be sold at any time for food purposes.

Section 11 amended.

7. Section eleven of the act of which this act is amendatory be and the same is hereby amended to read as follows:

Bringing game into State.

11. Whenever by the laws of any other State or country it shall be lawful to take out of the confines of the said State or country any game, whether the same be fowl or animal, it shall be lawful to bring such game

Proviso.

within the State of New Jersey; *provided, however,* that nothing herein contained shall permit the sale or

Proviso.

exposure for sale of any such game; *provided,* that Belgian hare and jackrabbits legally killed in another State may be brought into this State at any time for

Penalty.

possession, sale and consumption. Any person violating the provisions of this section shall be liable to a

CHAPTER 31, LAWS OF 1920.                67

penalty of twenty dollars for each fowl or animal so sold or exposed for sale.

8. Section twelve of the act of which this act is amendatory be and the same is hereby amended to read as follows:   *Section 12 amended.*

12. It shall be unlawful to capture, kill, injure or have in possession, living or dead, or attempt to capture, kill or injure, any wild or passenger pigeon, or for any person to destroy, attempt to destroy or interfere in any manner with the nest or eggs of any wild or passenger pigeon under a penalty of two hundred and fifty dollars for each offense.   *Wild pigeons.* *Penalty.*

9. Section thirteen of the act of which this act is amendatory be and is hereby amended so as to read as follows:   *Section 13 amended.*

13. It shall be unlawful to use in hunting fowl or animals of any kind any shotgun or rifle holding more than two cartridges at one time, or that may be fired more than twice without reloading, or to use any silencer on any gun, rifle or firearm when hunting for game or fowl, under a penalty of twenty dollars for each offense.   *Gun.* *Penalty.*

10. Section fourteen of the act of which this act is amendatory be and the same is hereby amended so as to read as follows:   *Section 14 amended.*

14. It shall be unlawful to sow, deposit or place any rye, wheat, oats or corn or other cereal, except wild celery and wild rice, in any of the salt or fresh waters of this State, or to cause the same to be done, for the purpose of luring, decoying or baiting any goose, duck, swan, brant or any kind of water wild fowl whatsoever, so that the same may be shot at, killed or captured while feeding or attempting to feed where any rye, wheat, oats or corn or other cereal, except wild celery or wild rice, is known to have been sown, deposited or placed in violation of this section, under a penalty of fifty dollars for each offense.   *Luring with cereals.* *Penalty.*

11. Section fifteen of the act of which this act is amendatory be and the same is hereby amended so as to read as follows:   *Section 15 amended.*

15. It shall be unlawful to shoot into any squirrel's nest at any time of the year, under a penalty of twenty dollars for each offense.   *Penalty for shooting squirrel's nest.*

68                  CHAPTER 31, LAWS OF 1920.

Section 16 amended.

12. Section sixteen of the act to which this act is amendatory be and the same is hereby amended so as to read as follows:

Hunting with ferrets unlawful.

16. It shall be unlawful to hunt, kill or destroy, or attempt to hunt, kill or destroy, any hare or rabbit with ferrets under a penalty of fifty dollars for each offense.

Section 19 amended.

13. Section nineteen of the act to which this act is amendatory be and the same is hereby amended to read as follows:

Penalty for taking excess trout, bass, etc.

19. It shall be unlawful to take, catch or kill in any one day more than twenty-five trout, ten salmon or ten black bass, under a penalty of twenty dollars for each trout, salmon or black bass so taken, caught or killed in excess of the number permitted by this section.

Section 21 amended.

14. Section twenty-one of the act of which this act is amendatory be and the same is hereby amended so as to read as follows:

Automobile forbidden in hunting.

21. It shall be unlawful for any person or persons while in an automobile to hunt for, pursue, shoot, shoot at, kill, capture, injure, or destroy any bird or animal in this State, or to hunt for, pursue, shoot, shoot at, kill, capture, injure or destroy any such bird or animal by the aid or use of any light or lights carried on or attached to any such automobile, under a penalty of fifty dollars for each offense.

Penalty.

Section 22 amended.

15. Section twenty-two of the act of which this act is amendatory be and the same is hereby amended to read as follows:

Taking game from State.

22. It shall be unlawful to remove or attempt to remove from this State any animal or bird protected by the laws of this State except deer; *provided, however,* that this section shall not apply to common carriers carrying from beyond the confines of this State in unbroken packages to some point beyond the confines of this State any such protected animal or bird. Any person guilty of any violation of this section shall be liable to a penalty of twenty dollars for each animal or bird, removed or sought to be removed; *provided, however,* that this section shall not apply to English or ring-neck pheasants, mallard, black or wood ducks, Canada geese, ruffed grouse, rabbits, squirrels and quail, properly tagged, raised on game preserves, the owners or

Provisn.

Penalty.

Proviso.

lessees of which are duly licensed by the Board of Fish and Game Commissioners; *and further provided,* that a nonresident holding a nonresidents' and aliens' hunting and fishing license may, in any one day, remove from the State the number of animals or birds that may be taken under the laws of this State in one day by one person, but not more birds or animals may be removed by one person in one calendar week than the number that may be taken under the laws of this State in two days by one person; *provided, however,* that no removal shall be made except the birds or rabbits be exposed to open view.

16. Section thirty-eight of the act of which this act is amendatory be and is hereby amended to read as follows:

38. Whenever in the act of which this act is amendatory the possession or sale of fowl or game is prohibited, reference is had equally to such fowl or game coming from without the State as to that taken within the State.

17. The following acts are hereby repealed:

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March twenty-fifth, one thousand nine hundred and thirteen.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March twenty-fifth, one thousand nine hundred and thirteen.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession," approved April fourteenth, one thousand nine hundred and three, approved April thirteenth, one thousand nine hundred and eight.

*Proviso.*

*Proviso.*

Section 38 amended.

Law applies to game from without State.

Sundry acts repealed,

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April fifteenth, one thousand nine hundred and eleven.

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April twenty-seventh, one thousand nine hundred and eleven, approved April first, one thousand nine hundred and twelve.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April eighth, one thousand nine hundred and fifteen.

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, and to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April seventh, one thousand nine hundred and eleven.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March twenty-eighth, one thousand nine hundred and twelve.

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thou-

sand nine hundred and three, approved April seventeenth, one thousand nine hundred and fourteen.

An act to prohibit the killing or pursuing of birds or animals by the aid or use of an automobile, approved February twenty-third, one thousand nine hundred and eighteen.

An act to prohibit the hunting of rabbits or hares with ferrets, approved April ninth, one thousand nine hundred and ten.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March thirteenth, one thousand nine hundred and twelve.

An act for the protection of the wild or passenger pigeon, approved April ninth, one thousand nine hundred and ten.

18. This act shall take effect immediately.

Approved March 22, 1920.

———

## CHAPTER 32.

An Act to amend an act entitled "An act concerning counties," approved March fourth one thousand nine hundred and eighteen.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

1. Section eleven hundred twenty-eight, article eleven of the act entitled "An act concerning counties," approved March fourth, one thousand nine hundred and eighteen, be and the same is hereby amended to read as follows: Section 1128 amended.

EXHIBIT 93

" />



(https://firearmslaw.duke.edu)



(https://law.duke.edu/)

Search this website 

# 1917 N.C. Sess. Laws 309, Pub. Local Laws, An Act to Regulate the Hunting of Quail in Harnett County, ch. 209, § 1.

### Subject(s):

- Hunting (https://firearmslaw.duke.edu/subjects/hunting/)

### Jurisdiction(s):

- North Carolina (https://firearmslaw.duke.edu/jurisdictions/north-carolina/)

### Year(s):

1917

That the open season for hunting quail shall be from the first day of December to the fifteenth day of January following each succeeding year, and that it shall be unlawful to kill quail with any gun or guns that shoot over two times before reloading, and any person violating any of the provisions of this act shall be guilty of a misdemeanor.

-  (https://twitter.com/dukefirearmslaw)

-  (https://www.youtube.com/playlist?list=PLPllY2puNnqYUNnmXwbGnQFKMSaLSVDoq)

- Home (https://firearmslaw.duke.edu/)
- About (https://firearmslaw.duke.edu/about/)
- Blog (https://firearmslaw.duke.edu/secondthoughts/)
- Videos (https://firearmslaw.duke.edu/videos/)
- Events (https://firearmslaw.duke.edu/events/)
- Repository of Historical Gun Laws (https://firearmslaw.duke.edu/repository/)
- Teaching Resources (https://firearmslaw.duke.edu/teaching-resources/)
- Conferences (https://firearmslaw.duke.edu/conferences/)

Duke Center for Firearms Law | 210 Science Drive, Durham, NC 27708 | firearmslaw@law.duke.edu (mailto:firearmslaw@law.duke.edu)

Questions or comments about the Repository of Historical Gun Laws can be sent to gunlaws@law.duke.edu (mailto:gunlaws@law.duke.edu).

Copyright © 2023. All rights reserved. Website designed by Addicott Web (https://www.wordpress-web-designer-raleigh.com/).

EXHIBIT 94

# 1934 Supplement

## To

# Mason's Minnesota Statutes
## 1927

## (1927 to 1934)
### (Superseding Mason's 1931 Supplement)

Containing the text of the acts of the 1929, 1931, 1933 and 1933-34 Special Sessions of
the Legislature, both new and amendatory, and notes showing repeals,
together with annotations from the various courts, state, federal,
and the opinions of the Attorney General, construing the
constitution, statutes, charters and court
rules of Minnesota



Edited by

WILLIAM H. MASON, Editor-in-Chief
W. H. MASON, JR.
R. O. MASON       } Assistant Editors
J. S. O'BRIEN

CITER- DIGEST CO.
SAINT PAUL, MINNESOTA
1934

## RIGHTS OF SEPULTURE

**10227. Dissection—When permitted.**

Insurer, held entitled to disinterment of body of insured for autopsy, where demand was seasonably made; and refusal to grant consent to such autopsy, held to defeat right to recover on policy.  Clay v. Aetna Life Ins. Co., (DC-Minn), 53F(2d)689.  See Dun. Dig. 2599, 2599a.

## SABBATH BREAKING, ETC.

**10235. Things prohibited—Exceptions.**—All horse racing, gaming and shows; all noises disturbing the peace of the day; all trades, manufacturers, and mechanical employments, except works of necessity performed in an orderly manner so as not to interfere with the repose and religious liberty of the community; all public selling or offering for sale of property, and all other labor except works of necessity and charity are prohibited on the Sabbath day:

Provided, that meals to be served upon the premises or elsewhere by caterers, prepared tobacco in places other than where intoxicating liquors are kept for sale, fruits, confectionery, newspapers, drugs, medicines, and surgical appliances may be sold in a quiet and orderly manner.  In works of necessity or charity is included whatever is needful during the day for good order, health or comfort of the community; but keeping open a barber shop or shaving and hair cutting shall not be deemed works of necessity or charity, and nothing in this section shall be construed to permit the selling of uncooked meats, groceries, clothing, boots, or shoes.  Provided, however, that the game of baseball when conducted in a quiet and orderly manner so as not to interfere with the peace, repose and comfort of the community, may be played between the hours of one p. m. and six p. m. on the Sabbath day.  (R. L. '05, §4981; '09, c. 267, §1; G. S. '13, §§753; Apr. 23, 1929, c. 308, §1.)

Farmers may sell products on their properties near highways on Sundays. Op. Atty. Gen., Aug. 8, 1933.

---

# CHAPTER 99
# Crimes Against Public Health and Safety

**10241. Public nuisance defined.**

Logging railroad over highway under Mason's Minn. Stat. 1927, §25558-1, etc., is not a public nuisance under this section.  174M305, 219NW972.

A newspaper business conducted in violation of §§10123-1 to 10123-3 is a public nuisance.  174M457, 219 NW770.

Finding that school district was negligent in exposing school teacher to tuberculosis, sustained by evidence, but there was not sufficient evidence to show that it maintained a nuisance by its failure to make the school building sanitary, and it was not liable for damages under §3098. 177M454, 225NW449.

Act making possession of foul, offensive or injurious substance, compound or gas with wrongful intent a gross misdemeanor.  Laws 1931, c. 86.

Owner of private lake cannot construct and maintain a channel to a public lake if it injuriously affects the public lake. Op. Atty. Gen., Sept. 26, 1929.

A misdemeanor.  Op. Atty. Gen., June 20, 1930.

Landowner removing rock on land supporting embankment for state highway is guilty of maintaining a public nuisance and is guilty of a misdemeanor.  State v. Nelson, 248NW751.  See Dun. Dig. 7240n. 58.

**10242. Itinerant carnivals prohibited.**
174M457, 219NW770.

**10245. Maintaining or permitting building as a nuisance.**

Owner of private lake cannot construct and maintain a channel to a public lake if it injuriously affects the public lake.  Op. Atty. Gen., Sept. 26, 1929.

**10250. Adulteration or imitation of foods, etc.**

Whether milk was free from adulteration held question for jury. 174M320, 219NW159.

**10255. Deadly weapons.**

There was no fatal variance where information charged carrying of a revolver and proof showed weapon to be an automatic pistol.  176M238, 222NW925.

There was no error in refusing to hold that weapon was not loaded nor admitting it in evidence against objection that, because the prosecuting witness had by force taken it from defendant, it would virtually be compelling defendant to furnish evidence against himself. 176M238, 222NW925.

The question of criminal intent of defendant in carrying automatic pistol, held so far doubtful as to require new trial.  176M238, 222NW925.

Does not prohibit the use or possession of a pistol in the absence of an intent to use it against another.  Clarine v. A., 182M310, 234NW295.  See Dun. Dig. 10200a (2).

A father who furnished him with the pistol cannot be held liable for a accidental shooting by his son, in the absence of evidence that, because of youth, mental deficiency, recklessness, or other cause, it was unsafe to intrust the son with the weapon, and that the father was chargeable with knowledge of that fact.  Clarine v. A., 182M310, 234NW295.  See Dun. Dig. 10200.

A village constable has right to carry firearm.  Op. Atty. Gen., Feb. 10, 1933.

**10255-1. Definitions.**—(a)  Any firearm capable of loading or firing automatically, the magazine of

which is capable of holding more than twelve cartridges, shall be a machine gun within the provisions of this Act.

(b)  Any firearm capable of automatically reloading after each shot is fired, whether firing singly by separate trigger pressure or firing continuously by continuous trigger pressure; which said firearm shall have been changed, altered or modified to increase the magazine capacity from the original design as manufactured by the manufacturers thereof, or by the addition thereto of extra and/or longer grips or stocks to accommodate such extra capacity, or by the addition, modification and/or attachment thereto of any other device capable of increasing the magazine capacity thereof, shall be a machine gun within the provisions of this Act.

(c)  A twenty-two caliber light sporting rifle, capable of firing continuously by continuous trigger pressure, shall be a machine gun within the provisions of this Act.  But a twenty-two caliber light sporting rifle, capable of automatically reloading but firing separately by separate trigger pressure for each shot, shall not be a machine gun within the provisions of this Act and should it not be prohibited hereunder, whether having a magazine capacity of twelve cartridges or more.  But if the same shall have been changed, altered, or modified, as prohibited in section one (b) hereof, then the same shall be a machine gun within the provisions of this Act.  (Act Apr. 10, 1933, c. 190, §1.)

**10255-2. Application.**—This Act shall not apply to sheriffs, coroners, constables, policemen or other peace officers, or to any warden, superintendent or head keeper of any prison, penitentiary, county jail or other institution for retention of any person convicted of or accused of crime, while engaged in the discharge of official duties, or to any public official engaged in the enforcement of law; nor to any person or association possessing a machine gun not useable as a weapon and possessed as a curiosity, ornament or keepsake; when such officers and persons and associations so excepted shall make and file with the Bureau of Criminal Apprehension of this state within 30 days after the passage of this Act, a written report showing the name and address of such person or association and the official title and position of such officers and showing a particular description of such machine gun now owned or possessed by them or shall make such report as to hereinafter acquired machine guns within 10 days of the acquisition thereof; nor to any person legally summoned to assist in making arrests or preserving peace, while said person so summoned is engaged

in assisting such officer; nor shall this Act apply to the armed forces of the United States or of the State of Minnesota. (Act Apr. 10, 1933, c. 190, §2.)

**10255-3. Machine guns prohibited.**—Any person who shall own, control, use, possess, sell or transport a machine gun, as herein defined, in violation of this Act, shall be guilty of a felony. (Act Apr. 10, 1933, c. 190, §3.)

**10263. Failure to ring bell, etc.**
Liabilities for death resulting from failure to give signals. 173M7, 216NW245.
Failure to give crossing signal as proximate cause of collision at crossing. 178M322, 227NW45.
Evidence of failure to give signal. 179M480, 229NW 797.
Statutory signals for trains approaching crossing are immaterial when and where train is actually occupying crossing when automobile runs into side thereof. Crosby v. G., 187M263, 245NW31. See Dun. Dig. 8175.

**10278-1. Peyote declared illegal.**—No person shall use, sell, transport or have in possession any peyote or preparation of peyote. (Act Apr. 20, 1933, c. 333, §1.)

**10278-2. Violation a misdemeanor.**—The violation of this act shall be a misdemeanor. (Act Apr. 20, 1933, c. 333, §2.)
Sec. 3 of Act Apr. 20, 1933, cited, provides that the Act shall take effect from its passage.

**10278-3. Definitions.**—A public bathing beach as the term is used in this act, shall be taken to mean any public land, road or highway adjoining public waters, which have been or may be used for bathing or swimming, or any privately owned place which the public is permitted to frequent or use for bathing. (Act Apr. 21, 1933, c. 364, §1.)

**10278-4. Unlawful to bathe at public beaches at certain times.**—In all counties which now have or shall hereafter have a population of 450,000 or more, it shall be unlawful for any person to frequent a public bathing beach or public waters upon which the same immediately borders for the purpose of swimming or bathing, or congregating with others, or to swim or bathe or congregate thereat, between the hours of 10:30 p. m. and 5:00 a. m. of the day following. (Act Apr. 21, 1933, c. 364, §2.)

**10278-5. Ordinances to regulate beaches.**—The governing bodies or boards of all counties having a population of more than 450,000, and all cities, villages and towns situated within such counties, shall have authority by ordinance, resolution or by-law, to regulate the use of public bathing beaches and public waters immediately bordering thereon for the purpose of bathing or swimming or congregating with the others thereat, within their respective territorial limits not inconsistent herewith. (Act Apr. 21, 1933, c. 364, §3.)

**10278-6. May close beaches.**—If any such body or board shall reasonably determine that the safety, health, morals or general welfare of the public shall so require, it may by ordinance, resolution or by-law, provide that any such public bathing beach shall be closed to bathing, swimming and congregating after the hour of 9:00 p. m. or after any time between 9:00 p. m. and 10:30 p. m. of any day. (Act Apr. 21, 1933, c. 364, §4.)

**10278-7. Act not restrictive.**—Nothing in this act shall limit or abrogate any of the existing powers of any body or governing board of any county, city, village or town. (Act Apr. 21, 1933, c. 364, §5.)

**10278-8. Provisions separable.**—If any part or section of this act shall be held to be invalid, it shall not invalidate any of the other provisions hereof. (Act Apr. 21, 1933, c. 364, §6.)

**10278-9. Violation a misdemeanor.**—Any person violating any of the provisions hereof shall be guilty of a misdemeanor. (Act Apr. 21, 1933, c. 364, §7.)

---

# CHAPTER 100
# Crimes Against Public Peace

**10286. Prize fighting—Aiding—Betting or stakeholding.**
Repealed by Act Jan. 28, 1933, c. 7, §17, effective May 1, 1933, so far as inconsistent with the repealing act (§§3260-1 to 3260-18).
Since the enactment of Laws 1915, c. 363, contract for management of prize fighter is not illegal. Safro v. L., 184M336, 238NW641.

**10287. Fight out of the state.**
Safro v. L., 184M336, 238NW641; note under §10286.

**10288. Apprehension of person about to fight—Bail, etc.**
Safro v. L., 184M336, 238NW641; note under §10286.

**10291. Use of firearms by minors.**
A father who furnished him with the pistol cannot be held liable for an accidental shooting by his son, in the absence of evidence that, because of youth, mental deficiency, recklessness, or other cause, it was unsafe to intrust the son with the weapon, and that the father was chargeable with knowledge of that fact. Clarine v. A., 182M310, 234NW295. See Dun. Dig. 4466, 10200.

---

# CHAPTER 101
# Crimes Against Property

**10302. Misappropriation and falsification of accounts by public officers.**
Where a justice of the peace was elected in 1929 and due to the change in date of village elections his term expired and no successor was elected, and during such vacancy he continued to act and collect fines which he refused to turn over to the village, he might technically be prosecuted under §9971, but preferably under §10302. Op. Atty. Gen., Jan. 6, 1932.

**10303. Other violations by officers.**
City treasurer did not commit an offense under this section by making deposits in excess of collateral securities given by a bank in lieu of a depository bond under §1973-1. 172M324, 215NW174.

**10305. Officer interested in contract.**—Every public officer who shall be authorized to sell or lease any property, to make any contract in his official capacity, or to take part in making any such sale, lease, or contract, and every employee of such officer, who shall voluntarily become interested individually in such sale, lease, or contract, directly or indirectly, shall be guilty of a gross misdemeanor: provided, however, that any village or city council, town board, or school board, of any town, having authority to designate depositary for village, city, town or school district funds, of any town, village, or city of the fourth class, may designate a bank in which a member of such board is interested as a depositary for village, city, town or school funds of any town, village or city of the fourth class by a two-thirds vote of such board. (R. L. '05, §5032; G. S. '13, §8817; Apr. 20, 1931, c. 212.)
172M392, 215NW673.
When the funds are deposited in a bank of which the treasurer, being a member of the school board, is also an officer and stockholder, the exception to the general rule is inoperative. 173M428, 217NW496.
There being no other deposits when the depository banks failed, prior overdeposits or irregularities could not be proximate or any cause for any loss that may arise from the insolvency of the bank. County of Marshall v. Bakke, 182M10, 234NW1. See Dun. Dig. 2263b, 2323(77), 2699.

EXHIBIT 95

[CHAPTER 207.]

## AN ACT

To authorize transfer of the abandoned Indian-school site and building at Zeba, Michigan, to the L'Anse Band of Lake Superior Indians.

<div style="text-align:right">

June 6, 1932.
[H. R. 208.]
[Public, No. 152.]

</div>

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Secretary of the Interior be, and he is hereby, authorized to convey by deed, without cost, to the L'Anse Band of Lake Superior Indians for community meetings and other like purposes, the abandoned Indian-school site and improvements thereon located at Zeba, Michigan, embracing approximately three-fourths of an acre of land within the east half of southeast quarter of southwest quarter of northwest quarter of section 19, township 51 north, range 32 west, Michigan meridian: *Provided,* That said conveyance shall be made to three members of the band duly elected by said Indians as trustees for the band and their successors in office.

<div style="text-align:right">

L'Anse Band of Lake Superior Indians.
Abandoned Indian school, etc., at Zeba, Mich., transferred to.

*Proviso.*
Conveyance to trustees.

</div>

Approved, June 6, 1932.

—

[CHAPTER 208.]

## AN ACT

To authorize the exchange of a part of the Rapid City Indian School land for a part of the Pennington County Poor Farm, South Dakota.

<div style="text-align:right">

June 6, 1932.
[H. R. 9254.]
[Public, No. 153.]

</div>

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Secretary of the Interior be, and he is hereby, authorized to exchange, under such rules and regulations as he may prescribe, an irregular tract of eighty-four and four-tenths acres, more or less, of the Rapid City Indian School land, located in the northwest quarter section 3, township 1 north, range 7 east of the Black Hills meridian, South Dakota, for thirty-eight and nine one-hundredths acres, more or less, of the Pennington County Poor Farm, in the adjoining north half of the southwest quarter of the same section, including all improvements thereon; transfer of title to the Indian School reserve land to be accomplished by deed.

<div style="text-align:right">

Rapid City, S. Dak.
Exchange of part of Indian school land for portion of Pennington County Poor Farm, authorized.

Title transfer by deed.

</div>

Approved, June 6, 1932.

—

[CHAPTER 209.]

## AN ACT

To provide revenue, equalize taxation, and for other purposes.

<div style="text-align:right">

June 6, 1932.
[H. R. 10236.]
[Public, No. 154.]

</div>

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act, divided into titles and sections according to the following Table of Contents, may be cited as the "Revenue Act of 1932":

<div style="text-align:right">

REVENUE ACT OF 1932.

</div>

## TABLE OF CONTENTS

<div style="text-align:right">

Table of contents.

</div>

### TITLE I—INCOME TAX

<div style="text-align:right">

Income tax, p. 173.

</div>

#### SUBTITLE A—INTRODUCTORY PROVISIONS

<div style="text-align:right">

Introductory provisions, p. 173.

</div>

Sec. 1. Application of title.
Sec. 2. Cross references.
Sec. 3. Classification of provisions.
Sec. 4. Special classes of taxpayers.

#### SUBTITLE B—GENERAL PROVISIONS

<div style="text-align:right">

General provisions, p. 174.

</div>

##### PART I—RATES OF TAX

<div style="text-align:right">

Rates of tax, p. 174.

</div>

Sec. 11. Normal tax on individuals.
Sec. 12. Surtax on individuals.
Sec. 13. Tax on corporations.
Sec. 14. Taxable period embracing years with different laws.

REVENUE ACT OF 1932.                      PART II—COMPUTATION OF NET INCOME
Net income comput-     Sec. 21. Net income.
ed, p. 178.            Sec. 22. Gross income.
                      Sec. 23. Deductions from gross income.
                      Sec. 24. Items not deductible.
                      Sec. 25. Credits of individual against net income.
                      Sec. 26. Credits of corporation against net income.

Credits against tax,                      PART III—CREDITS AGAINST TAX
p. 185.
                      Sec. 31. Taxes of foreign countries and possessions of United States.
                      Sec. 32. Taxes withheld at source.
                      Sec. 33. Erroneous payments.

Accounting, p. 185.           PART IV—ACCOUNTING PERIODS AND METHODS OF ACCOUNTING

                      Sec. 41. General rule.
                      Sec. 42. Period in which items of gross income included.
                      Sec. 43. Period for which deductions and credits taken.
                      Sec. 44. Installment basis.
                      Sec. 45. Allocation of income and deductions.
                      Sec. 46. Change of accounting period.
                      Sec. 47. Returns for a period of less than twelve months.
Returns and pay-      Sec. 48. Definitions.
ment, p. 188.                         PART V—RETURNS AND PAYMENT OF TAX

                      Sec. 51. Individual returns.
                      Sec. 52. Corporation returns.
                      Sec. 53. Time and place for filing returns.
                      Sec. 54. Records and special returns.
                      Sec. 55. Publicity of returns.
                      Sec. 56. Payment of tax.
                      Sec. 57. Examination of return and determination of tax.
                      Sec. 58. Additions to tax and penalties.
                      Sec. 59. Administrative proceedings.

Miscellaneous provi-                  PART VI—MISCELLANEOUS PROVISIONS
sions, p. 190.
                      Sec. 61. Laws made applicable.
                      Sec. 62. Rules and regulations.
                      Sec. 63. Taxes in lieu of taxes under 1928 Act.
Effective date, p. 191.  Sec. 64. Short title.
                      Sec. 65. Effective date of title.

Supplemental provi-          SUBTITLE C—SUPPLEMENTAL PROVISIONS
sions, p. 191.
Rates of tax, p. 191.                 SUPPLEMENT A—RATES OF TAX

                      Sec. 101. Capital net gains and losses.
                      Sec. 102. Sale of mines and oil or gas wells.
                      Sec. 103. Exemptions from tax on corporations.
                      Sec. 104. Accumulation of surplus to evade surtaxes.
                      Sec. 105. Taxable period embracing years with different laws.

Net income comput-              SUPPLEMENT B—COMPUTATION OF NET INCOME
ed, p. 195.
                      Sec. 111. Determination of amount of gain or loss.
                      Sec. 112. Recognition of gain or loss.
                      Sec. 113. Adjusted basis for determining gain or loss.
                      Sec. 114. Basis for depreciation and depletion.
                      Sec. 115. Distributions by corporations.
                      Sec. 116. Exclusions from gross income.
                      Sec. 117. Net losses.
                      Sec. 118. Loss from wash sales of stock or securities.
                      Sec. 119. Income from sources within United States.
                      Sec. 120. Unlimited deduction for charitable and other contributions.

Credits against tax,                  SUPPLEMENT C—CREDITS AGAINST TAX
p. 211.
                      Sec. 131. Taxes of foreign countries and possessions of United States.
                      Sec. 132. Payments under 1928 Act.

Returns and pay-              SUPPLEMENT D—RETURNS AND PAYMENT OF TAX
ment, p. 213.
                      Sec. 141. Consolidated returns of corporations.
                      Sec. 142. Fiduciary returns.
                      Sec. 143. Withholding of tax at source.
                      Sec. 144. Payment of corporation income tax at source.
                      Sec. 145. Penalties.
                      Sec. 146. Closing by Commissioner of taxable year.
                      Sec. 147. Information at source.
                      Sec. 148. Information by corporations.
                      Sec. 149. Returns of brokers.
                      Sec. 150. Collection of foreign items.

Estates and trusts,              SUPPLEMENT E—ESTATES AND TRUSTS
p. 219.
                      Sec. 161. Imposition of tax.
                      Sec. 162. Net income.
                      Sec. 163. Credits against net income.
                      Sec. 164. Different taxable years.
                      Sec. 165. Employees' trusts.
                      Sec. 166. Revocable trusts.
                      Sec. 167. Income for benefit of grantor.
                      Sec. 168. Capital net gains and losses.
                      Sec. 169. Net losses.
                      Sec. 170. Taxes of foreign countries and possessions of United States.

SUPPLEMENT F—PARTNERSHIPS

Sec. 181. Partnership not taxable.
Sec. 182. Tax of partners.
Sec. 183. Computation of partnership income.
Sec. 184. Credits against net income.
Sec. 185. Earned income.
Sec. 186. Capital net gains and losses.
Sec. 187. Net losses.
Sec. 188. Taxes of foreign countries and possessions of United States.
Sec. 189. Partnership returns.

SUPPLEMENT G—INSURANCE COMPANIES

Sec. 201. Tax on life insurance companies.
Sec. 202. Gross income of life insurance companies.
Sec. 203. Net income of life insurance companies.
Sec. 204. Insurance companies other than life or mutual.
Sec. 205. Net losses.
Sec. 206. Taxes of foreign countries and possessions of the United States.
Sec. 207. Computation of gross income.
Sec. 208. Mutual insurance companies other than life.

SUPPLEMENT H—NONRESIDENT ALIEN INDIVIDUALS

Sec. 211. Normal tax.
Sec. 212. Gross income.
Sec. 213. Deductions.
Sec. 214. Credits against net income.
Sec. 215. Allowance of deductions and credits.
Sec. 216. Credits against tax.
Sec. 217. Returns.
Sec. 218. Payment of tax.

SUPPLEMENT I—FOREIGN CORPORATIONS

Sec. 231. Gross income.
Sec. 232. Deductions.
Sec. 233. Allowance of deductions and credits.
Sec. 234. Credits against tax.
Sec. 235. Returns.
Sec. 236. Payment of tax.
Sec. 237. Foreign insurance companies.
Sec. 238. Affiliation.

SUPPLEMENT J—POSSESSIONS OF THE UNITED STATES

Sec. 251. Income from sources within possessions of United States.
Sec. 252. Citizens of possessions of United States.

SUPPLEMENT K—CHINA TRADE ACT CORPORATIONS

Sec. 261. Credit against net income.
Sec. 262. Credits against the tax.
Sec. 263. Affiliation.
Sec. 264. Income of shareholders.

SUPPLEMENT L—ASSESSMENT AND COLLECTION OF DEFICIENCIES

Sec. 271. Definition of deficiency.
Sec. 272. Procedure in general.
Sec. 273. Jeopardy assessments.
Sec. 274. Bankruptcy and receiverships.
Sec. 275. Period of limitation upon assessment and collection.
Sec. 276. Same—Exceptions.
Sec. 277. Suspension of running of statute.

SUPPLEMENT M—INTEREST AND ADDITIONS TO TAX

Sec. 291. Failure to file return.
Sec. 292. Interest on deficiencies.
Sec. 293. Additions to the tax in case of deficiency.
Sec. 294. Additions to the tax in case of nonpayment.
Sec. 295. Time extended for payment of tax shown on return.
Sec. 296. Time extended for payment of deficiency.
Sec. 297. Interest in case of jeopardy assessments.
Sec. 298. Bankruptcy and receiverships.
Sec. 299. Removal of property or departure from United States.

SUPPLEMENT N—CLAIMS AGAINST TRANSFEREES AND FIDUCIARIES

Sec. 311. Transferred assets.
Sec. 312. Notice of fiduciary relationship.

SUPPLEMENT O—OVERPAYMENTS

Sec. 321. Overpayment of installment.
Sec. 322. Refunds and credits.

## TITLE II—ADDITIONAL ESTATE TAX

Sec. 401. Imposition of tax.
Sec. 402. Credits against tax.
Sec. 403. Assessment, collection, and payment of tax.

REVENUE ACT OF 1932.

Partnerships, p. 222.

Insurance companies, p. 223.

Nonresident aliens, p. 228.

Foreign corporations, p. 229.

Possessions of the United States, p. 231.

China Trade Act corporations, p. 232.

Deficiencies, p. 233.

Interest and additions to tax, p. 238.

Transferees and fiduciaries, p. 240.

Overpayments, p. 242.

Additional estate tax, p. 243.

172                72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.

REVENUE ACT OF 1932.                    TITLE III—GIFT TAX

Gift tax, p. 245.        Sec. 501. Imposition of tax.
                         Sec. 502. Computation of tax.
                         Sec. 503. Transfer for less than adequate and full consideration.
                         Sec. 504. Net gifts.
                         Sec. 505. Deductions.
                         Sec. 506. Gifts made in property.
                         Sec. 507. Returns.
                         Sec. 508. Records and special returns.
                         Sec. 509. Payment of tax.
                         Sec. 510. Lien for tax.
                         Sec. 511. Examination of return and determination of tax.
                         Sec. 512. Definition of deficiency.
                         Sec. 513. Assessment and collection of deficiencies.
                         Sec. 514. Jeopardy assessments.
                         Sec. 515. Claims in abatement.
                         Sec. 516. Bankruptcy and receiverships.
                         Sec. 517. Period of limitation upon assessment and collection.
                         Sec. 518. Suspension of running of statute.
                         Sec. 519. Additions to the tax in case of failure to file return.
                         Sec. 520. Additions to the tax in case of deficiency.
                         Sec. 521. Interest on extended payments.
                         Sec. 522. Interest on deficiencies.
                         Sec. 523. Interest on jeopardy assessments.
                         Sec. 524. Additions to the tax in case of nonpayment.
                         Sec. 525. Penalties.
                         Sec. 526. Transferred assets.
                         Sec. 527. Notice of fiduciary relationship.
                         Sec. 528. Refunds and credits.
                         Sec. 529. Laws made applicable.
                         Sec. 530. Rules and regulations.
                         Sec. 531. Definitions.
                         Sec. 532. Short title.

Manufacturers' ex-            TITLE IV—MANUFACTURERS' EXCISE TAXES
cise taxes, p. 259.

                         Sec. 601. Excise taxes on certain articles.
                         Sec. 602. Tax on tires and inner tubes.
                         Sec. 603. Tax on toilet preparations, etc.
                         Sec. 604. Tax on furs.
                         Sec. 605. Tax on jewelry, etc.
                         Sec. 606. Tax on automobiles, etc.
                         Sec. 607. Tax on radio receiving sets, etc.
                         Sec. 608. Tax on mechanical refrigerators.
                         Sec. 609. Tax on sporting goods.
                         Sec. 610. Tax on firearms, shells, and cartridges.
                         Sec. 611. Tax on cameras.
                         Sec. 612. Tax on matches.
                         Sec. 613. Tax on candy.
                         Sec. 614. Tax on chewing gum.
                         Sec. 615. Tax on soft drinks.
                         Sec. 616. Tax on electrical energy.
                         Sec. 617. Tax on gasoline.
                         Sec. 618. Definition of sale.
                         Sec. 619. Sale price.
                         Sec. 620. Sale of articles for further manufacture.
                         Sec. 621. Credits and refunds.
                         Sec. 622. Use by manufacturer, producer, or importer.
                         Sec. 623. Sales by others than manufacturer, producer, or importer.
                         Sec. 624. Exemption of articles manufactured or produced by Indians.
                         Sec. 625. Contracts prior to May 1, 1932.
                         Sec. 626. Return and payment of manufacturers' taxes.
                         Sec. 627. Applicability of administrative provisions.
                         Sec. 628. Rules and regulations.
                         Sec. 629. Effective date.

Miscellaneous taxes,          TITLE V—MISCELLANEOUS TAXES
p. 270.

Telegraph, radio, etc.,   PART I—TAX ON TELEGRAPH, TELEPHONE, RADIO, AND CABLE FACILITIES
p. 270.
                         Sec. 701. Imposition.
                         Sec. 702. Returns and payments of tax.

Admissions tax,                  PART II—ADMISSIONS TAX
p. 271.
                         Sec. 711. Admissions tax.

Stamp taxes, p. 272.             PART III—STAMP TAXES

                         Sec. 721. Stamp tax on issues of bonds, etc.
                         Sec. 722. Stamp tax on issues of stock, etc.
                         Sec. 723. Stamp tax on transfer of stocks, etc.
                         Sec. 724. Stamp tax on transfer of bonds, etc.
                         Sec. 725. Stamp tax on conveyances.
                         Sec. 726. Stamp tax on sales of produce for future delivery.

Oil transportation by       PART IV—TAX ON TRANSPORTATION OF OIL BY PIPE LINE
pipe lines, p. 275.
                         Sec. 731. Tax on transportation of oil by pipe line.

PART V—TAX ON LEASES OF SAFE DEPOSIT BOXES

Sec. 741. Tax on leases of safe deposit boxes.

PART VI—TAX ON CHECKS, ETC.

Sec. 751. Tax on checks, etc.

PART VII—TAX ON BOATS

Sec. 761. Tax on use of boats.

PART VIII—ADMINISTRATIVE PROVISIONS

Sec. 771. Payment of taxes.
Sec. 772. Refunds and credits.
Sec. 773. Regulations.
Sec. 774. Applicability of administrative provisions.

TITLE VI—ESTATE TAX AMENDMENTS

Sec. 801. Credit of gift tax on estate tax.
Sec. 802. 80 per centum credit.
Sec. 803. Future interests.
Sec. 804. Relinquishment of dower, etc., as consideration.
Sec. 805. Deductions.
Sec. 806. Prior taxed property.
Sec. 807. Deduction of bequests, etc., to charity.
Sec. 808. Extension of time for payment.
Sec. 809. Lien for taxes.
Sec. 810. Refunds.
Sec. 811. Future interests—Extension of time for payment of tax.

TITLE VII—TAX ON TRANSFERS TO AVOID INCOME TAX

Sec. 901. Imposition of tax.
Sec. 902. Nontaxable transfers.
Sec. 903. Definition of "Foreign Trust".
Sec. 904. Payment and collection.

TITLE VIII—POSTAL RATES

Sec. 1001. Postal rates.

TITLE IX—ADMINISTRATIVE AND GENERAL PROVISIONS

Sec. 1101. Review of decisions of Board of Tax Appeals.
Sec. 1102. Board of Tax Appeals—Fees.
Sec. 1103. Limitations on suits by taxpayer.
Sec. 1104. Date of allowance of refund or credit.
Sec. 1105. Jeopardy assessment.
Sec. 1106. Refunds of miscellaneous taxes.
Sec. 1107. Adjustments of carriers' liabilities to conform to recapture payments.
Sec. 1108. Limitation on prosecutions for internal revenue offenses.
Sec. 1109. Special disbursing agents of Treasury.
Sec. 1110. Refund of taxes for taxable year 1918.
Sec. 1111. Definitions.
Sec. 1112. Separability clause.
Sec. 1113. Effective date of act.

# TITLE I—INCOME TAX

## SUBTITLE A—INTRODUCTORY PROVISIONS

### SEC. 1. APPLICATION OF TITLE.

The provisions of this title shall apply only to the taxable year 1932 and succeeding taxable years.  Income, war-profits, and excess-profits taxes for taxable years preceding the taxable year 1932 shall not be affected by the provisions of this title, but shall remain subject to the applicable provisions of prior revenue Acts, except as such provisions are modified by Title IX of this Act or by legislation enacted subsequent to this Act.

### SEC. 2. CROSS REFERENCES.

The cross references in this title to other portions of the title, where the word "see" is used, are made only for convenience, and shall be given no legal effect.

*(margin notes)*

REVENUE ACT OF 1932.

Safe deposit boxes, leases, p. 276.
Checks, etc., p. 276.

Boats, p. 277.

Administrative provisions, p. 277.

Estate tax amendments, p. 278.

Tax on transfers to avoid income tax, p. 284.

Postal rates, p. 285.

Administrative and general provisions, p. 286.

INCOME TAX.

Introductory provisions.

Application of title.
To 1932, and succeeding years.

Previous years not affected.

Exceptions.
*Post*, p. 286.

Cross references.
Merely for convenience.

## SEC. 3. CLASSIFICATION OF PROVISIONS.

INCOME TAX
Classification of provisions.
Designations.

The provisions of this title are herein classified and designated as—

Subtitle A—Introductory provisions,
Subtitle B—General provisions, divided into Parts and sections,
Subtitle C—Supplemental provisions, divided into Supplements and sections.

## SEC. 4. SPECIAL CLASSES OF TAXPAYERS.

Special classes of taxpayers.
Application of general provisions and supplements.

The application of the General Provisions and of Supplements A to D, inclusive, to each of the following special classes of taxpayers, shall be subject to the exceptions and additional provisions found in the Supplement applicable to such class, as follows:

Estates and trusts, p. 219.

(a) Estates and trusts and the beneficiaries thereof,—Supplement E.

Members of partnerships, p. 222.
Insurance companies, p. 223.
Nonresident aliens, p. 228.
Foreign corporations, p. 229.
Citizens of possessions, not citizens of United States, p. 231.
Citizens deriving large portion of income from United States possessions.

(b) Members of partnerships,—Supplement F.
(c) Insurance companies,—Supplement G.
(d) Nonresident alien individuals,—Supplement H.
(e) Foreign corporations,—Supplement I.
(f) Individual citizens of any possession of the United States who are not otherwise citizens of the United States and who are not residents of the United States,—Supplement J.
(g) Individual citizens of the United States or domestic corporations, satisfying the conditions of section 251 by reason of deriving a large portion of their gross income from sources within a possession of the United States,—Supplement J.

Post, p. 231.
China Trade Act corporations, p. 232.

(h) China Trade Act corporations,—Supplement K.

## SUBTITLE B—GENERAL PROVISIONS

General provisions.

### Part I—Rates of Tax

Rates of tax.

## SEC. 11. NORMAL TAX ON INDIVIDUALS.

Normal tax on individuals.
Rates on net income.

There shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax equal to the sum of the following:

Post, p. 184.

(a) 4 per centum of the first $4,000 of the amount of the net income in excess of the credits against net income provided in section 25; and
(b) 8 per centum of the remainder of such excess amount.

## SEC. 12. SURTAX ON INDIVIDUALS.

Surtax on individuals.
Rates.

(a) RATES OF SURTAX.—There shall be levied, collected, and paid for each taxable year upon the net income of every individual a surtax as follows:

Upon a net income of $6,000 there shall be no surtax; upon net incomes in excess of $6,000 and not in excess of $10,000, 1 per centum of such excess.

$40 upon net incomes of $10,000; and upon net incomes in excess of $10,000 and not in excess of $12,000, 2 per centum in addition of such excess.

$80 upon net incomes of $12,000; and upon net incomes in excess of $12,000 and not in excess of $14,000, 3 per centum in addition of such excess.

$140 upon net incomes of $14,000; and upon net incomes in excess of $14,000 and not in excess of $16,000, 4 per centum in addition of such excess.

$220 upon net incomes of $16,000; and upon net incomes in excess of $16,000 and not in excess of $18,000, 5 per centum in addition of such excess.

$320 upon net incomes of $18,000; and upon net incomes in excess of $18,000 and not in excess of $20,000, 6 per centum in addition of such excess.

$440 upon net incomes of $20,000; and upon net incomes in excess of $20,000 and not in excess of $22,000, 8 per centum in addition of such excess.

$600 upon net incomes of $22,000; and upon net incomes in excess of $22,000 and not in excess of $24,000, 9 per centum in addition of such excess.

$780 upon net incomes of $24,000; and upon net incomes in excess of $24,000 and not in excess of $26,000, 10 per centum in addition of such excess.

$980 upon net incomes of $26,000; and upon net incomes in excess of $26,000 and not in excess of $28,000, 11 per centum in addition of such excess.

$1,200 upon net incomes of $28,000; and upon net incomes in excess of $28,000 and not in excess of $30,000, 12 per centum in addition of such excess.

$1,440 upon net incomes of $30,000; and upon net incomes in excess of $30,000 and not in excess of $32,000, 13 per centum in addition of such excess.

$1,700 upon net incomes of $32,000; and upon net incomes in excess of $32,000 and not in excess of $36,000, 15 per centum in addition of such excess.

$2,300 upon net incomes of $36,000; and upon net incomes in excess of $36,000 and not in excess of $38,000, 16 per centum in addition of such excess.

$2,620 upon net incomes of $38,000; and upon net incomes in excess of $38,000 and not in excess of $40,000, 17 per centum in addition of such excess.

$2,960 upon net incomes of $40,000; and upon net incomes in excess of $40,000 and not in excess of $42,000, 18 per centum in addition of such excess.

$3,320 upon net incomes of $42,000; and upon net incomes in excess of $42,000 and not in excess of $44,000, 19 per centum in addition of such excess.

$3,700 upon net incomes of $44,000; and upon net incomes in excess of $44,000 and not in excess of $46,000, 20 per centum in addition of such excess.

$4,100 upon net incomes of $46,000; and upon net incomes in excess of $46,000 and not in excess of $48,000, 21 per centum in addition of such excess.

$4,520 upon net incomes of $48,000; and upon net incomes in excess of $48,000 and not in excess of $50,000, 22 per centum in addition of such excess.

$4,960 upon net incomes of $50,000; and upon net incomes in excess of $50,000 and not in excess of $52,000, 23 per centum in addition of such excess.

$5,420 upon net incomes of $52,000; and upon net incomes in excess of $52,000 and not in excess of $54,000, 24 per centum in addition of such excess.

$5,900 upon net incomes of $54,000; and upon net incomes in excess of $54,000 and not in excess of $56,000, 25 per centum in addition of such excess.

$6,400 upon net incomes of $56,000; and upon net incomes in excess of $56,000 and not in excess of $58,000, 26 per centum in addition of such excess.

INCOME TAX
Surtax on individuals.
RATES—Contd.

INCOME TAX
Surtax on individ-
uals.
RATES—Contd,

$6,920 upon net incomes of $58,000; and upon net incomes in excess of $58,000 and not in excess of $60,000, 27 per centum in addition of such excess.

$7,460 upon net incomes of $60,000; and upon net incomes in excess of $60,000 and not in excess of $62,000, 28 per centum in addition of such excess.

$8,020 upon net incomes of $62,000; and upon net incomes in excess of $62,000˜and not in excess of $64,000, 29 per centum in addition of such excess.

$8,600 upon net incomes of $64,000; and upon net incomes in excess of $64,000 and not in excess of $66,000, 30 per centum in addition of such excess.

$9,200 upon net incomes of $66,000; and upon net incomes in excess of $66,000 and not in excess of $68,000, 31 per centum in addition of such excess.

$9,820 upon net incomes of $68,000; and upon net incomes in excess of $68,000 and not in excess of $70,000, 32 per centum in addition of such excess.

$10,460 upon net incomes of $70,000; and upon net incomes in excess of $70,000 and not in excess of $72,000, 33 per centum in addition of such excess.

$11,120 upon net incomes of $72,000; and upon net incomes in excess of $72,000 and not in excess of $74,000, 34 per centum in addition of such excess.

$11,800 upon net incomes of $74,000; and upon net incomes in excess of $74,000 and not in excess of $76,000, 35 per centum in addition of such excess.

$12,500 upon net incomes of $76,000; and upon net incomes in excess of $76,000 and not in excess of $78,000, 36 per centum in addition of such excess.

$13,220 upon net incomes of $78,000; and upon net incomes in excess of $78,000 and not in excess of $80,000, 37 per centum in addition of such excess.

$13,960 upon net incomes of $80,000; and upon net incomes in excess of $80,000 and not in excess of $82,000, 38 per centum in addition of such excess.

$14,720 upon net incomes of $82,000; and upon net incomes in excess of $82,000 and not in excess of $84,000, 39 per centum in addition of such excess.

$15,500 upon net incomes of $84,000; and upon net incomes in excess of $84,000 and not in excess of $86,000, 40 per centum in addition of such excess.

$16,300 upon net incomes of $86,000; and upon net incomes in excess of $86,000 and not in excess of $88,000, 41 per centum in addition of such excess.

$17,120 upon net incomes of $88,000; and upon net incomes in excess of $88,000 and not in excess of $90,000, 42 per centum in addition of such excess.

$17,960 upon net incomes of $90,000; and upon net incomes in excess of $90,000 and not in excess of $92,000, 43 per centum in addition of such excess.

$18,820 upon net incomes of $92,000; and upon net incomes in excess of $92,000 and not in excess of $94,000, 44 per centum in addition of such excess.

$19,700 upon net incomes of $94,000; and upon net incomes in excess of $94,000 and not in excess of $96,000, 45 per centum in addition of such excess.

72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.   **177**

$20,600 upon net incomes of $96,000; and upon net incomes in excess of $96,000 and not in excess of $98,000, 46 per centum in addition of such excess.

$21,520 upon net incomes of $98,000; and upon net incomes in excess of $98,000 and not in excess of $100,000, 47 per centum in addition of such excess.

$22,460 upon net incomes of $100,000; and upon net incomes in excess of $100,000 and not in excess of $150,000, 48 per centum in addition of such excess.

$46,460 upon net incomes of $150,000; and upon net incomes in excess of $150,000 and not in excess of $200,000, 49 per centum in addition of such excess.

$70,960 upon net incomes of $200,000; and upon net incomes in excess of $200,000 and not in excess of $300,000, 50 per centum in addition of such excess.

$120,960 upon net incomes of $300,000; and upon net incomes in excess of $300,000 and not in excess of $400,000, 51 per centum in addition of such excess.

$171,960 upon net incomes of $400,000; and upon net incomes in excess of $400,000 and not in excess of $500,000, 52 per centum in addition of such excess.

$223,960 upon net incomes of $500,000; and upon net incomes in excess of $500,000 and not in excess of $750,000, 53 per centum in addition of such excess.

$356,460 upon net incomes of $750,000; and upon net incomes in excess of $750,000 and not in excess of $1,000,000, 54 per centum in addition of such excess.

$491,460 upon net incomes of $1,000,000; and upon net incomes in excess of $1,000,000, 55 per centum in addition of such excess.

(b) SALE OF MINES AND OIL OR GAS WELLS.—For limitation of surtax attributable to sale of mines and oil or gas wells, see section 102.

Sale of mines, etc.
Post, p. 192.

(c) CAPITAL NET GAINS AND LOSSES.—For rate and computation of tax in lieu of normal and surtax in case of net incomes of not less than $16,000, approximately, or in case of net incomes, excluding items of capital gain, capital loss, and capital deductions, of not less than $16,000, approximately, see section 101.

Capital net gains and losses.

Post, p. 191.

(d) EVASION OF SURTAXES BY INCORPORATION.—For tax on corporations which accumulate surplus to evade surtax on stockholders, see section 104.

Evasion by incorporation.
Post, p. 195.

## SEC. 13. TAX ON CORPORATIONS.

Tax on corporations.
Rate.

(a) RATE OF TAX.—There shall be levied, collected, and paid for each taxable year upon the net income of every corporation, a tax of 13¾ per centum of the amount of the net income in excess of the credit against net income provided in section 26.

(b) EXEMPT CORPORATIONS.—For corporations exempt from tax, see section 103.

Exempt corporations.
Post, p. 193.

(c) IMPROPER ACCUMULATION OF SURPLUS.—For tax on corporations which accumulate surplus to evade surtax on stockholders, see section 104.

Accumulating surplus to avoid surtax.
Post, p. 195.

## SEC. 14. TAXABLE PERIOD EMBRACING YEARS WITH DIFFERENT LAWS.

Period embracing years with different laws.
Computing tax.
Post, p. 195.

If a taxable period embraces portions of two calendar years for which the laws are different, the tax shall be computed as provided in section 105.

3051°—33——12

## Part II—Computation of Net Income

INCOME TAX
Computation of net
income.

SEC. 21. NET INCOME.

Net income.
Meaning of.

"Net income" means the gross income computed under section 22, less the deductions allowed by section 23.

Gross income.
General definition.

SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.   In the case of Presidents of the United States and judges of courts of the United States taking office after the date of the enactment of this Act, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly.

Compensation of
Presidents, judges.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

Items exempt from
taxation.

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income);

Life insurance.

(2) ANNUITIES, ETC.—Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts) under a life insurance, endowment, or annuity contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income.   In the case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph;

Amounts from an-
nuities.

Transfers for value.

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income);

Value of gifts, etc.

(4) TAX-FREE INTEREST.—Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; or (B) securities issued under the provisions of the Federal Farm Loan Act, or under the provisions of such Act as amended; or (C) the obligations of the United States or its possessions.   Every person owning any of the obligations or securities enumerated in clause (A), (B), or (C) shall, in the return required by this title, submit a statement showing the number and amount of such obligations and securities owned by him and the income received therefrom, in such form and with such information as the Commissioner may require.   In the case of obligations of the United States issued after September 1, 1917 (other than postal savings certificates of deposit), the interest shall be exempt only if and to the extent provided in the respective Acts authorizing the

Interest on State
bonds, etc.
Farm loan securities.

Federal obligations,
etc.
Statement required
in returns.

Limitation on Lib-
erty bonds, etc.

issue thereof as amended and supplemented, and shall be excluded from gross income only if and to the extent it is wholly exempt to the taxpayer from the taxes imposed by this title;

(5) COMPENSATION FOR INJURIES OR SICKNESS.—Amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness;

(6) MINISTERS.—The rental value of a dwelling house and appurtenances thereof furnished to a minister of the gospel as part of his compensation;

(7) MISCELLANEOUS ITEMS.—The following items, to the extent provided in section 116:

Earned income from sources without the United States;
Salaries of certain Territorial employees;
The income of foreign governments;
Income of States, municipalities and other political subdivisions;
Receipts of shipowners' mutual protection and indemnity associations;
Dividends from China Trade Act corporations.

(c) INVENTORIES.—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

(d) DISTRIBUTIONS BY CORPORATIONS.—Distributions by corporations shall be taxable to the shareholders as provided in section 115.

(e) DETERMINATION OF GAIN OR LOSS.—In the case of a sale or other disposition of property, the gain or loss shall be computed as provided in sections 111, 112, and 113.

(f) GROSS INCOME FROM SOURCES WITHIN AND WITHOUT UNITED STATES.—For computation of gross income from sources within and without the United States, see section 119.

**SEC. 23. DEDUCTIONS FROM GROSS INCOME.**

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except (1) on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this title, or (2) on indebtedness incurred or continued in connection with the purchasing or carrying of an annuity.

---

*Marginal notes:*

INCOME TAX

Payment for personal injuries or sickness.

Rent of ministers' dwelling.

Miscellaneous items.
*Post,* p. 204.

Inventories to determine income.

Distributions by corporations.
*Post,* p. 203.
Determination of gain or loss on sale of property.
*Post,* pp. 195, 196, 198.

Sources within and without United States.
*Post,* p. 208.

Deductions from gross income.
Items specified.
Business expenses.

Travel, etc., included.

Interest on debts.
Exceptions.

INCOME TAX

Taxes paid within taxable year.
Exceptions.

(c) TAXES GENERALLY.—Taxes paid or accrued within the taxable year, except—

(1) income, war-profits, and excess-profits taxes imposed by the authority of the United States;

(2) income, war-profits, and excess-profits taxes imposed by the authority of any foreign country or possession of the United States; but this deduction shall be allowed in the case of a taxpayer who does not signify in his return his desire to have to any extent the benefits of section 131 (relating to credit for taxes of foreign countries and possessions of the United States); and

*Post*, p. 211.

(3) taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not exclude the allowance as a deduction of so much of such taxes as is properly allocable to maintenance or interest charges.

Accruement of estate, etc., taxes.

For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

Limitation.

Taxes of shareholder paid by corporation.

(d) TAXES OF SHAREHOLDER PAID BY CORPORATION.—The deduction for taxes allowed by subsection (c) shall be allowed to a corporation in the case of taxes imposed upon a shareholder of the corporation upon his interest as shareholder which are paid by the corporation without reimbursement from the shareholder, but in such cases no deduction shall be allowed the shareholder for the amount of such taxes.

Losses by individuals.

(e) LOSSES BY INDIVIDUALS.—Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

Business.

(1) if incurred in trade or business; or

Not connected with trade or business.

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

Casualty losses not connected with business.

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft.  No loss shall be allowed as a deduction under this paragraph if at the time of the filing of the return such loss has been claimed as a deduction for estate tax purposes in the estate tax return.

Disallowed if deducted for estate-tax purposes.

Losses by corporations.

(f) LOSSES BY CORPORATIONS.—Subject to the limitations provided in subsection (r) of this section, in the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

Basis for determining loss.

*Post*, p. 201.

(g) BASIS FOR DETERMINING LOSS.—The basis for determining the amount of deduction for losses sustained, to be allowed under subsection (e) or (f), shall be the adjusted basis provided in section 113 (b) for determining the gain or loss from the sale or other disposition of property.

Disallowance of loss on wash sales of stock, etc.

*Post*, p. 208.

(h) LOSS ON WASH SALES OF STOCK OR SECURITIES.—For disallowance of loss deduction in the case of sales of stock or securities where within thirty days before or after the date of the sale the taxpayer has acquired substantially identical property, see section 118.

Net losses of prior year.
*Post*, p. 207.

(i) NET LOSSES.—The special deduction for net losses of a prior year, to the extent provided in section 117.

Worthless debts.

(j) BAD DEBTS.—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner

**181**

may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

(k) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

(l) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. In any case in which it is ascertained as a result of operations or of development work that the recoverable units are greater or less than the prior estimate thereof, then such prior estimate (but not the basis for depletion) shall be revised and the allowance under this subsection for subsequent taxable years shall be based upon such revised estimate. In the case of leases the deductions shall be equitably apportioned between the lessor and lessee. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each. (For percentage depletion, see section 114(b) (3) and (4).)

(m) BASIS FOR DEPRECIATION AND DEPLETION.—The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be as provided in section 114.

(n) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts made within the taxable year to or for the use of:

(1) the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

(2) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual;

(3) the special fund for vocational rehabilitation authorized by section 12 of the World War Veterans' Act, 1924;

(4) posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units, or societies are organized in the United States or any of its possessions, and if no part of their net earnings inures to the benefit of any private shareholder or individual; or

INCOME TAX

Exhaustion, etc., of business property.

Life estates.

Property in trust.

Mines, oil and gas wells, timber, etc.

Reasonable allowance for depletion, etc.

Revision of estimates allowed.

Leases.

Life estates.

Property in trust.

Post, p. 202.

Basis for depletion, etc.

Charitable, etc., contributions.
Gifts.

For public uses.

Corporations, community chests, religious, scientific, etc., organizations.

Vocational rehabilitation.
Vol. 43, p. 611.

War veterans' organizations, etc.

INCOME TAX
Fraternal societies, etc.
Condition.

(5) a fraternal society, order, or association, operating under the lodge system, but only if such contributions or gifts are to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals;

Limit.

to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. (For unlimited deduction if contributions and gifts exceed 90 per centum of the net income, see section 120.)

Unlimited deductions, p. 210.

Future expenses in case of casual sales of real property.
Allowance for future liabilities under contract.

(o) FUTURE EXPENSES IN CASE OF CASUAL SALES OF REAL PROPERTY.—In the case of a casual sale or other casual disposition of real property by an individual, a reasonable allowance for future expense liabilities, incurred under the provisions of the contract under which such sale or other disposition was made, under such regulations as the Commissioner, with the approval of the Secretary, may prescribe, including the giving of a bond, with such sureties and in such sum (not less than the estimated tax liability computed without the benefit of this subsection) as the Commissioner may require, conditioned upon the payment (notwithstanding any statute of limitations) of the tax, computed without the benefit of this subsection, in respect of any amounts allowed as a deduction under this subsection and not actually expended in carrying out the provisions of such contract.

Bond.

Dividends received by corporations.

(p) DIVIDENDS RECEIVED BY CORPORATIONS.—In the case of a corporation, the amount received as dividends—

From a domestic corporation.

(1) from a domestic corporation which is subject to taxation under this title, or

From a foreign corporation, if more than 50 per cent derived from United States sources.

(2) from any foreign corporation when it is shown to the satisfaction of the Commissioner that more than 50 per centum of the gross income of such foreign corporation for the three-year period ending with the close of its taxable year preceding the declaration of such dividends (or for such part of such period as the foreign corporation has been in existence) was derived from sources within the United States as determined under section 119.

Post, p. 208.

Dividends from China Trade Act corporations, etc., excepted.
Post, p. 231.

The deduction allowed by this subsection shall not be allowed in respect of dividends received from a corporation organized under the China Trade Act, 1922, or from a corporation which under section 251 is taxable only on its gross income from sources within the United States by reason of its receiving a large percentage of its gross income from sources within a possession of the United States.

Pension trusts.
Contributions to.
Post, p. 221.

(q) PENSION TRUSTS.—An employer establishing or maintaining a pension trust to provide for the payment of reasonable pensions to his employees (if such trust is exempt from tax under section 165, relating to trusts created for the exclusive benefit of employees) shall be allowed as a deduction (in addition to the contributions to such trust during the taxable year to cover the pension liability accruing during the year, allowed as a deduction under subsection (a) of this section) a reasonable amount transferred or paid into such trust during the taxable year in excess of such contributions, but only if such amount (1) has not theretofore been allowable as a deduction, and (2) is apportioned in equal parts over a period of ten consecutive years beginning with the year in which the transfer or payment is made. Any deduction allowable under section 23 (q) of the Revenue Act of 1928 which under such section was apportioned to any taxable year subsequent to the taxable year 1931 shall be allowed as a deduction in the years to which so apportioned to

Allowances under a previous law.
Vol. 45, p. 802.

the extent allowable under such section if it had remained in force with respect to such year.

(r) LIMITATION ON STOCK LOSSES.—

(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

(2) Losses disallowed as a deduction by paragraph (1), computed without regard to any losses sustained during the preceding taxable year, shall, to an amount not in excess of the taxpayer's net income for the taxable year, be considered for the purposes of this title as losses sustained in the succeeding taxable year from sales or exchanges of stocks or bonds which are not capital assets.

(3) This subsection shall not apply to a dealer in securities (as to stocks and bonds acquired for resale to customers) in respect of transactions in the ordinary course of his business, nor to a bank or trust company incorporated under the laws of the United States or of any State or Territory, nor to persons carrying on the banking business (where the receipt of deposits constitutes a major part of such business) in respect of transactions in the ordinary course of such banking business.

(s) SAME—SHORT SALES.—For the purposes of this title, gains or losses (A) from short sales of stocks and bonds, or (B) attributable to privileges or options to buy or sell such stocks and bonds, or (C) from sales or exchanges of such privileges or options, shall be considered as gains or losses from sales or exchanges of stocks or bonds which are not capital assets.

(t) DEFINITION OF STOCKS AND BONDS.—As used in subsections (r) and (s), the term "stocks and bonds" means (1) shares of stock in any corporation, or (2) rights to subscribe for or to receive such shares, or (3) bonds, debentures, notes, or certificates or other evidences of indebtedness, issued by any corporation (other than a government or political subdivision thereof), with interest coupons or in registered form, or (4) certificates of profit, or of interest in property or accumulations, in any investment trust or similar organization holding or dealing in any of the instruments mentioned or described in this subsection, regardless of whether or not such investment trust or similar organization constitutes a corporation within the meaning of this Act.

## SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses;

(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate;

(3) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made; or

(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

INCOME TAX

Limitation on stock losses.
Sales or exchanges.

*Post*, p. 191.

Disallowances computed as losses sustained in succeeding taxable year.

Exceptions.
Dealer in securities.

Bank or trust company.

Gains or losses from short sales.
From short sales of stocks, etc.
Due to options to buy such stocks, etc.
From sales of such privileges, etc.

Stocks and bonds defined.
Shares of stock in a corporation.
Subscriptions.
Bonds, etc.

Certificates of profit.

Items not deductible.
Objects specified.

Personal, etc., expenses.
Property improvements.

Restoring property.

Life insurance premiums for employees.

INCOME TAX

Holders of life or terminable interest.
Deductions on income acquired by gift, etc.

*Ante*, p. 181.

(b) HOLDERS OF LIFE OR TERMINABLE INTEREST.—Amounts paid under the laws of any State, Territory, District of Columbia, possession of the United States, or foreign country as income to the holder of a life or terminable interest acquired by gift, bequest, or inheritance shall not be reduced or diminished by any deduction for shrinkage (by whatever name called) in the value of such interest due to the lapse of time, nor by any deduction allowed by this Act (except the deductions provided for in subsections (k) and (l) of section 23) for the purpose of computing the net income of an estate or trust but not allowed under the laws of such State, Territory, District of Columbia, possession of the United States, or foreign country for the purpose of computing the income to which such holder is entitled.

Tax-free covenant bonds.
*Post*, p. 215.

(c) TAX WITHHELD ON TAX-FREE COVENANT BONDS.—For tax withheld on tax-free covenant bonds, see section 143 (a) (3).

Credits allowed individuals against net income.

## SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

There shall be allowed for the purpose of the normal tax, but not for the surtax, the following credits against the net income:

Dividends.

From domestic corporations.

Foreign corporation with more than 50 per cent of income from United States sources.

(a) DIVIDENDS.—The amount received as dividends—

(1) from a domestic corporation which is subject to taxation under this title, or

(2) from a foreign corporation when it is shown to the satisfaction of the Commissioner that more than 50 per centum of the gross income of such foreign corporation for the three-year period ending with the close of its taxable year preceding the declaration of such dividends (or for such part of such period as the corporation has been in existence) was derived from sources within the United States as determined under the provisions of section 119.

*Post*, p. 208.

From China Trade Act corporations, etc., excepted.
*Post*, p. 231.

The credit allowed by this subsection shall not be allowed in respect of dividends received from a corporation organized under the China Trade Act, 1922, or from a corporation which under section 251 is taxable only on its gross income from sources within the United States by reason of its receiving a large percentage of its gross income from sources within a possession of the United States.

Interest on Federal securities.
*Ante*, p. 178.

(b) INTEREST ON UNITED STATES OBLIGATIONS.—The amount received as interest upon obligations of the United States which is included in gross income under section 22.

Personal exemption.
Single persons.

Husband and wife living together.

Separate returns.

(c) PERSONAL EXEMPTION.—In the case of a single person, a personal exemption of $1,000; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

Credit for dependents.

(d) CREDIT FOR DEPENDENTS.—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

Change of status.
During taxable year.

Apportionment of tax.

(e) CHANGE OF STATUS.—If the status of the taxpayer, in so far as it affects the personal exemption or credit for dependents, changes during the taxable year, the personal exemption and credit shall be apportioned, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, in accordance with the number of months before and after such change. For the purpose of such apportionment a fractional part of a month shall be disregarded unless it amounts to more than half a month in which case it shall be considered as a month.

## SEC. 26. CREDITS OF CORPORATION AGAINST NET INCOME.

For the purpose only of the tax imposed by section 13 there shall be allowed as a credit against net income the amount received as interest upon obligations of the United States which is included in gross income under section 22.

<div align="right"><small>INCOME TAX<br>Credits allowed corporations.<br>Interest on United States securities.<br><i>Ante,</i> p. 178.</small></div>

## Part III—Credits Against Tax

<div align="right"><small>Credits against tax.</small></div>

### SEC. 31. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

The amount of income, war-profits, and excess-profits taxes imposed by foreign countries or possessions of the United States shall be allowed as a credit against the tax, to the extent provided in section 131.

<div align="right"><small>Taxes of foreign countries, etc.<br>Extent of credit for.<br><i>Post,</i> p. 211.</small></div>

### SEC. 32. TAXES WITHHELD AT SOURCE.

The amount of tax withheld at the source under section 143 shall be allowed as a credit against the tax.

<div align="right"><small>Taxes withheld at source.<br>Credit for.<br><i>Post,</i> p. 215.</small></div>

### SEC. 33. ERRONEOUS PAYMENTS.

(a) CREDIT FOR OVERPAYMENTS.—For credit against the tax of overpayments of taxes imposed by this title for other taxable years, see section 322.

<div align="right"><small>Erroneous payments.<br>Credit for overpayments.<br><i>Post,</i> p. 242.</small></div>

(b) FISCAL YEAR ENDING IN 1932.—For credit against the tax of amounts of tax paid for a fiscal year beginning in 1931 and ending in 1932, see section 132.

<div align="right"><small>Credit for fiscal year ending in 1932.<br><i>Post,</i> p. 213.</small></div>

## Part IV—Accounting Periods and Methods of Accounting

<div align="right"><small>Accounting periods and methods.</small></div>

### SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year. (For use of inventories, see section 22(c).)

<div align="right"><small>General rule.<br>Net income on basis of annual accounting period.<br><br><br><br><br><br>If no accounting period, on calendar year.<br><br>Inventories.<br><i>Ante,</i> p. 179.</small></div>

### SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.

<div align="right"><small>Gross income.<br>Items for taxable year in which received.</small></div>

### SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.

The deductions and credits provided for in this title shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period.

<div align="right"><small>Deductions and credits.<br>For taxable year in which "paid or accrued" or "paid or incurred."</small></div>

### SEC. 44. INSTALLMENT BASIS.

(a) DEALERS IN PERSONAL PROPERTY.—Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any tax-

<div align="right"><small>Installment basis.<br>Dealers in personal property may make returns on, of payments actually received.</small></div>

INCOME TAX

able year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price.

Returns of income from casual sales of personalty or of realty.

(b) SALES OF REALTY AND CASUAL SALES OF PERSONALTY.—In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 40 per centum of the selling price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section.  As used in this section the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

Computation of income on change to installment basis.

(c) CHANGE FROM ACCRUAL TO INSTALLMENT BASIS.—If a taxpayer entitled to the benefits of subsection (a) elects for any taxable year to report his net income on the installment basis, then in computing his income for the year of change or any subsequent year, amounts actually received during any such year on account of sales or other dispositions of property made in any prior year shall not be excluded.

Gain or loss upon disposition of installment obligations.

(d) GAIN OR LOSS UPON DISPOSITION OF INSTALLMENT OBLIGATIONS.—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of

Basis.

such distribution, transmission, or disposition.  The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the

Transmission at death of installment obligations.

obligation satisfied in full.  This subsection shall not apply to the transmission at death of installment obligations if there is filed with the Commissioner, at such time as he may by regulation prescribe, a bond in such amount and with such sureties as he may deem necessary, conditioned upon the return as income, by the person receiving any payment on such obligations, of the same proportion of such payment as would be returnable as income by the decedent if he had lived and had received such payment.

Allocation of income and deductions. Provisions if same interests control two or more businesses.

**SEC. 45. ALLOCATION OF INCOME AND DEDUCTIONS.**

In any case of two or more trades or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income or deductions between or among such trades or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such trades or businesses.

Change of accounting period.

Net income computed on basis of new period.

**SEC. 46. CHANGE OF ACCOUNTING PERIOD.**

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 47.

## SEC. 47. RETURNS FOR A PERIOD OF LESS THAN TWELVE MONTHS.

INCOME TAX

(a) RETURNS FOR SHORT PERIOD RESULTING FROM CHANGE OF ACCOUNTING PERIOD.—If a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

Returns for less than a year.
Basis of computing when accounting period changes.

(b) INCOME COMPUTED ON BASIS OF SHORT PERIOD.—Where a separate return is made under subsection (a) on account of a change in the accounting period, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made.

Income based on period of separate return.

(c) INCOME PLACED ON ANNUAL BASIS.—If a separate return is made under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made, shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in the period for which the separate return is made. The tax shall be such part of the tax computed on such annual basis as the number of months in such period is of twelve months.

Income placed on annual basis.
Computation of.

(d) CAPITAL NET GAINS AND LOSSES—EARNED INCOME.—The Commissioner with the approval of the Secretary shall by regulations prescribe the method of applying the provisions of subsections (b) and (c) (relating to computing income on the basis of a short period, and placing such income on an annual basis) to cases where the taxpayer makes a separate return under subsection (a) on account of a change in the accounting period, and it appears that for the period for which the return is so made he has derived a capital net gain, or sustained a capital net loss, or received earned income.

Application of capital net gains and losses, or earned income.

(e) REDUCTION OF CREDITS AGAINST NET INCOME.—In the case of a return made for a fractional part of a year, except a return made under subsection (a), on account of a change in the accounting period, the personal exemption and credit for dependents shall be reduced respectively to amounts which bear the same ratio to the full credits provided as the number of months in the period for which return is made bears to twelve months.

Reduction of personal credits for fractions of a year.

(f) CLOSING OF TAXABLE YEAR IN CASE OF JEOPARDY.—For closing of taxable year in case of jeopardy, see section 146.

Closing of taxable year.
Post, p. 217.

## SEC. 48. DEFINITIONS.

Definitions.

When used in this title—

(a) TAXABLE YEAR.—"Taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. "Taxable year" includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1932, shall be the calendar year 1932 or any fiscal year ending during the calendar year 1932.

"Taxable year."

First taxable year, calendar year 1932.

INCOME TAX
"Fiscal year."

(b) FISCAL YEAR.—"Fiscal year" means an accounting period of twelve months ending on the last day of any month other than December.

"Paid or incurred" and "paid or accrued."

(c) PAID, INCURRED, ACCRUED.—The terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part.

Returns and payment.

## Part V—Returns and Payment of Tax

Individual returns.

### SEC. 51. INDIVIDUAL RETURNS.

Sworn statement of gross income, deductions, and credits.

(a) REQUIREMENT.—The following individuals shall each make under oath a return stating specifically the items of his gross income and the deductions and credits allowed under this title—

Net income $1,000 or over, if single, etc.

(1) Every individual having a net income for the taxable year of $1,000 or over, if single, or if married and not living with husband or wife;

Net income $2,500 or over, if married and living with husband or wife.
Gross income $5,000 or over.

(2) Every individual having a net income for the taxable year of $2,500 or over, if married and living with husband or wife; and

(3) Every individual having a gross income for the taxable year of $5,000 or over, regardless of the amount of his net income.

Husband and wife living together.

(b) HUSBAND AND WIFE.—If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

Separate.

(1) Each shall make such a return, or

Joint.

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

Persons under disability.
By agent.

(c) PERSONS UNDER DISABILITY.—If the taxpayer is unable to make his own return, the return shall be made by a duly authorized agent or by the guardian or other person charged with the care of the person or property of such taxpayer.

Fiduciaries.
Post, p. 214.

(d) FIDUCIARIES.—For returns to be made by fiduciaries, see section 142.

Corporation returns.
Requirement for making.

### SEC. 52. CORPORATION RETURNS.

(a) REQUIREMENT.—Every corporation subject to taxation under this title shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer.

Receivers, trustees, etc.

In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns.

Collection of tax.

Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

Consolidated returns.
Post, p. 213.

(b) CONSOLIDATED RETURNS.—For provision as to consolidated returns of affiliated corporations, see section 141.

Time and place for filing returns.

### SEC. 53. TIME AND PLACE FOR FILING RETURNS.

(a) TIME FOR FILING.—

Time designated.

(1) GENERAL RULE.—Returns made on the basis of the calendar year shall be made on or before the 15th day of March following the close of the calendar year. Returns made on the basis of a fiscal year shall be made on or before the 15th day of the third month following the close of the fiscal year.

Extension granted on application.

(2) EXTENSION OF TIME.—The Commissioner may grant a reasonable extension of time for filing returns, under such rules and

regulations as he shall prescribe with the approval of the Secretary.  Except in the case of taxpayers who are abroad, no such extension shall be for more than six months.

(b) To Whom Return Made.—

(1) Individuals.—Returns (other than corporation returns) shall be made to the collector for the district in which is located the legal residence or principal place of business of the person making the return, or, if he has no legal residence or principal place of business in the United States, then to the collector at Baltimore, Maryland.

(2) Corporations.—Returns of corporations shall be made to the collector of the district in which is located the principal place of business or principal office or agency of the corporation, or, if it has no principal place of business or principal office or agency in the United States, then to the collector at Baltimore, Maryland.

## SEC. 54. RECORDS AND SPECIAL RETURNS.

(a) By Taxpayer.—Every person liable to any tax imposed by this title or for the collection thereof, shall keep such records, render under oath such statements, make such returns, and comply with such rules and regulations, as the Commissioner, with the approval of the Secretary, may from time to time prescribe.

(b) To Determine Liability to Tax.—Whenever in the judgment of the Commissioner necessary he may require any person, by notice served upon him, to make a return, render under oath such statements, or keep such records, as the Commissioner deems sufficient to show whether or not such person is liable to tax under this title.

(c) Information at the Source.—For requirement of statements and returns by one person to assist in determining the tax liability of another person, see sections 147 to 150.

## SEC. 55. PUBLICITY OF RETURNS.

Returns made under this title shall be open to inspection in the same manner, to the same extent, and subject to the same provisions of law, including penalties, as returns made under Title II of the Revenue Act of 1926.

## SEC. 56. PAYMENT OF TAX.

(a) Time of Payment.—The total amount of tax imposed by this title shall be paid on the fifteenth day of March following the close of the calendar year, or, if the return should be made on the basis of a fiscal year, then on the fifteenth day of the third month following the close of the fiscal year.

(b) Installment Payments.—The taxpayer may elect to pay the tax in four equal installments, in which case the first installment shall be paid on the date prescribed for the payment of the tax by the taxpayer, the second installment shall be paid on the fifteenth day of the third month, the third installment on the fifteenth day of the sixth month, and the fourth installment on the fifteenth day of the ninth month, after such date.  If any installment is not paid on or before the date fixed for its payment, the whole amount of the tax unpaid shall be paid upon notice and demand from the collector.

(c) Extension of Time for Payment.—At the request of the taxpayer, the Commissioner may extend the time for payment of the amount determined as the tax by the taxpayer, or any installment thereof, for a period not to exceed six months from the date prescribed for the payment of the tax or an installment thereof.  In such case the amount in respect of which the extension is granted shall be paid on or before the date of the expiration of the period of the extension.

INCOME TAX
Limit.

To whom made.
By individuals, to collector of district.

At Baltimore, Md.

Corporations, to collector of district where principal office located.

At Baltimore, Md.
Records and special returns.
Required of taxpayer.

Statement to determine liability to tax.

Information at the source.
Post, pp. 218, 219.

Publicity of returns.
Open to inspection as in Revenue Act of 1926.
Vol. 44, p. 51.

Payment of tax.
Time designated.

Allowed in four installments.

Whole amount on default.

Extension allowed on request.

Payment on expiration.

**190**                72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.

INCOME TAX

Voluntary advance payment.
*Post*, p. 217.

(d) VOLUNTARY ADVANCE PAYMENT.—A tax imposed by this title, or any installment thereof, may be paid, at the election of the taxpayer, prior to the date prescribed for its payment.

Jeopardy payments.
*Post*, p. 217.

(e) ADVANCE PAYMENT IN CASE OF JEOPARDY.—For advance payment in case of jeopardy, see section 146.

Tax withheld at source.
*Post*, pp. 215, 216.

(f) TAX WITHHELD AT SOURCE.—For requirement of withholding tax at the source in the case of nonresident aliens and foreign corporations, and in the case of so-called " tax-free covenant bonds," see sections 143 and 144.

Fraction of a cent disregarded.

(g) FRACTIONAL PARTS OF CENT.—In the payment of any tax under this title a fractional part of a cent shall be disregarded unless it amounts to one-half cent or more, in which case it shall be increased to 1 cent.

Receipts on request.

(h) RECEIPTS.—Every collector to whom any payment of any income tax is made shall upon request give to the person making such payment a full written or printed receipt, stating the amount paid and the particular account for which such payment was made; and whenever any debtor pays taxes on account of payments made or to be made by him to separate creditors the collector shall, if requested by such debtor, give a separate receipt for the tax paid on account of each creditor in such form that the debtor can con-

Evidence of tax paid.

veniently produce such receipts separately to his several creditors in satisfaction of their respective demands up to the amounts stated in the receipts; and such receipt shall be sufficient evidence in favor of such debtor to justify him in withholding from his next payment

Surrender to creditor as payment on debt.

to his creditor the amount therein stated; but the creditor may, upon giving to his debtor a full written receipt acknowledging the payment to him of any sum actually paid and accepting the amount of tax paid as aforesaid (specifying the same) as a further satisfaction of the debt to that amount, require the surrender to him of such collector's receipt.

Examination of return and determination of tax.
To be made as soon as practicable.

**SEC. 57. EXAMINATION OF RETURN AND DETERMINATION OF TAX.**

As soon as practicable after the return is filed the Commissioner shall examine it and shall determine the correct amount of the tax.

Additions to tax and penalties.
Negligence, etc., p. 238.

**SEC. 58. ADDITIONS TO TAX AND PENALTIES.**

(a) For additions to the tax in case of negligence or fraud in the nonpayment of tax or failure to file return therefor, see Supplement M.

Criminal penalties, p. 217.

(b) For criminal penalties for nonpayment of tax or failure to file return therefor, see section 145.

Administrative proceedings.
Nonpayments, or overpayments.

**SEC. 59. ADMINISTRATIVE PROCEEDINGS.**

For administrative proceedings in respect of the nonpayment or overpayment of a tax imposed by this title, see as follows:

Deficiencies, p. 233.

(a) Supplement L, relating to assessment and collection of deficiencies.

Additions, p. 238.

(b) Supplement M, relating to interest and additions to tax.

Transferees and fiduciaries, p. 240.

(c) Supplement N, relating to claims against transferees and fiduciaries.

Overpayments, p. 242.

(d) Supplement O, relating to overpayments.

Miscellaneous provisions.

**Part VI—Miscellaneous Provisions**

Laws made applicable.
Administrative provisions, etc., extended to.

**SEC. 61. LAWS MADE APPLICABLE.**

All administrative, special, or stamp provisions of law, including the law relating to the assessment of taxes, so far as applicable, are hereby extended to and made a part of this title.

### SEC. 62. RULES AND REGULATIONS.

The Commissioner, with the approval of the Secretary, shall prescribe and publish all needful rules and regulations for the enforcement of this title.

### SEC. 63. TAXES IN LIEU OF TAXES UNDER 1928 ACT.

The taxes imposed by this title shall be in lieu of the corresponding taxes imposed by the sections of the Revenue Act of 1928 bearing the same numbers.

### SEC. 64. SHORT TITLE.

This title may be cited as the " Income Tax Act of 1932."

### SEC. 65. EFFECTIVE DATE OF TITLE.

This title shall take effect as of January 1, 1932, except that sections 145 and 150, and this section, shall take effect on the enactment of this Act.

## SUBTITLE C—SUPPLEMENTAL PROVISIONS

### Supplement A—Rates of Tax

[Supplementary to Subtitle B, Part I]

### SEC. 101. CAPITAL NET GAINS AND LOSSES.

(a) TAX IN CASE OF CAPITAL NET GAIN.—In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

(b) TAX IN CASE OF CAPITAL NET LOSS.—In the case of any taxpayer, other than a corporation, who for any taxable year sustains a capital net loss (as hereinafter defined in this section), there shall be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted, and the total tax shall be this amount minus 12½ per centum of the capital net loss; but in no case shall the tax of a taxpayer who has sustained a capital net loss be less than the tax computed without regard to the provisions of this section.

(c) DEFINITIONS.—For the purposes of this title—

(1) " Capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.

(2) " Capital loss " means deductible loss resulting from the sale or exchange of capital assets.

(3) " Capital deductions " means such deductions as are allowed by section 23 for the purpose of computing net income, and are properly allocable to or chargeable against capital assets sold or exchanged during the taxable year.

(4) " Ordinary deductions " means the deductions allowed by section 23 other than capital losses and capital deductions.

(5) " Capital net gain " means the excess of the total amount of capital gain over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains.

INCOME TAX

Rules and regulations.
To be prescribed and published.

Taxes in lieu of 1928 Act.
Table.
Vol. 45, p. 795.

Short title.
"Income Tax Act of 1932."

Effective date.
Exceptions.
*Post*, pp. 217, 219.

Supplemental provisions.

Rates of tax.

Capital net gains and losses.
Computation of tax of net gains.

Of net loss.

Meaning of terms.
"Capital gain."

"Capital loss."

"Capital deductions."
*Ante*, p. 179.

"Ordinary deductions."

"Capital net gain."

**192**        72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX

"Capital net loss."

"Ordinary net income."

"Capital assets."

Property not included.

Property received on an exchange.

*Post,* p. 198.

Period of property holding.

*Post,* p. 198.

Stock, etc., received on a distribution.

Vol. 45, p. 818.
*Post,* p. 197.

Computing period stock has been held.

Vol. 45, p. 826.
*Post,* p. 208.

Collection and payment of tax.

Sale of mines and oil or gas wells.
Tax on selling price.

Limitation, p. 191.

(6) " Capital net loss " means the excess of the sum of the capital losses plus the capital deductions over the total amount of capital gain.

(7) " Ordinary net income " means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions.

(8) " Capital assets " means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.  For the purposes of this definition—

(A) In determining the period for which the taxpayer has held property received on an exchange there shall be included the period for which he held the property exchanged, if under the provisions of section 113, the property received has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as the property exchanged.

(B) In determining the period for which the taxpayer has held property however acquired there shall be included the period for which such property was held by any other person, if under the provisions of section 113, such property has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as it would have in the hands of such other person.

(C) In determining the period for which the taxpayer has held stock or securities received upon a distribution where no gain is recognized to the distributee under the provisions of section 112 (g) of this Act or the Revenue Act of 1928, there shall be included the period for which he held the stock or securities in the distributing corporation prior to the receipt of the stock or securities upon such distribution.

(D) In determining the period for which the taxpayer has held stock or securities the acquisition of which (or the contract or option to acquire which) resulted in the nondeductibility (under section 118 of this Act or the Revenue Act of 1928, relating to wash sales) of the loss from the sale or other disposition of substantially identical stock or securities, there shall be included the period for which he held the stock or securities the loss from the sale or other disposition of which was not deductible.

(d) COLLECTION AND PAYMENT OF TAX.—The total tax determined under subsection (a) or (b) shall be collected and paid in the same manner, at the same time, and subject to the same provisions of law, including penalties, as other taxes under this title.

**SEC. 102. SALE OF MINES AND OIL OR GAS WELLS.**

(a) In the case of a bona fide sale of mines, oil or gas wells, or any interest therein, where the principal value of the property has been demonstrated by prospecting or exploration and discovery work done by the taxpayer, the portion of the tax imposed by section 12 of this title attributable to such sale shall not exceed 16 per centum of the selling price of such property or interest.

(b) For limitation to 12½ per centum rate of tax, see section 101.

### SEC. 103. EXEMPTIONS FROM TAX ON CORPORATIONS.

INCOME TAX

The following organizations shall be exempt from taxation under this title— Exemptions from tax on corporations.

(1) Labor, agricultural, or horticultural organizations; Labor, agricultural, etc.

(2) Mutual savings banks not having a capital stock represented by shares; Mutual savings banks.

(3) Fraternal beneficiary societies, orders, or associations, (A) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system; and (B) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents; Fraternal beneficiary societies.

(4) Domestic building and loan associations substantially all the business of which is confined to making loans to members; and cooperative banks without capital stock organized and operated for mutual purposes and without profit; Domestic building and loan associations; cooperative banks.

(5) Cemetery companies owned and operated exclusively for the benefit of their members or which are not operated for profit; and any corporation chartered solely for burial purposes as a cemetery corporation and not permitted by its charter to engage in any business not necessarily incident to that purpose, no part of the net earnings of which inures to the benefit of any private shareholder or individual; Mutual cemetery companies.

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual; Corporations, community chests, etc., for religious, etc., purposes.

(7) Business leagues, chambers of commerce, real-estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual; Business leagues, etc.

(8) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes; Civic leagues, employees' associations, etc.

(9) Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder; Pleasure clubs.

(10) Benevolent life insurance associations of a purely local character, mutual ditch or irrigation companies, mutual or cooperative telephone companies, or like organizations; but only if 85 per centum or more of the income consists of amounts collected from members for the sole purpose of meeting losses and expenses; Local life insurance, mutual ditch, etc., companies.

(11) Farmers' or other mutual hail, cyclone, casualty, or fire insurance companies or associations (including interinsurers and reciprocal underwriters) the income of which is used or held for the purpose of paying losses or expenses; Farmers' mutual casualty insurance companies.

(12) Farmers', fruit growers', or like associations organized and operated on a cooperative basis (a) for the purpose of marketing the products of members or other producers, and turning back to them the proceeds of sales, less the necessary marketing expenses, on the basis of either the quantity or the value of the products furnished by them, or (b) for the purpose of purchasing supplies and equipment for the use of members or other persons, and turn- Farmers' cooperative associations. For marketing their products.

Purchasing supplies and equipment for members.

ase 3:18-cv-10507-PGS-JBD    Document 196-8    Filed 12/15/23    Page 67 of 179 PageID: 991

INCOME TAX
Capital stock associations restricted.

ing over such supplies and equipment to them at actual cost, plus necessary expenses. Exemption shall not be denied any such association because it has capital stock, if the dividend rate of such stock is fixed at not to exceed the legal rate of interest in the State of incorporation or 8 per centum per annum, whichever is greater, on the value of the consideration for which the stock was issued, and if substantially all such stock (other than nonvoting preferred stock, the owners of which are not entitled or permitted to participate, directly or indirectly, in the profits of the association, upon dissolution or otherwise, beyond the fixed dividends) is owned by producers who market their products or purchase their supplies and equipment through the association; nor shall exemption be denied any such association because there is accumulated and maintained by it a reserve required by State law or a reasonable reserve for any necessary purpose. Such an association may market the products of nonmembers in an amount the value of which does not exceed the value of the products marketed for members, and may purchase supplies and equipment for nonmembers in an amount the value of which does not exceed the value of the supplies and equipment purchased for members, provided the value of the purchases made for persons who are neither members nor producers does not exceed 15 per centum of the value of all its purchases;

Limitation on marketing products of nonmembers.

Purchases by nonmembers.

Organizations by exempt associations for financing crop operations of members.

(13) Corporations organized by an association exempt under the provisions of paragraph (12), or members thereof, for the purpose of financing the ordinary crop operations of such members or other producers, and operated in conjunction with such association. Exemption shall not be denied any such corporation because it has capital stock, if the dividend rate of such stock is fixed at not to exceed the legal rate of interest in the State of incorporation or 8 per centum per annum, whichever is greater, on the value of the consideration for which the stock was issued, and if substantially all such stock (other than nonvoting preferred stock, the owners of which are not entitled or permitted to participate, directly or indirectly, in the profits of the corporation, upon dissolution or otherwise, beyond the fixed dividends) is owned by such association, or members thereof; nor shall exemption be denied any such corporation because there is accumulated and maintained by it a reserve required by State law or a reasonable reserve for any necessary purpose;

Dividend rate of stock.

Reserve allowed.

Corporations as trustees for exempted organizations.

(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title;

Federal land banks, etc.
Vol. 39, p. 360.
U. S. C., p. 298.

(15) Federal land banks, national farm-loan associations, and Federal intermediate credit banks, as provided in the Federal Farm Loan Act, as amended;

Voluntary employees' beneficiary associations.

(16) Voluntary employees' beneficiary associations providing for the payment of life, sick, accident, or other benefits to the members of such association or their dependents, if (A) no part of their net earnings inures (other than through such payments) to the benefit of any private shareholder or individual, and (B) 85 per centum or more of the income consists of amounts collected from members for the sole purpose of making such payments and meeting expenses;

Local teachers' retirement fund associations.

(17) Teachers' retirement fund associations of a purely local character, if (A) no part of their net earnings inures (other than through payment of retirement benefits) to the benefit of any private shareholder or individual, and (B) the income consists

solely of amounts received from public taxation, amounts received from assessments upon the teaching salaries of members, and income in respect of investments.

INCOME TAX

### SEC. 104. ACCUMULATION OF SURPLUS TO EVADE SURTAXES.

Accumulation of surplus to evade surtaxes.

(a) If any corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected, and paid for each taxable year upon the net income of such corporation a tax equal to 50 per centum of the amount thereof, which shall be in addition to the tax imposed by section 13 and shall be computed, collected, and paid upon the same basis and in the same manner and subject to the same provisions of law, including penalties, as that tax.

Corporations amassing gains, etc., to avoid surtax to members.

Additional tax to corporation tax.
*Ante*, p. 177.

(b) The fact that any corporation is a mere holding or investment company, or that the gains or profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to escape the surtax.

Evidence of a purpose of evasion.

(c) As used in this section the term " net income " means the net income as defined in section 21, increased by the sum of the amount of the dividend deduction allowed under section 23(p) and the amount of the interest on obligations of the United States issued after September 1, 1917, which would be subject to tax in whole or in part in the hands of an individual owner.

"Net income" defined.

*Ante*, pp. 178, 182.

(d) The tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire distributive shares, whether distributed or not, of the net income of the corporation for such year. Any amount so included in the gross income of a shareholder shall be treated as a dividend received. Any subsequent distribution made by the corporation out of the earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his distributive share, be exempt from tax in the amount of the share so included.

Additional tax not applicable if distributive share included in income of shareholders.

Subsequent distributions.

### SEC. 105. TAXABLE PERIOD EMBRACING YEARS WITH DIFFERENT LAWS.

Taxable period embracing years with different laws.

If it is necessary to compute the tax for a period beginning in one calendar year (hereinafter in this section called " first calendar year ") and ending in the following calendar year (hereinafter in this section called " second calendar year ") and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then the tax under this title for the period ending during the second calendar year shall be in the sum of: (1) the same proportion of a tax for the entire period, determined under the law applicable to the first calendar year and at the rates for such year, which the portion of such period falling within the first calendar year is of the entire period; and (2) the same proportion of a tax for the entire period, determined under the law applicable to the second calendar year and at the rates for such year, which the portion of such period falling within the second calendar year is of the entire period.

Computation of tax for period in one calendar year and ending in the following.

## Supplement B—Computation of Net Income

Computation of net income.

[Supplementary to Subtitle B, Part II]

### SEC. 111. DETERMINATION OF AMOUNT OF GAIN OR LOSS.

Gain or loss.

(a) COMPUTATION OF GAIN OR LOSS.—Except as hereinafter provided in this section, the gain from the sale or other disposition of

Basis for determining, on disposal of property.

**196**  72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.

INCOME TAX

Adjusted basis.
*Post*, p. 201.

Computation of sums from disposition of property.

Recognition of gain or loss on sale or exchange.

Installment sales taxable.

Gain or loss from sales on exchanges.
Entire amount recognized.

Exceptions.

No gain or loss on exchanging for similar uses.

Similar stock in same corporation.

Substituted stock on reorganization.

Property for stock of party to reorganization.

Transfers for stock of corporation under same control.

Limitation.

Gain from exchanges not solely in kind.
Receipts additional to that on which none recognized.

property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b), and the loss shall be the excess of such basis over the amount realized.

(b) AMOUNT REALIZED.—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.

(c) RECOGNITION OF GAIN OR LOSS.—In the case of a sale or exchange, the extent to which the gain or loss determined under this section shall be recognized for the purposes of this title, shall be determined under the provisions of section 112.

(d) INSTALLMENT SALES.—Nothing in this section shall be construed to prevent (in the case of property sold under contract providing for payment in installments) the taxation of that portion of any installment payment representing gain or profit in the year in which such payment is received.

**SEC. 112. RECOGNITION OF GAIN OR LOSS.**

(a) GENERAL RULE.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) EXCHANGES SOLELY IN KIND.—

(1) PROPERTY HELD FOR PRODUCTIVE USE OR INVESTMENT.—No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

(2) STOCK FOR STOCK OF SAME CORPORATION.—No gain or loss shall be recognized if common stock in a corporation is exchanged solely for common stock in the same corporation, or if preferred stock in a corporation is exchanged solely for preferred stock in the same corporation.

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

(4) SAME—GAIN OF CORPORATION.—No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

(c) GAIN FROM EXCHANGES NOT SOLELY IN KIND.—

(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then

the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

(2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) of this subsection but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property.

(d) SAME—GAIN OF CORPORATION.—If an exchange would be within the provisions of subsection (b) (4) of this section if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property so received, which is not so distributed.

(e) LOSS FROM EXCHANGES NOT SOLELY IN KIND.—If an exchange would be within the provisions of subsection (b) (1) to (5), inclusive, of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain or loss, but also of other property or money, then no loss from the exchange shall be recognized.

(f) INVOLUNTARY CONVERSIONS.—If property (as a result of its destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation, or the threat or imminence thereof) is compulsorily or involuntarily converted into property similar or related in service or use to the property so converted, or into money which is forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, expended in the acquisition of other property similar or related in service or use to the property so converted, or in the acquisition of control of a corporation owning such other property, or in the establishment of a replacement fund, no gain or loss shall be recognized. If any part of the money is not so expended, the gain, if any, shall be recognized, but in an amount not in excess of the money which is not so expended.

(g) DISTRIBUTION OF STOCK ON REORGANIZATION.—If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.

(h) SAME—EFFECT ON FUTURE DISTRIBUTIONS.—The distribution, in pursuance of a plan of reorganization, by or on behalf of a corporation a party to the reorganization, of its stock or securities or stock or securities in a corporation a party to the reorganization, if

INCOME TAX

Reorganization distribution construed as a taxable dividend.

Accumulations after February, 1913.
Tax on gain from property exchange.

Reorganization with property and other stock received.

No gain if distributed on reorganization.

Gain recognized.

Limitation.

No loss if property received other than that on which gain or loss recognized.

Involuntary conversions.
No gain or loss, if involuntarily converted into similar property, etc.

Gain recognized on part not used.

Stock distribution on reorganization and holdings not surrendered.

No gain to distributee from receipt recognized.
Stock distributed on reorganization not construed as earnings, etc.

**198**    72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.

INCOME TAX

*Post*, p. 203.

Reorganization.

Acts constituting.

Transfer.

"Party to a reorganization."

Ownership of stock constituting "control."

Foreign corporations. Not recognized if purpose is to evade Federal income taxes.

Basis for determining gain or loss. Cost value; exceptions.

Inventory value.

Gifts after December 31, 1920.

Determination.

Fair market value.

no gain to the distributee from the receipt of such stock or securities was recognized by law, shall not be considered a distribution of earnings or profits within the meaning of section 115(b) for the purpose of determining the taxability of subsequent distributions by the corporation.

(i) DEFINITION OF REORGANIZATION.—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

(j) DEFINITION OF CONTROL.—As used in this section the term "control" means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

(k) FOREIGN CORPORATIONS.—In determining the extent to which gain shall be recognized in the case of any of the exchanges or distributions (made after the date of the enactment of this Act) described in subsection (b)(3), (4), or (5), or described in so much of subsection (c) as refers to subsection (b)(3) or (5), or described in subsection (d) or (g), a foreign corporation shall not be considered as a corporation unless, prior to such exchange or distribution, it has been established to the satisfaction of the Commissioner that such exchange or distribution is not in pursuance of a plan having as one of its principal purposes the avoidance of Federal income taxes.

**SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.**

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

(1) INVENTORY VALUE.—If the property should have been included in the last inventory, the basis shall be the last inventory value thereof.

(2) GIFTS AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner.

(3) TRANSFER IN TRUST AFTER DECEMBER 31, 1920.—If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made.

INCOME TAX
Trust property acquired after December 31, 1920.
As in hands of grantor.

(4) GIFT OR TRANSFER IN TRUST BEFORE JANUARY 1, 1921.—If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition.  The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in section 402 (e) of the Revenue Act of 1921, or in section 302 (f) of the Revenue Act of 1924 or the Revenue Act of 1926 (relating to property passing under power of appointment) regardless of the time of acquisition.

Gift or transfer in trust before January 1, 1921.
Fair market value.
Under power of appointment.
Vol. 42, p. 279; Vol. 43, p. 305; Vol. 44, p. 71.

(5) PROPERTY TRANSMITTED AT DEATH.—If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent.  If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent.  In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer.  In the case of property transferred in trust to pay the income for life to or upon the order or direction of the grantor, with the right reserved to the grantor at all times prior to his death to revoke the trust, the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death.

Property transmitted by bequests, etc.

Transfer in trust with right to revoke.

(6) TAX-FREE EXCHANGES GENERALLY.—If the property was acquired upon an exchange described in section 112 (b) to (e), inclusive, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made.  If the property so acquired consisted in part of the type of property permitted by section 112 (b) to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange.  This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it.

Acquired on exchange.
Ante, p. 196.

Partly on exchange and partly by other property.

Stock issued as consideration excepted.

(7) TRANSFERS TO CORPORATION WHERE CONTROL OF PROPERTY REMAINS IN SAME PERSONS.—If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain

Transfers to corporation where control of property remains in same persons.
By a corporation after 1917.

INCOME TAX

Stock issues excepted.

or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.

Property acquired by issuance of stock or as paid-in surplus.
By a corporation after 1920.
Issuance of stock controlled by transferor.
*Ante,* p. 196.

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

(A) by the issuance of its stock or securities in connection with a transaction described in section 112(b)(5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or

Paid-in surplus, etc.

(B) as paid-in surplus or as a contribution to capital,

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

Tax-free distributions.
Stock distributed on reorganization after December 31, 1923.
*Ante,* p. 197.

(9) TAX-FREE DISTRIBUTIONS.—If the property consists of stock or securities distributed after December 31, 1923, to a taxpayer in connection with a transaction described in section 112(g), the basis in the case of the stock in respect of which the distribution was made shall be apportioned, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, between such stock and the stock or securities distributed.

If acquired by involuntary conversion.

(10) INVOLUNTARY CONVERSION.—If the property was acquired as the result of a compulsory or involuntary conversion described in section 112(f), the basis shall be the same as in the case of the property so converted, decreased in the amount of any money received by the taxpayer which was not expended in accordance with the provisions of law (applicable to the year in which such conversion was made) determining the taxable status of the gain or loss upon such conversion, and increased in the amount of gain or decreased in the amount of loss to the taxpayer recognized upon such conversion under the law applicable to the year in which such conversion was made.

Wash sales of stock on which loss not allowed.
*Post,* p. 208.

(11) WASH SALES OF STOCK.—If the property consists of stock or securities the acquisition of which (or the contract or option to acquire which) resulted in the nondeductibility (under section 118 of this Act or corresponding provisions of prior income tax laws, relating to wash sales) of the loss from the sale or other disposition of substantially identical stock or securities, then the basis shall be the basis of the stock or securities so sold or disposed of, increased or decreased, as the case may be, by the difference, if any, between the price at which the property was acquired and the price at which such substantially identical stock or securities were sold or otherwise disposed of.

Basis.

Property acquired during affiliation.

(12) PROPERTY ACQUIRED DURING AFFILIATION.—In the case of property acquired by a corporation, during a period of affiliation, from a corporation with which it was affiliated, the basis of such property, after such period of affiliation, shall be determined, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, without regard to inter-company transactions in respect of which gain or loss was not recognized.

Adjustment and determination of basis.

"Period of affiliation" defined.

For the purposes of this paragraph, the term "period of affiliation" means the period during which such corporations were affili-

INCOME TAX

ated (determined in accordance with the law applicable thereto) but does not include any taxable year beginning on or after January 1, 1922, unless a consolidated return was made, nor any taxable year after the taxable year 1928.  The basis in case of property acquired by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act or the Revenue Act of 1928, shall be determined in accordance with regulations prescribed under section 141 (b) of this Act or the Revenue Act of 1928.  The basis in the case of property held by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act or the Revenue Act of 1928, shall be adjusted in respect of any items relating to such period, in accordance with regulations prescribed under section 141 (b) of this Act or the Revenue Act of 1928, applicable to such period.

Basis in subsequent years.

Post, p. 213.
Vol. 45, p. 831.

(13) PROPERTY ACQUIRED BEFORE MARCH 1, 1913.—In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subsection, adjusted as provided in subsection (b), is less than the fair market value of the property as of March 1, 1913, then the basis shall be such fair market value.  In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

Property acquired before March 1, 1913.

Fair market value of assets.

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

Adjusted basis for determining gain or loss.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

General rule.
Adjustment to capital account.

(A) for expenditures, receipts, losses, or other items, properly chargeable to capital account, including taxes and other carrying charges on unimproved and unproductive real property, but no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years;

Carrying charges on unimproved real property.

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws.  Where for any taxable year prior to the taxable year 1932 the depletion allowance was based on discovery value or a percentage of income, then the adjustment for depletion for such year shall be based on the depletion which would have been allowable for such year if computed without reference to discovery value or a percentage of income;

Depletion, etc., since February 28, 1913.

Maximum allowance.

Based on discovery value or percentage of income.

(C) in respect of any period prior to March 1, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent sustained;

Any period prior to March 1, 1913.

(D) in the case of stock (to the extent not provided for in the foregoing subparagraphs) for the amount of distributions previously made which, under the law applicable to the year in which the distribution was made, either were tax-free or were applicable in reduction of basis (not including distributions made by a corporation, which was classified as a personal service corporation under the provisions of the Revenue Act of 1918 or 1921, out of its earnings or profits which were taxable in

Basis reduced by tax-free distributions.

202        72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX
Vol. 42, p. 245; Vol.
45, p. 82.
Substituted basis.
Determination of.

Provisions governing.

accordance with the provisions of section 218 of the Revenue
Act of 1918 or 1921).

(2) SUBSTITUTED BASIS.—The term "substituted basis" as used
in this subsection means a basis determined under any provision
of subsection (a) of this section or under any corresponding
provision of a prior income tax law, providing that the basis
shall be determined—

(A) by reference to the basis in the hands of a transferor,
donor, or grantor, or

(B) by reference to other property held at any time by the
person for whom the basis is to be determined.

Basis of property.

Adjustments.

Whenever it appears that the basis of property in the hands of
the taxpayer is a substituted basis, then the adjustments provided
in paragraph (1) of this subsection shall be made after first
making in respect of such substituted basis proper adjustments
of a similar nature in respect of the period during which the
property was held by the transferor, donor, or grantor, or during
which the other property was held by the person for whom the
basis is to be determined. A similar rule shall be applied in the
case of a series of substituted bases.

Basis for deprecia-
tion and depletion.
Depreciation.
Same as upon sale,
etc.
Ante, p. 201.

SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

(a) BASIS FOR DEPRECIATION.—The basis upon which exhaustion,
wear and tear, and obsolescence are to be allowed in respect of any
property shall be the adjusted basis provided in section 113(b) for
the purpose of determining the gain or loss upon the sale or other
disposition of such property.

Depletion.
Allowance same as
for sale, etc.

Ante, p. 201.
Exceptions.

(b) BASIS FOR DEPLETION.—

(1) GENERAL RULE.—The basis upon which depletion is to be
allowed in respect of any property shall be the adjusted basis
provided in section 113(b) for the purpose of determining the
gain or loss upon the sale or other disposition of such property,
except as provided in paragraphs (2), (3), and (4) of this
subsection.

Discovery value in
case of mines.

Basis for depletion.

Fair market value.

(2) DISCOVERY VALUE IN CASE OF MINES.—In the case of mines
(other than metal, coal or sulphur mines) discovered by the tax-
payer after February 28, 1913, the basis for depletion shall be the
fair market value of the property at the date of discovery or
within thirty days thereafter, if such mines were not acquired as
the result of purchase of a proven tract or lease, and if the fair
market value of the property is materially disproportionate to
the cost. The depletion allowance based on discovery value pro-
vided in this paragraph shall not exceed 50 per centum of the net
income of the taxpayer (computed without allowance for deple-
tion) from the property upon which the discovery was made,

Depletion allowance
without reference to
discovery value.

Minerals included.

except that in no case shall the depletion allowance be less than
it would be if computed without reference to discovery value.
Discoveries shall include minerals in commercial quantities con-
tained within a vein or deposit discovered in an existing mine or
mining tract by the taxpayer after February 28, 1913, if the vein
or deposit thus discovered was not merely the uninterrupted
extension of a continuing commercial vein or deposit already
known to exist, and if the discovered minerals are of sufficient
value and quantity that they could be separately mined and
marketed at a profit.

Oil and gas allow-
ance.

Maximum.

(3) PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case
of oil and gas wells the allowance for depletion shall be 27½ per
centum of the gross income from the property during the taxable
year, excluding from such gross income an amount equal to any
rents or royalties paid or incurred by the taxpayer in respect of

the property.  Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

(4) PERCENTAGE DEPLETION FOR COAL AND METAL MINES AND SULPHUR.—The allowance for depletion shall be, in the case of coal mines, 5 per centum, in the case of metal mines, 15 per centum, and, in the case of sulphur mines or deposits, 23 per centum, of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property.  Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance for the taxable year 1932 or 1933 be less than it would be if computed without reference to this paragraph.  A taxpayer making return for the taxable year 1933 shall state in such return, as to each property (or, if he first makes return in respect of a property for any taxable year after the taxable year 1933, then in such first return), whether he elects to have the depletion allowance for such property for succeeding taxable years computed with or without reference to percentage depletion.  The depletion allowance in respect of such property for all succeeding taxable years shall be computed according to the election thus made.  If the taxpayer fails to make such statement in the return, the depletion allowance for such property for succeeding taxable years shall be computed without reference to percentage depletion.  During the period for which property acquired after December 31, 1933, is held by the taxpayer—

(A) if the basis of the property in the hands of the taxpayer is, under section 113(a), determined by reference to the basis in the hands of the transferor, donor, or grantor, then the depletion allowance in respect of the property shall be computed with or without reference to percentage depletion, according to the method of computation which would have been applicable if the transferor, donor, or grantor had continued to hold the property, or

(B) if the basis of the property is, under section 113(a), determined by reference to the basis of other property previously held by the taxpayer, then the depletion allowance in respect of the property shall be computed with or without reference to percentage depletion, according to the method of computation which would have been applicable in respect of the property previously held if the taxpayer had continued to hold such property.

## SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this title (except in section 203 (a) (4) and section 208(c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.

(b) SOURCE OF DISTRIBUTIONS.—For the purposes of this Act every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits.  Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913,

INCOME TAX

Limitation.

Percentage depletion for coal and metal mines and sulphur.

Maximum.

Exception.

Optional return for 1933.

If taxpayer makes no statement.

Basis of property acquired after 1933, determined by reference to property in transferor's hands.
*Ante*, p. 198.

Previously held property.
Method of computing depletion.

Distributions by corporations.
"Dividend," defined.
*Post*, pp. 224, 227.
Earnings, etc., after February 28, 1913, deemed dividends.
Insurance reserves excepted.

Sources.

Accumulations, etc., before March 1, 1913, tax free.

**204**       72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX
Conditions.

have been distributed, but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 113.

Distributions in liquidation, to be in full payment for stock.

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in

Gain or loss to distributee.
*Ante*, pp. 195, 196.
Partial liquidation distribution.

exchange for the stock.   The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112.   In the case of amounts distributed in partial liquidation (other than a distribution within the provisions of section 112(h) of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subsection (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation.

Distributions not out of increase in value before March 1, 1913, nor from earnings or profits.

(d) OTHER DISTRIBUTIONS FROM CAPITAL.—If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property.

Distributions by personal service corporations.
Exemptions.

(e) DISTRIBUTIONS BY PERSONAL SERVICE CORPORATIONS.—Any distribution made by a corporation, which was classified as a personal service corporation under the provisions of the Revenue Act of 1918 or the Revenue Act of 1921, out of its earnings or profits which were

Vol. 42, p. 245; Vol. 44, p. 32.

taxable in accordance with the provisions of section 218 of the Revenue Act of 1918 or section 218 of the Revenue Act of 1921, shall be exempt from tax to the distributees.

Stock dividends not taxable.

(f) STOCK DIVIDENDS.—A stock dividend shall not be subject to tax.

Redemption of stock.
Treatment of proceeds of.

(g) REDEMPTION OF STOCK.—If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.

"Amounts distributed in partial liquidation," construed.

(h) DEFINITION OF PARTIAL LIQUIDATION.—As used in this section the term " amounts distributed in partial liquidation " means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

Exclusions from gross income.
Additional items exempt from tax.
*Ante*, p. 178.

## SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this title:

Earned income of nonresident citizens, from sources without United States.

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income; but such individual shall not be allowed as a deduction from his gross income any

deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection. As used in this subsection the term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

(b) TEACHERS IN ALASKA AND HAWAII.—In the case of an individual employed by Alaska or Hawaii or any political subdivision thereof as a teacher in any educational institution, the compensation received as such. This subsection shall not exempt compensation paid directly or indirectly by the Government of the United States. Subsection (b) of section 5 of the Act entitled "An Act to provide a government for the Territory of Hawaii", approved April 30, 1900, as amended by the Act entitled "An Act to amend section 5 of the Act entitled 'An Act to provide a government for the Territory of Hawaii', approved April 30, 1900", approved April 12, 1930 [U. S. C., Sup. V, title 48, sec. 495(b)], is repealed as of January 1, 1932.

(c) INCOME OF FOREIGN GOVERNMENTS.—The income of foreign governments received from investments in the United States in stocks, bonds, or other domestic securities, owned by such foreign governments, or from interest on deposits in banks in the United States of moneys belonging to such foreign governments, or from any other source within the United States.

(d) INCOME OF STATES, MUNICIPALITIES, ETC.—Income derived from any public utility or the exercise of any essential governmental function and accruing to any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, or income accruing to the Government of any possession of the United States, or any political subdivision thereof.

Whenever any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, prior to September 8, 1916, entered in good faith into a contract with any person, the object and purpose of which is to acquire, construct, operate, or maintain a public utility—

(1) If by the terms of such contract the tax imposed by this title is to be paid out of the proceeds from the operation of such public utility, prior to any division of such proceeds between the person and the State, Territory, political subdivision, or the District of Columbia, and if, but for the imposition of the tax imposed by this title, a part of such proceeds for the taxable year would accrue directly to or for the use of such State, Territory, political subdivision, or the District of Columbia, then a tax upon the net income from the operation of such public utility shall be levied, assessed, collected, and paid in the manner and at the rates prescribed in this title, but there shall be refunded to such State, Territory, political subdivision, or the District of Columbia (under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary) an amount which bears the same relation to the amount of the tax as the

INCOME TAX

"Earned income" defined.

Exceptions.

Teachers in Alaska and Hawaii.

Federal compensation not exempted.
Former provisions repealed.
Vol. 46, p. 161, repealed.

Vol. 31, p. 141.

U. S. C., Supp. V, p. 680.

Income of foreign governments from investments in United States, etc.

Income of States, etc., from public utilities.

If under prior contracts for operation thereof.

Levy on proceeds prior to division thereof with State, etc.

Refunds.

206   72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX

amount which (but for the imposition of the tax imposed by this title) would have accrued directly to or for the use of such State, Territory, political subdivision, or the District of Columbia, bears to the amount of the net income from the operation of such public utility for such taxable year.

If no part accruing to State, etc., the net income of persons taxable.

(2) If by the terms of such contract no part of the proceeds from the operation of the public utility for the taxable year would, irrespective of the tax imposed by this title, accrue directly to or for the use of such State, Territory, political subdivision, or the District of Columbia, then the tax upon the net income of such person from the operation of such public utility shall be levied, assessed, collected, and paid in the manner and at the rates prescribed in this title.

Bridges to be acquired by State, etc.

(e) BRIDGES TO BE ACQUIRED BY STATE OR POLITICAL SUBDIVISION.—Whenever any State or political subdivision thereof, in pursuance of a contract to which it is not a party entered into before the enactment of the Revenue Act of 1928, is to acquire a bridge—

Levy on operation proceeds, prior to division thereof.

(1) If by the terms of such contract the tax imposed by this title is to be paid out of the proceeds from the operation of such bridge prior to any division of such proceeds, and if, but for the imposition of the tax imposed by this title, a part of such proceeds for the taxable year would accrue directly to or for the use of or would be applied for the benefit of such State or political subdivision, then a tax upon the net income from the operation of such bridge shall be levied, assessed, collected, and paid in

Refund to State, etc.

the manner and at the rates prescribed in this title, but there shall be refunded to such State or political subdivision (under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary) an amount which bears the same relation to the amount of the tax as the amount which (but for the imposition of the tax imposed by this title) would have accrued directly to or for the use of or would be applied for the benefit of such State or political subdivision, bears to the amount of the net income from the operation of such bridge for such

Restriction.

taxable year. No such refund shall be made unless the entire amount of the refund is to be applied in part payment for the acquisition of such bridge.

If no part accruing to such State, etc., the net income from operation taxable.

(2) If by the terms of such contract no part of the proceeds from the operation of the bridge for the taxable year would, irrespective of the tax imposed by this title, accrue directly to or for the use of or be applied for the benefit of such State or political subdivision, then the tax upon the net income from the operation of such bridge shall be levied, assessed, collected, and paid in the manner and at the rates prescribed in this title.

Dividends from "China Trade Act" corporations.

(f) DIVIDENDS FROM "CHINA TRADE ACT" CORPORATION.—In the case of a person, amounts distributed as dividends to or for his benefit by a corporation organized under the China Trade Act, 1922, if, at the time of such distribution, he is a resident of China, and the equitable right to the income of the shares of stock of the corporation is in good faith vested in him.

Shipowners' mutual associations. Receipts.

(g) SHIPOWNERS' PROTECTION AND INDEMNITY ASSOCIATIONS.—The receipts of shipowners' mutual protection and indemnity associations not organized for profit, and no part of the net earnings of which inures to the benefit of any private shareholder; but such corporations shall be subject as other persons to the tax upon their net income from interest, dividends, and rents.

**SEC. 117. NET LOSSES.**

(a) DEFINITION OF " NET LOSS."—As used in this section the term " net loss " means the excess of the deductions allowed by this title over the gross income, with the following exceptions and limitations:

(1) NON-BUSINESS DEDUCTIONS.—Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business;

(2) CAPITAL LOSSES.—In the case of a taxpayer other than a corporation, deductions for capital losses otherwise allowed by law shall be allowed only to the extent of the capital gains;

(3) DEPLETION.—The deduction for depletion shall not exceed the amount which would be allowable if computed without reference to discovery value, or to percentage depletion under section 114(b)(3) or (4);

(4) DIVIDENDS.—The deduction provided for in section 23(p) of amounts received as dividends shall not be allowed;

(5) INTEREST.—There shall be included in computing gross income the amount of interest received free from tax under this title, decreased by the amount of interest paid or accrued which is not allowed as a deduction by section 23(b);

(6) NET LOSS NOT TO PRODUCE NET LOSS.—In computing the net loss for any taxable year a net loss for a prior year shall not be allowed as a deduction.

(b) NET LOSS AS A DEDUCTION.—If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called " second year "); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

(c) CAPITAL NET GAIN IN SECOND YEAR.—If in the second year the taxpayer (other than a corporation) has a capital net gain, the deduction allowed by subsection (b) of this section shall first be applied as a deduction in computing the ordinary net income for such year. If the deduction is in excess of the ordinary net income (computed without such deduction) the amount of such excess shall then be applied against the capital net gain for such year.

(d) NET LOSSES FOR 1930 OR 1931.—If for the taxable year 1930 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1928, the amount of such net loss shall not be allowed as a deduction in computing net income under this title. If for the taxable year 1931 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1928, the amount of such net loss shall be allowed as a deduction in computing net income for the taxable year 1932 to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the succeeding taxable year.

(e) FISCAL YEAR RETURNS.—If a taxpayer makes return for a period beginning in one calendar year (hereinafter in this subsection called " first calendar year ") and ending in the following calendar year (hereinafter in this subsection called " second calendar year ") and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then his net loss for the period ending during the second calendar year shall be the sum of: (1) The same proportion of a net loss for the entire period,

INCOME TAX
"Net loss", defined.

Exceptions.
Losses not connected with business.

Capital losses.
Other than a corporation.

Depletion.
*Ante*, p. 202.

Dividends received by corporations not allowed.
*Ante*, p. 182.
Interest included in gross income.
*Ante*, p. 179.

Net loss for prior year not allowed.

Net loss to be deducted from tax for second year, etc.

Regulations prescribed.

Capital net gain or loss in second year.
Application of.

If in excess.

Net losses for 1930 or 1931.

Vol. 45, p. 825.

Fiscal years.
Returns, if period beginning in first calendar year and ending in second.

Computing net loss.

INCOME TAX

*Proportion for different rates.*

determined under the law applicable to the first calendar year, which the portion of such period falling within such calendar year is of the entire period; and (2) the same proportion of a net loss for the entire period, determined under the law applicable to the second calendar year, which the portion of such period falling within such calendar year is of the entire period.

Loss from wash sales of stock, etc.

Restriction on claim for, if taxpayer has acquired substantially identical stock within thirty days.

## SEC. 118. LOSS FROM WASH SALES OF STOCK OR SECURITIES.

(a) In the case of any loss claimed to have been sustained from any sale or other disposition of shares of stock or securities where it appears that, within a period beginning 30 days before the date of such sale or disposition and ending 30 days after such date, the taxpayer has acquired (by purchase or by an exchange upon which the entire amount of gain or loss was recognized by law), or has entered into a contract or option so to acquire, substantially identical stock or securities, then no deduction for the loss shall be allowed

*Ante,* p. 180.
Allowance to a corporation, etc.

under section 23 (e) (2); nor shall such deduction be allowed under section 23 (f) unless the claim is made by a corporation, a dealer in stocks or securities, and with respect to a transaction made in the ordinary course of its business.

Computation where property acquired is less than sold.

(b) If the amount of stock or securities acquired (or covered by the contract or option to acquire) is less than the amount of stock or securities sold or otherwise disposed of, then the particular shares of stock or securities the loss from the sale or other disposition of which is not deductible shall be determined under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

Computation where property acquired is not less than sold.

(c) If the amount of stock or securities acquired (or covered by the contract or option to acquire) is not less than the amount of stock or securities sold or otherwise disposed of, then the particular shares of stock or securities the acquisition of which (or the contract or option to acquire which) resulted in the nondeductibility of the loss shall be determined under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

Income from sources within United States.
Items treated as.

## SEC. 119. INCOME FROM SOURCES WITHIN UNITED STATES.

(a) GROSS INCOME FROM SOURCES IN UNITED STATES.—The following items of gross income shall be treated as income from sources within the United States:

Interest on bonds, etc., of residents.

(1) INTEREST.—Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, not including—

Exceptions.
Paid to persons not in business in United States.

(A) interest on deposits with persons carrying on the banking business paid to persons not engaged in business within the United States and not having an office or place of business therein, or

If less than 20 per cent from United States sources.

(B) interest received from a resident alien individual, a resident foreign corporation, or a domestic corporation, when it is shown to the satisfaction of the Commissioner that less than 20 per centum of the gross income of such resident payor or domestic corporation has been derived from sources within the United States, as determined under the provisions of this section, for the three-year period ending with the close of the taxable year of such payor preceding the payment of such interest, or for such part of such period as may be applicable, or

From bankers' acceptances.

(C) income derived by a foreign central bank of issue from bankers' acceptances;

INCOME TAX

(2) DIVIDENDS.—The amount received as dividends— <span style="float:right">Dividends.</span>

(A) from a domestic corporation other than a corporation entitled to the benefits of section 251, and other than a corporation less than 20 per centum of whose gross income is shown to the satisfaction of the Commissioner to have been derived from sources within the United States, as determined under the provisions of this section, for the three-year period ending with the close of the taxable year of such corporation preceding the declaration of such dividends (or for such part of such period as the corporation has been in existence), or <span style="float:right">From domestic corporations.<br>Exceptions.<br>*Post*, p. 231.</span>

(B) from a foreign corporation unless less than 50 per centum of the gross income of such foreign corporation for the three-year period ending with the close of its taxable year preceding the declaration of such dividends (or for such part of such period as the corporation has been in existence) was derived from sources within the United States as determined under the provisions of this section; <span style="float:right">From foreign corporations.<br>Exceptions.</span>

(3) PERSONAL SERVICES.—Compensation for labor or personal services performed in the United States; <span style="float:right">Personal services in United States.</span>

(4) RENTALS AND ROYALTIES.—Rentals or royalties from property located in the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using in the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like property; and <span style="float:right">Rentals, royalties, etc., from United States sources.</span>

(5) SALE OF REAL PROPERTY.—Gains, profits, and income from the sale of real property located in the United States. <span style="float:right">Real property sales.</span>

(b) NET INCOME FROM SOURCES IN UNITED STATES.—From the items of gross income specified in subsection (a) of this section there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States. <span style="float:right">Deductions therefrom of designated expenses, etc., constitute net income from United States sources.</span>

(c) GROSS INCOME FROM SOURCES WITHOUT UNITED STATES.—The following items of gross income shall be treated as income from sources without the United States: <span style="float:right">Gross income from without United States.</span>

(1) Interest other than that derived from sources within the United States as provided in subsection (a) (1) of this section; <span style="float:right">Other interest.<br>*Ante*, p. 208.</span>

(2) Dividends other than those derived from sources within the United States as provided in subsection (a) (2) of this section; <span style="float:right">Other dividends.</span>

(3) Compensation for labor or personal services performed without the United States; <span style="float:right">Labor, etc., without United States.</span>

(4) Rentals or royalties from property located without the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using without the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like properties; and <span style="float:right">Rentals, royalties, etc., without United States.</span>

(5) Gains, profits, and income from the sale of real property located without the United States. <span style="float:right">Real estate sales without United States.</span>

(d) NET INCOME FROM SOURCES WITHOUT UNITED STATES.—From the items of gross income specified in subsection (c) of this section there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto, and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if <span style="float:right">Deductions therefrom of designated expenses, etc., constitute net income from sources without United States.</span>

**210**                72d. CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.

INCOME TAX

Income from sources partly within and partly without United States.
Apportionment.

any, shall be treated in full as net income from sources without the United States.

(e) INCOME FROM SOURCES PARTLY WITHIN AND PARTLY WITHOUT UNITED STATES.—Items of gross income, expenses, losses and deductions, other than those specified in subsections (a) and (c) of this section, shall be allocated or apportioned to sources within or without the United States, under rules and regulations prescribed by the Commissioner with the approval of the Secretary.  Where items of gross income are separately allocated to sources within the United States, there shall be deducted (for the purpose of computing the net income therefrom) the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of other expenses, losses or other deductions which can not definitely be allocated to some item or class of gross income.  The remainder, if any, shall be included in full as net income from sources within the United States.  In the case of gross income derived from sources partly within and partly without the United States, the net income may first be computed by deducting the expenses, losses, or other deductions apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some items or class of gross income; and the portion of such net income attributable to sources within the United States may be determined by processes or formulas of general apportionment prescribed by the Commissioner with the approval of the Secretary.  Gains, profits, and income from—

From United States sources.

Computation of net income.

Processes, etc., for determination.

Gains from transportation or other services.

(1) transportation or other services rendered partly within and partly without the United States, or

Sale of personal property within and without.

(2) from the sale of personal property produced (in whole or in part) by the taxpayer within and sold without the United States, or produced (in whole or in part) by the taxpayer without and sold within the United States,

Purchase and sale of personal property.

shall be treated as derived partly from sources within and partly from sources without the United States.  Gains, profits and income derived from the purchase of personal property within and its sale without the United States or from the purchase of personal property without and its sale within the United States, shall be treated as derived entirely from sources within the country in which sold, except that gains, profits, and income derived from the purchase of personal property within the United States and its sale within a possession of the United States or from the purchase of personal property within a possession of the United States and its sale within the United States shall be treated as derived partly from sources within and partly from sources without the United States.

Exceptions.

Definitions.

(f) DEFINITIONS.—As used in this section the words "sale" or "sold" include "exchange" or "exchanged"; and the word "produced" includes "created," "fabricated," "manufactured," "extracted," "processed," "cured," or "aged."

Charitable contributions, etc.

**SEC. 120. UNLIMITED DEDUCTION FOR CHARITABLE AND OTHER CONTRIBUTIONS.**

Unlimited deduction allowed, if exceed 90 per cent of income.

*Ante,* p. 181.

In the case of an individual if in the taxable year and in each of the ten preceding taxable years the amount of the contributions or gifts described in section 23(n) plus the amount of income, war-profits, or excess-profits taxes paid during such year in respect of preceding taxable years, exceeds 90 per centum of the taxpayer's net income for each such year, as computed without the benefit of section 23(n), then the 15 per centum limit imposed by such section shall not be applicable.

## Supplement C—Credits Against Tax

<div align="right">INCOME TAX<br>Credits against tax.</div>

[Supplementary to Subtitle B, Part III]

### SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

<div align="right">Taxes of foreign countries, and United States possessions.</div>

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with: <span align="right">Allowances.</span>

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and <span align="right">Payments of citizens and domestic corporations.</span>

(2) RESIDENT OF UNITED STATES.—In the case of a resident of the United States, the amount of any such taxes paid or accrued during the taxable year to any possession of the United States; and <span align="right">Resident, to United States possessions.</span>

(3) ALIEN RESIDENT OF UNITED STATES.—In the case of an alien resident of the United States, the amount of any such taxes paid or accrued during the taxable year to any foreign country, if the foreign country of which such alien resident is a citizen or subject, in imposing such taxes, allows a similar credit to citizens of the United States residing in such country; and <span align="right">Alien resident to foreign countries allowing similar credit.</span>

(4) PARTNERSHIPS AND ESTATES.—In the case of any such individual who is a member of a partnership or a beneficiary of an estate or trust, his proportionate share of such taxes of the partnership or the estate or trust paid or accrued during the taxable year to a foreign country or to any possession of the United States, as the case may be. <span align="right">Partnerships and estates, to a foreign country.</span>

(b) LIMIT ON CREDIT.—The amount of the credit taken under this section shall be subject to each of the following limitations: <span align="right">Limit on credit.</span>

(1) The amount of the credit in respect of the tax paid or accrued to any country shall not exceed the same proportion of the tax against which such credit is taken, which the taxpayer's net income from sources within such country bears to his entire net income for the same taxable year; and <span align="right">Proportionate credit for taxes paid to foreign country.</span>

(2) The total amount of the credit shall not exceed the same proportion of the tax against which such credit is taken, which the taxpayer's net income from sources without the United States bears to his entire net income for the same taxable year. <span align="right">Limitation on total amount.</span>

(c) ADJUSTMENTS ON PAYMENT OF ACCRUED TAXES.—If accrued taxes when paid differ from the amounts claimed as credits by the taxpayer, or if any tax paid is refunded in whole or in part, the taxpayer shall notify the Commissioner, who shall redetermine the amount of the tax for the year or years affected, and the amount of tax due upon such redetermination, if any, shall be paid by the taxpayer upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 322.  In the case of such a tax accrued but not paid, the Commissioner as a condition precedent to the allowance of this credit may require the taxpayer to give a bond with sureties satisfactory to and to be approved by the Commissioner in such sum as the Commissioner may require, conditioned upon the payment by the taxpayer of any amount of tax found due upon any such redetermination; and the bond herein prescribed shall contain such further conditions as the Commissioner may require. <span align="right">Adjustments if tax paid differs from credits claimed.<br><br>Redetermination.<br><br>*Post*, p. 242.<br><br>Tax accrued but not paid.<br><br>Bond required.</span>

**212**                     72d CONGRESS.  SESS. I.  CH. 209   JUNE 6, 1932.

INCOME TAX

Credits for foreign taxes may be taken in the year accrued.

Credits on same basis for subsequent years.

(d) YEAR IN WHICH CREDIT TAKEN.—The credits provided for in this section may, at the option of the taxpayer and irrespective of the method of accounting employed in keeping his books, be taken in the year in which the taxes of the foreign country or the possession of the United States accrued, subject, however, to the conditions prescribed in subsection (c) of this section.  If the taxpayer elects to take such credits in the year in which the taxes of the foreign country or the possession of the United States accrued, the credits for all subsequent years shall be taken upon the same basis, and no portion of any such taxes shall be allowed as a deduction in the same or any succeeding year.

Proof of credits.

Evidence of foreign income.
Ante, p. 209.

Segregation of amounts.

Additional information necessary.

(e) PROOF OF CREDITS.—The credits provided in this section shall be allowed only if the taxpayer establishes to the satisfaction of the Commissioner (1) the total amount of income derived from sources without the United States, determined as provided in section 119, (2) the amount of income derived from each country, the tax paid or accrued to which is claimed as a credit under this section, such amount to be determined under rules and regulations prescribed by the Commissioner with the approval of the Secretary, and (3) all other information necessary for the verification and computation of such credits.

Taxes of foreign subsidiary.

Proportion of foreign tax on dividends received deemed to have been paid.

(f) TAXES OF FOREIGN SUBSIDIARY.—For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends (not deductible under section 23(p)) in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits: *Provided*, That Proviso.
Limit on credit allowed. the amount of tax deemed to have been paid under this subsection shall in no case exceed the same proportion of the tax against which credit is taken which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included.  Meaning of "accumulated profits." The term "accumulated profits" when used in this subsection in reference to a foreign corporation, means the amount of its gains, profits, or income in excess of the income, war-profits, and excess-profits taxes imposed upon or with respect to such profits or income; and the Commissioner with the approval Determination of, by Commissioner. of the Secretary shall have full power to determine from the accumulated profits of what year or years such dividends were paid; treating dividends paid in the first sixty days of any year as having been paid from the accumulated profits of the preceding year or years (unless to his satisfaction shown otherwise), and in other respects treating dividends as having been paid from the most recently accumulated gains, profits, or earnings.  In the case of a Accounting period for foreign corporation. foreign corporation, the income, war-profits, and excess-profits taxes of which are determined on the basis of an accounting period of less than one year, the word "year" as used in this subsection shall be construed to mean such accounting period.

Corporations treated as foreign.

(g) CORPORATIONS TREATED AS FOREIGN.—For the purposes of this section the following corporations shall be treated as foreign corporations:

United States possessions.
Post, p. 231.

(1) A corporation entitled to the benefits of section 251, by reason of receiving a large percentage of its gross income from sources within a possession of the United States;

China Trade Act corporations.
Post, p. 232.

(2) A corporation organized under the China Trade Act, 1922, and entitled to the credit provided for in section 261.

### SEC. 132. PAYMENTS UNDER 1928 ACT.

Any amount paid before or after the enactment of this Act on account of the tax imposed for a fiscal year beginning in 1931 and ending in 1932 by Title II of the Revenue Act of 1928 shall be credited toward the payment of the tax imposed for such fiscal year by this Act, and if the amount so paid exceeds the amount of such tax imposed by this Act, the excess shall be credited or refunded in accordance with the provisions of section 322.

*INCOME TAX*

*Payments under 1928 Act.*
*Credits or refunds.*
*Vol. 45, p. 862.*
*Post, p. 242.*

## Supplement D—Returns and Payment of Tax

[Supplementary to Subtitle B, Part V]

*Returns and Payment of Tax.*

### SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS.

(a) PRIVILEGE TO FILE CONSOLIDATED RETURNS.—An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year in lieu of separate returns.  The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) (or, in case such regulations are not prescribed prior to the making of the return, then the regulations prescribed under section 141(b) of the Revenue Act of 1928 in so far as not inconsistent with this Act) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent.  In the case of a corporation which is a member of the affiliated group for a fractional part of the year the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

*Consolidated returns of corporations.*
*Affiliated corporations may make.*

*Consent required.*

*Returns made prior to proclaiming regulations.*
*Vol. 45, p. 831.*

*Fractional part of year.*

(b) REGULATIONS.—The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability.

*Regulations to determine tax liability.*

(c) COMPUTATION AND PAYMENT OF TAX.—In any case in which a consolidated return is made the tax shall be determined, computed, assessed, collected, and adjusted in accordance with the regulations under subsection (b) (or, in case such regulations are not prescribed prior to the making of the return, then the regulations prescribed under section 141(b) of the Revenue Act of 1928 in so far as not inconsistent with this Act) prescribed prior to the date on which such return is made; except that for the taxable years 1932 and 1933 there shall be added to the rate of tax prescribed by sections 13(a), 201(b), and 204(a), a rate of ¾ of 1 per centum.

*Computation and payment of tax.*

*Returns filed prior to making regulations.*
*Vol. 45, p. 831.*

*Exceptions.*
*Ante, p. 177.*
*Post, pp. 223, 225.*

(d) DEFINITION OF "AFFILIATED GROUP".—As used in this section an "affiliated group" means one or more chains of corporations connected through stock ownership with a common parent corporation if—

*"Affiliated group" defined.*

(1) At least 95 per centum of the stock of each of the corporations (except the common parent corporation) is owned directly by one or more of the other corporations; and

*Stock ownership of members.*

(2) The common parent corporation owns directly at least 95 per centum of the stock of at least one of the other corporations. As used in this subsection the term "stock" does not include nonvoting stock which is limited and preferred as to dividends.

*Of parent corporation.*

*Nonvoting stock not included.*

**214**          72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX

Applicable only for domestic corporations. Insurance companies not included. *Post,* pp. 223, 225. *Ante,* p. 177.

(e) A consolidated return shall be made only for the domestic corporations within the affiliated group. An insurance company subject to the tax imposed by section 201 or 204 shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13, and an insurance company subject to the tax imposed by section 201 shall not be included in the same consolidated return with an insurance company subject to the tax imposed by section 204.

China Trade Act corporations deemed not affiliated.

(f) CHINA TRADE ACT CORPORATIONS.—A corporation organized under the China Trade Act, 1922, shall not be deemed to be affiliated with any other corporation within the meaning of this section.

Corporations in United States possessions treated as foreign.

(g) CORPORATIONS DERIVING INCOME FROM POSSESSIONS OF UNITED STATES.—For the purposes of this section a corporation entitled to the benefits of section 251, by reason of receiving a large percentage of its income from possessions of the United States, shall be treated as a foreign corporation.

Subsidiary of domestic corporation formed to comply with foreign law, deemed domestic.

(h) SUBSIDIARY FORMED TO COMPLY WITH FOREIGN LAW.—In the case of a domestic corporation owning or controlling, directly or indirectly, 100 per centum of the capital stock (exclusive of directors' qualifying shares) of a corporation organized under the laws of a contiguous foreign country and maintained solely for the purpose of complying with the laws of such country as to title and operation of property, such foreign corporation may, at the option of the domestic corporation, be treated for the purpose of this title as a domestic corporation.

Suspension of running of statute of limitations. *Post,* p. 233.

*Post,* p. 238.

(i) SUSPENSION OF RUNNING OF STATUTE OF LIMITATIONS.—If a notice under section 272(a) in respect of a deficiency for any taxable year is mailed to a corporation, the suspension of the running of the statute of limitations, provided in section 277, shall apply in the case of corporations with which such corporation made a consolidated return for such taxable year.

Allocation of income and deductions. *Ante,* p. 186.

(j) ALLOCATION OF INCOME AND DEDUCTIONS.—For allocation of income and deductions of related trades or businesses, see section 45.

Fiduciary returns. Sworn statements of income, etc., of beneficiaries.

SEC. 142. FIDUCIARY RETURNS.

(a) REQUIREMENT OF RETURN.—Every fiduciary (except a receiver appointed by authority of law in possession of part only of the property of an individual) shall make under oath a return for any of the following individuals, estates, or trusts for which he acts, stating specifically the items of gross income thereof and the deductions and credits allowed under this title—

With net income of $1,000 or over, and single, etc.

(1) Every individual having a net income for the taxable year of $1,000 or over, if single, or if married and not living with husband or wife;

Married, etc., with $2,500 or over.

(2) Every individual having a net income for the taxable year of $2,500 or over, if married and living with husband or wife;

Gross income of $5,000 or over.

(3) Every individual having a gross income for the taxable year of $5,000 or over, regardless of the amount of his net income;

Estates or trusts of $1,000 net income or over.

(4) Every estate or trust the net income of which for the taxable year is $1,000 or over;

Gross income of $5,000 or over.

(5) Every estate or trust the gross income of which for the taxable year is $5,000 or over, regardless of the amount of the net income; and

Nonresident alien beneficiaries.

(6) Every estate or trust of which any beneficiary is a nonresident alien.

By joint fiduciaries.

(b) JOINT FIDUCIARIES.—Under such regulations as the Commissioner with the approval of the Secretary may prescribe a return made by one of two or more joint fiduciaries and filed in the office of the collector of the district where such fiduciary resides shall be

sufficient compliance with the above requirement. Such fiduciary shall make oath (1) that he has sufficient knowledge of the affairs of the individual, estate, or trust for which the return is made, to enable him to make the return, and (2) that the return·is, to the best of his knowledge and belief, true and correct.

(c) LAW APPLICABLE TO FIDUCIARIES.—Any fiduciary required to make a return under this title shall be subject to all the provisions of law which apply to individuals.

## SEC. 143. WITHHOLDING OF TAX AT SOURCE.

(a) TAX-FREE COVENANT BONDS.—

(1) REQUIREMENT OF WITHHOLDING.—In any case where bonds, mortgages, or deeds of trust, or other similar obligations of a corporation contain a contract or provision by which the obligor agrees to pay any portion of the tax imposed by this title upon the obligee, or to reimburse the obligee for any portion of the tax, or to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon, or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such bonds, mortgages, deeds of trust, or other obligations, whether such interest is payable annually or at shorter or longer periods, if payable to an individual, a partnership, or a foreign corporation not engaged in trade or business within the United States and not having any office or place of business therein : *Provided,* That if the liability assumed by the obligor does not exceed 2 per centum of the interest, then the deduction and withholding shall be at the following rates: (A) 8 per centum in the case of a nonresident alien individual, or of any partnership not engaged in trade or business within the United States and not having any office or place of business therein and composed in whole or in part of nonresident aliens, (B) 13¾ per centum in the case of such a foreign corporation, and (C) 2 per centum in the case of other individuals and partnerships: *Provided further,* That if the owners of such obligations are not known to the withholding agent the Commissioner may authorize such deduction and withholding to be at the rate of 2 per centum, or, if the liability assumed by the obligor does not exceed 2 per centum of the interest, then at the rate of 8 per centum.

(2) BENEFIT OF CREDITS AGAINST NET INCOME.—Such deduction and withholding shall not be required in the case of a citizen or resident entitled to receive such interest, if he files with the withholding agent on or before February 1 a signed notice in writing claiming the benefit of the credits provided in section 25 (c) and (d); nor in the case of a nonresident alien individual if so provided for in regulations prescribed by the Commissioner under section 215.

(3) INCOME OF OBLIGOR AND OBLIGEE.—The obligor shall not be allowed a deduction for the payment of the tax imposed by this title, or any other tax paid pursuant to the tax-free covenant clause, nor shall such tax be included in the gross income of the obligee.

(b) NONRESIDENT ALIENS.—All persons, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the United States, having the control, receipt, custody, disposal, or payment of interest (except interest on deposits with persons carrying on the banking business paid to persons not engaged in business in the United States and not having an office or place of business therein),

---

*Marginal notes:*

INCOME TAX
Oath required.

Subject to provisions applicable to individuals.

Withholding tax at source.
Tax-free covenant bonds.
By corporations agreeing to pay interest, free from tax, etc.

Tax withheld.

Proviso.
Rates.

From nonresident alien individual, etc.

From foreign corporations.
Other individuals, etc.

Unknown owners.

Exception on notice of credit withheld by individual.

Nonresident alien.
*Post,* p. 229.
*Ante,* p. 184.

Restriction on obligor and obligee.

Normal tax of nonresident aliens payable at source.

INCOME TAX

rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income, of any nonresident alien individual, or of any partnership not engaged in trade or business within the United States and not having any office or place of business therein and composed in whole or in part of nonresident aliens, (other than

Exceptions.
*Ante*, p. 184.

income received as dividends of the class allowed as a credit by section 25(a)) shall (except in the cases provided for in subsection (a) of this section and except as otherwise provided in regulations prescribed by the Commissioner under section 215) deduct and withhold from such annual or periodical gains, profits, and income

*Proviso.*
Interest of unknown owners.

a tax equal to 8 per centum thereof: *Provided*, That the Commissioner may authorize such tax to be deducted and withheld from the interest upon any securities the owners of which are not known to the withholding agent.

Return and payment required.

(c) RETURN AND PAYMENT.—Every person required to deduct and withhold any tax under this section shall make return thereof on or before March 15 of each year and shall on or before June 15, in lieu

*Ante*, p. 189.

of the time prescribed in section 56, pay the tax to the official of the United States Government authorized to receive it.  Every such person is hereby made liable for such tax and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this section.

Return by recipient of withheld tax.

(d) INCOME OF RECIPIENT.—Income upon which any tax is required to be withheld at the source under this section shall be included in the return of the recipient of such income, but any amount of tax so withheld shall be credited against the amount of income tax as computed in such return.

Tax paid by recipient.
Not re-collectible.

(e) TAX PAID BY RECIPIENT.—If any tax required under this section to be deducted and withheld is paid by the recipient of the income, it shall not be re-collected from the withholding agent; nor in cases in which the tax is so paid shall any penalty be imposed upon or collected from the recipient of the income or the withholding agent for failure to return or pay the same, unless such failure was fraudulent and for the purpose of evading payment.

Refunds and credits to withholding agent.
*Post*, p. 242.

(f) REFUNDS AND CREDITS.—Where there has been an overpayment of tax under this section any refund or credit made under the provisions of section 322 shall be made to the withholding agent unless the amount of such tax was actually withheld by the withholding agent.

Deductions, etc., for prior periods.

(g) Notwithstanding the provisions of subsections (a) and (b), the deduction and withholding for any period prior to the date of the enactment of this Act shall be at the rates of 12 per centum and 5 per centum in lieu of the rates of 13¾ per centum and 8 per centum prescribed in such subsections.

Payment at source.
By foreign corporations not in business within United States.

## SEC. 144. PAYMENT OF CORPORATION INCOME TAX AT SOURCE.

In the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon

*Ante*, p. 215.

the same items of income as is provided in section 143 a tax equal to 12 per centum thereof in respect of all payments of income made before the enactment of this Act, and equal to 13¾ per centum thereof in respect of all payments of income made after the enactment of this Act, and such tax shall be returned and paid in the same manner

*Proviso.*
Rate when interest granted free of tax.

and subject to the same conditions as provided in that section: *Provided*, That in the case of interest described in subsection (a) of that section (relating to tax-free covenant bonds) the deduction and withholding shall be at the rate specified in such subsection.

### SEC. 145. PENALTIES.

(a) Any person required under this title to pay any tax, or required by law or regulations to make under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this title, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

Penalties.
Willful failure to pay tax, make returns, etc.

Punishment for.

(b) Any person required under this title to collect, account for, and pay over any tax imposed by this title, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

For willful failure to collect tax, evade payment, etc.

Punishment for.

(c) The term " person " as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

"Person" defined.

### SEC. 146. CLOSING BY COMMISSIONER OF TAXABLE YEAR.

Closing of taxable year.

(a) TAX IN JEOPARDY.—If the Commissioner finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect the tax for the taxable year then last past or the taxable year then current unless such proceedings be brought without delay, the Commissioner shall declare the taxable period for such taxpayer immediately terminated and shall cause notice of such finding and declaration to be given the taxpayer, together with a demand for immediate payment of the tax for the taxable period so declared terminated and of the tax for the preceding taxable year or so much of such tax as is unpaid, whether or not the time otherwise allowed by law for filing return and paying the tax has expired; and such taxes shall thereupon become immediately due and payable. In any proceeding in court brought to enforce payment of taxes made due and payable by virtue of the provisions of this section the finding of the Commissioner, made as herein provided, whether made after notice to the taxpayer or not, shall be for all purposes presumptive evidence of the taxpayer's design.

Tax in jeopardy.
Immediate payment demanded if acts of taxpayer prejudice collection.

Notice of finding and demand.

Finding of Commissioner presumptive evidence of design.

(b) SECURITY FOR PAYMENT.—A taxpayer who is not in default in making any return or paying income, war-profits, or excess-profits tax under any Act of Congress may furnish to the United States, under regulations to be prescribed by the Commissioner, with the approval of the Secretary, security approved by the Commissioner that he will duly make the return next thereafter required to be filed and pay the tax next thereafter required to be paid. The Commissioner may approve and accept in like manner security for return and payment of taxes made due and payable by virtue of the provisions of this section, provided the taxpayer has paid in full all other income, war-profits, or excess-profits taxes due from him under any Act of Congress.

Security accepted if taxpayer not in default.

Acceptance conditional.

(c) SAME—EXEMPTION FROM SECTION.—If security is approved and accepted pursuant to the provisions of this section and such further or other security with respect to the tax or taxes covered

Suspension of enforcement on approval of bond.

**218**                72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.

INCOME TAX

thereby is given as the Commissioner shall from time to time find necessary and require, payment of such taxes shall not be enforced by any proceedings under the provisions of this section prior to the expiration of the time otherwise allowed for paying such respective taxes.

Discretionary waiver of requirements as to citizens.

(d) CITIZENS.—In the case of a citizen of the United States or of a possession of the United States about to depart from the United States the Commissioner may, at his discretion, waive any or all of the requirements placed on the taxpayer by this section.

Aliens must furnish tax-paid certificates before departure.

(e) DEPARTURE OF ALIEN.—No alien shall depart from the United States unless he first procures from the collector or agent in charge a certificate that he has complied with all the obligations imposed upon him by the income, war-profits, and excess-profits tax laws.

Additional tax for violation thereof.

(f) ADDITION TO TAX.—If a taxpayer violates or attempts to violate this section there shall, in addition to all other penalties, be added as part of the tax 25 per centum of the total amount of the tax or deficiency in the tax, together with interest at the rate of 1 per centum a month from the time the tax became due.

Information at source.

**SEC. 147. INFORMATION AT SOURCE.**

Persons making fixed payments to others of $1,000 or more to make returns thereof.

(a) PAYMENTS OF $1,000 OR MORE.—All persons, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, and employers, making payment to another person, of interest, rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income (other than payments described in section 148 (a) or 149), of $1,000 or more in any taxable year, or, in the case of such payments made by the United States, the officers or employees of the United States having information as to such payments and required to make returns in regard thereto by the regulations hereinafter provided for, shall render a true and accurate return to the Commissioner, under such regulations and in such form and manner and to such extent as may be prescribed by him with the approval of the Secretary, setting forth the amount of such gains, profits, and income, and the name and address of the recipient of such payment.

Exceptions.

Returns regardless of amount of payment. Interest on corporation bonds.

(b) RETURNS REGARDLESS OF AMOUNT OF PAYMENT.—Such returns may be required, regardless of amounts, (1) in the case of payments of interest upon bonds, mortgages, deeds of trust, or other similar obligations of corporations, and (2) in the case of collections of items (not payable in the United States) of interest upon the bonds of foreign countries and interest upon the bonds of and dividends from foreign corporations by persons undertaking as a matter of business or for profit the collection of foreign payments of such interest or dividends by means of coupons, checks, or bills of exchange.

Collecting foreign coupons, etc.

Name and address of recipient.

(c) RECIPIENT TO FURNISH NAME AND ADDRESS.—When necessary to make effective the provisions of this section the name and address of the recipient of income shall be furnished upon demand of the person paying the income.

Not applicable to Federal obligations.

(d) OBLIGATIONS OF UNITED STATES.—The provisions of this section shall not apply to the payment of interest on obligations of the United States.

Information by corporations.

**SEC. 148. INFORMATION BY CORPORATIONS.**

Specific return to be made.

(a) DIVIDEND PAYMENTS.—Every corporation subject to the tax imposed by this title shall, when required by the Commissioner, render a correct return, duly verified under oath, of its payments of dividends, stating the name and address of each shareholder, the number of shares owned by him, and the amount of dividends paid to him.

(b) PROFITS OF TAXABLE YEAR DECLARED AS DIVIDENDS.—There shall be included in the return or appended thereto a statement of such facts as will enable the Commissioner to determine the portion of the earnings or profits of the corporation (including gains, profits, and income not taxed) accumulated during the taxable year for which the return is made, which have been distributed or ordered to be distributed, respectively, to its shareholders during such year.

INCOME TAX

Statement of profits of taxable year declared as dividends.

(c) ACCUMULATED GAINS AND PROFITS.—When requested by the Commissioner, or any collector, every corporation shall forward to him a correct statement of accumulated gains and profits and the names and addresses of the individuals or shareholders who would be entitled to the same if divided or distributed, and of the amounts that would be payable to each.

Accumulated gains and profits.
Statement of persons entitled thereto.

## SEC. 149. RETURNS OF BROKERS.

Returns of brokers.
Sworn report of all business transacted.

Every person doing business as a broker shall, when required by the Commissioner, render a correct return duly verified under oath, under such rules and regulations as the Commissioner, with the approval of the Secretary, may prescribe, showing the names of customers for whom such person has transacted any business, with such details as to the profits, losses, or other information which the Commissioner may require, as to each of such customers, as will enable the Commissioner to determine whether all income tax due on profits or gains of such customers has been paid.

## SEC. 150. COLLECTION OF FOREIGN ITEMS.

Collection of foreign items.
Licenses required for collecting foreign coupons, etc.

All persons undertaking as a matter of business or for profit the collection of foreign payments of interest or dividends by means of coupons, checks, or bills of exchange shall obtain a license from the Commissioner and shall be subject to such regulations enabling the Government to obtain the information required under this title as the Commissioner, with the approval of the Secretary, shall prescribe; and whoever knowingly undertakes to collect such payments without having obtained a license therefor, or without complying with such regulations, shall be guilty of a misdemeanor and shall be fined not more than $5,000 or imprisoned for not more than one year, or both.

Punishment for violation.

## Supplement E—Estates and Trusts

Estates and trusts.

## SEC. 161. IMPOSITION OF TAX.

Income of, to be taxed.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

Accumulations in trust.

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

Periodical distributions.

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

Received during administration.

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

Discretionary distribution.

(b) COMPUTATION AND PAYMENT.—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). For return made by beneficiary, see section 142.

Computation and payment.
Payment by fiduciary; exception.
*Post*, p. 221.
*Ante*, p. 214.

220          72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX

Net income.
Computation.

## SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

Deductions allowed.
Charitable, etc., con-
tributions.

(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23(n)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(n), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit;

Current distribution
by fiduciary, etc.

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

Payment made or
credited to benefici-
aries.

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

To be included in in-
come of beneficiary.

Credits against net
income.

## SEC. 163. CREDITS AGAINST NET INCOME.

Normal tax personal
exemption allowed
heirs, etc.
Ante, p. 184.

(a) CREDITS OF ESTATE OR TRUST.—For the purpose of the normal tax the estate or trust shall be allowed the same personal exemption as is allowed to a single person under section 25(c), and, if no part of the income of the estate or trust is included in computing the net income of any legatee, heir, or beneficiary, then in addition the same credits against net income for dividends and interest as are allowed by section 25(a) and (b).

Credits of beneficiary
in computing income.

(b) CREDITS OF BENEFICIARY.—If any part of the net income of an estate or trust is included in computing the net income of any legatee, heir, or beneficiary, such legatee, heir, or beneficiary shall, for the purpose of the normal tax, be allowed as credits against net income, in addition to the credits allowed to him under section 25, his proportionate share of such amounts of dividends and interest specified in section 25(a) and (b) as are, under this Supplement, required to be included in computing his net income. Any remaining portion of such amounts specified in section 25(a) and (b) shall, for the purpose of the normal tax, be allowed as credits to the estate or trust.

Ante, p. 184.

Credits allowed es-
tate or trust.

Different taxable
years.
Computation if tax-
able year of estate or
trust and beneficiary
differ.

## SEC. 164. DIFFERENT TAXABLE YEARS.

If the taxable year of a beneficiary is different from that of the estate or trust, the amount which he is required, under section 162(b), to include in computing his net income, shall be based upon

the income of the estate or trust for any taxable year of the estate or trust ending within his taxable year.

INCOME TAX

### SEC. 165. EMPLOYEES' TRUSTS.

A trust created by an employer as a part of a stock bonus, pension, or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under section 161, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him.  Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of dividends and interest specified in section 25(a) and (b).

Employees' trusts.
Profit-sharing trusts, etc., for employees, not taxed.

*Ante,* p. 219.
Distributees taxed on amount received.

Credits.
*Ante,* p. 184.

### SEC. 166. REVOCABLE TRUSTS.

Where at any time during the taxable year the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

Revocable trusts.

Income therefrom computed with grantor's net income.

### SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23(n), relating to the so-called "charitable contribution" deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question".

Income for benefit of grantor, computed with grantor's net income.
When held for future distribution.

When distributed to grantor.

When applied to life insurance premiums.
Exception.

*Ante,* p. 181.

"In the discretion of the grantor" defined.

### SEC. 168. CAPITAL NET GAINS AND LOSSES.

In the case of an estate or trust, or of a beneficiary of an estate or trust, the proper part of each share of the net income which consists, respectively, of ordinary net income, capital net gain, or capital net loss, shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary, and shall be separately shown in the return of the estate or trust, and shall be taxed to the beneficiary or to the estate or trust as

Capital net gains and losses.
Determination of; to be separately shown in returns.

**222**   72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX
*Ante,* p. 191.

provided in this Supplement, but at the rates and in the manner provided in section 101 (a) and (b), relating to capital net gains and losses.

Net losses.
Allowance of special deduction.
*Ante,* p. 207.

**SEC. 169. NET LOSSES.**

The benefit of the special deduction for net losses allowed by section 117 shall be allowed to an estate or trust under regulations prescribed by the Commissioner with the approval of the Secretary.

Taxes of foreign countries, etc.

**SEC. 170. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.**

Allowance against tax of beneficiary.

The amount of income, war-profits, and excess-profits taxes imposed by foreign countries or possessions of the United States shall be allowed as credit against the tax of the beneficiary of an estate or trust to the extent provided in section 131.

*Ante,* p. 211.

Partnerships.

## Supplement F—Partnerships

**SEC. 181. PARTNERSHIP NOT TAXABLE.**

Individual liability for tax.

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.

Tax of partners.
Distributive share included in net income.

**SEC. 182. TAX OF PARTNERS.**

(a) GENERAL RULE.—There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. If the taxable year of a partner is different from that of the partnership, the amount so included shall be based upon the income of the partnership for any taxable year of the partnership ending within his taxable year.

Computation.

Partnership year embracing calendar years with different laws.

(b) PARTNERSHIP YEAR EMBRACING CALENDAR YEARS WITH DIFFERENT LAWS.—If a fiscal year of a partnership begins in one calendar year and ends in another calendar year, and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then

Rates for year in which fiscal year begins.

(1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and

Rates for year in which fiscal year ends.

(2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year.

Computation of rates.

In such cases the part of such income subject to the rates in effect for the most recent calendar year shall be added to the other income of the taxpayer subject to such rates and the resulting amount shall be placed in the lower brackets of the rate schedule applicable to such year, and the part of such income subject to the rates in effect for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to such year.

Partnership income.
Computation.
Exception.
Charitable contribution deduction not allowed.
*Ante,* p. 181.

**SEC. 183. COMPUTATION OF PARTNERSHIP INCOME.**

The net income of the partnership shall be computed in the same manner and on the same basis as in the case of an individual, except that the so-called "charitable contribution" deduction provided in section 23 (n) shall not be allowed.

### SEC. 184. CREDITS AGAINST NET INCOME.

The partner shall, for the purpose of the normal tax, be allowed as a credit against his net income, in addition to the credits allowed to him under section 25, his proportionate share of such amounts of dividends and interest specified in section 25(a) and (b) as are received by the partnership.

INCOME TAX
Credits against net income.
Additional, from partnership exemptions.
*Ante,* p. 184.

### SEC. 185. EARNED INCOME.

In the case of the members of a partnership the proper part of each share of the net income which consists of earned income shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in this Supplement.

Earned income.
Determination of.

### SEC. 186. CAPITAL NET GAINS AND LOSSES.

In the case of the members of a partnership the proper part of each share of the net income which consists, respectively, of ordinary net income, capital net gain, or capital net loss, shall be determined under the rules and regulations to be prescribed by the Commissioner with the approval of the Secretary, and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in this Supplement, but at the rates and in the manner provided in section 101(a) and (b), relating to capital net gains and losses.

Capital net gains and losses.
Additional from partnership exemptions.

*Ante,* p. 191.

### SEC. 187. NET LOSSES.

The benefit of the special deduction for net losses allowed by section 117 shall be allowed to the members of a partnership under regulations prescribed by the Commissioner with the approval of the Secretary.

Net losses.
Deduction from, allowed partners.
*Ante,* p. 207.

### SEC. 188. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

The amount of income, war-profits, and excess-profits taxes imposed by foreign countries or possessions of the United States shall be allowed as a credit against the tax of the member of a partnership to the extent provided in section 131.

Foreign taxes.
Credit for, allowed partners.
*Ante,* p. 211.

### SEC. 189. PARTNERSHIP RETURNS.

Every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. The return shall be sworn to by any one of the partners.

Partnership returns.
Sworn statement of gross income, etc.

### Supplement G—Insurance Companies

Insurance companies.

### SEC. 201. TAX ON LIFE INSURANCE COMPANIES.

(a) DEFINITION.—When used in this title the term "life insurance company" means an insurance company engaged in the business of issuing life insurance and annuity contracts (including contracts of combined life, health, and accident insurance), the reserve funds of which held for the fulfillment of such contracts comprise more than 50 per centum of its total reserve funds.

(b) RATE OF TAX.—In lieu of the tax imposed by section 13, there shall be levied, collected, and paid for each taxable year upon the net income of every life insurance company a tax as follows:

(1) In the case of a domestic life insurance company, 13¾ per centum of its net income;

Tax on life insurance companies.
"Life insurance company," defined.

Rate of tax on net incomes.
*Ante,* p. 177.

Domestic.

INCOME TAX
Foreign.
(2) In the case of a foreign life insurance company, 13¾ per centum of its net income from sources within the United States.

Gross income, life insurance companies.
"Gross income," defined.
## SEC. 202. GROSS INCOME OF LIFE INSURANCE COMPANIES.

(a) In the case of a life insurance company the term "gross income" means the gross amount of income received during the taxable year from interest, dividends, and rents.

"Reserve funds required by law."
Application of.
(b) The term "reserve funds required by law" includes, in the case of assessment insurance, sums actually deposited by any company or association with State or Territorial officers pursuant to law as guaranty or reserve funds, and any funds maintained under the charter or articles of incorporation of the company or association exclusively for the payment of claims arising under certificates of membership or policies issued upon the assessment plan and not subject to any other use.

Net income.
Deductions from.
## SEC. 203. NET INCOME OF LIFE INSURANCE COMPANIES.

(a) GENERAL RULE.—In the case of a life insurance company the term "net income" means the gross income less—

Tax-free interest.
*Ante,* p. 178.
(1) TAX-FREE INTEREST.—The amount of interest received during the taxable year which under section 22(b) is exempt from the taxes imposed by this title;

Reserve funds required by law.
(2) RESERVE FUNDS.—An amount equal to 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year, except that in the case of any such reserve fund which is computed at a lower interest assumption rate, the rate of 3¾ per centum shall be substituted for 4 per centum. Life insurance companies issuing policies covering life, health, and accident insurance combined in one policy issued on the weekly premium payment plan, continuing for life and not subject to cancellation, shall be allowed, in addition to the above, a deduction of 3¾ per centum of the mean of such reserve funds (not required by law) held at the beginning and end of the taxable year, as the Commissioner finds to be necessary for the protection of the holders of such policies only;

Policies of combined insurance.
Weekly payment plan.

Reserves not required by law.

Dividends from domestic corporations.
*Post,* p. 231.
From foreign corporations.
(3) DIVIDENDS.—The amount received as dividends (A) from a domestic corporation which is subject to taxation under this title, other than a corporation entitled to the benefits of section 251, and other than a corporation organized under the China Trade Act, 1922, or (B) from any foreign corporation when it is shown to the satisfaction of the Commissioner that more than 50 per centum of the gross income of such foreign corporation for the three-year period ending with the close of its taxable year preceding the declaration of such dividends (or for such part of such period as the foreign corporation has been in existence) was derived from sources within the United States as determined under section 119;

*Ante,* p. 208.

Amount for reserves for deferred dividends.
(4) RESERVE FOR DIVIDENDS.—An amount equal to 2 per centum of any sums held at the end of the taxable year as a reserve for dividends (other than dividends payable during the year following the taxable year) the payment of which is deferred for a period of not less than five years from the date of the policy contract;

Investment expenses.
*Proviso.*
Limitation.
(5) INVESTMENT EXPENSES.—Investment expenses paid during the taxable year: *Provided,* That if any general expenses are in part assigned to or included in the investment expenses, the total deduction under this paragraph shall not exceed one-fourth of 1 per centum of the book value of the mean of the invested assets held at the beginning and end of the taxable year;

(6) REAL ESTATE EXPENSES.—Taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company, not including taxes assessed against local benefits of a kind tending to increase the value of the property assessed, and not including any amount paid out for new buildings, or for permanent improvements or betterments made to increase the value of any property. The deduction allowed by this paragraph shall be allowed in the case of taxes imposed upon a shareholder of a company upon his interest as shareholder, which are paid by the company without reimbursement from the shareholder, but in such cases no deduction shall be allowed the shareholder for the amount of such taxes;

(7) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear of property, including a reasonable allowance for obsolescence; and

(8) INTEREST.—All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title.

(b) RENTAL VALUE OF REAL ESTATE.—The deduction under subsection (a) (6) or (7) of this section on account of any real estate owned and occupied in whole or in part by a life insurance company, shall be limited to an amount which bears the same ratio to such deduction (computed without regard to this subsection) as the rental value of the space not so occupied bears to the rental value of the entire property.

(c) FOREIGN LIFE INSURANCE COMPANIES.—In the case of a foreign life insurance company the amount of its net income for any taxable year from sources within the United States shall be the same proportion of its net income for the taxable year from sources within and without the United States, which the reserve funds required by law and held by it at the end of the taxable year upon business transacted within the United States is of the reserve funds held by it at the end of the taxable year upon all business transacted.

SEC. 204. INSURANCE COMPANIES OTHER THAN LIFE OR MUTUAL.

(a) IMPOSITION OF TAX.—In lieu of the tax imposed by section 13 of this title, there shall be levied, collected, and paid for each taxable year upon the net income of every insurance company (other than a life or mutual insurance company) a tax as follows:

(1) In the case of such a domestic insurance company, 13¾ per centum of its net income;

(2) In the case of such a foreign insurance company, 13¾ per centum of its net income from sources within the United States.

(b) DEFINITION OF INCOME, ETC.—In the case of an insurance company subject to the tax imposed by this section—

(1) GROSS INCOME.—"Gross income" means the sum of (A) the combined gross amount earned during the taxable year, from investment income and from underwriting income as provided in this subsection, computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners, and (B) gain during the taxable year from the sale or other disposition of property, and (C) all other items constituting gross income under section 22;

(2) NET INCOME.—"Net income" means the gross income as defined in paragraph (1) of this subsection less the deductions allowed by subsection (c) of this section;

3051°—33——15

---

*Marginal notes:*

INCOME TAX

Taxes, etc., on realty.

Exception.

If tax paid on shareholder's interest.

Depreciation of property.

Interest on indebtedness.
Exception.

Rental value of real estate.
Deduction of proportionate part of depreciation, etc., expenses.

Determination of.

Foreign life insurance companies.
Net income on business in United States.

Insurance companies other than life or mutual.
Tax imposed.

Domestic companies.

Foreign companies.

Definition of terms.

"Gross income."

"Net income."

INCOME TAX

"Investment income."

Sources of.

(3) INVESTMENT INCOME.—"Investment income" means the gross amount of income earned during the taxable year from interest, dividends, and rents, computed as follows:

To all interest, dividends and rents received during the taxable year, add interest, dividends and rents due and accrued at the end of the taxable year, and deduct all interest, dividends and rents due and accrued at the end of the preceding taxable year;

"Underwriting income."

(4) UNDERWRITING INCOME.—"Underwriting income" means the premiums earned on insurance contracts during the taxable year less losses incurred and expenses incurred;

"Premiums earned."

(5) PREMIUMS EARNED.—"Premiums earned on insurance contracts during the taxable year" means an amount computed as follows:

Computation of.

From the amount of gross premiums written on insurance contracts during the taxable year, deduct return premiums and premiums paid for reinsurance. To the result so obtained add unearned premiums on outstanding business at the end of the preceding taxable year and deduct unearned premiums on outstanding business at the end of the taxable year;

"Losses incurred."

(6) LOSSES INCURRED.—"Losses incurred" means losses incurred during the taxable year on insurance contracts, computed as follows:

Computation of.

To losses paid during the taxable year, add salvage and reinsurance recoverable outstanding at the end of the preceding taxable year, and deduct salvage and reinsurance recoverable outstanding at the end of the taxable year. To the result so obtained add all unpaid losses outstanding at the end of the taxable year and deduct unpaid losses outstanding at the end of the preceding taxable year;

"Expenses incurred."

(7) EXPENSES INCURRED.—"Expenses incurred" means all expenses shown on the annual statement approved by the National Convention of Insurance Commissioners, and shall be computed as follows:

Computation of.

To all expenses paid during the taxable year add expenses unpaid at the end of the taxable year and deduct expenses unpaid at the end of the preceding taxable year. For the purpose of computing the net income subject to the tax imposed by this section there shall be deducted from expenses incurred as defined in this paragraph all expenses incurred which are not allowed as deductions by subsection (c) of this section.

Net income.
Deductions allowed.

(c) DEDUCTIONS ALLOWED.—In computing the net income of an insurance company subject to the tax imposed by this section there shall be allowed as deductions:

Business expenses.
*Ante*, p. 179.

(1) All ordinary and necessary expenses incurred, as provided in section 23(a);

Interest.

(2) All interest as provided in section 23(b);

Taxes.

(3) Taxes as provided in section 23(c);

Losses.

(4) Losses incurred as defined in subsection (b) (6) of this section;

Losses from sales.

(5) Losses sustained during the taxable year from the sale or other disposition of property;

Worthless debts.

(6) Bad debts in the nature of agency balances and bills receivable ascertained to be worthless and charged off within the taxable year;

Dividends from corporations.

(7) The amount received as dividends from corporations as provided in section 23(p);

Exempt interest.
*Ante*, p. 178.

(8) The amount of interest earned during the taxable year which under section 22(b)(4) is exempt from the taxes imposed by this

title, and the amount of interest allowed as a credit under section 26;

(9) A reasonable allowance for the exhaustion, wear and tear of property, as provided in section 23 (k).

(d) DEDUCTIONS OF FOREIGN CORPORATIONS.—In the case of a foreign corporation the deductions allowed in this section shall be allowed to the extent provided in Supplement I.

(e) DOUBLE DEDUCTIONS.—Nothing in this section shall be construed to permit the same item to be twice deducted.

### SEC. 205. NET LOSSES.

The benefit of the special deduction for net losses allowed by section 117 shall be allowed to insurance companies subject to the tax imposed by section 201 or 204, under regulations prescribed by the Commissioner with the approval of the Secretary.

### SEC. 206. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

The amount of income, war-profits, and excess-profits taxes imposed by foreign countries or possessions of the United States shall be allowed as a credit against the tax of a domestic insurance company subject to the tax imposed by section 201 or 204, to the extent provided in the case of a domestic corporation in section 131, and in such cases " net income " as used in that section means the net income as defined in this Supplement.

### SEC. 207. COMPUTATION OF GROSS INCOME.

The gross income of insurance companies subject to the tax imposed by section 201 or 204 shall not be determined in the manner provided in section 119.

### SEC. 208. MUTUAL INSURANCE COMPANIES OTHER THAN LIFE.

(a) APPLICATION OF TITLE.—Mutual insurance companies, other than life insurance companies, shall be taxable in the same manner as other corporations, except as hereinafter provided in this section.

(b) GROSS INCOME.—Mutual marine-insurance companies shall include in gross income the gross premiums collected and received by them less amounts paid for reinsurance.

(c) DEDUCTIONS.—In addition to the deductions allowed to corporations by section 23 the following deductions to insurance companies shall also be allowed, unless otherwise allowed—

(1) MUTUAL INSURANCE COMPANIES OTHER THAN LIFE INSURANCE.—In the case of mutual insurance companies other than life insurance companies—

(A) the net addition required by law to be made within the taxable year to reserve funds (including in the case of assessment insurance companies the actual deposit of sums with State or Territorial officers pursuant to law as additions to guarantee or reserve funds) ; and

(B) the sums other than dividends paid within the taxable year on policy and annuity contracts.

(2) MUTUAL MARINE INSURANCE COMPANIES.—In the case of mutual marine insurance companies, in addition to the deductions allowed in paragraph (1) of this subsection, unless otherwise allowed, amounts repaid to policyholders on account of premiums previously paid by them, and interest paid upon such amounts between the ascertainment and the payment thereof;

(3) MUTUAL INSURANCE COMPANIES OTHER THAN LIFE AND MARINE.—In the case of mutual insurance companies (including interinsurers and reciprocal underwriters, but not including mutual life or mutual marine insurance companies) requiring

INCOME TAX
Ante, p. 185.

Exhaustion, etc., of property.

Deductions allowed foreign corporations for United States business. Post, p. 229.

Duplications prohibited.

Net losses.
Allowance of special deductions for. Ante, pp. 207, 223, 225.

Foreign taxes.

Credit for, allowed domestic insurance companies. Ante, pp. 223, 225.

Ante, p. 211.

Gross income. Computation. Ante, pp. 208, 223, 225.

Mutual insurance companies other than life. Taxable as other corporations.

Gross income, includes premiums less reinsurance.

Additional deductions. Ante, p. 179.

Mutual insurance companies.

Addition to reserve funds.

Policy and annuity contracts.

Mutual marine insurance companies. Repayments to policy holders.

Companies other than life and marine. Premium deposits returned.

228                72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX

their members to make premium deposits to provide for losses and expenses, the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves.

Nonresident alien individuals.

## Supplement H—Nonresident Alien Individuals

Normal tax.
Rate.

### SEC. 211. NORMAL TAX.

(a) GENERAL RULE.—In the case of a nonresident alien individual who is not a resident of a contiguous country, the normal tax shall be 8 per centum of the amount of the net income in excess of the credits against net income allowed to such individual.

Residents in contiguous countries.

(b) ALIENS RESIDENT IN CONTIGUOUS COUNTRIES.—In the case of an alien individual resident in a contiguous country, the normal tax shall be an amount equal to the sum of the following:

Compensation for personal services in United States.

(1) 4 per centum of the amount by which the part of the net income attributable to wages, salaries, professional fees, or other amounts received as compensation for personal services actually performed in the United States, exceeds the personal exemption and credit for dependents; but the amount taxable at such 4 per centum rate shall not exceed $4,000; and

Maximum.

Additional in excess.

(2) 8 per centum of the amount of the net income in excess of the sum of (A) the amount taxed under paragraph (1) of this subsection plus (B) the total credits against net income allowed to such individual.

In lieu of normal tax.
Ante, p. 174.

(c) IN LIEU OF NORMAL TAX UNDER SECTION 11.—The tax imposed by this section shall be in lieu of the normal tax imposed by section 11.

Gross income.
Includes only United States sources.

### SEC. 212. GROSS INCOME.

(a) GENERAL RULE.—In the case of a nonresident alien individual gross income includes only the gross income from sources within the United States.

Earnings from foreign ship operations exempt from taxation.

(b) SHIPS UNDER FOREIGN FLAG.—The income of a nonresident alien individual which consists exclusively of earnings derived from the operation of a ship or ships documented under the laws of a foreign country which grants an equivalent exemption to citizens of the United States and to corporations organized in the United States, shall not be included in gross income and shall be exempt from taxation under this title.

Deductions.
Allowed only if connected with income from United States sources.

### SEC. 213. DEDUCTIONS.

(a) GENERAL RULE.—In the case of a nonresident alien individual the deductions shall be allowed only if and to the extent that they are connected with income from sources within the United States; and the proper apportionment and allocation of the deductions with respect to sources of income within and without the United States shall be determined as provided in section 119, under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

Ante, p. 208.

Losses.
Not connected with trade or business.

(b) LOSSES.—

(1) The deduction, for losses not connected with the trade or business if incurred in transactions entered into for profit, allowed by section 23 (e) (2) shall be allowed whether or not connected with income from sources within the United States, but only if the profit, if such transaction had resulted in a profit, would be taxable under this title.

Ante, p. 180.

Casualty, etc., losses not connected with business.

(2) The deduction for losses of property not connected with the trade or business if arising from certain casualties or theft, allowed by section 23 (e) (3), shall be allowed whether or not

INCOME TAX

connected with income from sources within the United States, but only if the loss is of property within the United States.

(c) CHARITABLE, ETC., CONTRIBUTIONS.—The so-called "charitable contribution" deduction allowed by section 23 (n) shall be allowed whether or not connected with income from sources within the United States, but only as to contributions or gifts made to domestic corporations, or to community chests, funds, or foundations, created in the United States, or to the vocational rehabilitation fund.

*Charitable, etc., contributions allowed only to domestic corporations, etc.*
*Ante, p. 181.*

## SEC. 214. CREDITS AGAINST NET INCOME.

In the case of a nonresident alien individual the personal exemption allowed by section 25 (c) of this title shall be only $1,000. The credit for dependents allowed by section 25 (d) shall not be allowed in the case of a nonresident alien individual unless he is a resident of a contiguous country.

*Credits against net income.*
*Personal exemption.*
*Ante, p. 184.*
*For dependents if from contiguous country.*

## SEC. 215. ALLOWANCE OR DEDUCTIONS AND CREDITS.

(a) RETURN TO CONTAIN INFORMATION.—A nonresident alien individual shall receive the benefit of the deductions and credits allowed to him in this title only by filing or causing to be filed with the collector a true and accurate return of his total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits.

*Allowance or deductions and credits.*
*Filing return of total income from United States sources.*

(b) TAX WITHHELD AT SOURCE.—The benefit of the personal exemption and credit for dependents, and of the reduced rate of tax provided for in section 211 (b), may, in the discretion of the Commissioner and under regulations prescribed by him with the approval of the Secretary, be received by a nonresident alien individual entitled thereto, by filing a claim therefor with the withholding agent.

*Personal exemption credits, etc., by filing claim with withholding agent.*
*Ante, p. 228.*

## SEC. 216. CREDITS AGAINST TAX.

A nonresident alien individual shall not be allowed the credits against the tax for taxes of foreign countries and possessions of the United States allowed by section 131.

*Credits against tax.*
*No allowance for, of foreign governments.*
*Ante, p. 211.*

## SEC. 217. RETURNS.

In the case of a nonresident alien individual the return, in lieu of the time prescribed in section 53 (a) (1), shall be made on or before the fifteenth day of the sixth month following the close of the fiscal year, or, if the return is made on the basis of the calendar year, then on or before the fifteenth day of June.

*Returns.*
*Time for filing.*
*Ante, p. 188.*

## SEC. 218. PAYMENT OF TAX.

(a) TIME OF PAYMENT.—In the case of a nonresident alien individual the total amount of tax imposed by this title shall be paid, in lieu of the time prescribed in section 56 (a), on the fifteenth day of June following the close of the calendar year, or, if the return should be made on the basis of a fiscal year, then on the fifteenth day of the sixth month following the close of the fiscal year.

*Payment of tax.*
*Time designated.*
*Ante, p. 189.*

(b) WITHHOLDING AT SOURCE.—For withholding at source of tax on income of nonresident aliens, see section 143.

*Withholding at source.*
*Ante, p. 215.*

## Supplement I—Foreign Corporations

*Foreign corporations.*

## SEC. 231. GROSS INCOME.

(a) GENERAL RULE.—In the case of a foreign corporation gross income includes only the gross income from sources within the United States.

*Gross income.*
*From United States sources only.*

INCOME TAX
Exemption of ships under foreign flag. Conditions.

(b) SHIPS UNDER FOREIGN FLAG.—The income of a foreign corporation, which consists exclusively of earnings derived from the operation of a ship or ships documented under the laws of a foreign country which grants an equivalent exemption to citizens of the United States and to corporations organized in the United States, shall not be included in gross income and shall be exempt from taxation under this title.

Deductions.

## SEC. 232. DEDUCTIONS.

Allowed only on income from United States sources. Apportionment.

*Ante,* p. 208.

In the case of a foreign corporation the deductions shall be allowed only if and to the extent that they are connected with income from sources within the United States; and the proper apportionment and allocation of the deductions with respect to sources within and without the United States shall be determined as provided in section 119, under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

Allowance of deductions and credits. Benefit of, only by filing return of all income from United States sources.

## SEC. 233. ALLOWANCE OF DEDUCTIONS AND CREDITS.

A foreign corporation shall receive the benefit of the deductions and credits allowed to it in this title only by filing or causing to be filed with the collector a true and accurate return of its total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits.

Credits against tax. No allowance for, of foreign governments. *Ante,* p. 211.

## SEC. 234. CREDITS AGAINST TAX.

Foreign corporations shall not be allowed the credits against the tax for taxes of foreign countries and possessions of the United States allowed by section 131.

Returns.
Time for filing.

*Ante,* p. 188.

Return by agent.

## SEC. 235. RETURNS.

In the case of a foreign corporation not having any office or place of business in the United States the return, in lieu of the time prescribed in section 53(a) (1), shall be made on or before the fifteenth day of the sixth month following the close of the fiscal year, or, if the return is made on the basis of the calendar year then on or before the fifteenth day of June. If any foreign corporation has no office or place of business in the United States but has an agent in the United States, the return shall be made by the agent.

Payment of tax.
Time specified.

*Ante,* p. 189.

## SEC. 236. PAYMENT OF TAX.

(a) TIME OF PAYMENT.—In the case of a foreign corporation not having any office or place of business in the United States the total amount of tax imposed by this title shall be paid, in lieu of the time prescribed in section 56(a), on the fifteenth day of June following the close of the calendar year, or, if the return should be made on the basis of a fiscal year, then on the fifteenth day of the sixth month following the close of the fiscal year.

Withholding tax at source. *Ante,* p. 215.

(b) WITHHOLDING AT SOURCE.—For withholding at source of tax on income of foreign corporations, see section 143.

Foreign insurance companies. Special provisions. *Ante,* p. 223.

## SEC. 237. FOREIGN INSURANCE COMPANIES.

For special provisions relating to foreign insurance companies, see Supplement G.

Affiliation. Foreign corporations. *Ante,* p. 213.

## SEC. 238. AFFILIATION.

A foreign corporation shall not be deemed to be affiliated with any other corporation within the meaning of section 141.

## Supplement J—Possessions of the United States

INCOME TAX

SEC. 251. INCOME FROM SOURCES WITHIN POSSESSIONS OF UNITED STATES.

*Possessions of the United States. Income from sources within.*

(a) GENERAL RULE.—In the case of citizens of the United States or domestic corporations, satisfying the following conditions, gross income means only gross income from sources within the United States—

*Gross income of citizens, etc.*

(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

*If 80 per cent derived from United States sources.*

(2) If, in the case of such corporation, 50 per centum or more of its gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States; or

*If corporation derived 50 per cent from business therein.*

(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

*If citizen derived 50 per cent from active business therein.*

(b) AMOUNTS RECEIVED IN UNITED STATES.—Notwithstanding the provisions of subsection (a) there shall be included in gross income all amounts received by such citizens or corporations within the United States, whether derived from sources within or without the United States.

*Amounts received in United States. Included in gross income.*

(c) DEFINITION.—As used in this section the term "possession of the United States" does not include the Virgin Islands of the United States.

*Status of Virgin Islands.*

(d) DEDUCTIONS.—

*Deductions.*

(1) Citizens of the United States entitled to the benefits of this section shall have the same deductions as are allowed by Supplement H in the case of a nonresident alien individual.

*Citizens allowed same benefits as nonresidents. Ante, p. 228.*

(2) Domestic corporations entitled to the benefits of this section shall have the same deductions as are allowed by Supplement I in the case of a foreign corporation.

*Domestic corporations. Ante, p. 229.*

(e) CREDITS AGAINST NET INCOME.—A citizen of the United States entitled to the benefits of this section shall be allowed a personal exemption of only $1,000 and shall not be allowed the credit for dependents provided in section 25(d).

*Credits against net income. Personal exemption to citizens. Ante, p. 184.*

(f) ALLOWANCE OF DEDUCTIONS AND CREDITS.—Citizens of the United States and domestic corporations entitled to the benefits of this section shall receive the benefit of the deductions and credits allowed to them in this title only by filing or causing to be filed with the collector a true and accurate return of their total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits.

*Allowance of deductions by filing return of total income.*

(g) CREDITS AGAINST TAX.—Persons entitled to the benefits of this section shall not be allowed the credits against the tax for taxes of foreign countries and possessions of the United States allowed by section 131.

*Credits against tax. No allowance for, of foreign countries. Ante, p. 211.*

3:18-cv-10507-PGS-JBD   Document 196-8   Filed 12/15/23   Page 105 of 179 PageID: 9949

INCOME TAX

Affiliation.
Applicability to corporations.
*Ante*, p. 213.

(h) AFFILIATION.—A corporation entitled to the benefits of this section shall not be deemed to be affiliated with any other corporation within the meaning of section 141.

Citizens of Possessions of United States.
Taxation of non-resident of United States if citizen of possession.

SEC. 252. CITIZENS OF POSSESSIONS OF UNITED STATES.

(a) Any individual who is a citizen of any possession of the United States (but not otherwise a citizen of the United States) and who is not a resident of the United States, shall be subject to taxation under this title only as to income derived from sources within the United States, and in such case the tax shall be computed and paid in the same manner and subject to the same conditions as in the case of other persons who are taxable only as to income derived from such sources.

Virgin Islands.
Payment of taxes in, not affected.
Vol. 42, p. 123.

(b) Nothing in this section shall be construed to alter or amend the provisions of the Act entitled "An Act making appropriations for the naval service for the fiscal year ending June 30, 1922, and for other purposes," approved July 12, 1921, relating to the imposition of income taxes in the Virgin Islands of the United States.

China Trade Act Corporations.

## Supplement K—China Trade Act Corporations

Credits against net income.
Computation and proportion of.

SEC. 261. CREDIT AGAINST NET INCOME.

*Ante*, p. 177.

(a) ALLOWANCE OF CREDIT.—For the purpose only of the tax imposed by section 13 there shall be allowed, in the case of a corporation organized under the China Trade Act, 1922, in addition to the credit provided in section 26, a credit against the net income of an amount equal to the proportion of the net income derived from sources within China (determined in a similar manner to that provided in section 119) which the par value of the shares of stock of the corporation owned on the last day of the taxable year by (1) persons resident in China, the United States, or possessions of the United States, and (2) individual citizens of the United States or China wherever resident, bears to the par value of the whole number of shares of stock of the corporation outstanding on such date: *Provided*, That in no case shall the amount by which the tax imposed by section 13 is diminished by reason of such credit exceed the amount of the special dividend certified under subsection (b) of this section.

*Ante*, p. 208.

*Proviso.*
Limitation.
*Ante*, p. 177.

Special dividends.
Conditions.

(b) SPECIAL DIVIDEND.—Such credit shall not be allowed unless the Secretary of Commerce has certified to the Commissioner—

Credit subject to special dividend to residents of China, etc.

(1) The amount which, during the year ending on the date fixed by law for filing the return, the corporation has distributed as a special dividend to or for the benefit of such persons as on the last day of the taxable year were resident in China, the United States, or possessions of the United States, or were individual citizens of the United States or China, and owned shares of stock of the corporation;

Additional to all other payments.

(2) That such special dividend was in addition to all other amounts, payable or to be payable to such persons or for their benefit, by reason of their interest in the corporation; and

Proportionate distribution to stock owned.

(3) That such distribution has been made to or for the benefit of such persons in proportion to the par value of the shares of stock of the corporation owned by each; except that if the corporation has more than one class of stock, the certificates shall contain a statement that the articles of incorporation provide a method for the apportionment of such special dividend among such persons, and that the amount certified has been distributed in accordance with the method so provided.

Definition of stock ownership.

(c) OWNERSHIP OF STOCK.—For the purposes of this section shares of stock of a corporation shall be considered to be owned by the

person in whom the equitable right to the income from such shares is in good faith vested.

(d) DEFINITION OF CHINA.—As used in this section the term " China " shall have the same meaning as when used in the China Trade Act, 1922.

**SEC. 262. CREDITS AGAINST THE TAX.**

A corporation organized under the China Trade Act, 1922, shall not be allowed the credits against the tax for taxes of foreign countries and possessions of the United States allowed by section 131.

**SEC. 263. AFFILIATION.**

A corporation organized under the China Trade Act, 1922, shall not be deemed to be affiliated with any other corporation within the meaning of section 141.

**SEC. 264. INCOME OF SHAREHOLDERS.**

For exclusion of dividends from gross income, see section 116.

## Supplement L—Assessment and Collection of Deficiencies

**SEC. 271. DEFINITION OF DEFICIENCY.**

As used in this title in respect of a tax imposed by this title " deficiency " means—

(a) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

(b) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax.

**SEC. 272. PROCEDURE IN GENERAL.**

(a) PETITION TO BOARD OF TAX APPEALS.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

For exceptions to the restrictions imposed by this subsection, see—

(1) Subsection (d) of this section, relating to waivers by the taxpayer;

(2) Subsection (f) of this section, relating to notifications of mathematical errors appearing upon the face of the return;

---

INCOME TAX

Meaning of "China."
Vol. 42, p. 849.

Credits against tax.
No allowance for, of foreign countries.
*Ante,* p. 211.

Affiliation.
Not applicable to corporations hereof.
*Ante,* p. 213.

Income of shareholders.
Exclusion from gross income.
*Ante,* p. 204.
Assessment and collection of deficiencies.

"Deficiency" defined.

Amount tax imposed exceeds return by taxpayer.

Amount tax exceeds previous assessment.

Procedure in general.
Notice of deficiency to taxpayer.

Petition to Board of Tax Appeals for redetermination.

No assessment until notice mailed to taxpayer.

Or petition filed.
Injunction to restrain assessment.
R. S., sec. 3224, p. 619.

Exceptions to restrictions.
Waivers.

Errors.

INCOME TAX
Jeopardy assessments, p. 235.
Bankruptcy, etc., p. 237.
Assessment of deficiency.
Vol. 44, pp. 109.

(3) Section 273, relating to jeopardy assessments;
(4) Section 274, relating to bankruptcy and receiverships; and
(5) Section 1001 of the Revenue Act of 1926, as amended, relating to assessment or collection of the amount of the deficiency determined by the Board pending court review.

Collection of deficiency found by board.

(b) COLLECTION OF DEFICIENCY FOUND BY BOARD.—If the taxpayer files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board which has become final shall be assessed and shall be paid upon notice and demand from the collector.  No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the decision of the Board which has become final shall be assessed or be collected by distraint or by proceeding in court with or without assessment.

Disallowance not collectible.

Payment on demand if petition not filed.

(c) FAILURE TO FILE PETITION.—If the taxpayer does not file a petition with the Board within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the collector.

Waiver of restrictions by taxpayer.

(d) WAIVER OF RESTRICTIONS.—The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency.

Increase of deficiency after notice mailed.

(e) INCREASE OF DEFICIENCY AFTER NOTICE MAILED.—The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

Condition.

Restriction hereafter on determining deficiency after notice.

(f) FURTHER DEFICIENCY LETTERS RESTRICTED.—If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 273 (c), relating to the making of jeopardy assessments.  If the taxpayer is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered (for the purposes of this subsection, or of subsection (a) of this section, prohibiting assessment and collection until notice of deficiency has been mailed, or of section 322 (c), prohibiting credits or refunds after petition to the Board of Tax Appeals) as a notice of a deficiency, and the taxpayer shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section.

Exception.

Post, p. 235.

Mathematical error not considered a notice of deficiency.

Post, p. 242.
Credits or refunds.

Jurisdiction over other taxable years.

(g) JURISDICTION OVER OTHER TAXABLE YEARS.—The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine

Limitation.

whether or not the tax for any other taxable year has been overpaid or underpaid.

(h) FINAL DECISIONS OF BOARD.—For the purposes of this title the date on which a decision of the Board becomes final shall be determined according to the provisions of section 1005 of the Revenue Act of 1926.

(i) PRORATING OF DEFICIENCY TO INSTALLMENTS.—If the taxpayer has elected to pay the tax in installments and a deficiency has been assessed, the deficiency shall be prorated to the four installments. Except as provided in section 273 (relating to jeopardy assessments), that part of the deficiency so prorated to any installment the date for payment of which has not arrived, shall be collected at the same time as and as part of such installment. That part of the deficiency so prorated to any installment the date for payment of which has arrived, shall be paid upon notice and demand from the collector.

(j) EXTENSION OF TIME FOR PAYMENT OF DEFICIENCIES.—Where it is shown to the satisfaction of the Commissioner that the payment of a deficiency upon the date prescribed for the payment thereof will result in undue hardship to the taxpayer the Commissioner, with the approval of the Secretary (except where the deficiency is due to negligence, to intentional disregard of rules and regulations, or to fraud with intent to evade tax), may grant an extension for the payment of such deficiency or any part thereof for a period not in excess of eighteen months, and, in exceptional cases, for a further period not in excess of twelve months. If an extension is granted, the Commissioner may require the taxpayer to furnish a bond in such amount, not exceeding double the amount of the deficiency, and with such sureties, as the Commissioner deems necessary, conditioned upon the payment of the deficiency in accordance with the terms of the extension.

(k) ADDRESS FOR NOTICE OF DEFICIENCY.—In the absence of notice to the Commissioner under section 312 (a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this title, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this title even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

## SEC. 273. JEOPARDY ASSESSMENTS.

(a) AUTHORITY FOR MAKING.—If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof.

(b) DEFICIENCY LETTERS.—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 272(a), then the Commissioner shall mail a notice under such subsection within 60 days after the making of the assessment.

(c) AMOUNT ASSESSABLE BEFORE DECISION OF BOARD.—The jeopardy assessment may be made in respect of a deficiency greater or less than that notice of which has been mailed to the taxpayer, despite the provisions of section 272(f) prohibiting the determination of additional deficiencies, and whether or not the taxpayer has theretofore filed a petition with the Board of Tax Appeals. The Commissioner shall notify the Board of the amount of such assessment, if the petition is filed with the Board before the making of the assessment or is subsequently filed, and the Board shall have

INCOME TAX

Final decisions of Board.
Vol. 44, p. 110.

Prorating of deficiency to installments.

Extension for payments allowed, to avoid undue hardship.

Bond required.

Address for notice of deficiency.
Post, p. 312.

Jeopardy assessments.
Deficiency immediately assessed if jeopardized by delay.

Deficiency letters.
Notice to be mailed.

Amount assessable before decision of Board.

Board to redetermine on notice.

3:18-cv-10507-PGS-JBD    Document 196-8    Filed 12/15/23    Page 109 of 179 Pa 9053

INCOME TAX

**Amount assessable after decision of Board.** jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection therewith.

(d) AMOUNT ASSESSABLE AFTER DECISION OF BOARD.—If the jeopardy assessment is made after the decision of the Board is rendered such assessment may be made only in respect of the deficiency determined by the Board in its decision.

**Disallowed after Board's final decision, etc.** (e) EXPIRATION OF RIGHT TO ASSESS.—A jeopardy assessment may not be made after the decision of the Board has become final or after the taxpayer has filed a petition for review of the decision of the Board.

**Bond to stay collection.** (f) BOND TO STAY COLLECTION.—When a jeopardy assessment has been made the taxpayer, within 10 days after notice and demand from the collector for the payment of the amount of the assessment, may obtain a stay of collection of the whole or any part of the amount of the assessment by filing with the collector a bond in such amount, not exceeding double the amount as to which the stay is desired, and with such sureties, as the collector deems necessary, **Conditions.** conditioned upon the payment of so much of the amount, the col- **Post, p. 240.** lection of which is stayed by the bond, as is not abated by a decision of the Board which has become final, together with interest thereon as provided in section 297.

**Further conditions, if bond given before filing petition.** (g) SAME—FURTHER CONDITIONS.—If the bond is given before the taxpayer has filed his petition with the Board under section 272(a), the bond shall contain a further condition that if a petition is not filed within the period provided in such subsection, then the amount the collection of which is stayed by the bond will be paid on notice and demand at any time after the expiration of such period, together with interest thereon at the rate of 6 per centum per annum from the date of the jeopardy notice and demand to the date of **Stay of collection of part covered by bond.** notice and demand under this subsection.

(h) WAIVER OF STAY.—Upon the filing of the bond the collection of so much of the amount assessed as is covered by the bond shall be **Effect of waiver of stay, etc.** stayed. The taxpayer shall have the right to waive such stay at any time in respect of the whole or any part of the amount covered by the bond, and if as a result of such waiver any part of the amount covered by the bond is paid, then the bond shall, at the request of the taxpayer be proportionately reduced. If the Board determines that the amount assessed is greater than the amount which should have been assessed, then when the decision of the Board is rendered the bond shall, at the request of the taxpayer, be proportionately reduced.

**Collection of unpaid amounts.** (i) COLLECTION OF UNPAID AMOUNTS.—When the petition has **When decision of Board final.** been filed with the Board and when the amount which should have been assessed has been determined by a decision of the Board which has become final, then any unpaid portion, the collection of which has been stayed by the bond, shall be collected as part of the tax upon notice and demand from the collector, and any remaining portion of the assessment shall be abated. If the amount already **Credit or refund.** collected exceeds the amount determined as the amount which should **Post, p. 242.** have been assessed, such excess shall be credited or refunded to the **Collection of greater** taxpayer as provided in section 322, without the filing of claim **assessment.** therefor. If the amount determined as the amount which should have been assessed is greater than the amount actually assessed, then the difference shall be assessed and shall be collected as part of the tax upon notice and demand from the collector.

**No other abatement claim to be filed.** (j) CLAIMS IN ABATEMENT.—No claim in abatement shall be filed in respect of any assessment in respect of any tax imposed by this title.

### SEC. 274. BANKRUPTCY AND RECEIVERSHIPS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such taxpayer shall, despite the restrictions imposed by section 272(a) upon assessments be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.   Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver.

(b) UNPAID CLAIMS.—Any portion of the claim allowed in such bankruptcy or receivership proceeding which is unpaid shall be paid by the taxpayer upon notice and demand from the collector after the termination of such proceeding, and may be collected by distraint or proceeding in court within six years after termination of such proceeding.   Extensions of time for such payment may be had in the same manner and subject to the same provisions and limitations as are provided in section 272(j) and section 296 in the case of a deficiency in a tax imposed by this title.

### SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

(b) REQUEST FOR PROMPT ASSESSMENT.—In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within one year after written request therefor (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of two years after the return was filed.   This subsection shall not apply in the case of a corporation unless—

(1) Such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such year; and

(2) The dissolution is in good faith begun before the expiration of such year; and

(3) The dissolution is completed.

(c) CORPORATION AND SHAREHOLDER.—If a corporation makes no return of the tax imposed by this title, but each of the shareholders includes in his return his distributive share of the net income of the corporation, then the tax of the corporation shall be assessed within four years after the last date on which any such shareholder's return was filed.

INCOME TAX

Bankruptcy and receiverships
Immediate assessment of tax deficiency in.

Adjudication of claim by court.

Unpaid claims.
Collection of claims allowed in court proceedings.

Time extensions.
*Ante,* p. 235; *Post,* p. 240.

Period of limitation upon assessment and collection.

*Post,* p. 238.
Assessment within two years.

Requests for prompt assessments.
By fiduciary representatives.

Applicability to corporations.

Exceptions.
Dissolution contemplated.

Dissolved in good faith before year expires.
Dissolution completed.
Corporation making no return.
Assessment in four years, after shareholder's returns.

238                        72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX

**SEC. 276. SAME—EXCEPTIONS.**

Exceptions.
False return or no return.
Assessment in case of.

(a) FALSE RETURN OR NO RETURN.—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

Waivers.
At any time with written consent of Commissioner.
*Ante,* p. 237.

(b) WAIVERS.—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

Collection after assessment.
By distraint.
Time limit.

(c) COLLECTION AFTER ASSESSMENT.—Where the assessment of any income tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

Extension.

Statute of limitations.
Suspension of running of.

**SEC. 277. SUSPENSION OF RUNNING OF STATUTE.**

*Ante,* p. 233.

The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272(a) ) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter.

Until decision of Board, etc.

Interest and additions to tax.

## Supplement M—Interest and Additions to the Tax

Failure to file return.
Additional tax imposed.

**SEC. 291. FAILURE TO FILE RETURN.**

In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

Exception.
If failure not willful neglect.

Collection.

In lieu of former levy.
R. S., sec. 3176, p. 610.

Interest on deficiencies.
Assessment and rate.

**SEC. 292. INTEREST ON DEFICIENCIES.**

Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such

In case of waiver.

72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.  **239**

waiver or to the date the deficiency is assessed whichever is the earlier.

INCOME TAX

### SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

Additions to tax in case of deficiency.

(a) NEGLIGENCE.—If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272 (i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.

If due to negligence.

(b) FRAUD.—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

Due to fraud.

R. S., sec. 3176, p. 610.

### SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

Additions to tax in case of nonpayment.

(a) TAX SHOWN ON RETURN.—

(1) GENERAL RULE.—Where the amount determined by the taxpayer as the tax imposed by this title, or any installment thereof, or any part of such amount or installment, is not paid on or before the date prescribed for its payment, there shall be collected as a part of the tax, interest upon such unpaid amount at the rate of 1 per centum a month from the date prescribed for its payment until it is paid.

Interest prescribed.

(2) IF EXTENSION GRANTED.—Where an extension of time for payment of the amount so determined as the tax by the taxpayer, or any installment thereof, has been granted, and the amount the time for payment of which has been extended, and the interest thereon determined under section 295, is not paid in full prior to the expiration of the period of the extension, then, in lieu of the interest provided for in paragraph (1) of this subsection, interest at the rate of 1 per centum a month shall be collected on such unpaid amount from the date of the expiration of the period of the extension until it is paid.

If tax and interest not paid in full when extension granted.
*Post,* p. 240.

(b) DEFICIENCY.—Where a deficiency, or any interest or additional amounts assessed in connection therewith under section 292, or under section 293, or any addition to the tax in case of delinquency provided for in section 291, is not paid in full within ten days from the date of notice and demand from the collector, there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 1 per centum a month from the date of such notice and demand until it is paid. If any part of a deficiency prorated to any unpaid installment under section 272 (i) is not paid in full on or before the date prescribed for the payment of such installment, there shall be collected as part of the tax interest upon the unpaid amount at the rate of 1 per centum a month from such date until it is paid.

Interest, if deficiency, etc., not paid on notice and demand.
*Ante,* p. 238.

Nonpayment of prorated installments.
*Ante,* p. 233.

(c) FIDUCIARIES.—For any period an estate is held by a fiduciary appointed by order of any court of competent jurisdiction or by will, there shall be collected interest at the rate of 6 per centum per annum in lieu of the interest provided in subsections (a) and (b) of this section.

Interest rate payable by fiduciaries

(d) FILING OF JEOPARDY BOND.—If a bond is filed, as provided in section 273, the provisions of subsections (b) and (c) of this section shall not apply to the amount covered by the bond.

Not applicable to amount covered by jeopardy bond.
*Ante,* p. 235.

INCOME TAX

## SEC. 295. TIME EXTENDED FOR PAYMENT OF TAX SHOWN ON RETURN.

Time extended for payment of tax shown on return.
Interest.

*Ante*, p. 189.

If the time for payment of the amount determined as the tax by the taxpayer, or any installment thereof, is extended under the authority of section 56 (c), there shall be collected as a part of such amount, interest thereon at the rate of 6 per centum per annum from the date when such payment should have been made if no extension had been granted, until the expiration of the period of the extension.

## SEC. 296. TIME EXTENDED FOR PAYMENT OF DEFICIENCY.

Time extended for payment of deficiency.
Interest for period of extension.

If the time for the payment of any part of a deficiency is extended, there shall be collected, as a part of the tax, interest on the part of the deficiency the time for payment of which is so extended, at the rate of 6 per centum per annum for the period of the extension, and no other interest shall be collected on such part of the deficiency for

Additional, if not paid.

such period. If the part of the deficiency the time for payment of which is so extended is not paid in accordance with the terms of the extension, there shall be collected, as a part of the tax, interest on such unpaid amount at the rate of 1 per centum a month for the period from the time fixed by the terms of the extension for its payment until it is paid, and no other interest shall be collected on such unpaid amount for such period.

## SEC. 297. INTEREST IN CASE OF JEOPARDY ASSESSMENTS.

Interest on jeopardy assessments.
Rate of, on amount collected.
*Ante*, p. 236.

In the case of the amount collected under section 273(i) there shall be collected at the same time as such amount, and as a part of the tax, interest at the rate of 6 per centum per annum upon such amount from the date of the jeopardy notice and demand to the date of notice and demand under section 273(i), or, in the case of the amount collected in excess of the amount of the jeopardy

Additional, if amount of deficiency not paid in full.

assessment, interest as provided in section 292. If the amount included in the notice and demand from the collector under section 273(i) is not paid in full within ten days after such notice and demand, then there shall be collected, as part of the tax, interest upon the unpaid amount at the rate of 1 per centum a month (or, for any period the estate of the taxpayer is held by a fiduciary appointed by any court of competent jurisdiction or by will, at the rate of 6 per centum per annum) from the date of such notice and demand until it is paid.

## SEC. 298. BANKRUPTCY AND RECEIVERSHIPS.

Bankruptcy and receiverships.
Interest, if not paid on demand.
*Ante*, p. 237.

If the unpaid portion of the claim allowed in a bankruptcy or receivership proceeding, as provided in section 274, is not paid in full within 10 days from the date of notice and demand from the collector, then there shall be collected as a part of such amount interest upon the unpaid portion thereof at the rate of 1 per centum a month from the date of such notice and demand until payment.

## SEC. 299. REMOVAL OF PROPERTY OR DEPARTURE FROM UNITED STATES.

Removal of property.

Additions to tax for, etc.
*Ante*, p. 217.

For additions to tax in case of leaving the United States or concealing property in such manner as to hinder collection of the tax, see section 146.

## Supplement N—Claims against Transferees and Fiduciaries

Claims against transferees and fiduciaries.

## SEC. 311. TRANSFERRED ASSETS.

Transferred assets.

Method of collection similar to deficiency collections.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the

same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds): <span style="float:right;">INCOME TAX</span>

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title. <span style="float:right;">Liabilities.<br>Transferees.</span>

(2) FIDUCIARIES.—The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. <span style="float:right;">Fiduciaries.<br>R. S., sec. 3467, p. 687.</span>

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax. <span style="float:right;">Amount determined.</span>

(b) PERIOD OF LIMITATION.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: <span style="float:right;">Limitation periods.</span>

(1) In the case of the liability of an initial transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the taxpayer; <span style="float:right;">When initial transferee liable.</span>

(2) In the case of the liability of a transferee of a transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the preceding transferee, but only if within three years after the expiration of the period of limitation for assessment against the taxpayer;— except that if before the expiration of the period of limitation for the assessment of the liability of the transferee, a court proceeding for the collection of the tax or liability in respect thereof has been begun against the taxpayer or last preceding transferee, respectively,—then the period of limitation for assessment of the liability of the transferee shall expire one year after the return of execution in the court proceeding. <span style="float:right;">Transferee of transferee liable.</span> <span style="float:right;">Exception.<br>One year after court proceedings.</span>

(3) In the case of the liability of a fiduciary,—not later than one year after the liability arises or not later than the expiration of the period for collection of the tax in respect of which such liability arises, whichever is the later. <span style="float:right;">Fiduciary liable.</span>

(c) PERIOD FOR ASSESSMENT AGAINST TAXPAYER.—For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred. <span style="float:right;">Provisions on death of taxpayer or terminated corporation.</span>

(d) SUSPENSION OF RUNNING OF STATUTE OF LIMITATIONS.—The running of the statute of limitations upon the assessment of the liability of a transferee or fiduciary shall, after the mailing to the transferee or fiduciary of the notice provided for in section 272(a), be suspended for the period during which the Commissioner is prohibited from making the assessment in respect of the liability of the transferee or fiduciary (and in any event, if a proceeding in respect of the liability is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter. <span style="float:right;">Suspension of running of statute of limitations, after notice mailed, etc.<br><i>Ante,</i> p. 233.<br><br>Until decision of Board, etc.</span>

(e) ADDRESS FOR NOTICE OF LIABILITY.—In the absence of notice to the Commissioner under section 312(b) of the existence of a fiduciary relationship, notice of liability enforceable under this section in respect of a tax imposed by this title, if mailed to the person subject to the liability at his last known address, shall be sufficient for the purposes of this title even if such person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. <span style="float:right;">Address for notice of liability.<br><i>Post,</i> p. 242.</span>

3051°—33——16

242                72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

INCOME TAX

"Transferee", defined.

(f) DEFINITION OF "TRANSFEREE".—As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee.

Fiduciary relationship.

SEC. 312. NOTICE OF FIDUCIARY RELATIONSHIP.

Liability of fiduciary until termination of.

(a) FIDUCIARY OF TAXPAYER.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated.

Fiduciary of transferee.
Liability of.
*Ante*, p. 240.

(b) FIDUCIARY OF TRANSFEREE.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 311, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated.

Manner of notice.

(c) MANNER OF NOTICE.—Notice under subsection (a) or (b) shall be given in accordance with regulations prescribed by the Commissioner with the approval of the Secretary.

Overpayments.

**Supplement O—Overpayments**

Of installment.

SEC. 321. OVERPAYMENT OF INSTALLMENT.

Credit, if installment payment exceeds correct amount.

Credit or refund for amount already paid.

If the taxpayer has paid as an installment of the tax more than the amount determined to be the correct amount of such installment, the overpayment shall be credited against the unpaid installments, if any. If the amount already paid, whether or not on the basis of installments, exceeds the amount determined to be the correct amount of the tax, the overpayment shall be credited or refunded as provided in section 322.

Refunds and credits.
Credit against tax then due.

SEC. 322. REFUNDS AND CREDITS.

(a) AUTHORIZATION.—Where there has been an overpayment of any tax imposed by this title, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer.

Limitation on allowance.
Period of.

(b) LIMITATION ON ALLOWANCE.—

(1) PERIOD OF LIMITATION.—No such credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer.

Amount of credit or refund limited.

(2) LIMIT ON AMOUNT OF CREDIT OR REFUND.—The amount of the credit or refund shall not exceed the portion of the tax paid during the two years immediately preceding the filing of the claim, or if no claim was filed, then during the two years immediately preceding the allowance of the credit or refund.

Petition to Board of Tax Appeals.
Effect of.
*Ante*, p. 233.

(c) EFFECT OF PETITION TO BOARD.—If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

Exceptions.
Overpayments.

(1) As to overpayments determined by a decision of the Board which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final; and

(3) As to any amount collected after the period of limitation upon the beginning of distraint or a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Board which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

(d) OVERPAYMENT FOUND BY BOARD.—If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax paid more than two years before the filing of the claim or the filing of the petition, whichever is earlier.

(e) TAX WITHHELD AT SOURCE.—For refund or credit in case of excessive withholding at the source, see section 143(f)

<i>Margin notes:</i>
INCOME TAX
Excess collections.

Collections after period of limitations.

Overpayment found by Board.

Credit or refund.

Tax withheld at source.
*Ante,* p. 216.

# TITLE II—ADDITIONAL ESTATE TAX

*Margin note:* ESTATE TAX

### SEC. 401. IMPOSITION OF TAX.

(a) In addition to the estate tax imposed by section 301(a) of the Revenue Act of 1926, there is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, whether a resident or nonresident of the United States, a tax equal to the excess of—

(1) the amount of a tentative tax computed under subsection (b) of this section, over

(2) the amount of the tax imposed by section 301(a) of the Revenue Act of 1926, computed without regard to the provisions of this title.

(b) The tentative tax referred to in subsection (a) (1) of this section shall equal the sum of the following percentages of the value of the net estate:

Upon net estates not in excess of $10,000, 1 per centum.

$100 upon net estates of $10,000; and upon net estates in excess of $10,000 and not in excess of $20,000, 2 per centum in addition of such excess.

$300 upon net estates of $20,000; and upon net estates in excess of $20,000 and not in excess of $30,000, 3 per centum in addition of such excess.

$600 upon net estates of $30,000; and upon net estates in excess of $30,000 and not in excess of $40,000, 4 per centum in addition of such excess.

$1,000 upon net estates of $40,000; and upon net estates in excess of $40,000 and not in excess of $50,000, 5 per centum in addition of such excess.

$1,500 upon net estates of $50,000; and upon net estates in excess of $50,000 and not in excess of $100,000, 7 per centum in addition of such excess.

$5,000 upon net estates of $100,000; and upon net estates in excess of $100,000 and not in excess of $200,000, 9 per centum in addition of such excess.

*Margin notes:*
Addition to tax imposed by Revenue Act of 1926.
Vol. 44, p. 69.
Computation.

Rates.

ESTATE TAX
Rates—Contd.

$14,000 upon net estates of $200,000; and upon net estates in excess of $200,000 and not in excess of $400,000, 11 per centum in addition of such excess.

$36,000 upon net estates of $400,000; and upon net estates in excess of $400,000 and not in excess of $600,000, 13 per centum in addition of such excess.

$62,000 upon net estates of $600,000; and upon net estates in excess of $600,000 and not in excess of $800,000, 15 per centum in addition of such excess.

$92,000 upon net estates of $800,000; and upon net estates in excess of $800,000 and not in excess of $1,000,000, 17 per centum in addition of such excess.

$126,000 upon net estates of $1,000,000; and upon net estates in excess of $1,000,000 and not in excess of $1,500,000, 19 per centum in addition of such excess.

$221,000 upon net estates of $1,500,000; and upon net estates in excess of $1,500,000 and not in excess of $2,000,000, 21 per centum in addition of such excess.

$326,000 upon net estates of $2,000,000; and upon net estates in excess of $2,000,000 and not in excess of $2,500,000, 23 per centum in addition of such excess.

$441,000 upon net estates of $2,500,000; and upon net estates in excess of $2,500,000 and not in excess of $3,000,000, 25 per centum in addition of such excess.

$566,000 upon net estates of $3,000,000; and upon net estates in excess of $3,000,000 and not in excess of $3,500,000, 27 per centum in addition of such excess.

$701,000 upon net estates of $3,500,000; and upon net estates in excess of $3,500,000 and not in excess of $4,000,000, 29 per centum in addition of such excess.

$846,000 upon net estates of $4,000,000; and upon net estates in excess of $4,000,000 and not in excess of $4,500,000, 31 per centum in addition of such excess.

$1,001,000 upon net estates of $4,500,000; and upon net estates in excess of $4,500,000 and not in excess of $5,000,000, 33 per centum in addition of such excess.

$1,166,000 upon net estates of $5,000,000; and upon net estates in excess of $5,000,000 and not in excess of $6,000,000, 35 per centum in addition of such excess.

$1,516,000 upon net estates of $6,000,000; and upon net estates in excess of $6,000,000 and not in excess of $7,000,000, 37 per centum in addition of such excess.

$1,886,000 upon net estates of $7,000,000; and upon net estates in excess of $7,000,000 and not in excess of $8,000,000, 39 per centum in addition of such excess.

$2,276,000 upon net estates of $8,000,000; and upon net estates in excess of $8,000,000 and not in excess of $9,000,000, 41 per centum in addition of such excess.

$2,686,000 upon net estates of $9,000,000; and upon net estates in excess of $9,000,000 and not in excess of $10,000,000, 43 per centum in addition of such excess.

$3,116,000 upon net estates of $10,000,000; and upon net estates in excess of $10,000,000, 45 per centum in addition of such excess.

Value of net estate.
Vol. 44, p. 72.
(c) For the purposes of this section the value of the net estate shall be determined as provided in Title III of the Revenue Act of Exemption of $50,000.
Vol. 44, p. 73.1926, as amended, except that in lieu of the exemption of $100,000 provided in section 303 (a) (4) of such Act, the exemption shall be $50,000.

## SEC. 402. CREDITS AGAINST TAX.

(a) The credit provided in section 301(c) of the Revenue Act of 1926, as amended (80 per centum credit), shall not be allowed in respect of such additional tax.

(b) (1) If a tax has been paid under Title III of this Act on a gift, and thereafter upon the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for the purposes of this title, then there shall be credited against the tax imposed by section 401 of this Act the amount of the tax paid under such Title III with respect to so much of the property which constituted the gift as is included in the gross estate, except that the amount of such credit (A) shall not exceed an amount which bears the same ratio to the tax imposed by section 401 of this Act as the value (at the time of the gift or at the time of the death, whichever is lower) of so much of the property which constituted the gift as is included in the gross estate, bears to the value of the entire gross estate, and (B) shall not exceed the amount by which the gift tax paid under Title III of this Act with respect to, so much of the property as constituted the gift as is included in the gross estate, exceeds the amount of the credit under section 301 (b) of the Revenue Act of 1926, as amended by this Act.

(2) For the purposes of paragraph (1), the amount of tax paid for any year under Title III of this Act with respect to any property shall be an amount which bears the same ratio to the total tax paid for such year as the value of such property bears to the total amount of net gifts (computed without deduction of the specific exemption) for such year.

## SEC. 403. ASSESSMENT, COLLECTION, AND PAYMENT OF TAX.

Except as provided in section 402, the tax imposed by section 401 of this Act shall be assessed, collected, and paid, in the same manner, and shall be subject to the same provisions of law (including penalties), as the tax imposed by section 301 (a) of the Revenue Act of 1926, except that in the case of a resident decedent a return shall be required if the value of the gross estate at the time of the decedent's death exceeds $50,000.

# TITLE III—GIFT TAX

## SEC. 501. IMPOSITION OF TAX.

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. The tax shall not apply to a transfer made on or before the date of the enactment of this Act.

(c) The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom

---

*Margin notes:*

ESTATE TAX

Credits against tax. State death taxes excluded. *Post*, p. 278.

Deduction of certain gift taxes allowed.

Limitation.

Maximum credit.

Computation of values.

Assessment, collection, and payment. Same as estate tax.

Vol. 44, p. 69.

GIFT TAX

Imposition of.

Transfers for calendar year 1932 and thereafter.

Application of tax.

Nonresidents.

Not retroactive.

Not applicable to transfers in trust.

Relinquishment considered a transfer.

GIFT TAXES    to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.

Computation.    **SEC. 502. COMPUTATION OF TAX.**

The tax for each calendar year shall be an amount equal to the excess of—

Amounts.    (1) a tax, computed in accordance with the Rate Schedule hereinafter set forth, on the aggregate sum of the net gifts for such calendar year and for each of the preceding calendar years, over

(2) a tax, computed in accordance with the Rate Schedule, on the aggregate sum of the net gifts for each of the preceding calendar years.

Rate schedule.    GIFT TAX RATE SCHEDULE

Upon net gifts not in excess of $10,000, three-fourths of 1 per centum.

$75 upon net gifts of $10,000; and upon net gifts in excess of $10,000 and not in excess of $20,000, 1½ per centum in addition of such excess.

$225 upon net gifts of $20,000; and upon net gifts in excess of $20,000 and not in excess of $30,000, 2¼ per centum in addition of such excess.

$450 upon net gifts of $30,000; and upon net gifts in excess of $30,000 and not in excess of $40,000, 3 per centum in addition of such excess.

$750 upon net gifts of $40,000; and upon net gifts in excess of $40,000 and not in excess of $50,000, 3¾ per centum in addition of such excess.

$1,125 upon net gifts of $50,000; and upon net gifts in excess of $50,000 and not in excess of $100,000, 5 per centum in addition of such excess.

$3,625 upon net gifts of $100,000; and upon net gifts in excess of $100,000 and not in excess of $200,000, 6½ per centum in addition of such excess.

$10,125 upon net gifts of $200,000; and upon net gifts in excess of $200,000 and not in excess of $400,000, 8 per centum in addition of such excess.

$26,125 upon net gifts of $400,000; and upon net gifts in excess of $400,000 and not in excess of $600,000, 9½ per centum in addition of such excess.

$45,125 upon net gifts of $600,000; and upon net gifts in excess of $600,000 and not in excess of $800,000, 11 per centum in addition of such excess.

$67,125 upon net gifts of $800,000; and upon net gifts in excess of $800,000 and not in excess of $1,000,000, 12½ per centum in addition of such excess.

$92,125 upon net gifts of $1,000,000; and upon net gifts in excess of $1,000,000 and not in excess of $1,500,000, 14 per centum in addition of such excess.

$162,125 upon net gifts of $1,500,000; and upon net gifts in excess of $1,500,000 and not in excess of $2,000,000, 15½ per centum in addition of such excess.

$239,625 upon net gifts of $2,000,000; and upon net gifts in excess of $2,000,000 and not in excess of $2,500,000, 17 per centum in addition of such excess.

$324,625 upon net gifts of $2,500,000; and upon net gifts in excess of $2,500,000 and not in excess of $3,000,000, 18½ per centum in addition of such excess.

GIFT TAXES
Rate schedule—Con.

$417,125 upon net gifts of $3,000,000; and upon net gifts in excess of $3,000,000 and not in excess of $3,500,000, 20 per centum in addition of such excess.

$517,125 upon net gifts of $3,500,000; and upon net gifts in excess of $3,500,000 and not in excess of $4,000,000, 21½ per centum in addition of such excess.

$624,625 upon net gifts of $4,000,000; and upon net gifts in excess of $4,000,000 and not in excess of $4,500,000, 23 per centum in addition of such excess.

$739,625 upon net gifts of $4,500,000; and upon net gifts in excess of $4,500,000 and not in excess of $5,000,000, 24½ per centum in addition of such excess.

$862,125 upon net gifts of $5,000,000; and upon net gifts in excess of $5,000,000 and not in excess of $6,000,000, 26 per centum in addition of such excess.

$1,122,125 upon net gifts of $6,000,000; and upon net gifts in excess of $6,000,000 and not in excess of $7,000,000, 27½ per centum in addition of such excess.

$1,397,125 upon net gifts of $7,000,000; and upon net gifts in excess of $7,000,000 and not in excess of $8,000,000, 29 per centum in addition of such excess.

$1,687,125 upon net gifts of $8,000,000; and upon net gifts in excess of $8,000,000 and not in excess of $9,000,000, 30½ per centum in addition of such excess.

$1,992,125 upon net gifts of $9,000,000; and upon net gifts in excess of $9,000,000 and not in excess of $10,000,000, 32 per centum in addition of such excess.

$2,312,125 upon net gifts of $10,000,000; and upon net gifts in excess of $10,000,000, 33½ per centum in addition of such excess.

## SEC. 503. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Transfer for less than adequate, etc., consideration.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this title, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

Excess in value deemed a gift.

Computation of.

## SEC. 504. NET GIFTS.

Net gifts.

(a) GENERAL DEFINITION.—The term " net gifts " means the total amount of gifts made during the calendar year, less the deductions provided in section 505.

Definition.

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

Gifts less than $5,000.
Future interests.

## SEC. 505. DEDUCTIONS.

Deductions.

In computing net gifts for any calendar year there shall be allowed as deductions:

(a) RESIDENTS.—In the case of a citizen or resident—

Citizen or resident.

(1) SPECIFIC EXEMPTION.—An exemption of $50,000, less the aggregate of the amounts claimed and allowed as specific exemption for preceding calendar years.

Allowance for preceding calendar years.

(2) CHARITABLE, ETC., GIFTS.—The amount of all gifts made during such year to or for the use of—

Charitable, etc., gifts.

(A) the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

For public purposes.

**248**                72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

GIFT TAXES
Corporation, community chest, etc., for religious, etc., purposes.

(B) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals; no part of the net earnings of which inures to the benefit of any private shareholder or individual;

(C) a fraternal society, order, or association, operating under the lodge system, but only if such gifts are to be used exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals;

War veteran posts, etc.

(D) posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units, or societies are organized in the United States or any of its possessions, and if no part of their net earnings inures to the benefit of any private shareholder or individual;

Vocational rehabilitation fund.
Vol. 43, p. 611.
Nonresident aliens.
Deductions.

(E) the special fund for vocational rehabilitation authorized by section 12 of the World War Veterans' Act, 1924.

(b) NONRESIDENTS.—In the case of a nonresident not a citizen of the United States, the amount of all gifts made during such year to or for the use of—

For public purposes.

(1) the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

Domestic corporation, for religious, charitable, etc., purposes.

(2) a domestic corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals; no part of the net earnings of which inures to the benefit of any private shareholder or individual;

Community chest funds, etc.

Restriction.

(3) a trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals; but only if such gifts are to be used within the United States exclusively for such purposes;

Fraternal societies, etc.

Restriction.

(4) a fraternal society, order, or association, operating under the lodge system, but only if such gifts are to be used within the United States exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals;

War veteran organizations, etc.

Restriction.

(5) posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units, or societies are organized in the United States or any of its possessions, and if no part of their net earnings inures to the benefit of any private shareholder or individual;

Vocational rehabilitation fund.
Allowances restricted.

(6) the special fund for vocational rehabilitation authorized by section 12 of the World War Veterans' Act, 1924.

(c) The deductions provided in subsection (a) (2) or (b) shall be allowed only to the extent that the gifts therein specified are included in the amount of gifts against which such deductions are applied.

Gifts made in property.
Value of, to be considered.

**SEC. 506. GIFTS MADE IN PROPERTY.**

If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift.

Returns.
Sworn statements in duplicate to be made.

**SEC. 507. RETURNS.**

(a) REQUIREMENT.—Any individual who within the calendar year 1932 or any calendar year thereafter makes any transfers by gift

(except those which under section 504 are not to be included in the total amount of gifts for such year) shall make a return under oath in duplicate. The return shall set forth (1) each gift made during the calendar year which under section 504 is to be included in computing net gifts; (2) the deductions claimed and allowable under section 505; (3) the net gifts for each of the preceding calendar years; and (4) such further information as may be required by regulations made pursuant to law.

GIFT TAXES
*Ante,* p. 247.
Computing net gifts.

Deductions allowed. Net gifts for preceding years.
Other information required.

(b) TIME AND PLACE FOR FILING. The return shall be filed on or before the 15th day of March following the close of the calendar year with the collector for the district in which is located the legal residence of the donor, or if he has no legal residence in the United States, then (unless the Commissioner designates another district) with the collector at Baltimore, Maryland.

Time and place for filing.

## SEC. 508. RECORDS AND SPECIAL RETURNS.

Records and special returns.
By donor.

(a) BY DONOR.—Every person liable to any tax imposed by this title or for the collection thereof, shall keep such records, render under oath such statements, make such returns, and comply with such rules and regulations, as the Commissioner, with the approval of the Secretary, may from time to time prescribe.

(b) To DETERMINE LIABILITY TO TAX.—Whenever in the judgment of the Commissioner necessary he may require any person, by notice served upon him, to make a return, render under oath such statements, or keep such records, as the Commissioner deems sufficient to show whether or not such person is liable to tax under this title.

Liability to tax.
Any person may be required to make returns.

## SEC. 509. PAYMENT OF TAX.

Payment of tax.

(a) TIME OF PAYMENT.—The tax imposed by this title shall be paid by the donor on or before the 15th day of March following the close of the calendar year.

Date when due.

(b) EXTENSION OF TIME FOR PAYMENT.—At the request of the donor, the Commissioner may extend the time for payment of the amount determined as the tax by the donor, for a period not to exceed six months from the date prescribed for the payment of the tax. In such case the amount in respect of which the extension is granted shall be paid on or before the date of the expiration of the period of the extension.

Extension of time.

(c) VOLUNTARY ADVANCE PAYMENT.—A tax imposed by this title, may be paid, at the election of the donor, prior to the date prescribed for its payment.

Voluntary advance payment.

(d) FRACTIONAL PARTS OF CENT.—In the payment of any tax under this title a fractional part of a cent shall be disregarded unless it amounts to one-half cent or more, in which case it shall be increased to 1 cent.

Fractions of cent.

(e) RECEIPTS.—The collector to whom any payment of any gift tax is made shall, upon request, grant to the person making such payment a receipt therefor.

Collector's receipts.

## SEC. 510. LIEN FOR TAX.

Lien for tax.
Effect of.

The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. Any part of the property comprised in the gift sold by the donee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien herein imposed and the lien, to the extent of the value of such gift, shall attach to all the property of the donee (including after-acquired property) except any part sold to a bona fide purchaser for an

Donee's liability.

Attachment in event of sale.

GIFT TAXES
Discretionary release.

adequate and full consideration in money or money's worth. If the Commissioner is satisfied that the tax liability has been fully discharged or provided for, he may, under regulations prescribed by him with the approval of the Secretary, issue his certificate, releasing any or all of the property from the lien herein imposed.

Correctness of return and tax.

## SEC. 511. EXAMINATION OF RETURN AND DETERMINATION OF TAX.

Determination, etc.

As soon as practicable after the return is filed the Commissioner shall examine it and shall determine the correct amount of the tax.

Deficiency.

## SEC. 512. DEFINITION OF DEFICIENCY.

Definition.

As used in this title in respect of the tax imposed by this title the term "deficiency" means—

Difference between tax imposed and that shown on return.

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the donor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax; or

Adjustment of previous assessments.

If no tax shown or return made.

(2) If no amount is shown as the tax by the donor upon his return, or if no return is made by the donor, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax.

Assessment and collection of deficiency. Notice to donor.

## SEC. 513. ASSESSMENT AND COLLECTION OF DEFICIENCIES.

Petition by donor to Board of Tax Appeals.

(a) PETITION TO BOARD OF TAX APPEALS.—If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the donor by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the donor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the donor, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

Restriction on court proceeding.

R. S., sec. 3224, p. 619, waived.

Exceptions.
*Post,* p. 251.

For exceptions to the restrictions imposed by this subsection see—

(1) Subsection (d) of this section, relating to waivers by the donor;

*Post,* p. 251.

(2) Subsection (f) of this section, relating to notifications of mathematical errors appearing upon the face of the return;

*Post,* p. 252.
*Post,* p. 253.
Vol. 44, p. 109.

(3) Section 514, relating to jeopardy assessments;

(4) Section 516, relating to bankruptcy and receiverships; and

(5) Section 1001 of the Revenue Act of 1926, as amended, relating to assessment or collection of the amount of the deficiency determined by the Board pending court review.

Collection of deficiency found by Board.

(b) COLLECTION OF DEFICIENCY FOUND BY BOARD.—If the donor files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board which has become final shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the decision of the Board

which has become final shall be assessed or be collected by distraint or by proceeding in court with or without assessment.

GIFT TAXES

(c) FAILURE TO FILE PETITION.—If the donor does not file a petition with the Board within the time prescribed in subsection (a) the deficiency, notice of which has been mailed to the donor, shall be assessed, and shall be paid upon notice and demand from the collector.

Failure to file petition.

(d) WAIVER OF RESTRICTIONS.—The donor shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

Waiver of restrictions.

(e) INCREASE OF DEFICIENCY AFTER NOTICE MAILED.—The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the donor, and to determine whether any additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

Increase of deficiency after notice mailed.
Board authorized to redetermine correct amount.

(f) FURTHER DEFICIENCY LETTERS RESTRICTED.—If the Commissioner has mailed to the donor notice of a deficiency as provided in subsection (a) of this section, and the donor files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same calendar year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 514(c), relating to the making of jeopardy assessments.—If the donor is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered (for the purposes of this subsection, or of subsection (a) of this section, prohibiting assessment and collection until notice of deficiency has been mailed, or of section 528(c), prohibiting credits or refunds after petition to the Board of Tax Appeals) as a notice of a deficiency, and the donor shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section.

Further notices restricted.
Exception in case of fraud.
Jeopardy assessments.
Post, p. 252.
Mathematical error.
Post, p. 258.

(g) JURISDICTION OVER OTHER CALENDAR YEARS.—The Board in redetermining a deficiency in respect of any calendar year shall consider such facts with relation to the taxes for other calendar years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other calendar year has been overpaid or underpaid.

Jurisdiction over other calendar years.

(h) FINAL DECISIONS OF BOARD.—For the purposes of this title the date on which a decision of the Board becomes final shall be determined according to the provisions of section 1005 of the Revenue Act of 1926.

Decisions of Board. Final date.
Vol. 44, p. 110.

(i) EXTENSION OF TIME FOR PAYMENT OF DEFICIENCIES.—Where it is shown to the satisfaction of the Commissioner that the payment of a deficiency upon the date prescribed for the payment thereof will result in undue hardship to the donor the Commissioner, with the approval of the Secretary (except where the deficiency is due to negligence, to intentional disregard of rules and regulations, or to fraud with intent to evade tax), may grant an extension for the payment of such deficiency or any part thereof for a period not in

Time extended for payment of deficiencies.
To avoid undue hardship.

GIFT TAXES

Bond required.

excess of eighteen months, and, in exceptional cases, for a further period not in excess of twelve months. If an extension is granted, the Commissioner may require the donor to furnish a bond in such amount, not exceeding double the amount of the deficiency, and with such sureties, as the Commissioner deems necessary, conditioned upon the payment of the deficiency in accordance with the terms of the extension.

Notice to last known address.
*Post*, p. 257.

(j) ADDRESS FOR NOTICE OF DEFICIENCY.—In the absence of notice to the Commissioner under section 527(a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this title, if mailed to the donor at his last known address, shall be sufficient for the purposes of this title even if such donor is deceased, or is under a legal disability.

Jeopardy assessments.

**SEC. 514. JEOPARDY ASSESSMENTS.**

Immediately assessed if collection jeopardized by delay.

(a) AUTHORITY FOR MAKING.—If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof.

Deficiency letters. Notice to be mailed.

(b) DEFICIENCY LETTERS.—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 513(a), then the Commissioner shall mail a notice under such subsection within 60 days after the making of the assessment.

Amount assessable before Board's decision.

(c) AMOUNT ASSESSABLE BEFORE DECISION OF BOARD.—The jeopardy assessment may be made in respect of a deficiency greater or less than that notice of which has been mailed to the donor, despite the provisions of section 513(f) prohibiting the determination of additional deficiencies, and whether or not the donor has theretofore

Redetermination.

filed a petition with the Board of Tax Appeals. The Commissioner shall notify the Board of the amount of such assessment, if the petition is filed with the Board before the making of the assessment or is subsequently filed, and the Board shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection therewith.

Amount assessable after decision of Board.

(d) AMOUNT ASSESSABLE AFTER DECISION OF BOARD.—If the jeopardy assessment is made after the decision of the Board is rendered such assessment may be made only in respect of the deficiency determined by the Board in its decision.

Not allowed after final decision, etc.

(e) EXPIRATION OF RIGHT TO ASSESS.—A jeopardy assessment may not be made after the decision of the Board has become final or after the donor has filed a petition for review of the decision of the Board.

Bond to stay collection.

(f) BOND TO STAY COLLECTION.—When a jeopardy assessment has been made the donor, within 10 days after notice and demand from the collector for the payment of the amount of the assessment, may obtain a stay of collection of the whole or any part of the amount of the assessment by filing with the collector a bond in such amount, not exceeding double the amount as to which the stay is desired, and with such sureties, as the collector deems necessary, conditioned upon

Conditions.

the payment of so much of the amount, the collection of which is stayed by the bond, as is not abated by a decision of the Board which has become final, together with interest thereon as provided in

*Post*, p. 255.

section 523 or 524(b)(4).

Further conditions, if bond given before filing petition.

(g) SAME—FURTHER CONDITIONS.—If the bond is given before the donor has filed his petition with the Board under section 513 (a), the bond shall contain a further condition that if a petition is not filed within the period provided in such subsection, then the amount the

collection of which is stayed by the bond will be paid on notice and demand at any time after the expiration of such period, together with interest thereon at the rate of 6 per centum per annum from the date of the jeopardy notice and demand to the date of notice and demand under this subsection.

(h) WAIVER OF STAY.—Upon the filing of the bond the collection of so much of the amount assessed as is covered by the bond shall be stayed. The donor shall have the right to waive such stay at any time in respect of the whole or any part of the amount covered by the bond, and if as a result of such waiver any part of the amount covered by the bond is paid, then the bond shall, at the request of the donor, be proportionately reduced. If the Board determines that the amount assessed is greater than the amount which should have been assessed, then when the decision of the Board is rendered the bond shall, at the request of the donor, be proportionately reduced. *[margin: Stay of collection over part covered by bond. Effect of waiver of stay, etc.]*

(i) COLLECTION OF UNPAID AMOUNTS.—When the petition has been filed with the Board and when the amount which should have been assessed has been determined by a decision of the Board which has become final, then any unpaid portion, the collection of which has been stayed by the bond, shall be collected as part of the tax upon notice and demand from the collector, and any remaining portion of the assessment shall be abated. If the amount already collected exceeds the amount determined as the amount which should have been assessed, such excess shall be credited or refunded as provided in section 528, without the filing of claim therefor. If the amount determined as the amount which should have been assessed is greater than the amount actually assessed, then the difference shall be assessed and shall be collected as part of the tax upon notice and demand from the collector. *[margin: Collection of unpaid amounts. When decision of Board has become final. Credit or refund. Post, p. 258. Collection of greater assessment.]*

## SEC. 515. CLAIMS IN ABATEMENT.

No claim in abatement shall be filed in respect of any assessment in respect of any tax imposed by this title. *[margin: Claims in abatement. Prohibition on filing.]*

## SEC. 516. BANKRUPTCY AND RECEIVERSHIPS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any donor in any bankruptcy proceeding or the appointment of a receiver for any donor in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such donor shall, despite the restrictions imposed by section 513(a) upon assessments be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver. *[margin: Bankruptcy and receiverships. Immediate assessment of deficiency. Adjudication of claim.]*

(b) UNPAID CLAIMS.—Any portion of the claim allowed in such bankruptcy or receivership proceeding which is unpaid shall be paid by the donor upon notice and demand from the collector after the termination of such proceeding, and may be collected by distraint or proceeding in court within six years after termination of such proceeding. Extensions of time for such payment may be had in *[margin: Unpaid claims. Collection of claims allowed in court proceedings. Time extensions.]*

*[margin top: GIFT TAXES]*

GIFT TAXES

the same manner and subject to the same provisions and limitations as are provided in sections 513(i), 521(b), and 524(b)(3) in the case of a deficiency in a tax imposed by this title.

Period of limitation upon assessment and collection.

## SEC. 517. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Assessment within three years.

(a) GENERAL RULE.—Except as provided in subsection (b), the amount of taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of three years after the return was filed.

Exceptions.
False return or no return.

(b) EXCEPTIONS—

(1) FALSE RETURN OR NO RETURN.—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

Collection after assessment.

By distraint.

Within six years.
Or prior to expiration of collection period.

(2) COLLECTION AFTER ASSESSMENT.—Where the assessment of any tax imposed by this title has been made within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the donor.

Suspension of running of statute.
Period of.

## SEC. 518. SUSPENSION OF RUNNING OF STATUTE.

The running of the statute of limitations provided in section 517 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 513 (a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter.

*Ante,* p. 250.

Until final decision of Board.

Additions to tax in case of failure to file return.

## SEC. 519. ADDITIONS TO THE TAX IN CASE OF FAILURE TO FILE RETURN.

In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

Additional tax imposed.
If failure not willful neglect.

Manner of collection.

In lieu of former levy.
R. S., sec. 3176, p. 610.
U. S. C., 731.

Tax in case of deficiencies.
Additions to, in case of negligence, etc.

## SEC. 520. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

(a) NEGLIGENCE.—If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 522, relating to interest on deficiencies, shall not be applicable.

Rate.

(b) FRAUD.—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

GIFT TAXES
Due to fraud.
Rate.

R. S., sec. 3176, p. 610.
U. S. C., p. 731.

### SEC. 521. INTEREST ON EXTENDED PAYMENTS.

Interest on extended payments.

(a) TAX SHOWN ON RETURN.—If the time for payment of the amount determined as the tax by the donor is extended under the authority of section 509 (b), there shall be collected as a part of such amount, interest thereon at the rate of 6 per centum per annum from the date when such payment should have been made if no extension had been granted, until the expiration of the period of the extension.

Tax on return.
Ante, p. 249.

(b) DEFICIENCY.—In case an extension for the payment of a deficiency is granted, as provided in section 513 (i), there shall be collected, as a part of the tax, interest on the part of the deficiency the time for payment of which is so extended, at the rate of 6 per centum per annum for the period of the extension, and no other interest shall be collected on such part of the deficiency for such period.

On extended deficiency payments.
Ante, p. 251.

### SEC. 522. INTEREST ON DEFICIENCIES.

Interest on deficiencies.
Determination, collections, etc.

Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the due date of the tax to the date the deficiency is assessed, or, in the case of a waiver under section 513 (d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier.

### SEC. 523. INTEREST ON JEOPARDY ASSESSMENTS.

Interest on jeopardy assessments
Ante, p. 252.

In the case of the amount collected under section 514 (f) there shall be collected at the same time as such amount, and as a part of the tax, interest at the rate of 6 per centum per annum upon such amount from the date of the jeopardy notice and demand to the date of notice and demand under section 514 (i), or, in the case of the amount collected in excess of the amount of the jeopardy assessment, interest as provided in section 522.

Rate.

### SEC. 524. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

Additional taxes if nonpayment.

(a) TAX SHOWN ON RETURN—

(1) PAYMENT NOT EXTENDED.—Where the amount determined by the donor as the tax imposed by this title, or any part of such amount, is not paid on the due date of the tax, there shall be collected as a part of the tax, interest upon such unpaid amount at the rate of 1 per centum a month from the due date until it is paid.

Unpaid on due date, when payment not extended.

(2) PAYMENT EXTENDED.—Where an extension of time for payment of the amount so determined as the tax by the donor has been granted, and the amount the time for payment of which has been extended, and the interest thereon determined under section 521(a), is not paid in full prior to the expiration of the period of the extension, then, in lieu of the interest provided for in paragraph (1) of this subsection, interest at the rate of 1 per centum a month shall be collected on such unpaid amount from the date of the expiration of the period of the extension until it is paid.

When payment extended.

(b) DEFICIENCY—

Deficiency.

(1) PAYMENT NOT EXTENDED.—Where a deficiency, or any interest assessed in connection therewith under section 522, or any addition to the tax provided for in section 3176 of the Revised

Payment not extended.

**256**      72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

GIFT TAXES

Statutes, is not paid in full within 10 days from the date of notice and demand from the collector, there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 1 per centum a month from the date of such notice and demand until it is paid.

Filing of jeopardy bond.

(2) FILING OF JEOPARDY BOND.—If a bond is filed, as provided in section 514, the provisions of paragraph (1) of this subsection shall not apply to the amount covered by the bond.

Payment extended.

(3) PAYMENT EXTENDED.—If the part of the deficiency the time for payment of which is extended as provided in section 513(i) is not paid in accordance with the terms of the extension, there shall be collected, as a part of the tax, interest on such unpaid amount at the rate of 1 per centum a month for the period from the time fixed by the terms of the extension for its payment until it is paid, and no other interest shall be collected on such unpaid amount for such period.

Unpaid jeopardy assessment stayed by bond.

(4) JEOPARDY ASSESSMENT—PAYMENT STAYED BY BOND.—If the amount included in the notice and demand from the collector under section 514(i) is not paid in full within 10 days after such notice and demand, then there shall be collected, as part of the tax, interest upon the unpaid amount at the rate of 1 per centum a month from the date of such notice and demand until it is paid.

Interest in case of bankruptcy and receiverships.<br>*Ante,* p. 250.

(5) INTEREST IN CASE OF BANKRUPTCY AND RECEIVERSHIPS.—If the unpaid portion of the claim allowed in a bankruptcy or receivership proceeding, as provided in section 516, is not paid in full within 10 days from the date of notice and demand from the collector, then there shall be collected as a part of such amount interest upon the unpaid portion thereof at the rate of 1 per centum a month from the date of such notice and demand until payment.

Penalties.<br>For willful failure to pay tax, make returns, etc.

## SEC. 525. PENALTIES.

(a) Any person required under this title to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this title, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

Willful evasion a felony.

Punishment for.

(b) Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, on conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

Transferred assets.<br>Method of collection.

## SEC. 526. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this title.

(2) FIDUCIARIES.—The liability of a fiduciary under section 3467 of the Revised Statutes [U. S. C., title 31, sec. 192] in respect of the payment of any such tax from the estate of the donor.

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) PERIOD OF LIMITATION.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the donor.

(2) If a court proceeding against the donor for the collection of the tax has been begun within the period provided in paragraph (1),—then within one year after return of execution in such proceeding.

(c) PERIOD FOR ASSESSMENT AGAINST DONOR.—For the purposes of this section, if the donor is deceased, the period of limitation for assessment against the donor shall be the period that would be in effect had the death not occurred.

(d) SUSPENSION OF RUNNING OF STATUTE OF LIMITATIONS.—The running of the statute of limitations upon the assessment of the liability of a transferee or fiduciary shall, after the mailing of the notice under section 513(a) to the transferee or fiduciary, be suspended for the period during which the Commissioner is prohibited from making the assessment in respect of the liability of the transferee or fiduciary (and in any event, if a proceeding in respect of the liability is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter.

(e) PROHIBITION OF SUITS TO RESTRAIN ENFORCEMENT OF LIABILITY OF TRANSFEREE OR FIDUCIARY.—No suit shall be maintained in any court for the purpose of restraining the assessment or collection of (1) the amount of the liability, at law or in equity, of a transferee of property of a donor in respect of any gift tax, or (2) the amount of the liability of a fiduciary under section 3467 of the Revised Statutes [U. S. C., title 31, sec. 192] in respect of any such tax.

(f) DEFINITION OF "TRANSFEREE".—As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee.

(g) ADDRESS FOR NOTICE OF LIABILITY.—In the absence of notice to the Commissioner under section 527(b) of the existence of a fiduciary relationship, notice of liability enforceable under this section in respect of a tax imposed by this title, if mailed to the person subject to the liability at his last known address, shall be sufficient for the purposes of this title even if such person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

## SEC. 527. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) FIDUCIARY OF DONOR.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the donor in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of the donor), until notice is given that the fiduciary capacity has terminated.

*Marginal notes:*

GIFT TAXES

Liability of transferees of property of a donor.

Of a fiduciary.
R. S., sec. 3467, p. 687;
U. S. C., p. 987.

Period of limitation.

Period for assessment against donor.

If deceased.

Suspension of running of statute of limitations.

After notice mailed, etc.
*Ante*, p. 250.

Prohibition of suits to restrain enforcement of liability of transferee or fiduciary.

R. S., sec. 3467, p. 687;
U. S. C., p. 987.

"Transferee" defined.

Address for notice of liability.

Notice of fiduciary relationship.
Effect of.

3:18-cv-10507-PGS-JBD   Document 196-8   Filed 12/15/23   Page 131 of 179 Pa

<div style="float:left; width:20%;">

GIFT TAXES ·
Fiduciary of transferee.
Effect of notice to Commissioner.

Manner of notice.

Refunds and credits.
Gift tax.
Overpayments, credited to.

Refund of any balance.
Limitation on allowance.
Period.

Credit or refund.

Effect of taxpayer's petition to Board.
*Ante*, p. 250.

No credit, etc., allowed.

Exception.
Overpayments.

Excess collections.

After collection period expired.

Findings by Board.

Credit or refund.

Laws made applicable.
Assessment, payment, etc., under prior Acts.

</div>

(b) FIDUCIARY OF TRANSFEREE.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 526, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated.

(c) MANNER OF NOTICE.—Notice under subsection (a) or (b) shall be given in accordance with regulations prescribed by the Commissioner with the approval of the Secretary.

## SEC. 528. REFUNDS AND CREDITS.

(a) AUTHORIZATION.—Where there has been an overpayment of any tax imposed by this title, the amount of such overpayment shall be credited against any gift tax then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer.

(b) LIMITATION ON ALLOWANCE—

(1) PERIOD OF LIMITATION.—No such credit or refund shall be allowed or made after three years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer.

(2) LIMIT ON AMOUNT OF CREDIT OR REFUND.—The amount of the credit or refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the credit or refund.

(c) EFFECT OF PETITION TO BOARD.—If the Commissioner has mailed to the taxpayer a notice of deficiency under section 513(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the calendar year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Board which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final; and

(3) As to any amount collected after the period of limitation upon the beginning of distraint or a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Board which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

(d) OVERPAYMENT FOUND BY BOARD.—If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax paid more than three years before the filing of the claim or the filing of the petition, whichever is earlier.

## SEC. 529. LAWS MADE APPLICABLE.

All administrative, special, or stamp provisions of law, including the law relating to the assessment of taxes, so far as applicable, are hereby extended to and made a part of this title.

### SEC. 530. RULES AND REGULATIONS.

The Commissioner, with the approval of the Secretary, shall prescribe and publish all needful rules and regulations for the enforcement of this title.

### SEC. 531. DEFINITIONS.

For the purposes of this title—

(a) CALENDAR YEAR.—The term " calendar year " includes only the calendar year 1932 and succeeding calendar years, and, in the case of the calendar year 1932, includes only the portion of such year after the date of the enactment of this Act.

(b) PROPERTY WITHIN UNITED STATES.—Stock in a domestic corporation owned and held by a nonresident shall be deemed property situated within the United States.

### SEC. 532. SHORT TITLE.

This title may be cited as the " Gift Tax Act of 1932 ".

## TITLE IV—MANUFACTURERS' EXCISE TAXES

### SEC. 601. EXCISE TAXES ON CERTAIN ARTICLES.

(a) In addition to any other tax or duty imposed by law, there shall be imposed a tax as provided in subsection (c) on every article imported into the United States unless treaty provisions of the United States otherwise provide.

(b) The tax imposed under subsection (a) shall be levied, assessed, collected, and paid in the same manner as a duty imposed by the Tariff Act of 1930, and shall be treated for the purposes of all provisions of law relating to the customs revenue as a duty imposed by such Act, except that—

(1) the value on which such tax shall be based shall be the sum of (A) the dutiable value (under section 503 of such Act) of the article, plus (B) the customs duties, if any, imposed thereon under any provision of law;

(2) for the purposes of section 489 of such Act (relating to additional duties in certain cases of undervaluation) such tax shall not be considered an ad valorem rate of duty or a duty based upon or regulated in any manner by the value of the article, and for the purposes of section 336 of such Act (the so-called flexible tariff provision) such tax shall not be considered a duty;

(3) such tax shall not be imposed upon any article imported prior to the date on which this title takes effect;

(4) no drawback of such tax (except tax paid upon the importation of an article described in subsection (c) (4), (5), (6), or (7)) shall be allowed under section 313(a), (b), or (f) of the Tariff Act of 1930 or any provision of law allowing a drawback of customs duties on articles manufactured or produced with the use of duty-paid materials;

(5) such tax (except tax under subsection (c) (4) to (7), inclusive) shall be imposed in full notwithstanding any provision of law granting exemption from or reduction of duties to products of any possession of the United States; and for the purposes of taxes under subsection (c) (4) to (7), inclusive, the term " United States " includes Puerto Rico.

(c) There is hereby imposed upon the following articles sold in the United States by the manufacturer or producer, or imported into the United States, a tax at the rates hereinafter set forth, to be paid by the manufacturer, producer, or importer:

(1) Lubricating oils, 4 cents a gallon; but the tax on the articles described in this paragraph shall not apply with respect to the importation of such articles.

---

Marginal notes:

GIFT TAXES

Rules and regulations.
To be prescribed, etc.

Definitions.

"Calendar year."

Stock of domestic corporation.

Short title.
"Gift Tax Act of 1932."

MANUFACTURERS' EXCISE TAXES

Taxes on certain articles.
Imported articles.

Assessment, collection, etc., of tax.
Vol. 46, p. 590.

Computation of value.
Vol. 46, p. 731.

Not considered rate of duty or regulating value of article.
Vol. 46, pp. 725, 701.

Articles exempt.

Drawback on articles of duty-paid materials not allowed.
Vol. 46, p. 693.

Tax on imports from possessions of United States.

Articles specified.

Lubricating oils.

MANUFACTURERS'
EXCISE TAX

Brewer's wort, malt,
etc.
Exception when sold
to baker or manufac-
turer.

Liquid malt.

Grape concentrates,
etc.

Exceptions.

Petroleum, fuel oil,
etc., derivatives.

Lubricating oils, gas-
oline excepted.

Tax on imports only.

Coal; coke and man-
ufactures.

Tax on imports only.

Imposed when ex-
ports to particular
country exceed imports.

Lumber.
Flooring excepted;
Japanese maple floor-
ing.

Copper ores and con-
centrates.
Vol. 46, pp. 613, 626,
627, 674, 675, 676.

Provisos.
Loss in processing
excepted.
Fluxing ores, etc.,
excepted.

Aggregate imports
limited.
Other copper articles.

Tax on imports only.

(2) Brewer's wort, 15 cents a gallon.  Liquid malt, malt syrup, and malt extract, fluid, solid, or condensed, made from malted cereal grains in whole or in part, unless sold to a baker for use in baking or to a manufacturer or producer of malted milk, medicinal products, foods, cereal beverages, or textiles, for use in the manufacture or production of such products, 3 cents a pound.  For the purposes of this paragraph liquid malt containing less than 15 per centum of solids by weight shall be taxable as brewer's wort.

(3) Grape concentrate, evaporated grape juice, and grape syrup (other than finished or fountain syrup), if containing more than 35 per centum of sugars by weight, 20 cents a gallon.  No tax shall be imposed under this paragraph (A) upon any article which contains preservative sufficient to prevent fermentation when diluted, or (B) upon any article sold to a manufacturer or producer of food products or soft drinks for use in the manufacture or production of such products.

(4) Crude petroleum, ½ cent per gallon; fuel oil derived from petroleum, gas oil derived from petroleum, and all liquid derivatives of crude petroleum, except lubricating oil and gasoline or other motor fuel, ½ cent per gallon; gasoline or other motor fuel, 2½ cents per gallon; lubricating oil, 4 cents per gallon; paraffin and other petroleum wax products, 1 cent per pound.  The tax on the articles described in this paragraph shall apply only with respect to the importation of such articles.

(5) Coal of all sizes, grades, and classifications (except culm and duff), coke manufactured therefrom; and coal or coke briquettes, 10 cents per 100 pounds.  The tax on the articles described in this paragraph shall apply only with respect to the importation of such articles, and shall not be imposed upon any such article if during the preceding calendar year the exports of the articles described in this paragraph from the United States to the country from which such article is imported have been greater in quantity than the imports into the United States from such country of the articles described in this paragraph.

(6) Lumber, rough, or planed or dressed on one or more sides, except flooring made of maple (except Japanese maple), birch, and beech, $3 per thousand feet, board measure; but the tax on the articles described in this paragraph shall apply only with respect to the importation of such articles.

(7) Copper-bearing ores and concentrates and articles provided for in paragraph 316, 380, 381, 387, 1620, 1634, 1657, or 1659 of the Tariff Act of 1930, 4 cents per pound on the copper contained therein: *Provided,* That no tax under this paragraph shall be imposed on copper in any of the foregoing which is lost in metallurgical processes: *Provided further,* That ores or concentrates usable as a flux or sulphur reagent in copper smelting and/or converting and having a copper content of not more than 15 per centum, when imported for. fluxing purposes, shall be admitted free of said tax in an aggregate amount of not to exceed in any one year 15,000 tons of copper content.  All articles dutiable under the Tariff Act of 1930, not provided for heretofore in this paragraph, in which copper (including copper in alloys) is the component material of chief value, 3 cents per pound.  All articles dutiable under the Tariff Act of 1930, not provided for heretofore in this paragraph, containing 4 per centum or more of copper by weight, 3 per centum ad valorem or ¾ of 1 cent per pound, whichever is the lower.  The tax on the articles described in

this paragraph shall apply only with respect to the importation of such articles. The Secretary is authorized to prescribe all necessary regulations for the enforcement of the provisions of this paragraph.

MANUFACTURERS' EXCISE TAX
Regulations to be prescribed.

### SEC. 602. TAX ON TIRES AND INNER TUBES.

There is hereby imposed upon the following articles sold by the manufacturer, producer, or importer, a tax at the following rates:

(1) Tires wholly or in part of rubber, 2¼ cents a pound on total weight (exclusive of metal rims or rim bases), to be determined under regulations prescribed by the Commissioner with the approval of the Secretary.

(2) Inner tubes (for tires) wholly or in part of rubber, 4 cents a pound on total weight, to be determined under regulations prescribed by the Commissioner with the approval of the Secretary.

### SEC. 603. TAX ON TOILET PREPARATIONS, ETC.

There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Perfumes, essences, extracts, toilet waters, cosmetics, petroleum jellies, hair oils, pomades, hair dressings, hair restoratives, hair dyes, tooth and mouth washes (except that the rate shall be 5 per centum), dentifrices (except that the rate shall be 5 per centum), tooth pastes (except that the rate shall be 5 per centum), aromatic cachous, toilet soaps (except that the rate shall be 5 per centum), toilet powders, and any similar substance, article, or preparation, by whatsoever name known or distinguished; any of the above which are used or applied or intended to be used or applied for toilet purposes.

### SEC. 604. TAX ON FURS.

There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Articles made of fur on the hide or pelt or of which any such fur is the component material of chief value.

### SEC. 605. TAX ON JEWELRY, ETC.

There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: All articles commonly or commercially known as jewelry, whether real or imitation; pearls, precious and semiprecious stones, and imitations thereof; articles made of, or ornamented, mounted or fitted with, precious metals or imitations thereof or ivory (not including surgical instruments or silverplated ware, or frames or mountings for spectacles or eyeglasses); watches; clocks; parts for watches or clocks sold for more than 9 cents each; opera glasses; lorgnettes; marine glasses; field glasses; and binoculars. No tax shall be imposed under this section on any article used for religious purposes, or any article (other than watch parts or clock parts) sold for less than $3.

### SEC. 606. TAX ON AUTOMOBILES, ETC.

There is hereby imposed upon the following articles sold by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold:

(a) Automobile truck chassis and automobile truck bodies (including in both cases parts or accessories therefor sold on or in connec-

Tires and inner tubes.

Rubber tires.
Rate.

Inner tubes.
Rate.

Toilet preparations, etc.
Rate.

Perfumes, essences, extracts, etc.

Dentifrices.

Soaps, powders, etc.

Furs.
Rate.

Fur articles.

Jewelry, etc.
Rate.

Articles of, whether real or imitation.

Ivory.

Opera glasses, lorgnettes, etc.
Minimum cost and articles for religious purposes excepted.

Automobiles.

Truck chassis and bodies.

**262**                   72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

MANUFACTURERS'
EXCISE TAX

tion therewith or with the sale thereof), 2 per centum. A sale of an automobile truck shall, for the purposes of this subsection, be considered to be a sale of the chassis and of the body.

Other automobile chassis, etc.
Accessories included.
Tractors excepted.

(b) Other automobile chassis and bodies and motor cycles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof), except tractors, 3 per centum. A sale of an automobile shall, for the purposes of this subsection, be considered to be a sale of the chassis and of the body.

Parts and accessories not including tires and tubes.

(c) Parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a) or (b), 2 per centum. For the purposes of this subsection and subsections (a) and (b), spark plugs, storage batteries, leaf springs, coils, timers, and tire chains, which are suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a) or (b), shall be considered parts or accessories for such articles, whether or not primarily adapted for such use. This subsection

Automobile chassis and bodies excluded.
Applicability of tax.

shall not apply to chassis or bodies for automobile trucks or other automobiles. Under regulations prescribed by the Commissioner, with the approval of the Secretary, the tax under this subsection shall not apply in the case of sales of parts or accessories by the manufacturer, producer, or importer to a manufacturer or producer of

Resale.

any of the articles enumerated in subsection (a) or (b). If any such parts or accessories are resold by such vendee otherwise than on or in connection with, or with the sale of, an article enumerated in subsection (a) or (b) and manufactured or produced by such vendee, then for the purposes of this section the vendee shall be considered the manufacturer or producer of the parts or accessories so resold.

Regulations for exemptions on resale.

(d) Under regulations prescribed by the Commissioner, with the approval of the Secretary, the tax under subsection (a) or (b) shall not apply in the case of sales of bodies by the manufacturer, producer, or importer to a manufacturer or producer of automobile trucks or other automobiles to be sold by such vendee. For the purposes of subsection (a) or (b) such vendee shall be considered the manufacturer or producer of such bodies.

Refund of tax paid on tires and tubes.

(e) If tires or inner tubes on which tax has been imposed under this title are sold on or in connection with, or with the sale of, a chassis, body, or motor cycle, there shall (under regulations prescribed by the Commissioner, with the approval of the Secretary) be credited against the tax under this section an amount equal to, in the

Amounts.

case of an automobile truck chassis or body, 2 per centum, and in the case of any other automobile chassis or body or motor cycle, 3 per centum—

Computation.

(1) of the purchase price (less, in the case of tires, the part of such price attributable to the metal rim or rim base) if such tires

Ante, p. 261.

or inner tubes were taxable under section 602 (relating to tax on tires and inner tubes) ; or

Post, p. 268.

(2) if such tires or inner tubes were taxable under section 622 (relating to use by manufacturer, producer, or importer) then of the price (less, in the case of tires, the part of such price attributable to the metal rim or rim base) at which such or similar tires or inner tubes are sold, in the ordinary course of trade, by manufacturers, producers, or importers thereof, as determined by the Commissioner.

Refund of tax on tires, etc., held for sale after August 1, 1934.

(f) (1) Where prior to August 1, 1934, any article subject to the tax imposed by this section or section 602, relating to tax on tires and inner tubes, has been sold by the manufacturer, producer, or importer, and is on such date held by a dealer and intended for sale,

there shall be refunded to the manufacturer, producer, or importer the amount of the tax, or if the tax has not been paid, the tax shall be abated.

(2) As used in this subsection the term " dealer " includes a wholesaler, jobber, or distributor.  For the purposes of this subsection, an article shall be considered as " held by a dealer " if title thereto has passed to such dealer (whether or not delivery to him has been made), and if for purposes of consumption title to such article or possession thereof has not at any time been transferred to any person other than a dealer.

(3) Under regulations prescribed by the Commissioner, with the approval of the Secretary, the refund provided by this subsection— (A) may be applied as a credit against the tax shown by subsequent returns of the manufacturer, producer, or importer, and (B) may be made to the dealer instead of to the manufacturer, producer, or importer, if the manufacturer, producer, or importer waives any claim for the amount so to be refunded.

(4) When the refund, credit, or abatement provided for in this subsection has been allowed to the manufacturer, producer, or importer, he shall remit to the dealer to whom was sold the article in respect of which the refund, credit, or abatement was allowed, so much of that amount of the tax corresponding to the refund, credit, or abatement, as was included in or added to the price paid or agreed to be paid by the dealer.  Upon the failure of the manufacturer, producer, or importer to make such remission he shall be liable to the dealer for damages in the amount of three times the amount thereof, and the court shall include in any judgment in favor of the dealer in any suit for the recovery of such damages, costs of the suit and a reasonable attorney's fee to be fixed by the court.

## SEC. 607. TAX ON RADIO RECEIVING SETS, ETC.

There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 5 per centum of the price for which so sold: Chassis, cabinets, tubes, reproducing units, power packs, and phonograph mechanisms, suitable for use in connection with or as part of radio receiving sets or combination radio and phonograph sets (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof), and records for phonographs.  A sale of any two or more of the above articles shall, for the purpose of this section, be considered a sale of each separately.

## SEC. 608. TAX ON MECHANICAL REFRIGERATORS.

There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 5 per centum of the price for which so sold:

(a) Household type refrigerators (for single or multiple cabinet installations) operated with electricity, gas, kerosene, or other means (including parts or accessories therefor sold on or in connection therewith or with the sale thereof).

(b) Cabinets, compressors, condensers, expansion units, absorbers, and controls (hereinafter referred to as " refrigerator components ") for, or suitable for use as part of or with, any of the articles enumerated in subsection (a) (including in each case parts or accessories for such refrigerator components sold on or in connection therewith or with the sale thereof) except when sold as component parts of complete refrigerators or refrigerating or cooling apparatus.  Under regulations prescribed by the Commissioner, with the approval of the Secretary, the tax under this subsection shall not apply in the case

MANUFACTURERS' EXCISE TAX

Terms construed. "Dealer." "Held by a dealer."

Rules for balancing credits and refunds.

Dealer to receive credit.

Liability of importer, etc., when noncompliance Amount of damages to dealer.

Radio receiving sets, etc. Rate.

Radio sets and component parts.

Mechanical refrigerators. Rate.

Household type.

Refrigerator components.

Exception when sold to manufacturer, etc.

MANUFACTURERS'
EXCISE TAX
of sales of any such refrigerator components by the manufacturer, producer, or importer to a manufacturer or producer of refrigerators or refrigerating or cooling apparatus.  If any such refrigerator components are resold by such vendee otherwise than on or in connection with, or with the sale of, complete refrigerators or refrigerating or cooling apparatus, manufactured or produced by such vendee, then for the purposes of this section the vendee shall be considered the manufacturer or producer of the refrigerator components so resold.

Application    when
subsequent sale.

### SEC. 609. TAX ON SPORTING GOODS.

Sporting goods.
Rate.
There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Tennis rackets, tennis racket frames and strings, nets, racket covers and presses, skates, snowshoes, skis, toboggans, canoe paddles, polo mallets, baseball bats, gloves, masks, protectors, shoes and uniforms, football helmets, harness and uniforms, basket ball goals and uniforms, golf bags and clubs, lacrosse sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, billiard and pool tables, chess and checker boards and pieces, dice, games and parts of games (except playing cards and children's toys and games); and all similar articles commonly or commercially known as sporting goods.

Articles specified.

Exceptions.

### SEC. 610. TAX ON FIREARMS, SHELLS, AND CARTRIDGES.

Firearms, shells, and
cartridges.
Rate.
There is hereby imposed upon firearms, shells, and cartridges, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold.  The tax imposed by this section shall not apply (1) to articles sold for the use of the United States, any State, Territory, or possession of the United States, any political subdivision thereof, or the District of Columbia, or (2) to pistols and revolvers.

Exception if for Gov-
ernmental, etc., use.
Pistols and revolvers.

### SEC. 611. TAX ON CAMERAS.

Cameras.

Rate.
Lenses.
There is hereby imposed upon cameras (except aerial cameras), weighing not more than 100 pounds, and lenses for such cameras, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold.

### SEC. 612. TAX ON MATCHES.

Matches.

Rate.
There is hereby imposed upon matches, sold by the manufacturer, producer, or importer, a tax of 2 cents per 1,000 matches, except that in the case of paper matches in books the tax shall be ½ of 1 cent per 1,000 matches.

Paper matches.

### SEC. 613. TAX ON CANDY.

Candy.

Rate.
There is hereby imposed upon candy, sold by the manufacturer, producer, or importer, a tax equivalent to 2 per centum of the price for which so sold.

### SEC. 614. TAX ON CHEWING GUM.

Chewing gum.

There is hereby imposed upon chewing gum or substitutes therefor, sold by the manufacturer, producer, or importer, a tax equivalent to 2 per centum of the price for which so sold.

Rate.

### SEC. 615. TAX ON SOFT DRINKS.

Soft drinks.

(a) There is hereby imposed—

Beverages from cere-
als, etc.
(1) Upon all beverages derived wholly or in part from cereals or substitutes therefor, containing less than one-half of 1 per centum of alcohol by volume, sold by the manufacturer, producer, or importer, a tax of 1¼ cents per gallon.

Rate.

(2) Upon unfermented grape juice, in natural or concentrated form (whether or not sugar has been added), containing 35 per centum or less of sugars by weight, sold by the manufacturer, producer, or importer, a tax of 5 cents per gallon.

(3) Upon all unfermented fruit juices (except grape juice), in natural or slightly concentrated form, or such fruit juices to which sugar has been added (as distinguished from finished or fountain syrups), intended for consumption as beverages with the addition of water or water and sugar, and upon all imitations of any such fruit juices, and upon all carbonated beverages, commonly known as soft drinks (except those described in paragraph (1)), manufactured, compounded, or mixed by the use of concentrate, essence, or extract, instead of a finished or fountain syrup, sold by the manufacturer, producer, or importer, a tax of 2 cents per gallon.

(4) Upon all still drinks (except grape juice), containing less than one-half of 1 per centum of alcohol by volume, intended for consumption as beverages in the form in which sold (except natural or artificial mineral and table waters and imitations thereof, and pure apple cider), sold by the manufacturer, producer, or importer, a tax of 2 cents per gallon.

(5) Upon all natural or artificial mineral waters or table waters, whether carbonated or not, and all imitations thereof, sold by the producer, bottler, or importer thereof, in bottles or other closed containers, at over 12½ cents per gallon, a tax of 2 cents per gallon.

(6) Upon all finished or fountain syrups of the kinds used in manufacturing, compounding, or mixing drinks commonly known as soft drinks, sold by the manufacturer, producer, or importer, a tax of 6 cents per gallon; except that in the case of any such syrups intended to be used in the manufacture of carbonated beverages sold in bottles or other closed containers the rate shall be 5 cents per gallon. Where any person conducting a soda fountain, ice cream parlor, or other similar place of business manufactures any syrups of the kinds described in this paragraph, there shall be levied, assessed, collected, and paid on each gallon manufactured and used in the preparation of soft drinks a tax of 6 cents per gallon; and where any person manufacturing carbonated beverages manufactures and uses any such syrups in the manufacture of carbonated beverages sold in bottles or other closed containers there shall be levied, assessed, collected, and paid on each gallon of such syrups a tax of 5 cents per gallon. The taxes imposed by this paragraph shall not apply to finished or fountain syrups sold for use in the manufacture of a beverage subject to tax under paragraph (1) or (4), nor to any article enumerated in section 601 (c) (3).

(7) Upon all carbonic acid gas sold by the manufacturer, producer, or importer, or by a dealer in such gas, to a manufacturer of any carbonated beverages, or to any person conducting a soda fountain, ice cream parlor, or other similar place of business, and upon all carbonic acid gas used by the manufacturer, producer, or importer thereof in the preparation of soft drinks, a tax of 4 cents per pound.

(b) Each manufacturer, producer, or importer of any of the articles enumerated in subsection (a) and each person who sells carbonic acid gas to a manufacturer of carbonated beverages or to a person conducting a soda fountain, ice cream parlor, or other

MANUFACTURERS' EXCISE TAX

Grape juice. Rate.

Fruit juice.

Imitations, carbonated beverages, etc.

Rate.

If containing alcohol.

Rate.

Mineral and table waters, etc.

Rate.

Fountain syrups, etc.

Rate.
If sold to manufacturer.

When manufactured for soda fountain, etc., business.

Exception.
Ante, p. 260.

Carbonic acid gas.

Monthly returns required.

72d CONGRESS. SESS. I. CH. 209. JUNE 6, 1932.

MANUFACTURERS' EXCISE TAX

similar place of business, shall make monthly returns under oath in duplicate and pay the tax imposed in respect of the articles enumerated in subsection (a) to the collector for the district in which is located his principal place of business, or, if he has no principal place of business in the United States, then to the collector at Baltimore, Maryland. Such returns shall contain such informa-

Contents.

tion and be made at such times and in such manner as the Commissioner, with the approval of the Secretary, may by regulations

Payment.

prescribe. The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector at

Interest on overdue tax.

the time so fixed for filing the return. If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 1 per centum a month from the time the tax became due until paid.

Certificate of registry.

(c) Each person required to pay any tax imposed by subsection (a) shall procure and keep posted a certificate of registry in accord-ance with regulations to be prescribed by the Commissioner, with

Penalty for failure to register.

the approval of the Secretary. Any person who fails to register or keep posted any certificate of registry in accordance with such regulations shall be subject to a penalty of not more than $1,000 for each such offense.

Electrical energy.

SEC. 616. TAX ON ELECTRICAL ENERGY.

Rate.
Payment.

(a) There is hereby imposed a tax equivalent to 3 per centum of the amount paid on or after the fifteenth day after the date of the enactment of this Act, for electrical energy for domestic or com-mercial consumption furnished after such date and before July 1, 1934, to be paid by the person paying for such electrical energy and to be collected by the vendor.

Collection.

(b) Each vendor receiving any payments specified in subsection (a) shall collect the amount of the tax imposed by such subsection

Monthly returns by collector.

from the person making such payments, and shall on or before the last day of each month make a return, under oath, for the preceding month, and pay the taxes so collected, to the collector of the district in which his principal place of business is located, or if he has no

Information therein.

principal place of business in the United States, to the collector at Baltimore, Maryland. Such returns shall contain such information and be made in such manner as the Commissioner with the approval

Regulations govern-ing time extensions.

of the Secretary may by regulation prescribe. The Commissioner may extend the time for making returns and paying the taxes collected, under such rules and regulations as he shall prescribe with the approval of the Secretary, but no such extension shall be for

Post, p. 277.

more than 90 days. The provisions of sections 771 to 774, inclusive, shall, in lieu of the provisions of sections 619 to 629, inclusive, be applicable in respect of the tax imposed by this section.

Exception if fur-nished for governmen-tal, etc., use.

(c) No tax shall be imposed under this section upon any payment received for electrical energy furnished to the United States or to any State or Territory, or political subdivision thereof, or the

Right to exemption.

District of Columbia. The right to exemption under this subsection shall be evidenced in such manner as the Commissioner with the approval of the Secretary may by regulation prescribe.

Gasoline.

SEC. 617. TAX ON GASOLINE.

Rate.
Exception.

(a) There is hereby imposed on gasoline sold by the importer thereof or by a producer of gasoline, a tax of 1 cent a gallon, except that under regulations prescribed by the Commissioner with the approval of the Secretary the tax shall not apply in the case of sales to a producer of gasoline.

When exception not applicable.

(b) If a producer or importer uses (otherwise than in the produc-tion of gasoline) gasoline sold to him free of tax, or produced or

imported by him, such use shall for the purposes of this title be considered a sale.

MANUFACTURERS' EXCISE TAX

(c) As used in this section—

Terms construed.
"Producer."

(1) the term "producer" includes a refiner, compounder, or blender, and a dealer selling gasoline exclusively to producers of gasoline, as well as a producer.

"Gasoline."

(2) the term "gasoline" means gasoline, benzol, and any other liquid the chief use of which is as a fuel for the propulsion of motor vehicles, motor boats, or aeroplanes.

## SEC. 618. DEFINITION OF SALE.

"Sale."

For the purposes of this title, the lease of an article shall be considered the sale of such article.

## SEC. 619. SALE PRICE.

Sale price.

(a) In determining, for the purposes of this title, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this title, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required by the foregoing sentence to be included) shall be excluded from the price only if the amount thereof is established to the satisfaction of the Commissioner, in accordance with the regulations.

Coverings, containers, etc., included.
Tax imposed excluded.
Transportation, delivery, etc., charges.

(b) If an article is—

Computation of tax if article sold at less than fair market price.

(1) sold at retail;

(2) sold on consignment; or

(3) sold (otherwise than through an arm's-length transaction) at less than the fair market price;

the tax under this title shall (if based on the price for which the article is sold) be computed on the price for which such articles are sold, in the ordinary course of trade, by manufacturers or producers thereof, as determined by the Commissioner.

(c) In the case of (1) a lease, (2) a contract for the sale of an article wherein it is provided that the price shall be paid by installments and title to the article sold does not pass until a future date notwithstanding partial payment by installments, or (3) a conditional sale, there shall be paid upon each payment with respect to the article that portion of the total tax which is proportionate to the portion of the total amount to be paid represented by such payment.

Proportionate payment of tax, if article sold on installment plan, conditional sale, etc.

## SEC. 620. SALE OF ARTICLES FOR FURTHER MANUFACTURE.

Sale of articles for further manufacture.

Under regulations prescribed by the Commissioner with the approval of the Secretary, no tax under this title shall be imposed upon any article (other than a tire or inner tube, or an article taxable under section 604, relating to the tax on furs) sold for use as material in the manufacture or production of, or for use as a component part of, an article to be manufactured or produced by the vendee which will be taxable under this title or sold free of tax by virtue of this section. If the vendee resells an article sold to him free of tax under this section, then for the purposes of this title he shall be considered the manufacturer or producer of such article.

Tax exemptions.
Tires, tubes, and furs excepted.
Ante, p. 261.
Resale by vendee.

## SEC. 621. CREDITS AND REFUNDS.

Credits and refunds.
To whom allowed.

(a) A credit against tax under this title, or a refund, may be allowed or made—

(1) to a manufacturer or producer, in the amount of any tax under this title which has been paid with respect to the sale of

Manufacturer or producer when using taxed articles.

268                     72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

MANUFACTURERS'
EXCISE TAX
any article (other than a tire or inner tube) purchased by him and used by him as material in the manufacture or production of, or as a component part of, an article with respect to which tax under this title has been paid, or which has been sold free of tax by virtue of section 620, relating to sales of articles for further manufacture.

Persons upon repos-
session of taxed article.
(2) to any person who has paid tax under this title with respect to an article, when the price on which the tax was based is readjusted by reason of return or repossession of the article or a covering or container, or by a bona fide discount, rebate, or allowance; in the amount of that part of the tax proportionate to the part of the price which is refunded or credited.

Regulations to be pre-
scribed.
(b) Credit or refund under subsection (a) shall be allowed or made only upon compliance with regulations prescribed by the Commissioner with the approval of the Secretary.

Interest not allowed.
(c) In no case shall interest be allowed with respect to any amount of tax under this title credited or refunded.

Proof necessary to es-
tablish right to receive
fund.
(d) No overpayment of tax under this title shall be credited or refunded (otherwise than under subsection (a)), in pursuance of a court decision or otherwise, unless the person who paid the tax establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, (1) that he has not Tax not included in
sale price. included the tax in the price of the article with respect to which it was imposed, or collected the amount of tax from the vendee, or Repayment to ulti-
mate consumer. (2) that he has repaid the amount of the tax to the ultimate purchaser of the article, or unless he files with the Commissioner written consent of such ultimate purchaser to the allowance of the credit or refund.

Use by manufacturer,
producer, or importer.
**SEC. 622. USE BY MANUFACTURER, PRODUCER, OR IMPORTER.**

If—

Computation of tax.
Exemptions.
(1) any person manufactures, produces, or imports an article (other than a tire or inner tube) and uses it (otherwise than as material in the manufacture or production of, or as a component part of, another article to be manufactured or produced by him which will be taxable under this title or sold free of tax by virtue Ante, p. 267. of section 620, relating to sale of articles for further manufacture) ; or

(2) any person manufactures, produces, or imports a tire or inner tube and sells it on or in connection with, or with the sale Ante, p. 261. of, an article taxable under section 606(a) or (b), relating to the tax on automobiles, or uses it;

he shall be liable for tax under this title in the same manner as if such article was sold by him, and the tax (if based on the price for which the article is sold) shall be computed on the price at which such or similar articles are sold, in the ordinary course of trade, by manufacturers, producers, or importers thereof, as determined by the Commissioner.

Sales by others.
**SEC. 623. SALES BY OTHERS THAN MANUFACTURER, PRODUCER, OR IMPORTER.**

Liability for tax,
when acquiring right to
sell.
In case any person acquires from the manufacturer, producer, or importer of an article, by operation of law or as a result of any transaction not taxable under this title, the right to sell such article, the sale of such article by such person shall be taxable under this title as if made by the manufacturer, producer, or importer, and such person shall be liable for the tax.

### SEC. 624. EXEMPTION OF ARTICLES MANUFACTURED OR PRODUCED BY INDIANS.

No tax shall be imposed under this title on any article of native Indian handicraft manufactured or produced by Indians on Indian reservations, or in Indian schools, or by Indians under the jurisdiction of the United States Government in Alaska.

### SEC. 625. CONTRACTS PRIOR TO MAY 1, 1932.

(a) If (1) any person has, prior to May 1, 1932, made a bona fide contract for the sale, after the tax takes effect, of any article in respect of the sale of which a tax is imposed under this title, or in respect of which a tax is imposed under this subsection, and (2) such contract does not permit the adding to the amount to be paid under such contract, of the whole of such tax, then (unless the contract prohibits such addition) the vendee shall, in lieu of the vendor, pay so much of the tax as is not so permitted to be added to the contract price. If a contract of the character above described was made with the United States or with any person other than a dealer, no tax shall be collected under this title.

(b) The taxes payable by the vendee shall be paid to the vendor at the time the sale is consummated, and shall be collected, returned, and paid to the United States by such vendor in the same manner as provided in section 702. In case of failure or refusal by the vendee to pay such taxes to the vendor, the vendor shall report the facts to the Commissioner, who shall cause collection of such taxes to be made from the vendee.

### SEC. 626. RETURN AND PAYMENT OF MANUFACTURERS' TAXES.

(a) Every person liable for any tax imposed by this title other than taxes on importation (except tax under section 615, relating to tax on soft drinks) shall make monthly returns under oath in duplicate and pay the taxes imposed by this title to the collector for the district in which is located his principal place of business or, if he has no principal place of business in the United States, then to the collector at Baltimore, Maryland. Such returns shall contain such information and be made at such times and in such manner as the Commissioner, with the approval of the Secretary, may by regulations prescribe.

(b) The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector at the time so fixed for filing the return. If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 1 per centum a month from the time when the tax became due until paid.

### SEC. 627. APPLICABILITY OF ADMINISTRATIVE PROVISIONS.

All provisions of law (including penalties) applicable in respect of the taxes imposed by section 600 of the Revenue Act of 1926, shall, in so far as applicable and not inconsistent with this Act, be applicable in respect of the taxes imposed by this title.

### SEC. 628. RULES AND REGULATIONS.

The Commissioner, with the approval of the Secretary, shall prescribe and publish all needful rules and regulations for the enforcement of this title in so far as it relates to the taxes on articles sold by the manufacturer, producer, or importer. The Secretary shall prescribe and publish all needful rules and regulations for the enforcement of this title in so far as it relates to the taxes which under the provisions of section 601(b) are to be levied, assessed,

#### Margin notes

MANUFACTURERS' EXCISE TAX

Exemption of articles manufactured by Indians.

When exempt.

Contracts prior to May 1, 1932.
Payment of tax by vendee, if addition to contract price not permitted.

*Post*, p. 302.

Government contracts exempt.

Payment at consummation of sale.

If failure or refusal.

Return and payment of manufacturers' taxes.
Monthly returns required.
*Ante*, p. 264.

Contents.

Payment of tax.

Interest on overdue tax.

Applicability of administrative provisions.
Revenue Act of 1926.
Vol. 44, p. 93.

Rules and regulations.
Prescribed by Commissioner, with approval of Secretary.

Publication.

*Ante*, p. 259.

270                72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.

MANUFACTURERS'
EXCISE TAX

collected, and paid in the same manner as duties imposed by the Tariff Act of 1930.

Effective date.

SEC. 629. EFFECTIVE DATE.

This title shall take effect on the fifteenth day after the date of the enactment of this Act, except that section 628, relating to rules and regulations, and this section, shall take effect on the date of the enactment of this Act. No sale or importation after June 30, 1934 (or after July 31, 1934, in the case of articles taxable under section 606, relating to the tax on automobiles, etc., or section 602, relating to the tax on tires and inner tubes, or after June 30, 1933, in the case of articles taxable under section 617, relating to the tax on gasoline), shall be taxable under this title.

Title V—Miscellaneous taxes.

# TITLE V—MISCELLANEOUS TAXES

Telegraph, telephone, and cable facilities.

## Part I—Tax on Telegraph, Telephone, Radio, and Cable Facilities

Imposition.
Effective date.

SEC. 701. IMPOSITION.

(a) On and after the fifteenth day after the date of the enactment of this Act, there shall be imposed—

Rates.

(1) in the case of each telegraph, telephone, cable, or radio dispatch, message, or conversation, which originates on or after such date and before July 1, 1934, within the United States, a tax at the following rates:

Telephone conversations.

(A) Telephone conversations for which the charge is 50 cents or more and less than $1, 10 cents; for which the charge is $1 or more and less than $2, 15 cents; for which the charge is $2 or more, 20 cents;

Telegraph messages.

(B) telegraph dispatches and messages, 5 per centum of the amount charged therefor; and

Cable messages.
Only one payment required.

(C) cable and radio dispatches and messages, 10 cents; but only one payment of such tax shall be required, notwithstanding the lines or stations of one or more persons are used for the transmission of such dispatch, message, or conversation; and

Leased wire, etc.

(2) a tax equivalent to 5 per centum of the amount paid on or after the fifteenth day after the date of the enactment of this Act to any telegraph or telephone company for any leased wire or talking circuit special service furnished on or after such date and before July 1, 1934. This paragraph shall not apply to the amount paid for so much of such service as is utilized in the conduct, by a common carrier or telephone or telegraph company or radio broadcasting station or net work, of its business as such.

Exception.

Payment for services furnished the Government, etc., exempt.

(b) No tax shall be imposed under this section upon any payment received for services or facilities furnished to the United States or to any State or Territory, or political subdivision thereof, or the District of Columbia, nor upon any payment received from any person for services or facilities utilized in the collection of news for the public press or in the dissemination of news through the public press, if the charge for such services or facilities is billed in writing to such person. The right to exemption under this subsection shall be evidenced in such manner as the Commissioner with the approval of the Secretary may by regulation prescribe.

Right to exemption.

Returns and payment of tax.
Payment.

SEC. 702. RETURNS AND PAYMENT OF TAX.

(a) The taxes imposed by section 701 shall be paid by the person paying for the services or facilities.

Collection.

(b) Each person receiving any payments specified in section 701 shall collect the amount of the tax imposed by such section from the

person making such payments, and shall on or before the last day of each month make a return, under oath, for the preceding month, and pay the taxes so collected, to the collector of the district in which his principal place of business is located, or if he has no principal place of business in the United States, to the collector at Baltimore, Maryland. Such returns shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulation prescribe. The Commissioner may extend the time for making returns and paying the taxes collected, under such rules and regulations as he shall prescribe with the approval of the Secretary, but no such extension shall be for more than 90 days.

*MISCELLANEOUS TAXES*

Monthly returns required.

Contents.

Regulations governing time extentions.

## Part II—Admissions Tax

Part II—Admissions tax.

### SEC. 711. ADMISSIONS TAX.

(a) Paragraph (1) of section 500(a) of the Revenue Act of 1926, as amended, is amended to read as follows:

Revenue Act of 1926, amendment.
Vol. 44, p. 91.
Rate.

"(1) A tax of 1 cent for each 10 cents or fraction thereof of the amount paid for admission to any place, including admission by season ticket or subscription, to be paid by the person paying for such admission; except that in case the amount paid for admission is less than 41 cents, no tax shall be imposed. In the case of persons (except bona fide employees, municipal officers on official business, and children under 12 years of age) admitted free or at reduced rates to any place at a time when and under circumstances under which an admission charge is made to other persons, an equivalent tax shall be collected based on the price so charged to such other persons for the same or similar accommodations, to be paid by the person so admitted. Amounts paid for admission by season ticket or subscription shall be exempt only if the amount which would be charged to the holder or subscribed for a single admission is less than 41 cents;"

Persons admitted free or at reduced rates.

Admissions by season tickets or subscription.

(b) Paragraph (2) of section 500(a) of the Revenue Act of 1926, as amended, is amended to read as follows:

Vol. 44, p. 91.

"(2) Upon tickets or cards of admission to theaters, operas, and other places of amusement, sold at news stands, hotels, and places other than the ticket offices of such theaters, operas, or other places of amusement, at a price in excess of the sum of the established price therefor at such ticket offices plus the amount of any tax imposed under paragraph (1), a tax equivalent to 10 per centum of the amount of such excess; such tax to be returned and paid, in the manner and subject to the interest provided in section 502, by the person selling such tickets;"

Additional, on sales at advanced price at other than ticket offices.

Rate.

(c) Section 500 of the Revenue Act of 1926, as amended, is amended by adding at the end thereof the following subdivision:

Vol. 44, p. 93.

"(e) The exemption from tax provided by subdivision (b)(1)(A) shall not be allowed in the case of admissions to wrestling matches, prize fights, or boxing, sparring, or other pugilistic matches or exhibitions. The exemption from tax provided by subdivision (b)(1) shall not be allowed in the case of admissions to any athletic game or exhibition the proceeds of which inure wholly or partly to the benefit of any college or university (including any academy of the military or naval forces of the United States)."

Exempt entertainments.
Vol. 44, p. 92.
Pugilistic exhibitions not included.

Athletic games, etc.

(d) Subsections (a) and (c) shall take effect on the fifteenth day after the date of the enactment of this Act.

Effective date.

(e) Effective July 1, 1934, section 500(a)(1) of the Revenue Act of 1926, as amended by subsection (a) of this section, is amended

Vol. 44, p. 91.
Exemption effective July 1, 1934.

272                72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

MISCELLANEOUS TAXES by striking out "less than 41 cents" wherever appearing in such paragraph, and inserting in lieu thereof "$3 or less".

Part III—Stamp taxes.

## Part III—Stamp Taxes

Bond issues, etc.
Rate increased.
Vol. 44, p. 101.

Not applicable to instrument, when payments by installment.

### SEC. 721. STAMP TAX ON ISSUES OF BONDS, ETC.

(a) Subdivision 1 of Schedule A of Title VIII of the Revenue Act of 1926 is amended by striking out "5 cents" and inserting in lieu thereof "10 cents", and by inserting at the end thereof a new sentence to read as follows: "The tax under this subdivision shall not apply to any instrument under the terms of which the obligee is required to make payment therefor in installments and is not permitted to make in any year a payment of more than 20 per centum of the cash amount to which entitled upon maturity of the instrument."

Effective date.

(b) Subsection (a) shall take effect on the 15th day after the date of the enactment of this Act.

Exemption effective July 1, 1934.

(c) Effective July 1, 1934, such subdivision 1, as amended by subsection (a) of this section, is amended by striking out "10 cents" and inserting in lieu thereof "5 cents".

Stock issues, etc.
Vol. 44, p. 101.

### SEC. 722. STAMP TAX ON ISSUES OF STOCK, ETC.

(a) Subdivision 2 of Schedule A of Title VIII of the Revenue Act of 1926 is amended to read as follows:

Capital stock.
Original issue.

"2. Capital stock (and similar interests), issue: On each original issue, whether on organization or reorganization, of shares or certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, or by any investment trust or similar organization (or by any person on behalf of such investment trust or similar organization) holding or dealing in any of the instruments mentioned or described in this subdivision or subdivision 1 (whether or not such investment trust or similar organization constitutes a corporation within the meaning of this Act), on each $100 of par or face value or fraction thereof of the certificates issued by such corporation or by such investment trust or similar organization (or of the shares where no certificates were issued), 10 cents: *Provided*, That where such shares or certificates are issued without par or face value, the tax shall be 10 cents per share (corporate share, or investment trust or other organization share, as the case may be), unless the actual value is in excess of $100 per share, in which case the tax shall be 10 cents on each $100 of actual value or fraction thereof of such certificates (or of the shares where no certificates were issued), or unless the actual value is less than $100 per share, in which case the tax shall be 2 cents on each $20 of actual value, or fraction thereof, of such certificates (or of the shares where no certificates were issued).

Rate.
*Proviso.*
Issue without face value.

Attaching stamps.

"The stamps representing the tax imposed by this subdivision shall be attached to the stock books or corresponding records of the organization and not to the certificates issued."

Effective date.

(b) Subsection (a) shall take effect on the fifteenth day after the date of the enactment of this Act.

Tax rate effective July 1, 1934.

(c) Effective July 1, 1934, such subdivision 2, as amended by subsection (a) of this section, is amended by striking out "10 cents" wherever appearing in such subdivision and inserting in lieu thereof "5 cents", and by striking out "2 cents" and inserting in lieu thereof "1 cent".

Transfers of stocks, etc.
Vol. 44, p. 101.

### SEC. 723. STAMP TAX ON TRANSFER OF STOCKS, ETC.

(a) Subdivision 3 of Schedule A of Title VIII of the Revenue Act of 1926 is amended to read as follows:

72d CONGRESS.  SESS. I.  CH. 209.  JUNE 6, 1932.        **273**

"3. Capital stock (and similar interests), sales or transfers: On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to any of the shares or certificates mentioned or described in subdivision 2, or to rights to subscribe for or to receive such shares or certificates, whether made upon or shown by the books of the corporation or other organization, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale (whether entitling the holder in any manner to the benefit of such share, certificate, interest, or rights, or not), on each $100 of par or face value or fraction thereof of the certificates of such corporation or other organization (or of the shares where no certificates were issued), 4 cents, and where such shares or certificates are without par or face value, the tax shall be 4 cents on the transfer or sale or agreement to sell on each share (corporate share, or investment trust or other organization share, as the case may be): *Provided,* That in case the selling price, if any, is $20 or more per share the above rate shall be 5 cents instead of 4 cents: *Provided further,* That it is not intended by this title to impose a tax upon an agreement evidencing a deposit of certificates as collateral security for money loaned thereon, which certificates are not actually sold, nor upon the delivery or transfer for such purpose of certificates so deposited nor upon the return of stock loaned: *Provided further,* That the tax shall not be imposed upon deliveries or transfers to a broker for sale, nor upon deliveries or transfers by a broker to a customer for whom and upon whose order he has purchased same, but such deliveries or transfers shall be accompanied by a certificate setting forth the facts: *Provided further,* That the tax shall not be imposed upon deliveries or transfers from a fiduciary to a nominee of such fiduciary, or from one nominee of such fiduciary to another, if such shares or certificates continue to be held by such nominee for the same purpose for which they would be held if retained by such fiduciary, or from the nominee to such fiduciary, but such deliveries or transfers shall be accompanied by a certificate setting forth the facts: *Provided further,* That in case of sale where the evidence of transfer is shown only by the books of the corporation or other organization the stamp shall be placed upon such books; and where the change of ownership is by transfer of the certificate the stamp shall be placed upon the certificate; and in cases of an agreement to sell or where the transfer is by delivery of the certificate assigned in blank there shall be made and delivered by the seller to the buyer a bill or memorandum of such sale, to which the stamp shall be affixed; and every bill or memorandum of sale or agreement to sell before mentioned shall show the date thereof, the name of the seller, the amount of the sale, and the matter or thing to which it refers.  Any person liable to pay the tax as herein provided, or anyone who acts in the matter as agent or broker for such person, who makes any such sale, or who in pursuance of any such sale delivers any certificate or evidence of the sale of any stock, share, interest or right, or bill or memorandum thereof, as herein required, without having the proper stamps affixed thereto, with intent to evade the foregoing provisions, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not exceeding $1,000, or be imprisoned not more than six months, or both."

(b) Subsection (a) shall take effect on the fifteenth day after the date of the enactment of this Act.

(c) Effective July 1, 1934, such subdivision 3, as amended by subsection (a) of this section, is amended by striking out "4 cents" wherever appearing in such subdivision and inserting in lieu thereof

*Sidenotes:*
MISCELLANEOUS TAXES
Capital stock, sales or transfers.
Rate.
Shares without face value.
*Provisos.*
Additional if selling price $20 or more per share.
Deposits as collateral exempt.
Brokers' deliveries, etc., exempt.
Deliveries in trust.
Stamps placed on corporation books.
On certificates.
On bill of sale.
Details required.
Punishment for sales without stamps.
Effective date.
Tax rate effective July 1, 1934.

274          72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

MISCELLANEOUS TAXES "2 cents", and by striking out the following: " in case the selling price, if any, is $20 or more per share the above rate shall be 5 cents instead of 4 cents: *Provided further*, That".

Bond transfers, etc.
Vol. 44, p. 103.

**SEC. 724. STAMP TAX ON TRANSFER OF BONDS, ETC.**

(a) Schedule A of Title VIII of the Revenue Act of 1926 is amended by adding at the end thereof a new subdivision to read as follows:

Bonds, etc., sales or transfers.

"9. Bonds, etc., sales or transfers: On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to any of the instruments mentioned or described in subdivision 1 and of a kind the issue of which is taxable thereunder, whether made by any assignment in blank or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale (whether entitling the holder in any manner to the benefit of such instrument or not), on each $100 of face value or fraction

Rate.
*Provisos.*
Deposits as collateral security exempt.

thereof, 4 cents: *Provided*, That it is not intended by this title to impose a tax upon an agreement evidencing a deposit of instruments as collateral security for money loaned thereon, which instruments

Transfer of bonds on reorganization.
*Ante*, p. 196.

are not actually sold, nor upon the delivery or transfer for such purpose of instruments so deposited: *Provided further*, That the tax shall not be imposed on deliveries or transfers of bonds in connection with a reorganization (as defined in section 112 of the Revenue Act of 1932) if any of the gain or loss from the exchange or distribution involved in the delivery or transfer is not recognized under the income tax law applicable to the year in which the delivery or trans-

Brokers' deliveries, etc.

fer is made: *Provided further*, That the tax shall not be imposed upon deliveries or transfers to a broker for sale, nor upon deliveries or transfers by a broker to a customer for whom and upon whose order he has purchased same, but such deliveries or transfers shall be accompanied by a certificate setting forth the facts: *Provided fur-*

Transfers in trust.

*ther*, That the tax shall not be imposed upon deliveries or transfers from a fiduciary to a nominee of such fiduciary, or from one nominee of such fiduciary to another, if such instruments continue to be held by such nominee for the same purpose for which they would be held if retained by such fiduciary, or from the nominee to such fiduciary, but such deliveries or transfers shall be accompanied by a certificate

Placing stamps on certificate.
On bill of sale.

setting forth the facts: *Provided further*, That where the change of ownership is by transfer of the instrument the stamp shall be placed upon the instrument; and in cases of an agreement to sell or where the transfer is by delivery of the instrument assigned in blank there shall be made and delivered by the seller to the buyer a bill or memorandum of such sale, to which the stamp shall be affixed;

Details required.

and every bill or memorandum of sale or agreement to sell before mentioned shall show the date thereof, the name of the seller, the

Punishment for sales without stamps.

amount of the sale, and the matter or thing to which it refers. Any person liable to pay the tax as herein provided, or anyone who acts in the matter as agent or broker for such person, who makes any such sale, or who in pursuance of any such sale delivers any certificate or evidence of the sale of any such instrument, or bill or memorandum thereof, as herein required, without having the proper stamps affixed thereto, with intent to evade the foregoing provisions, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not exceeding $1,000, or be imprisoned not more than six months, or both."

Effective date.

(b) Subsection (a) shall take effect on the fifteenth day after the date of the enactment of this Act.

(c) Subdivision 9 of Schedule A of Title VIII of the Revenue Act of 1926, added to such schedule by subsection (a) of this section, is repealed effective July 1, 1934.

MISCELLANEOUS TAXES

Repeal effective July 1, 1934.

**SEC 725. STAMP TAX ON CONVEYANCES.**

Schedule A of Title VIII of the Revenue Act of 1926 is amended by adding at the end thereof a new subdivision to read as follows:

Conveyances.
Vol. 44, p. 103.

Rates.

" 8. Conveyances: Deed, instrument, or writing, delivered on or after the 15th day after the date of the enactment of the Revenue Act of 1932 and before July 1, 1934 (unless deposited in escrow before April 1, 1932), whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds $100 and does not exceed $500, 50 cents; and for each additional $500 or fractional part thereof, 50 cents. This subdivision shall not apply to any instrument or writing given to secure a debt."

**SEC. 726. STAMP TAX ON SALES OF PRODUCE FOR FUTURE DELIVERY.**

Sales of produce for future delivery.

(a) Subdivision 4 of Schedule A of Title VIII of the Revenue Act of 1926 is amended by striking out " 1 cent " wherever appearing in such subdivision, and inserting in lieu thereof " 5 cents ".

Vol. 44, p. 102.
Rate.

(b) Subsection (a) shall take effect on the fifteenth day after the date of the enactment of this Act.

Effective date.

(c) Effective July 1, 1934, such subdivision 4, as amended by subsection (a) of this section, is amended by striking out " 5 cents " wherever appearing in such subdivision and inserting in lieu thereof " 1 cent ".

Exemption effective July 1, 1934.

### Part IV—Tax on Transportation of Oil by Pipe Line

**SEC. 731. TAX ON TRANSPORTATION OF OIL BY PIPE LINE.**

Transportation of oil by pipe line.
Effective date.

(a) There is hereby imposed upon all transportation of crude petroleum and liquid products thereof by pipe line originating on or after the fifteenth day after the date of the enactment of this Act and before July 1, 1934—

(1) A tax equivalent to 4 per centum of the amount paid on or after the fifteenth day after the date of the enactment of this Act for such transportation, to be paid by the person furnishing such transportation.

Rate.

Payment.

(2) In case no charge for transportation is made, either by reason of ownership of the commodity transported or for any other reason, a tax equivalent to 4 per centum of the fair charge for such transportation, to be paid by the person furnishing such transportation.

If no transportation costs.

(3) If (other than in the case of an arm's length transaction) the payment for transportation is less than the fair charge therefor, a tax equivalent to 4 per centum of such fair charge, to be paid by the person furnishing such transportation.

If transportation cost less than fair charge.

(b) For the purposes of this section, the fair charge for transportation shall be computed—

Computation of fair charge.

(1) from actual bona fide rates or tariffs, or

(2) if no such rates or tariffs exist, then on the basis of the actual bona fide rates or tariffs of other pipe lines for like services, as determined by the Commissioner, or

MISCELLANEOUS TAXES    (3) if no such rates or tariffs exist, then on the basis of a reasonable charge for such transportation, as determined by the Commissioner.

Monthly returns required.    (c) Every person liable for the tax imposed under subsection (a) shall make monthly returns under oath in duplicate and pay such taxes to the collector for the district in which is located his principal place of business or, if he has no principal place of business in the United States, then to the collector at Baltimore, Maryland. Such returns shall contain such information and be made at such times and in such manner as the Commissioner, with the approval of the Secretary, may by regulations prescribe.

Contents.

## Part V—Tax on Leases of Safe Deposit Boxes

Leases of safe deposit boxes. **SEC. 741. TAX ON LEASES OF SAFE DEPOSIT BOXES.**

Rate.    (a) There is hereby imposed a tax equivalent to 10 per centum of
Effective date. the amount collected on or after the fifteenth day after the date of the enactment of this Act, for the use after such date of any safe deposit box, such tax to be paid by the person paying for the use of the safe deposit box.

Safe deposit box, construed.    (b) For the purposes of this section any vault, safe, box, or other receptacle, of not more than 40 cubic feet capacity, used for the safekeeping or storage of jewelry, plate, money, specie, bullion, stocks, bonds, securities, valuable papers of any kind, or other valuable personal property, shall be regarded as a safe deposit box.

Collection.    (c) Every person making any collections specified in subsection (a) shall collect the amount of tax imposed by such subsection from the person paying for the use of the safe deposit box, and shall on

Monthly returns required. or before the last day of each month make a return, under oath, for the preceding month, and pay the tax imposed by subsection (a), to the collector for the district in which is located his principal place of business, or, if he has no principal place of business in the United

Contents. States, then to the collector at Baltimore, Maryland. Such returns shall contain such information and be made in such manner as the Commissioner, with the approval of the Secretary, may by regulations prescribe.

## Part VI—Tax on Checks, Etc.

Tax on checks, etc. **SEC. 751. TAX ON CHECKS, ETC.**

Rate.    (a) There is hereby imposed a tax of 2 cents upon each of the
Effective date. following instruments, presented for payment on or after the 15th day after the date of the enactment of this Act and before July 1,
Payment. 1934: Checks, drafts, or orders for the payment of money, drawn upon any bank, banker, or trust company; such tax to be paid by the maker or drawer.

Collection.    (b) Every person paying any of the instruments mentioned in subsection (a) as drawee of such instrument shall collect the amount of the tax imposed under such subsection by charging such amount

Monthly returns required. against any deposits to the credit of the maker or drawer of such instrument, and shall on or before the last day of each month make a return, under oath, for the preceding month, and pay such taxes to the collector of the district in which his principal place of business is located, or if he has no principal place of business in the

Contents. United States, to the collector at Baltimore, Maryland. Such returns shall contain such information and be made in such man-

Indemnification against claims. ner as the Commissioner, with the approval of the Secretary, may by regulations prescribe. Every person required to collect any tax

under this section is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this section.

<div style="text-align:right"><em>MISCELLANEOUS TAXES</em></div>

## Part VII—Tax on Boats

<div style="text-align:right">Tax on boats.</div>

**SEC. 761. TAX ON USE OF BOATS.**

<div style="text-align:right">Effective dates.</div>

(a) On and after July 1, 1932, and on July 1, 1933, and also at the time of the original purchase of a new yacht or other boat by a user, if on any other date than July 1 and before July 1, 1934, there is hereby imposed upon the use of yachts, pleasure boats, power boats, sailing boats, and motor boats with fixed or outboard engines, not used exclusively for trade, fishing, or national defense, a tax at the following rates:

<div style="text-align:right">Exceptions.</div>

<div style="text-align:right">Rates.</div>

(1) Length over 28 feet and not over 50 feet, $10.
(2) Length over 50 feet and not over 100 feet, $40.
(3) Length over 100 feet and not over 150 feet, $100.
(4) Length over 150 feet and not over 200 feet, $150.
(5) Length over 200 feet, $200.

(b) In the case of any of the foregoing if foreign built and not owned on January 1, 1926, by a citizen of the United States or by a domestic partnership or corporation, the tax under this section shall be twice the amount of the tax provided in subsection (a).

<div style="text-align:right">Additional, if foreign built, etc.</div>

(c) In determining the length of any of the foregoing, the measurement of over-all length shall govern.

<div style="text-align:right">Determining length.</div>

(d) In the case of a tax imposed at the time of the original purchase of a new yacht or boat on any other date than July 1, the amount to be paid shall be the same number of twelfths of the amount of the tax as the number of calendar months (including the month of sale) remaining prior to the following July 1.

<div style="text-align:right">Proportioning tax on use.</div>

(e) This section shall not apply to any yacht or other boat which is used without profit by any benevolent, charitable, or religious organization, exclusively for furnishing aid, comfort, or relief to seamen.

<div style="text-align:right">Tax exempt boats.</div>

(f) The taxes imposed by this section shall be collected and paid in such manner as the Commissioner, with the approval of the Secretary, shall by regulations prescribe.

<div style="text-align:right">Regulations governing payments to be prescribed.</div>

(g) All provisions of law (including penalties) applicable in respect of the taxes imposed by section 702 of the Revenue Act of 1926 shall, in so far as applicable and not inconsistent with this Act, be applicable in respect of the taxes imposed by this section.

<div style="text-align:right">Provisions of Revenue Act of 1926 applicable.<br>Vol. 44, p. 95.</div>

## Part VIII—Administrative Provisions

<div style="text-align:right">Administrative provisions.</div>

**SEC. 771. PAYMENT OF TAXES.**

<div style="text-align:right">Payment of taxes.</div>

The taxes imposed by Parts I, IV, V, and VI of this title shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector at the time fixed for filing the return. If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 1 per centum a month from the time the tax became due until paid.

<div style="text-align:right">When due and payable.</div>

<div style="text-align:right">Interest on overdue taxes.</div>

**SEC. 772. REFUNDS AND CREDITS.**

<div style="text-align:right">Refunds and credits.</div>

(a) Credit or refund of any overpayment of tax imposed by Part I, V, or VI of this title may be allowed to the person who collected the tax and paid it to the United States if such person establishes, to the satisfaction of the Commissioner, under such regulations as the Commissioner with the approval of the Secretary may pre-

<div style="text-align:right">Proof required.<br><em>Ante,</em> pp. 270, 275, 276.</div>

278                72d CONGRESS.   SESS. I.   CH. 209.   JUNE 6, 1932.

MISCELLANEOUS TAXES scribe, that he has repaid the amount of such tax to the person from whom he collected it, or obtained the consent of such person to the allowance of such credit or refund.

Refund credited to monthly return.
(b) Any person entitled to refund of tax under Part I, IV, V, or VI of this title paid, or collected and paid, to the United States by him may take credit therefor against taxes due upon any monthly return.

(c) Any person making a refund of any payment on which tax under Part I or V has been collected, may repay therewith the amount of tax collected on such payment, and the amount of tax so repaid may be credited against the tax under any subsequent return.

Regulations.
**SEC. 773. REGULATIONS.**

The Commissioner, with the approval of the Secretary, shall prescribe and publish all needful rules and regulations for the enforcement of Parts I, IV, V, and VI of this title.

Applicability of administrative provisions.
Vol. 44, p. 91.
**SEC. 774. APPLICABILITY OF ADMINISTRATIVE PROVISIONS.**

All provisions of law (including penalties) applicable in respect of the taxes imposed by section 500 of the Revenue Act of 1926, shall, in so far as applicable and not inconsistent with this Act, be applicable in respect of the taxes imposed by Parts I, IV, V, and VI of this title.

# TITLE VI—ESTATE TAX AMENDMENTS

Title VI—Estate tax amendments.
Credit of gift tax on estate tax.
**SEC. 801. CREDIT OF GIFT TAX ON ESTATE TAX.**

Vol. 44, p. 69.
Section 301 of the Revenue Act of 1926 is amended by inserting after subdivision (a) a new subdivision to read as follows:

Credit allowed for gift taxes where gift property included in deceased donor's gross estate.
" (b) (1) If a tax has been paid under Title III of the Revenue Act of 1932 on a gift, and thereafter upon the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for the purposes of this title, then there shall be credited against the tax imposed by subdivision (a) of this section the amount of the tax paid under such Title III with respect to so much of the property which constituted

Limit on amount of credit.
the gift as is included in the gross estate, except that the amount of such credit shall not exceed an amount which bears the same ratio to the tax imposed by subdivision (a) of this section as the value (at the time of the gift or at the time of the death, whichever is lower) of so much of the property which constituted the gift as is included in the gross estate, bears to the value of the entire gross estate.

Amount of gift taxes for which credit is allowable.
" (2) For the purposes of paragraph (1), the amount of tax paid for any year under Title III of the Revenue Act of 1932 with respect to any property shall be an amount which bears the same ratio to the total tax paid for such year as the value of such property bears to the total amount of net gifts (computed without deduction of the specific exemption) for such year."

80 per centum credit.
Vol. 44, p. 70.
**SEC. 802. 80 PER CENTUM CREDIT.**

(a) Section 301(b) of the Revenue Act of 1926 is amended to read as follows:

Credit allowed for estate taxes of States, etc.
Ante, p. 245.
" (c) The tax imposed by subdivision (a) of this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a

person other than the decedent). The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by subdivision (a) (after deducting from such tax the credits provided by subdivision (b)), and shall include only such taxes as were actually paid and credit therefor claimed within four years after the filing of the return required by section 304, except that—

"(1) If a petition for redetermination of a deficiency has been filed with the Board of Tax Appeals within the time prescribed in section 308, then within such four-year period or before the expiration of 60 days after the decision of the Board becomes final.

"(2) If, under subdivision (b) of section 305 or subdivision (i) of section 308, an extension of time has been granted for payment of the tax shown on the return, or of a deficiency, then within such four-year period or before the date of the expiration of the period of the extension.

Refund based on the credit may (despite the provisions of section 319) be made if claim therefor is filed within the period above provided. Any such refund shall be made without interest, except that where the overpayment was made prior to the enactment of the Revenue Act of 1932, then interest shall be allowed and paid on the amount refunded at the rate of 6 per centum per annum from the date of the overpayment to the date of such enactment."

(b) If any return required by section 304 of the Revenue Act of 1926 was filed more than three years before the enactment of this Act (except in cases where a petition for redetermination of a deficiency has been filed with the Board of Tax Appeals within the time prescribed in section 308) the credit for estate, inheritance, legacy, or succession taxes shall be determined as if this section had not been enacted.

### SEC. 803. FUTURE INTERESTS.

(a) Section 302(c) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, is amended to read as follows:

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

(b) Section 302(f) of the Revenue Act of 1926 is amended to read as follows:

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of or intended to take effect in possession or enjoyment at or after his death, or (3) by deed under which he has retained for his life or any period not ascertainable without reference to his death or for any period which does not in fact end

---

**Marginal notes (right column):**

ESTATE TAX AMENDMENTS

Maximum allowance.

Credit claimed within four years.

Additional time if petition for redetermination of deficiency filed.

Vol. 44, p. 75.

Or granted to avoid undue hardship to estate.

Vol. 44, pp. 74, 75.

Refund based on credit may be made if claim filed within period provided.

Vol. 44, p. 84, waived.

Interest.

Returns filed over three years ago.

Determination of credits.
Vol. 44, pp. 74, 75.

Future interests.

Vol. 44, p. 70; Vol. 46, p. 1516, amended.

Gross estate of decedent.
Determining value of.

Transfer in contemplation of death.

If income for life reserved.

If retains power of disposition.

Exception.

Disposition made within two years of death.

Vol. 44, p. 71, amended.

Property passing under a general power of appointment.

Unascertainable periods, added.

ESTATE TAX AMEND-
MENTS

before his death (A) the possession or enjoyment of, or the right to the income from, the property, or (B) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth; and "

Vol. 44, p. 80, amended.

(c) The first sentence of section 315(b) of the Revenue Act of 1926 is amended to read as follows:

Lien on transfers.
Bona fide sales excepted.

"(b) If (1) except in the case of a bona fide sale for an adequate and full consideration in money or money's worth, the decedent makes a transfer, by trust or otherwise, of any property in contemplation of or intended to take effect in possession or enjoyment at

Unascertainable periods added.

or after his death, or makes a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (A) the possession or enjoyment of, or the right to the income from, the property, or (B) the right, either alone or in conjunction with any person, to designate the persons who

Life insurance.

shall possess or enjoy the property or the income therefrom, or (2) if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if in either case the tax in respect

Persons liable.

thereto is not paid when due, then the transferee, trustee, or beneficiary shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer, or to the extent of such beneficiary's interest under such contract of insurance, shall be subject to a like lien equal to the amount of such tax."

Relinquishment of dower, etc.
Vol. 44, p. 73, amended.

## SEC. 804. RELINQUISHMENT OF DOWER, ETC., AS CONSIDERATION.

Section 303(d) of the Revenue Act of 1926 is amended by adding at the end thereof a new sentence to read as follows:

Not held a consideration "in money or money's worth."

" For the purposes of this title, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration ' in money or money's worth '."

Deductions from gross income.
Vol. 44, p. 72, amended.

## SEC. 805. DEDUCTIONS.

Section 303(a)(1) of the Revenue Act of 1926, as amended, is amended to read as follows:

"(1) Such amounts—

Funeral expenses.
Administration expenses.
Claims against estate.
Unpaid mortgages, etc.

"(A) for funeral expenses,
"(B) for administration expenses,
"(C) for claims against the estate,
"(D) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, and

Dependent's support during settlement.

"(E) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent,

Items not included.

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes.  The deduction herein allowed in the case of

Deductions limited to bona fide contracts.

claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to

the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth.  There shall also be deducted losses incurred during the settlement of estates arising from fires, storms, shipwrecks, or other casualties, or from theft, when such losses are not compensated for by insurance or otherwise, and if at the time of the filing of the return such losses have not been claimed as a deduction for income tax purposes in an income tax return." *(ESTATE TAX AMENDMENTS. Additional deductions.)*

## SEC. 806. PRIOR TAXED PROPERTY. *(Prior taxed property. Vol. 44, p. 72, amended.)*

(a) Section 303(a)(2) of the Revenue Act of 1926 is amended to read as follows:

"(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received.  This deduction shall be allowed only where a gift tax imposed under the Revenue Act of 1932, or an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate.  Where a deduction was allowed of any mortgage or other lien in determining the gift tax, or the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid.  The deduction allowable under this paragraph shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions under paragraphs (1), (3), and (4) of this subdivision as the amount otherwise deductible under this paragraph bears to the value of the decedent's gross estate.  Where the property referred to in this paragraph consists of two or more items the aggregate value of such items shall be used for the purpose of computing the deduction." *(Property received from prior decedent. Gifts, etc. Deduction if tax was paid by donor, etc. Limitation. Where deduction was allowed first estate but paid prior to second decedent's death. Computation of. Property consisting of two or more items.)*

(b) Section 303(b)(2) of the Revenue Act of 1926 is amended to read as follows: *(Vol. 44, p. 73; Vol. 45, p. 862, amended.)*

"(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received.  This deduction shall be allowed only where a gift tax imposed under the Revenue Act of 1932, or an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or on behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such *(Deduction from gross estate of nonresidents. Property in United States received from prior decedents. Allowable only where gift or estate tax paid.)*

ESTATE TAX AMENDMENTS

prior decedent, and only to the extent that the value of such property is included in that part of the decedent's gross estate which at the time of his death is situated in the United States.

Where deduction was allowed prior decedent.

Where a deduction was allowed of any mortgage or other lien in determining the gift tax, or the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid.

Computation of reduction.

The deduction allowable under this paragraph shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions under paragraphs (1) and (3) of this subdivision as the amount otherwise deductible under this paragraph bears to the value of that part of the decedent's gross estate which at the time of his death is situated in the United States.

Property consisting of two or more items.

Where the property referred to in this paragraph consists of two or more items the aggregate value of such items shall be used for the purpose of computing the deduction."

Deduction of bequests, etc., to charity.
Vol. 44, p. 72, amended.

## SEC. 807. DEDUCTION OF BEQUESTS, ETC., TO CHARITY.

Sections 303(a) (3) and 303(b) (3) of the Revenue Act of 1926 are amended by inserting after the first sentence of each a new sentence to read as follows:

Deduction limited to actual amount devised.
Vol. 45, p. 86, repealed.

" If the tax imposed by section 301, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes."

Extension of time for payment.
Vol. 44, p. 74, amended.

## SEC. 808. EXTENSION OF TIME FOR PAYMENT.

(a) Section 305(b) of the Revenue Act of 1926 is amended to read as follows:

Eight years from due date.

"(b) Where the Commissioner finds that the payment on the due date of any part of the amount determined by the executor as the tax would impose undue hardship upon the estate, the Commissioner may extend the time for payment of any such part not to exceed eight years from the due date. In such case the amount in

Running of statute suspended.
Vol. 44, p. 77, waived.

respect of which the extension is granted shall be paid on or before the date of the expiration of the period of the extension, and the running of the statute of limitations for assessment and collection, as provided in sections 310(a) and 311(b), shall be suspended for the period of any such extension.

Bond required.

If an extension is granted, the Commissioner may require the executor to furnish a bond in such amount, not exceeding double the amount in respect of which the extension is granted, and with such sureties as the Commissioner deems necessary, conditioned upon the payment of the amount in respect of which the extension is granted in accordance with the terms of the extension."

Vol. 44, p. 76, amended.

(b) Section 308(i) of the Revenue Act of 1926 is amended to read as follows:

Extension for four years to avoid hardship in deficiency payment.

"(i) Where it is shown to the satisfaction of the Commissioner that the payment of a deficiency upon the date prescribed for the payment thereof will result in undue hardship to the estate, the Commissioner, with the approval of the Secretary (except where

Negligence.

the deficiency is due to negligence, to intentional disregard of rules and regulations, or to fraud with intent to evade tax), may grant an

extension for the payment of such deficiency or any part thereof for a period not in excess of four years.  If an extension is granted, the Commissioner may require the executor to furnish a bond in such amount, not exceeding double the amount of the deficiency, and with such sureties as the Commissioner deems necessary, conditioned upon the payment of the deficiency in accordance with the terms of the extension.  In such case the running of the statute of limitations for assessment and collection, as provided in sections 310(a) and 311(b), shall be suspended for the period of any such extension, and there shall be collected, as a part of the tax, interest on the part of the deficiency the time for payment of which is so extended, at the rate of 6 per centum per annum for the period of the extension, and no other interest shall be collected on such part of the deficiency for such period.  If the part of the deficiency the time for payment of which is so extended is not paid in accordance with the terms of the extension, there shall be collected, as a part of the tax, interest on such unpaid amount at the rate of 1 per centum a month for the period from the time fixed by the terms of the extension for its payment until it is paid, and no other interest shall be collected on such unpaid amount for such period."

ESTATE TAX AMENDMENTS.

Bond required.

Running of statute waived.
Vol. 44, p. 77.

Interest.

Additional tax.

**SEC. 809. LIEN FOR TAXES.**

(a) Section 315(a) of the Revenue Act of 1926, as amended, is amended by adding at the end thereof a new sentence to read as follows:

" If the Commissioner is satisfied that the tax liability of an estate has been fully discharged or provided for, he may, under regulations prescribed by him with the approval of the Secretary, issue his certificate, releasing any or all property of such estate from the lien herein imposed."

(b) Section 613(b) of the Revenue Act of 1928 (relating to liens for estate taxes) is repealed.

Lien for taxes.
Vol. 44, p. 80, amended.

Release.

Former provisions repealed.
Vol. 45, p. 875, repealed.

**SEC. 810. REFUNDS.**

(a) Section 319(b) of the Revenue Act of 1926 is amended to read as follows:

"(b) All claims for the refunding of the tax imposed by this title alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax.  The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund."

(b) The last sentence of section 319(c) of the Revenue Act of 1926 is amended to read as follows:

" No such refund shall be made of any portion of the tax paid more than four years (or, in the case of a tax imposed by this title, more than three years) before the filing of the claim or the filing of the petition, whichever is earlier."

(c) Title III of the Revenue Act of 1924 is amended by inserting after section 318 a new section to read as follows:

" Sec. 318½. The amount of any refund of the tax imposed by Part I of this title shall not exceed the portion of the tax paid during the four years immediately preceding the filing of the claim, or if no claim was filed, then during the four years immediately preceding the allowance of the refund."

Refunds.
Vol. 44, p. 84, amended.

Period of limitation.

Restriction.

Vol. 44, p. 85, amended.

Time restriction.

Vol. 43, p. 313, amended.

Limitation on refund.

284 · 72d CONGRESS. SESS. I. CH. 209. JUNE 6, 1932.

ESTATE TAX AMEND-MENTS

Claims filed prior hereto.
Vol. 44, p. 84, amended.

(d) Section 319(b) of the Revenue Act of 1926, as amended by this Act, and section 318½ of the Revenue Act of 1924, as added by this Act, shall not bar from allowance a claim for refund filed prior to the enactment of this Act which but for such enactment would have been allowable.

Future interests.

SEC. 811. FUTURE INTERESTS—EXTENSION OF TIME FOR PAYMENT OF TAX.

Vol. 44, p. 74, amended.

(a) Section 305 of the Revenue Act of 1926 is amended by adding at the end thereof a new subdivision to read as follows:

Postponement of payment when value of reversionary interest included in gross estate.

"(e) Where there is included in the value of the gross estate the value of a reversionary or remainder interest in property, the payment of the part of the tax imposed by this title attributable to such interest may, at the election of the executor, be postponed until six months after the termination of the precedent interest or interests in the property, and the amount the payment of which is so

Interest.

postponed shall then be payable, together with interest thereon at the rate of 4 per centum per annum from eighteen months after

Regulations governing.

the date of the decedent's death until such amount is paid. The postponement of payment of such amount shall be under such regulations as the Commissioner with the approval of the Secretary may prescribe, and shall be upon condition that the executor, or

Bond required.

any other person liable for the tax, shall furnish a bond in such an amount, and with such sureties, as the Commissioner deems necessary, conditioned upon the payment within six months after the termination of such precedent interest or interests of the amount the payment of which is so postponed, together with interest thereon,

Credit against tax, subject to percentage limitation, allowed.

as above provided. Such part of any estate, inheritance, legacy, or succession taxes allowable as a credit against the tax imposed by this title as is attributable to such reversionary or remainder interest may be allowed as a credit against the tax attributable to such

Ante, p. 278.

interest, subject to the percentage limitation contained in section 301(c), if such part is paid, and credit therefor claimed, at any time prior to the expiration of 60 days after the termination of the precedent interest or interests in the property."

Provisions not retroactive.

(b) The amendment to section 305 of the Revenue Act of 1926 made by subsection (a) of this section, shall not apply, in the case of estates of decedents dying prior to the date of the enactment of this Act, to that part of any payment of Federal estate taxes made prior to such date which is attributable to a reversionary or remainder interest in property.

Tax on transfers to avoid income tax.

# TITLE VII—TAX ON TRANSFERS TO AVOID INCOME TAX

Imposition of tax.
Provisions for, extended.

## SEC. 901. IMPOSITION OF TAX.

There shall be imposed upon the transfer of stock or securities by a citizen or resident of the United States, or by a domestic corporation or partnership, or by a trust which is not a foreign trust, to a foreign corporation as paid-in surplus or as a contribution to capital, or to a foreign trust, or to a foreign partnership, an excise tax equal to 25 per centum of the excess of (1) the value of the stock or securities so transferred over (2) its adjusted basis in the hands of the transferor as determined under section 113 of this Act.

Nontaxable transfers.

## SEC. 902. NONTAXABLE TRANSFERS.

The tax imposed by section 901 shall not apply—

Exempt organizations.
Ante, p. 193.

(a) if the transferee is an organization exempt from income tax under section 103 of this Act; or

(b) if prior to the transfer it has been established to the satisfaction of the Commissioner that such transfer is not in pursuance of a plan having as one of its principal purposes the avoidance of Federal income taxes. <span style="float:right">If not to evade tax laws.</span>

**SEC. 903. DEFINITION OF " FOREIGN TRUST ".** <span style="float:right">" Foreign Trust " defined.</span>

A trust shall be considered a foreign trust within the meaning of this title if, assuming a subsequent sale by the trustee, outside the United States and for cash, of the property so transferred, the profit, if any, from such sale would not be included in the gross income of the trust under Title I of this Act. <span style="float:right">*Ante*, p. 173.</span>

**SEC. 904. PAYMENT AND COLLECTION.** <span style="float:right">Payment and collection.</span>

(a) The tax imposed by section 901 shall, without assessment or notice and demand, be due and payable by the transferor at the time of the transfer, and shall be assessed, collected, and paid under regulations prescribed by the Commissioner with the approval of the Secretary. <span style="float:right">Due at time of transfer.<br>Regulations.</span>

(b) Under regulations prescribed by the Commissioner with the approval of the Secretary the tax may be abated, remitted, or refunded if after the transfer it has been established to the satisfaction of the Commissioner that such transfer was not in pursuance of a plan having as one of its principal purposes the avoidance of Federal income taxes. <span style="float:right">Abatement, etc., of tax, if transfer not evasion, etc.</span>

(c) All administrative, special, or stamp provisions of law, including penalties and including the law relating to the assessment of taxes, so far as applicable, are hereby extended to and made a part of this title. <span style="float:right">Scope.</span>

# TITLE VIII—POSTAL RATES
<span style="float:right">Postal rates.</span>

**SEC. 1001. POSTAL RATES.**

(a) On and after the thirtieth day after the date of the enactment of this Act and until July 1, 1934, the rate of postage on all mail matter of the first class (except postal cards and private mailing or post cards, and except other first class matter on which the rate of postage under existing law is 1 cent for each ounce or fraction thereof) shall be 1 cent for each ounce or fraction thereof in addition to the rate provided by existing law. <span style="float:right">Rate on first-class matter.<br>Duration.<br>Exceptions.</span>

(b) On and after July 1, 1932, and until July 1, 1934, on the advertising portion of any publication entered as second-class matter subject to the zone rates of postage under existing law, the rates per pound or fraction thereof for delivery within the eight postal zones established for fourth-class matter shall be as follows: <span style="float:right">Rates on advertising portion of publications entered as second-class matter.</span>

For the first and second zones, 2 cents.
For the third zone, 3 cents.
For the fourth zone, 5 cents.
For the fifth zone, 6 cents.
For the sixth zone, 7 cents.
For the seventh zone, 9 cents.
For the eighth zone, and between the Philippine Islands and any portion of the United States, including the District of Columbia and the several Territories and possessions, 10 cents.

(c) Only 85 per centum of the gross postal receipts during the period the increased rate of postage provided in subsection (a) remains in force shall be counted for the purpose of determining the class of the post office or the compensation or allowances of postmasters or of postal employees of post offices of the first, second, and <span style="float:right">Compensation and allowances of postmasters, etc., of first three classes.<br>Basis for computing.</span>

Commissions of those of the fourth class. third classes. For the purpose of determining the commissions (as distinguished from the compensation and the allowances based thereon) of postmasters of the fourth class, only 85 per centum of the applicable cancellations, collections, and receipts during such period shall be counted.

Administrative and general provisions.

# TITLE IX—ADMINISTRATIVE AND GENERAL PROVISIONS

Review of decisions of Board of Tax Appeals.
## SEC. 1101. REVIEW OF DECISIONS OF BOARD OF TAX APPEALS.

Time for filing petition reduced. Vol. 44, p. 109 amended.
(a) Section 1001(a) of the Revenue Act of 1926 (relating to time for filing petition for review of decisions of the Board of Tax Appeals) is amended by striking out " within six months after the decision is rendered " and inserting in lieu thereof " within three months after the decision is rendered ".

Applicable to decisions of this or future date.
(b) The amendment made by subsection (a) of this section shall not apply in respect of decisions of the Board of Tax Appeals rendered on or before the date of the enactment of this Act.

Board of Tax Appeals, fees. Vol. 44, p. 110, amended.
## SEC. 1102. BOARD OF TAX APPEALS—FEES.

Section 1004(b) of the Revenue Act of 1926 is amended to read as follows:

Fee authorized for copying, certifying, etc., records.
"(b) The Board is authorized to fix a fee, not in excess of the fee fixed by law to be charged and collected therefor by the clerks of the district courts, for comparing, or for preparing and comparing, a transcript of the record, or for copying any record, entry, or other paper and the comparison and certification thereof."

Limitation on suits by taxpayer. Vol. 44, p. 116, amended.
## SEC. 1103. LIMITATIONS ON SUITS BY TAXPAYERS.

(a) Section 3226 of the Revised Statutes, as amended, is amended to read as follows:

Suits to recover erroneously collected taxes, etc.
" SEC. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected Claim for refund to be filed. until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid Time limitation. under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

Pending suits not affected.
(b) Suits or proceedings instituted before the date of the enactment of this Act shall not be affected by the amendment made by Suits after enactment based on claims disallowed prior to date of Act. subsection (a) of this section to section 3226 of the Revised Statutes. In the case of suits or proceedings instituted on or after the date of the enactment of this Act where the part of the claim to which such suit or proceeding relates was disallowed before the date of the enactment of this Act, the statute of limitations shall be the same as provided by such section 3226 before its amendment by subsection (a) of this section.

## SEC. 1104. DATE OF ALLOWANCE OF REFUND OR CREDIT.

Where the Commissioner has (before or after the enactment of this Act) signed a schedule of overassessments in respect of any internal revenue tax imposed by this Act or any prior revenue Act, the date on which he first signed such schedule (if after May 28, 1928) shall be considered as the date of allowance of refund or credit in respect of such tax.

Date of allowance of refund or credit.
Considered as allowed when schedule of overassessments signed.

## SEC. 1105. JEOPARDY ASSESSMENT.

(a) If the Commissioner finds that a person liable for tax (other than income tax) under any provision of the internal-revenue laws designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect such tax unless such proceedings be brought without delay, the Commissioner shall cause notice of such finding to be given such person, together with a demand for an immediate return and immediate payment of such tax, and such tax shall thereupon become immediately due and payable.

(b) If such person (i) is not in default in making any return or paying any tax under the internal-revenue laws, and (2) furnishes to the United States, under regulations to be prescribed by the Commissioner with the approval of the Secretary, security approved by the Commissioner that he will duly return and pay the tax to which the Commissioner's finding relates, then such tax shall not be payable prior to the time otherwise fixed for payment.

Jeopardy assessment.
Immediate collection under, if delay jeopardizes due date collection.

Notice to be given and demand made.

Postponement when security provided, etc.

## SEC. 1106. REFUNDS OF MISCELLANEOUS TAXES.

(a) Subsection (a) of section 3228 of the Revised Statutes, as amended, is amended by adding at the end thereof the following:
" The amount of the refund (in the case of taxes other than income, war-profits, excess-profits, estate, and gift taxes) shall not exceed the portion of the tax, penalty, or sum paid during the four years immediately preceding the filing of the claim, or if no claim was filed, then during the four years immediately preceding the allowance of the refund."

(b) The amendment made by subsection (a) of this section to section 3228 of the Revised Statutes shall not bar from allowance a claim for refund filed prior to the enactment of this Act which but for such enactment would have been allowable.

Miscellaneous taxes.
Vol. 43, p. 342, vol. 44, p. 115.

Amount of refund limited.

Prior claims for refunds not barred.

## SEC. 1107. ADJUSTMENTS OF CARRIERS' TAX LIABILITIES TO CONFORM TO RECAPTURE PAYMENTS.

The Interstate Commerce Commission shall, as soon as practicable after its order with respect to the amount recoverable from any carrier under the provisions of section 15a of the Interstate Commerce Act, as amended, for any year or portion thereof has become final, and such amount, if any, has been paid, certify to the Commissioner of Internal Revenue the amount so paid. If the amount so paid by such carrier differs from the amount allowed as so recoverable in computing the income or excess profits tax liabilities for any taxable period of such carrier, or of any corporation whose income or excess profits tax liability is affected, the Commissioner of Internal Revenue shall determine any deficiency or overpayment attributable to such difference. Notwithstanding any provision of law, (1) any such deficiency may be assessed within two years from the date of such certification, and, if so assessed, shall be paid upon notice and demand from the collector, and (2) any such overpayment may be credited or refunded within two years from the date of such certifica-

Carriers' Tax Liabilities.
Adjustments of, to conform to recapture payments.
Vol.41, p.488, amended.

Where payment differs from that allowed as recoverable.

To be determined by Commissioner.

Assessment of deficiency.

Refund of overpayment.

tion, but not after unless, before the expiration of such period, a claim therefor is filed.  This section shall not be held to affect the provisions of section 1106 (b) of the Revenue Act of 1926 or 606 of the Revenue Act of 1928.

*Vol. 44, p. 113; Vol. 45, p 874; not affected.*

### SEC. 1108. LIMITATION ON PROSECUTIONS FOR INTERNAL REVENUE OFFENSES.

*Internal revenue offenses.*

(a) The Act entitled "An Act to limit the time within which prosecutions may be instituted against persons charged with violating internal revenue laws," approved July 5, 1884, as amended, and as reenacted by section 1110 of the Revenue Act of 1926, is amended to read as follows:

*Limit of time for prosecuting, amended. Vol. 23, p. 122; Vol. 43, p. 341; Vol. 44, p. 114; amended.*

"That no person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years—

*Three-year period allowed for instituting proceedings.*

"(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner,

*Six years, if offense to defraud the Government, etc.*

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, and

*Willful attempt at evading, etc., tax.*

"(3) for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document).

*Willfully aiding or assisting in presenting false claims, etc.*

"For offenses arising under section 37 of the Criminal Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years.  The time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings.  Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district."

*Conspiracy. Vol. 35, p. 1096*

*Absence from district not included.*

(b) The amendment made by subsection (a) of this section shall apply to offenses whenever committed; except that it shall not apply to offenses the prosecution of which was barred before the date of the enactment of this Act.

*Applicable to offenses whenever committed.*

*Exceptions.*

### SEC. 1109. SPECIAL DISBURSING AGENTS OF TREASURY.

*Special Disbursing Agents of Treasury.*

The Secretary of the Treasury is authorized to designate agents in charge of divisions of internal revenue agents to act as special disbursing agents of the Treasury for the payment of all salaries and expenses of such divisions, on giving good and sufficient bond in such form and with such security as the Secretary of the Treasury may approve, notwithstanding section 3144, Revised Statutes, as amended.

*Internal revenue agents in charge of divisions may act as.*

*R. S., sec. 3144, p.602.*

### SEC. 1110. REFUND OF TAXES FOR TAXABLE YEAR 1918.

*Refund of taxes for taxable year 1918. Vol. 44, p. 68, amended.*

Section 284(h) of the Revenue Act of 1926 is amended to read as follows:

"(h) Except as provided in subdivision (d) this section shall not (1) bar from allowance a claim for credit or refund filed prior to

*Allowance of prior claims, not barred.*

the enactment of this Act which but for such enactment would have been allowable, or (2) bar from allowance a claim in respect of a tax for the taxable year 1918, 1919, or 1920 if such claim is filed before the expiration of five years after the date the return was due."

## SEC. 1111. DEFINITIONS.

(a) When used in this Act—

(1) The term "person" means an individual, a trust or estate, a partnership, or a corporation.

(2) The term "corporation" includes associations, joint-stock companies, and insurance companies.

(3) The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this Act, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture, or organization.

(4) The term "domestic" when applied to a corporation or partnership means created or organized in the United States or under the law of the United States or of any State or Territory.

(5) The term "foreign" when applied to a corporation or partnership means a corporation or partnership which is not domestic.

(6) The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person.

(7) The term "withholding agent" means any person required to deduct and withhold any tax under the provisions of section 143 or 144.

(8) The term "stock" includes the share in an association, joint-stock company, or insurance company.

(9) The term "shareholder" includes a member in an association, joint-stock company, or insurance company.

(10) The term "United States" when used in a geographical sense includes only the States, the Territories of Alaska and Hawaii, and the District of Columbia.

(11) The term "Secretary" means the Secretary of the Treasury.

(12) The term "Commissioner" means the Commissioner of Internal Revenue.

(13) The term "collector" means collector of internal revenue.

(14) The term "taxpayer" means any person subject to a tax imposed by this Act.

(b) The terms "includes" and "including" when used in a definition contained in this Act shall not be deemed to exclude other things otherwise within the meaning of the term defined.

## SEC. 1112. SEPARABILITY CLAUSE.

If any provision of this Act, or the application thereof to any person or circumstances, is held invalid, the remainder of the Act, and the application of such provisions to other persons or circumstances, shall not be affected thereby.

## SEC. 1113. EFFECTIVE DATE OF ACT.

Except as otherwise provided, this Act shall take effect upon its enactment.

Approved June 6, 1932, at 5 p.m.

*Margin notes:*
Definitions.
"Person."
"Corporation."
"Partnership."
"Domestic."
"Foreign."
"Fiduciary."
"Withholding agent."
"Stock."
"Shareholder."
"United States."
"Secretary."
"Commissioner."
"Collector."
"Taxpayer."
"Includes" and "including."
Separability.
Invalidity of any provision not to affect remainder of Act.
Effective date.

**290**          72d CONGRESS.   SESS. I.   CHS. 210, 222, 223.   JUNE 6, 9, 1932.

[CHAPTER 210.]

### JOINT RESOLUTION

June 6, 1932.
[H. J. Res. 341.]
[Pub. Res., No. 23.]

Providing for the suspension of annual assessment work on mining claims held by location in the United States and Alaska.

Mining claims, United States and Alaska.
*Post*, p. 474.
Provision requiring annual work on, suspended for fiscal year 1932.
R. S., sec. 2324, p. 425.
U. S. C., p. 955.

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That the provision of section 2324 of the Revised Statutes of the United States which requires on each mining claim located, and until a patent has been issued therefor, not less than $100 worth of labor to be performed, or improvements aggregating such amount to be made each year, be, and the same is hereby, suspended as to all mining claims in the United States, including Alaska, during the fiscal year from July 1, 1931, to July 1, 1932.

Approved, June 6, 1932.

---

[CHAPTER 222.]

### AN ACT

June 9, 1932.
[S. 4401.]
[Public, No. 155.]

To extend the times for commencing and completing the construction of a bridge across the Missouri River at or near Farnam Street, Omaha, Nebraska.

Missouri River.
Time extended for bridging at Omaha, Nebr.
Vol. 46, pp. 544, 1102, amended.
*Post*, p. 903.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the times for commencing and completing the construction of a bridge across the Missouri River at or near Farnam Street, Omaha, Nebraska, authorized to be built by the Omaha-Council Bluffs Missouri River Bridge Board of Trustees by Act of Congress approved June 10, 1930, heretofore extended by an Act of Congress approved February 20, 1931, are hereby further extended one and three years, respectively, from June 10, 1932.

Amendment.

SEC. 2. The right to alter, amend, or repeal this Act is hereby expressly reserved.

Approved, June 9, 1932.

---

[CHAPTER 223.]

### AN ACT

June 9, 1932.
[S. 4581.]
[Public, No. 156.]

To extend the times for commencing and completing the construction of a bridge across the Saint Clair River at or near Port Huron, Michigan.

Saint Clair River.
Time extended for bridging at Port Huron, Mich.
Vol. 46, pp. 809, 1458, amended.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the times for commencing and completing the construction of the bridge across the Saint Clair River at or near Port Huron, Michigan, authorized to be built by the Great Lakes Bridge Commission by the Act of Congress approved June 25, 1930, heretofore extended by an Act of Congress approved February 28, 1931, are hereby further extended one and three years, respectively, from June 25, 1932.

Amendment.

SEC. 2. The right to alter, amend, or repeal this act is hereby expressly reserved.

Approved, June 9, 1932.

EXHIBIT 96

" />



(https://firearmslaw.duke.edu)



(https://law.duke.edu/)

Search this website   

# 1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3.

## Subject(s):

- Dangerous or Unusual Weapons (https://firearmslaw.duke.edu/subjects/dangerous-or-unusual-weapons/)

## Jurisdiction(s):

- Michigan (https://firearmslaw.duke.edu/jurisdictions/michigan/)

## Year(s):

1927

It shall be unlawful within this state to manufacture, sell, offer for sale, or possess any machine gun or firearm which can be fired more than sixteen times without reloading, or any muffler, silencer or device for deadening or muffling the sound of a discharged firearm, or any bomb or bombshell, or any blackjack, slung shot, billy, metallic knuckles, sandclub, sandbag or bludgeon. Any person convicted of a violation of this section shall be guilty of a felony and shall be punished by a fine not exceeding one thousand dollars or imprisonment in the state prison not more than five years, or by both such fine and imprisonment in the discretion of the court. . . .

11/30/22, 2:23 PM    1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Fire…

Case 3:18-cv-10507-PGS-JBD   Document 196-8   Filed 12/15/23   Page 166 of 179 PageID: 10010

- (https://twitter.com/dukefirearmslaw)

- (https://www.youtube.com/playlist?list=PLPlIY2puNnqYUNnmXwbGnQFKMSaLSVDoq)

- Home (https://firearmslaw.duke.edu/)
- About (https://firearmslaw.duke.edu/about/)
- Blog (https://firearmslaw.duke.edu/secondthoughts/)
- Videos (https://firearmslaw.duke.edu/videos/)
- Events (https://firearmslaw.duke.edu/events/)
- Repository of Historical Gun Laws (https://firearmslaw.duke.edu/repository/)
- Teaching Resources (https://firearmslaw.duke.edu/teaching-resources/)
- Conferences (https://firearmslaw.duke.edu/conferences/)

Duke Center for Firearms Law | 210 Science Drive, Durham, NC 27708 | firearmslaw@law.duke.edu (mailto:firearmslaw@law.duke.edu)

Questions or comments about the Repository of Historical Gun Laws can be sent to gunlaws@law.duke.edu (mailto:gunlaws@law.duke.edu).

Copyright © 2022. All rights reserved. Website designed by Addicott Web (https://www.wordpress-web-designer-raleigh.com/).

WP Twitter Auto Publish (https://xyzscripts.com/wordpress-plugins/twitter-auto-publish/compare) Powered By : XYZScripts.com (http://www.xyzscripts.com)

# EXHIBIT 97



(https://firearmslaw.duke.edu)



(https://law.duke.edu/)

 | Search this website

# 1927 R.I. Pub. Laws 256, An Act to Regulate the Possession of Firearms: §§ 1 and 2.

### Subject(s):

- Sentence Enhancement for Use of Weapon (https://firearmslaw.duke.edu/subjects/sentence-enhancement-for-use-of-weapon/)

### Jurisdiction(s):

- Rhode Island (https://firearmslaw.duke.edu/jurisdictions/rhode-island/)

### Year(s):

1927

§ 1. When used in this act the following words and phrases shall be construed as follows: "pistol" shall include any Pistol or revolver, and any shot gun, rifle or similar weapon with overall less than twenty-six inches, but shall not include any pistol without a magazine or any pistol or revolver designed for the use of blank cartridges only. "Machine gun" shall include any weapon which shoots automatically and any weapon which shoots more than twelve shots semi-automatically without reloading. "Firearm shall include any machine gun or pistol. . . "Crime of violence" shall mean and include nay of the following crimes or any attempt to commit any of the same, viz. murder, manslaughter, rape, mayhem, assault or battery involving grave bodily injury, robbery, burglary, and

11/30/22, 12:05 PM    1927 R. I. Pub. Laws 256 An Act to Regulate the Possession of Firearms §§ 1 and 2 | Duke Center for Firearms Law
Case 3:18-cv-10507-PGS-JBD   Document 106-8   Filed 12/15/23   Page 169 of 179 PageID:
10013

breaking and entering. "sell" shall include let or hire, give, lend and transfer, and the word "purchase" shall include hire, accept and borrow, and the expression "purchasing" shall be construed accordingly. § 2. If any person shall commit or attempt to commit a crime of violence when armed with or having available any firearm, he may in addition to the punishment provided for such crime of violence be punished as provided in this act. In the trial of a person for committing or attempting to commit a crime of violence the fact that he was armed with or had available a pistol without license to carry the same, or was armed with or had available a machine gun, shall be prima facie evidence of his intention to commit said crime of violence.

-  (https://twitter.com/dukefirearmslaw)

-  (https://www.youtube.com/playlist?list=PLPlIY2puNnqYUNnmXwbGnQFKMSaLSVDoq)

- Home (https://firearmslaw.duke.edu/)
- About (https://firearmslaw.duke.edu/about/)
- Blog (https://firearmslaw.duke.edu/secondthoughts/)
- Videos (https://firearmslaw.duke.edu/videos/)
- Events (https://firearmslaw.duke.edu/events/)
- Repository of Historical Gun Laws (https://firearmslaw.duke.edu/repository/)
- Teaching Resources (https://firearmslaw.duke.edu/teaching-resources/)
- Conferences (https://firearmslaw.duke.edu/conferences/)

Duke Center for Firearms Law | 210 Science Drive, Durham, NC 27708 | firearmslaw@law.duke.edu (mailto:firearmslaw@law.duke.edu)
Questions or comments about the Repository of Historical Gun Laws can be sent to gunlaws@law.duke.edu (mailto:gunlaws@law.duke.edu).

Copyright © 2022. All rights reserved. Website designed by Addicott Web (https://www.wordpress-web-designer-raleigh.com/).

WP Twitter Auto Publish (https://xyzscripts.com/wordpress-plugins/twitter-auto-publish/compare) Powered By : XYZScripts.com (http://www.xyzscripts.com)

# EXHIBIT 98

[CHAPTER 850]

**AN ACT**

To regulate commerce in firearms.

June 30, 1938
[S. 3]
[Public, No. 785]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That as used in this Act—

Federal Firearms Act.
Definitions.
"Person."

(1) The term "person" includes an individual, partnership, association, or corporation.

"Interstate or foreign commerce."

(2) The term "interstate or foreign commerce" means commerce between any State, Territory, or possession (including the Philippine Islands but not including the Canal Zone), or the District of Columbia, and any place outside thereof; or between points within the same State, Territory, or possession (including the Philippine Islands but not including the Canal Zone), or the District of Columbia, but through any place outside thereof; or within any Territory or possession or the District of Columbia.

"Firearm."

(3) The term "firearm" means any weapon, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosive and a firearm muffler or firearm silencer, or any part or parts of such weapon.

"Manufacturer."

(4) The term "manufacturer" means any person engaged in the manufacture or importation of firearms, or ammunition or cartridge cases, primers, bullets, or propellent powder for purposes of sale or distribution; and the term "licensed manufacturer" means any such person licensed under the provisions of this Act.

"Dealer."

(5) The term "dealer" means any person engaged in the business of selling firearms or ammunition or cartridge cases, primers, bullets or propellent powder, at wholesale or retail, or any person engaged in the business of repairing such firearms or of manufacturing or fitting special barrels, stocks, trigger mechanisms, or breach [1] mechanisms to firearms, and the term "licensed dealer" means any such person licensed under the provisions of this Act.

"Licensed dealer."

"Crime of violence."

(6) The term "crime of violence" means murder, manslaughter, rape, mayhem, kidnaping, burglary, housebreaking; assault with intent to kill, commit rape, or rob; assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment for more than one year.

"Fugitive from justice."

(7) The term "fugitive from justice" means any person who has fled from any State, Territory, the District of Columbia, or possession of the United States to avoid prosecution for a crime of violence or to avoid giving testimony in any criminal proceeding.

"Ammunition."

(8) The term "ammunition" shall include all pistol or revolver ammunition except .22-caliber rim-fire ammunition.

Unlawful acts.
Transportation, etc., of firearms or ammunition without license.

Sec. 2. (a) It shall be unlawful for any manufacturer or dealer, except a manufacturer or dealer having a license issued under the provisions of this Act, to transport, ship, or receive any firearm or ammunition in interstate or foreign commerce.

Knowingly receiving same.

(b) It shall be unlawful for any person to receive any firearm or ammunition transported or shipped in interstate or foreign commerce in violation of subdivision (a) of this section, knowing or having reasonable cause to believe such firearms or ammunition to have been transported or shipped in violation of subdivision (a) of this section.

Transportation, etc., to other than licensed manufacturer or dealer.

(c) It shall be unlawful for any licensed manufacturer or dealer to transport or ship any firearm in interstate or foreign commerce to any person other than a licensed manufacturer or dealer in any State the laws of which require that a license be obtained for the purchase of such firearm, unless such license is exhibited to such manufacturer or dealer by the prospective purchaser.

[1] So in original.

(d) It shall be unlawful for any person to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition to any person knowing or having reasonable cause to believe that such person is under indictment or has been convicted in any court of the United States, the several States, Territories, possessions (including the Philippine Islands), or the District of Columbia of a crime of violence or is a fugitive [1] from justice.

Shipment to person under indictment, etc.

(e) It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive [1] from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition.

Shipment by person under indictment, etc.

(f) It shall be unlawful for any person who has been convicted of a crime of violence or is a fugitive [1] from justice to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this Act.

Receipt by person convicted of crime of violence, etc.

(g) It shall be unlawful for any person to transport or ship or cause to be transported or shipped in interstate or foreign commerce any stolen firearm or ammunition, knowing, or having reasonable cause to believe, same to have been stolen.

Transportation of stolen firearms, etc.

(h) It shall be unlawful for any person to receive, conceal, store, barter, sell, or dispose of any firearm or ammunition or to pledge or accept as security for a loan any firearm or ammunition moving in or which is a part of interstate or foreign commerce, and which while so moving or constituting such part has been stolen, knowing, or having reasonable cause to believe the same to have been stolen.

Traffic in stolen firearms.

(i) It shall be unlawful for any person to transport, ship, or knowingly receive in interstate or foreign commerce any firearm from which the manufacturer's serial number has been removed, obliterated, or altered, and the possession of any such firearm shall be presumptive evidence that such firearm was transported, shipped, or received, as the case may be, by the possessor in violation of this Act.

Transportation of firearms from which serial number has been removed.

Sec. 3. (a) Any manufacturer or dealer desiring a license to transport, ship, or receive firearms or ammunition in interstate or foreign commerce shall make application to the Secretary of the Treasury, who shall prescribe by rules and regulations the information to be contained in such application. The applicant shall, if a manufacturer, pay a fee of $25 per annum and, if a dealer, shall pay a fee of $1 per annum.

Licenses, application, fee.

(b) Upon payment of the prescribed fee, the Secretary of the Treasury shall issue to such applicant a license which shall entitle the licensee to transport, ship, and receive firearms and ammunition in interstate and foreign commerce unless and until the license is suspended or revoked in accordance with the provisions of this Act: *Provided*, That no license shall be issued to any applicant within two years after the revocation of a previous license.

Issuance.

*Proviso.*
Issuance after revocation.

(c) Whenever any licensee is convicted of a violation of any of the provisions of this Act, it shall be the duty of the clerk of the court to notify the Secretary of the Treasury within forty-eight hours after such conviction and said Secretary shall revoke such license: *Provided*, That in the case of appeal from such conviction the licensee may furnish a bond in the amount of $1,000, and upon receipt of such bond acceptable to the Secretary of the Treasury he may permit the licensee to continue business during the period of the appeal, or should the licensee refuse or neglect to furnish such bond, the Secre-

Revocation on conviction of licensee.

*Proviso.*
Temporary continuance; bond.

[1] So in original.

tary of the Treasury shall suspend such license until he is notified by the clerk of the court of last appeal as to the final disposition of the case.

Dealers' records.

(d) Licensed dealers shall maintain such permanent records of importation, shipment, and other disposal of firearms and ammunition as the Secretary of the Treasury shall prescribe.

Exemptions.

Federal, State governments, agencies, etc.

SEC. 4. The provisions of this Act shall not apply with respect to the transportation, shipment, receipt, or importation of any firearm, or ammunition, sold or shipped to, or issued for the use of, (1) the United States or any department, independent establishment, or agency thereof; (2) any State, Territory, or possession, or the District of Columbia, or any department, independent establishment, agency, or any political subdivision thereof; (3) any duly commissioned officer or agent of the United States, a State, Territory, or possession, or the District of Columbia, or any political subdivision

Banks, carriers, etc.

thereof; (4) or to any bank, public carrier, express, or armored-truck company organized and operating in good faith for the transporta-

Research laboratories.
Provisos.
Exemptions granted by Secretary of Treasury.
Antiques, curios, etc.

tion of money and valuables; (5) or to any research laboratory designated by the Secretary of the Treasury: *Provided,* That such bank, public carriers, express, and armored-truck companies are granted exemption by the Secretary of the Treasury; nor to the transportation, shipment, or receipt of any antique or unserviceable firearms, or ammunition, possessed and held as curios or museum

Shipments to designated institutions or persons.

pieces: *Provided,* That nothing herein contained shall be construed to prevent shipments of firearms and ammunition to institutions, organizations, or persons to whom such firearms and ammunition may be

Military training, etc.

lawfully delivered by the Secretary of War, nor to prevent the transportation of such firearms and ammunition so delivered by their lawful possessors while they are engaged in military training or in competitions.

Penalty provisions.

SEC. 5. Any person violating any of the provisions of this Act or any rules and regulations promulgated hereunder, or who makes any statement in applying for the license or exemption provided for in this Act, knowing such statement to be false, shall, upon conviction thereof, be fined not more than $2,000, or imprisoned for not more than five years, or both.

Effective date.

SEC. 6. This Act shall take effect thirty days after its enactment.

Rules and regulations.

SEC. 7. The Secretary of the Treasury may prescribe such rules and regulations as he deems necessary to carry out the provisions of this Act.

Separability of provisions.

SEC. 8. Should any section or subsection of this Act be declared unconstitutional, the remaining portion of the Act shall remain in full force and effect.

Short title.

SEC. 9. This Act may be cited as the Federal Firearms Act.

Approved, June 30, 1938.

---

[CHAPTER 851]

AN ACT

June 30, 1938
[S. 1131]
[Public, No. 786]

To amend the part of the Act entitled "An Act making appropriations for the naval service for the fiscal year ending June 30, 1921, and for other purposes", approved June 4, 1920, relating to the conservation, care, custody, protection, and operation of the naval petroleum and oil-shale reserves.

*Be it enacted by the Senate and House of Representatives of the*

Naval petroleum reserves.
41 Stat. 813.
34 U. S. C. § 524.

*United States of America in Congress assembled,* That the part of the Act entitled "An Act making appropriations for the naval service for the fiscal year ending June 30, 1921, and for other purposes", approved June 4, 1920 (41 Stat. 813), relating to the conservation, care, custody, protection, and operation of the naval petroleum and

EXHIBIT 99

**1236**        73d CONGRESS.   SESS. II.   CHS. 756, 757.   JUNE 26, 1934.

available to pay claims on account of any check, the amount of which has been included in any balance so covered into the surplus fund.

Advances for land surveys.
U.S.C., title 43, sec. 863.

SEC. 22. So much of the Act of August 18, 1894 (U.S.C., title 43, sec. 863), as authorizes the Governors of the States therein named to advance money from time to time for the survey of certain townships located within such States, which money shall be reimbursable, is hereby repealed.

Moneys in U.S. court registries.

SEC. 23. Moneys in, or payable into, the registry of any United States court, in the discretion of the court, may be deposited in official checking accounts with the Treasurer of the United States, subject to disbursement on order approved by the court.

Survey of certain accounts to be made by Comptroller General.

SEC. 24. The Comptroller General of the United States shall cause a survey to be made of all inactive and permanent appropriations and/or funds on the books of the Government and also funds in the official custody of officers and employees of the United States, in which the Government is financially concerned, for which no account-

Report to Congress.

ing is rendered to the General Accounting Office; and he shall submit to the Congress annually, in a special report, his recommendations for such changes in existing law relating thereto as, in his judgment, may be in the public interest.

Existing provisions not affected.

SEC. 25. The provisions of this Act shall not be construed to alter or amend any existing authorization for an appropriation.

Saving clause.

SEC. 26. All Acts and/or parts of Acts inconsistent or in conflict with the provisions of this Act are hereby repealed to the extent of such inconsistency or conflict.

Short title.

SEC. 27. The short title of this Act shall be the "Permanent Appropriation Repeal Act, 1934."

Approved, June 26, 1934.

---

[CHAPTER 757.]

---

AN ACT

To provide for the taxation of manufacturers, importers, and dealers in certain firearms and machine guns, to tax the sale or other disposal of such weapons, and to restrict importation and regulate interstate transportation thereof.

June 26, 1934.
[H.R. 9741.]
[Public, No. 474.]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That for the purposes of this Act—

National Firearms Act.
Limitation of terms for purposes of Act.
"Firearm."

(a) The term "firearm" means a shotgun or rifle having a barrel of less than eighteen inches in length, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun, and includes a muffler or silencer for any firearm whether or not such firearm is included within the foregoing definition.

"Machine gun."

(b) The term "machine gun" means any weapon which shoots, or is designed to shoot, automatically or semiautomatically, more than one shot, without manual reloading, by a single function of the trigger.

"Person."

(c) The term "person" includes a partnership, company, association, or corporation, as well as a natural person.

"Continental United States."

(d) The term "continental United States" means the States of the United States and the District of Columbia.

"Importer."

(e) The term "importer" means any person who imports or brings firearms into the continental United States for sale.

"Manufacturer."

(f) The term "manufacturer" means any person who is engaged within the continental United States in the manufacture of firearms, or who otherwise produces therein any firearm for sale or disposition.

(g) The term "dealer" means any person not a manufacturer or importer engaged within the continental United States in the business of selling firearms. The term "dealer" shall include wholesalers, pawnbrokers, and dealers in used firearms.

(h) The term "interstate commerce" means transportation from any State or Territory or District, or any insular possession of the United States (including the Philippine Islands), to any other State or to the District of Columbia.

(i) The term "Commissioner" means the Commissioner of Internal Revenue.

(j) The term "Secretary" means the Secretary of the Treasury.

(k) The term "to transfer" or "transferred" shall include to sell, assign, pledge, lease, loan, give away, or otherwise dispose of.

SEC. 2. (a) Within fifteen days after the effective date of this Act, or upon first engaging in business, and thereafter on or before the 1st day of July of each year, every importer, manufacturer, and dealer in firearms shall register with the collector of internal revenue for each district in which such business is to be carried on his name or style, principal place of business, and places of business in such district, and pay a special tax at the following rates: Importers or manufacturers, $500 a year; dealers, other than pawnbrokers, $200 a year; pawnbrokers, $300 a year. Where the tax is payable on the 1st day of July in any year it shall be computed for one year; where the tax is payable on any other day it shall be computed proportionately from the 1st day of the month in which the liability to the tax accrued to the 1st day of July following.

(b) It shall be unlawful for any person required to register under the provisions of this section to import, manufacture, or deal in firearms without having registered and paid the tax imposed by this section.

SEC. 3. (a) There shall be levied, collected, and paid upon firearms transferred in the continental United States a tax at the rate of $200 for each firearm, such tax to be paid by the transferor, and to be represented by appropriate stamps to be provided by the Commissioner, with the approval of the Secretary; and the stamps herein provided shall be affixed to the order for such firearm, hereinafter provided for. The tax imposed by this section shall be in addition to any import duty imposed on such firearm.

(b) All provisions of law (including those relating to special taxes, to the assessment, collection, remission, and refund of internal revenue taxes, to the engraving, issuance, sale, accountability, cancelation, and distribution of tax-paid stamps provided for in the internal-revenue laws, and to penalties) applicable with respect to the taxes imposed by section 1 of the Act of December 17, 1914, as amended (U.S.C., Supp. VII, title 26, secs. 1040 and 1383), and all other provisions of the internal-revenue laws shall, insofar as not inconsistent with the provisions of this Act, be applicable with respect to the taxes imposed by this Act.

(c) Under such rules and regulations as the Commissioner, with the approval of the Secretary, may prescribe, and upon proof of the exportation of any firearm to any foreign country (whether exported as part of another article or not) with respect to which the transfer tax under this section has been paid by the manufacturer, the Commissioner shall refund to the manufacturer the amount of the tax so paid, or, if the manufacturer waives all claim for the amount to be refunded, the refund shall be made to the exporter.

SEC. 4. (a) It shall be unlawful for any person to transfer a firearm except in pursuance of a written order from the person seeking to obtain such article, on an application form issued in

"Dealer."

Exceptions.

"Interstate commerce."

"Commissioner."

"Secretary."
"To transfer" or "transferred."

Registration requirements.

Taxes.

Fractional parts of year.

Failure to register and pay tax unlawful.

Transfer tax; stamps.

Applicable administrative provisions of narcotic tax law to govern.

Vol. 38, p. 785; Vol. 44, p. 92.
U.S.C., Supp. VII, pp. 592, 644.

Refund, if for exportation.

Unlawful transfers.

1238          73d CONGRESS.  SESS. II.  CH. 757.  JUNE 26, 1934.

*Proviso.*
Identification.

blank in duplicate for that purpose by the Commissioner.  Such order shall identify the applicant by such means of identification as may be prescribed by regulations under this Act: *Provided*, That, if the applicant is an individual, such identification shall include fingerprints and a photograph thereof.

Preparation and distribution of forms.

(b) The Commissioner, with the approval of the Secretary, shall cause suitable forms to be prepared for the purposes above mentioned, and shall cause the same to be distributed to collectors of internal revenue.

Identifying marks, etc., to be indicated in orders.

(c) Every person so transferring a firearm shall set forth in each copy of such order the manufacturer's number or other mark identifying such firearm, and shall forward a copy of such order to the Commissioner.  The original thereof with stamps affixed, shall be returned to the applicant.

Transferor to transfer stamp-affixed order for each prior transfer.

(d) No person shall transfer a firearm which has previously been transferred on or after the effective date of this Act, unless such person, in addition to complying with subsection (c), transfers therewith the stamp-affixed order provided for in this section for each such prior transfer, in compliance with such regulations as may be prescribed under this Act for proof of payment of all taxes on such firearms.

Notice to Commissioner of transfers exempted.

(e) If the transfer of a firearm is exempted from the provisions of this Act as provided in section 13 hereof, the person transferring such firearm shall notify the Commissioner of the name and address of the applicant, the number or other mark identifying such firearm, and the date of its transfer, and shall file with the Commissioner such documents in proof thereof as the Commissioner may by regulations prescribe.

Registered importers, etc.

(f) Importers, manufacturers, and dealers who have registered and paid the tax as provided for in section 2(a) of this Act shall not be required to conform to the provisions of this section with respect to transactions in firearms with dealers or manufacturers if such dealers or manufacturers have registered and have paid such tax, but shall keep such records and make such reports regarding such transactions as may be prescribed by regulations under this Act.

Possessors of firearms to register with collector within 60 days.

Sec. 5. (a) Within sixty days after the effective date of this Act every person possessing a firearm shall register, with the collector of the district in which he resides, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof: *Provided*, That no person shall be required to register under this section with respect to any firearm acquired after the effective date of, and in conformity with the provisions of, this Act.

*Proviso.*
Acquisitions after effective date need not be registered.

Prosecutions. Presumption raised by possession.

(b) Whenever on trial for a violation of section 6 hereof the defendant is shown to have or to have had possession of such firearm at any time after such period of sixty days without having registered as required by this section, such possession shall create a presumption that such firearm came into the possession of the defendant subsequent to the effective date of this Act, but this presumption shall not be conclusive.

Unlawfully receiving or possessing.

Sec. 6. It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of section 3 or 4 of this Act.

Seizure and forfeiture.

Sec. 7. (a) Any firearm which has at any time been transferred in violation of the provisions of this Act shall be subject to seizure and

Case 3:18-cv-10507-PGS-JBD   Document 196-8   Filed 12/15/23   Page 178 of 179 PageID: 10022

forfeiture, and (except as provided in subsection (b)) all the provisions of internal-revenue laws relating to searches, seizures, and forfeiture of unstamped articles are extended to and made to apply to the articles taxed under this Act, and the persons to whom this Act applies. <span style="float:right">Provisions of internal-revenue laws extended.</span>

(b) In the case of the forfeiture of any firearm by reason of a violation of this Act: No notice of public sale shall be required; no such firearm shall be sold at public sale; if such firearm is in the possession of any officer of the United States except the Secretary, such officer shall deliver the firearm to the Secretary; and the Secretary may order such firearm destroyed or may sell such firearm to any State, Territory, or possession (including the Philippine Islands), or political subdivision thereof, or the District of Columbia, or retain it for the use of the Treasury Department or transfer it without charge to any Executive department or independent establishment of the Government for use by it. <span style="float:right">Sale, etc., forbidden.<br>Disposition of.</span>

SEC. 8. (a) Each manufacturer and importer of a firearm shall identify it with a number or other identification mark approved by the Commissioner, such number or mark to be stamped or otherwise placed thereon in a manner approved by the Commissioner. <span style="float:right">Identification marks.</span>

(b) It shall be unlawful for anyone to obliterate, remove, change, or alter such number or other identification mark. Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of any firearm upon which such number or mark shall have been obliterated, removed, changed, or altered, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury. <span style="float:right">Obliteration, etc., unlawful.<br>Possession of, deemed sufficient evidence for conviction.<br>Exception.</span>

SEC. 9. Importers, manufacturers, and dealers shall keep such books and records and render such returns in relation to the transactions in firearms specified in this Act as the Commissioner, with the approval of the Secretary, may by regulations require. <span style="float:right">Importers, manufacturers, etc., required to keep records.</span>

SEC. 10. (a) No firearm shall be imported or brought into the United States or any territory under its control or jurisdiction (including the Philippine Islands), except that, under regulations prescribed by the Secretary, any firearm may be so imported or brought in when (1) the purpose thereof is shown to be lawful and (2) such firearm is unique or of a type which cannot be obtained within the United States or such territory. <span style="float:right">Regulation of traffic in firearms in places under control of United States.</span>

(b) It shall be unlawful (1) fraudulently or knowingly to import or bring any firearm into the United States or any territory under its control or jurisdiction (including the Philippine Islands), in violation of the provisions of this Act; or (2) knowingly to assist in so doing; or (3) to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of any such firearm after being imported or brought in, knowing the same to have been imported or brought in contrary to law. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains such possession to the satisfaction of the jury. <span style="float:right">Unlawful acts.<br>Fraudulent importations, possession, etc.<br>Receiving, concealing, etc.<br>Possession deemed sufficient evidence for conviction; exception.</span>

SEC. 11. It shall be unlawful for any person who is required to register as provided in section 5 hereof and who shall not have so registered, or any other person who has not in his possession a stamp-affixed order as provided in section 4 hereof, to ship, carry, or deliver any firearm in interstate commerce. <span style="float:right">Transportation in interstate commerce.</span>

1240        73d CONGRESS.  SESS. II.  CHS. 757, 758.  JUNE 26, 1934.

Rules, etc., to be prescribed.

SEC. 12. The Commissioner, with the approval of the Secretary, shall prescribe such rules and regulations as may be necessary for carrying the provisions of this Act into effect.

Transfers, when provisions not applicable.

SEC. 13. This Act shall not apply to the transfer of firearms (1) to the United States Government, any State, Territory, or possession of the United States, or to any political subdivision thereof, or to the District of Columbia; (2) to any peace officer or any Federal officer designated by regulations of the Commissioner; (3) to the transfer of any firearm which is unserviceable and which is transferred as a curiosity or ornament.

Penalty provision.

SEC. 14. Any person who violates or fails to comply with any of the requirements of this Act shall, upon conviction, be fined not more than $2,000 or be imprisoned for not more than five years, or both, in the discretion of the court.

Excise taxes.
Firearms herein defined exempt from.
Vol. 44, p. 93; Vol. 47, p. 264.
U.S.C., Supp. VII, p. 604.

SEC. 15. The taxes imposed by paragraph (a) of section 600 of the Revenue Act of 1926 (U.S.C., Supp. VII, title 26, sec. 1120) and by section 610 of the Revenue Act of 1932 (47 Stat. 169, 264), shall not apply to any firearm on which the tax provided by section 3 of this Act has been paid.

Saving clause.

SEC. 16. If any provision of this Act, or the application thereof to any person or circumstance, is held invalid, the remainder of the Act, and the application of such provision to other persons or circumstances, shall not be affected thereby.

Effective date.

SEC. 17. This Act shall take effect on the thirtieth day after the date of its enactment.

Citation of title.

SEC. 18. This Act may be cited as the " National Firearms Act."

Approved, June 26, 1934.

---

[CHAPTER 758.]

AN ACT

June 26, 1934.
[H.R. 9769.]
[Public, No. 475.]

To amend the Act of June 19, 1930 (46 Stat. 788), entitled "An Act providing for the sale of the remainder of the coal and asphalt deposits in the segregated mineral land in the Choctaw and Chickasaw Nations, Oklahoma, and for other purposes."

*Be it enacted by the Senate and House of Representatives of the*

Choctaw and Chickasaw Indians, Okla.
Sales of coal and asphalt deposits authorized.

*United States of America in Congress assembled,* That the Act of June 19, 1930 (46 Stat. 788), entitled "An Act providing for the sale of the remainder of the coal and asphalt deposits in the segregated mineral land in the Choctaw and Chickasaw Nations, Oklahoma, and for other purposes ", is hereby amended so as to permit the Secretary of the Interior, in his discretion, to sell under the provisions of said Act the coal and asphalt deposits referred to therein in tracts of less than nine hundred and sixty acres where such smaller tract or acreage adjoins a developed tract on which active mining operations are being conducted and is needed by the operator in further developing the existing mine: *Provided,* That

Proviso.
Leases.

where the sale of such smaller tract or acreage is not deemed advisable, the Secretary of the Interior may in his discretion, lease said tract under the same terms and conditions as developed tracts are

Vol. 47, p. 89.
Minimum tonnage requirement waived.

leased under the Act of April 21, 1932 (47 Stat. 88), with the exception that the minimum tonnage requirement contained therein is hereby waived as to leases on such small tracts.

Approved, June 26, 1934.