LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

_____

* New York and New Jersey Bars
 º Florida Bar
 □ Washington, D.C. Bar
 ◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

* * *

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

_____

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

December 16, 2023

**VIA ECF**
The Honorable J. Brendan Day, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Association of New Jersey Rifle & Pistol Clubs, Inc. ("ANJRPC") v. Platkin*, - 3:18-cv-10507-PGS-JBD
*Cheeseman v. Platkin* - 1:22-cv-04360-PGS-JBD
*Ellman v. Platkin* - 3:22-cv-04397-PGS-JBD
**(Consolidated)**

**EMERGENCY LETTER MOTION ON CONSENT FOR LEAVE TO FILE PAPERS OUT OF TIME PURSUANT TO FED. R. CIV. P. 6(b)(1)B)**

Dear Judge Day:

We represent the *ANJRPC* and *Ellman* Plaintiffs in the above referenced consolidated matters. Please accept this Emergency Letter Motion on Consent for Leave to File Certain Papers Out of Time Pursuant to Fed. R. Civ. P. 6(b)(1)(B) based on excusable neglect.

By order dated September 6, 2023 (ECF No. 167), the Court adopted the parties' proposed scheduling order for summary judgment and *Daubert* motions ("Scheduling Order"). The Scheduling Order provides for four rounds of briefing: (1) Plaintiffs' moving papers for summary judgment and motions to exclude expert testimony; (2) Defendants' opposition to Plaintiffs' motions and any cross motions by Defendants; (3) Plaintiffs' opposition to Defendants' cross-motions and replies on Plaintiffs' motions; and (4) Defendants' replies on

The Honorable J. Brendan Day, U.S.M.J.
December 16, 2023
Page 2

their motions. The Scheduling Order initially provided that Round 3 of briefing would be due **December 4, 2023.** The Scheduling Order also provided that the parties could request extended page length due to the consolidated nature of these cases and the very substantial record being generated in the case. On each side the parties did obtain leave of the Court to file extended briefs.

On or about November 21, 2023, all Plaintiffs reached out to Defendants to request consent to seek additional time to file their Round 3 papers due to the very substantial size and content of Defendants' papers. Due to the Thanksgiving holiday and out of town travel, counsel were not able to meet and confer until November 27. Plaintiffs initially requested consent to an extension of time to December 18; however, due to pre-existing holiday commitments, travel plans, and previously rearranged work schedules of Defendants' counsel, the parties ultimately agreed to an extension of Round 3 filing to December 15, with Defendants' Round 4 papers to be due January 19, 2024. The Court So Ordered this request on November 28, 2023 (ECF No. 191).

On or about December 5, 2023, I came down with a case of COVID-19. I was treated by my physician, but I was not in a condition to work for most of that week. Although I lost a significant portion of the extension of time the parties had just negotiated, I chose not to seek another extension because the previous extension had been carefully arrived at based on considerations of the holidays, and pre-existing travel and work arrangements. Instead, I concluded that I would still be able to timely file my Round 3 papers by December 15.

The December 15 filing deadline was yesterday. I had five substantive papers to file:

1)  Combined Opposition and Reply Summary Judgment Brief
2)  Combined Opposition and Reply *Daubert* Brief
3)  Reply Declaration/Rebuttal Report of Expert Emanuel Kapelsohn
4)  Declaration/Report of Rebuttal Expert Clayton Cramer
5)  Response to Defendants' Statement of Undisputed Material Facts ("SUMF")

All of the foregoing documents were completed well prior to the 11:59 p.m. filing deadline except for the Response to SUMF. As the 11:59 p.m. deadline approached I concluded that I would not complete the Response to SUMF in time to file my papers timely.

Accordingly, I made the decision to make sure to file all papers prior to midnight even if it meant filing an incomplete version of the Response to SUMF. It was my intention that, after filing, I would continue to work on the Response to SUMF for several more hours and then file an Amended Response to SUMF and seek leave for the Court to accept it as the timely filed operative summary judgment document.

I logged into ECF and by 11:57 p.m. all of the foregoing documents had been queued and submitted. However, minutes passed and the ECF system did not return an NEF on the screen. The system remained in a continuous processing mode.

The Honorable J. Brendan Day, U.S.M.J.
December 16, 2023
Page 3

After quite a few minutes had passed, the ECF system returned an error message that I have never seen before. The ECF system indicated there was an unspecified problem with the Cramer Declaration and it could not be processed. Unfortunately, that caused the entire filing to be rejected by the ECF system.

I realized that there was no way I could possibly troubleshoot the Cramer Declaration at midnight. For starters, I had no idea what the problem was with the document. It was clear to me that I would need the assistance of the Help Desk on Monday.

Accordingly, I immediately re-uploaded all of the papers except for the Cramer Declaration. The system accepted that filing and generated an NEF time-stamped 12:02 a.m. I then emailed all of the papers, including the Cramer Declaration, to Daniel Vannella, counsel for Defendants. That email was time stamped 12:04 a.m.

As Your Honor is aware, I then proceeded to document these events in as close to real time as possible in an (unauthorized) email to Your Honor's chambers, which was time-stamped at 12:48 a.m (and which also contained a copy of the Cramer Declaration).

I then proceeded to complete the Amended Response to SUMF for filing. At 4:31 a.m. I filed an Amended Response to SUMF.

In view of the foregoing, *ANJRPC* and *Ellman* Plaintiffs respectfully ask the Court to grant the following relief under Fed. R. Civ. P. 6(b)(1)(B) on the ground of excusable neglect:

1) Accept all documents filed at 12:02 a.m. on December 16, 2023 as timely filed;
2) Accept the Amended Response to SUMF filed at 4:31 a.m. on December 16, 2023 as timely filed and as the operative document for summary judgment instead of the previously filed incomplete Response to SUMF filed at 12:02 a.m.; and
3) Accept as timely filed the Declaration/Report of Clayton Cramer once I have worked with the ECF Help Desk to resolve the technical problem and successfully file the document by ECF.

**All counsel have consented to this relief.**

Finally, as a result of the foregoing events, the Certificate of Service filed at 12:02 a.m. contains several inadvertent technical inaccuracies. I also ask that the Court please excuse those inadvertent inaccuracies.

Thank you.

Respectfully submitted,

s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/lms
cc:   All counsel via ECF