

| | State of New Jersey | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

February 2, 2024

**VIA ECF**
Hon. Peter G. Sheridan, U.S.D.J.
United States District Court
402 East State Street
Trenton, NJ 08608

      **Re:**  *Association of New Jersey Rifle & Pistol Clubs,*
            *Inc., et al. v. Platkin, et al. ("ANJRPC")*
               Docket No. 3:18-cv-10507
            *Cheeseman, et al. v. Platkin, et al.*
               Docket No. 1:22-cv-04360
            *Ellman, et al. v. Platkin, et al.*
               Docket No. 3:22-cv-04397

Dear Judge Sheridan:

      State Defendants[1] hereby respond to *ANJRPC* Plaintiffs' supplemental-authority letter filed on January 26, 2024 (Dkt. 205). Their letter, regarding *Lara v. Commissioner*, 2024 WL 189453 (3d. Cir. 2024),[2] incorrectly attempts to apply that panel's decision—regarding a different statute and a different record—to this case. Plaintiffs have no response to the State's arguments about the inapplicability of

---

[1] The Attorney General of New Jersey and Superintendent of the New Jersey Division of State Police as to all three matters; and the Camden County Prosecutor and Ocean County Prosecutor in the *Cheeseman* matter only.

[2] A petition for rehearing en banc is anticipated, *see* No. 21-1832 (3d Cir.).

*Lara*. *See* NJ Reply Br., Dkt. 203, at 34-37. As the State has emphasized, here, there is no conflict between Founding- and Reconstruction-era evidence, as both generations saw numerous regulations on specific weapons or accessories that posed a heightened public safety threat, while leaving open other avenues of self-defense. *See id.* at 30. Plaintiffs have pointed to no evidence that such regulations were seen as unconstitutional.

In those situations, the Supreme Court has guided courts to look at the total arc of the historical tradition. *Id.* at 35 (collecting cases). By contrast, *Lara* cabined its holding to situations where "there is daylight between how each generation understood a particular right," noting only then does the court need to "pick between the two timeframes." 2024 WL 189453 at * 8, n.15. And because the *Lara* panel believed there was affirmative evidence that the Founding generation saw 18-year-olds as possessing a right to bear arms, *id.* at *9, it went on to resolve the temporal question in favor of Founding-era evidence. That conflict does not exist here.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY


By:     /s/ Daniel M. Vannella_____
        Daniel M. Vannella
        Assistant Attorney General

cc:   All counsel of record (via ECF)