

*Bradley P. Lehman*
*(302) 416-3344*
*blehman@gsbblaw.com*

April 3, 2024

**VIA CM/ECF**
Hon. Peter G. Sheridan, U.S.D.J.
United States District Court
402 East State Street
Trenton, NJ 08608

    RE:  *Association of New Jersey Rifle & Pistol Clubs,*
          *Inc., et al. v. Platkin, et al. ("ANJRPC")*
            Docket No. 3:18-cv-10507
          *Cheeseman, et al. v. Platkin, et al.*
            Docket No. 1:22-cv-04360
          *Ellman, et al. v. Platkin, et al.*
            Docket No. 3:22-cv-04397

Dear Judge Sheridan,

    On behalf of the Cheeseman plaintiffs, I write to respond to the State's supplemental authority letter (ANJRPC Dkt. No. 209) regarding *Ocean State Tactical, LLC v. Rhode Island*, No. 23-1072, 2024 WL 980633 (1st Cir. Mar. 7, 2024) ("*OST*"). Contrary to what the State claims in its letter, *OST*, a case involving a challenge to a ban on firearm magazines capable of holding more than ten rounds, did not follow the framework provided by the U.S. Supreme Court in *N.Y. State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and this Court should not follow the First Circuit astray.

    Among other serious issues with the opinion, *OST* ignored *Bruen*'s admonition against "engag[ing] in means-end scrutiny under the guise of an analogical inquiry." 597 U.S. at 29 n.7. Under the guise of comparing the "how" and "why" of Rhode Island's magazine ban with the historical analogues offered by Rhode Island, the First Circuit conducted exactly the sort of interest-balancing inquiry that *Bruen* unambiguously forbade in the context of Second Amendment challenges, essentially ruling that Rhode Island's ban on common magazines was



Hon. Peter G. Sheridan
April 3, 2024

constitutional because it "imposes no meaningful burden on the ability of Rhode Island's residents to defend themselves" and serves the government's interest in preventing the "growing and real threat" posed by "mass shootings." *OST*, 2024 WL 980633 at *4, *6. While that analysis bears no similarity to the one required by *Bruen*, it is remarkably similar to the invalid interest-balancing regime that *Bruen* expressly rejected. 597 U.S. at 26. In fact, the First Circuit's analysis was even worse than the old analysis rejected in *Bruen* because it applied no meaningful scrutiny at all to the challenged statute.

Further, *OST* improperly rejected the argument that should have been dispositive in finding Rhode Island's ban unconstitutional: magazines holding more than ten rounds are "in common use" for lawful purposes and therefore cannot be banned. While the First Circuit claimed that the argument "defies reason," *OST*, 2024 WL 980633 at *9, as Plaintiffs have explained in their summary judgment papers in these consolidated actions, *Heller* and *Bruen* establish conclusively that common use alone renders a ban on a type of "arm" unconstitutional, and that consideration lies dispositively in the Plaintiffs' favor.

Sincerely,

/s/ Bradley P. Lehman
Bradley P. Lehman

*Counsel for Cheeseman Plaintiffs*

cc:   All counsel of record (via CM/ECF)