LAW OFFICES

# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º □
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

June 14, 2024

<u>**VIA ECF**</u>
The Honorable Peter G. Sheridan
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

  Re: *ANJRPC v. Platkin*, - **3:18-cv-10507-PGS-JBD**
     *Cheeseman v. Platkin* - **1:22-cv-04360-PGS-JBD**
     *Ellman v. Platkin* - **3:22-cv-04397-PGS-JBD**

Dear Judge Sheridan:

  We represent the *ANJRPC* and *Ellman* plaintiffs in the above referenced consolidated matters. The *ANJRPC* and *Ellman* plaintiffs submit this letter to bring to the court's attention a dissenting opinion authored by Justice Sonya Sotomayor in a decision from today of the United States Supreme Court in *Garland v. Cargill*, 602 U.S. ____ (2024).

  As explained below, Justice Sotomayor's dissent confirms that semi-automatic firearms, the very firearms at issue in the cases before this court, are in common use and therefore cannot be banned.

  The *Cargill* case was a challenge to the recent ruling by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") that changed ATF's previously long-standing position on whether a so-called "bump stock" met the definition of "machine gun" under the National Firearms Act ("NFA"), 26 U. S. C. §5845(b). After many years of holding that bump stocks are not machine guns under the NFA, ATF suddenly changed course and ruled that they are and are therefore subject to the very severe regulations governing machine guns. Today, the Supreme Court invalidated that erroneous ATF rule. *Id*. at 1-2.

  *Cargill*'s significance to the cases before this court is as follows. A bump stock functions by altering the operation of an ordinary semi-automatic firearm. Thus, the erroneous position of

Hon. Peter G. Sheridan, U.S.D.J.
June 14, 2024
Page 2

ATF (and the *Cargill* dissenters) is that a bump stock makes ordinary semi-automatic firearms operate like machine guns. As the Court held today, this assertion is incorrect. *Id*.

In her dissent, however, Justice Sotomayor confirmed a very important fact presented by Plaintiffs in the cases before this court, that semi-automatic firearms are *in common use*. She writes:

> He did so by affixing bump stocks to *commonly available*, semiautomatic rifles. [Emphasis added.]

*Garland v. Cargill*, 602 U.S. ____ (2024) (Sotomayor, J. dissenting.) at 1.

This stunning admission by a member of the dissent in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. Chicago*, 561 U.S. 742 (2010), and *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2008) is telling. Even a member of the Supreme Court who does not agree with the Second Amendment's right to keep and bear arms recognizes the unassailable fact that semi-automatic firearms, the very arms banned by the laws at issue in the cases before this court, are in common use.

As already argued extensively in Plaintiffs' summary judgment papers, because the subject semi-automatic arms are in common use, they cannot be banned, and the laws being challenged are unconstitutional.

Respectfully submitted,

s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/lks
cc:   Daniel M. Vannella, Esq. (via ECF)
      Bradley Lehman (via ECF)
      Raymond M. DiGuiseppe (via ECF)