

*Bradley P. Lehman, Esq.*
*(302) 416-3344*
*blehman@gsbblaw.com*

June 25, 2024

**VIA CM/ECF**
Hon. Peter G. Sheridan, U.S.D.J.
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

    RE:   *Association of New Jersey Rifle & Pistol Clubs,*
              *Inc., et al. v. Platkin, et al.* ("*ANJRPC*")
                  Docket No. 3:18-cv-10507
          *Cheeseman, et al. v. Platkin, et al.*
                  Docket No. 1:22-cv-04360
          *Ellman, et al. v. Platkin, et al.*
                  Docket No. 3:22-cv-04397

Dear Judge Sheridan,

      On behalf of the *Cheeseman* plaintiffs, I write to respond to the State's supplemental authority letter (ANJRPC Dkt. No. 222) regarding *United States v. Rahimi*, 602 U.S. ___, 2024 U.S. LEXIS 2714 (June 21, 2024). Contrary to the assertion of the State in its letter, *Rahimi* has absolutely no bearing on these consolidated cases and does nothing to support the State's defense of its unconstitutional ban on common semiautomatic arms.

      The closing words of the *Rahimi* decision are notable: "[W]e conclude only this: An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." 2024 U.S. LEXIS 2714, at *30. That is the only thing that *Rahimi* stands for which was not already a well-established part of Supreme Court jurisprudence, and it has nothing at all to with the question that is pertinent in this case: Can New Jersey ban semiautomatic firearms that are commonly possessed for lawful purposes? The answer to that question under *Heller*, *McDonald*, and *Bruen* is plainly and unequivocally no. While the *Rahimi* Court recited the standard for facial



constitutional challenges, it certainly did not purport to alter the established analysis, nor did it purport to revisit any portion of *Heller*, *McDonald*, or *Bruen* concerning *bans* on arms commonly possessed for lawful purposes by law-abiding citizens.

*Rahimi* dealt only with the narrow question of whether an *individual* may be *temporarily* disarmed consistent with the Second Amendment when that individual is subject to a domestic violence restraining order and a court has found that the individual "represents a credible threat to the physical safety of an intimate partner." 2024 U.S. LEXIS 2714, at *8. In sharp contrast, the question in this case is whether the state can permanently ban semiautomatic firearms that are commonly possessed by law-abiding citizens. It cannot. Nothing in *Rahimi* undermines any argument made by the Plaintiffs in this case. *Rahimi* itself drew this important distinction, emphasizing that "[u]nlike the regulation struck down in *Bruen*, Section 922(g)(8) does not broadly restrict arms use by the public generally." *Id.* at *9.

The State's letter does nothing but seek to further muddy the waters in order to avoid the inescapable conclusion that its ban is facially unconstitutional (including by persisting in pushing the false notion that arms may be banned from "use by the public generally" based on the State's own policy judgment that they are "particularly dangerous or particularly susceptible to disproportionate criminal misuse"). As the Supreme Court reiterated in *Rahimi*, "when the Government regulates arms-bearing conduct, as when the Government regulates other constitutional rights, it bears the burden to 'justify its regulation,' " *Rahimi*, 2024 U.S. LEXIS 2714, at *6 (quoting *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1, 24 (2022)), and it must do so based on the " 'constitutional text and history,' " *id.* (quoting *Bruen*, 597 U.S. at 22). The State has failed to carry this burden in *any* application of these challenged laws that, quite unlike the law at issue in *Rahimi*, "broadly restrict arms use by the public generally." *Id.* at *9.

The *Cheeseman* plaintiffs are entitled to summary judgment in their favor.

                                      Respectfully submitted,

                                      */s/ Bradley P. Lehman*
                                      Bradley P. Lehman

cc:    All counsel of record (via CM/ECF)   *Counsel to Cheeseman Plaintiffs*