

**State of New Jersey**
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ  08625-0112

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

July 17, 2024

**VIA ECF**
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, New Jersey 08608

      Re: *Association of New Jersey Rifle & Pistol Clubs, Inc., et al. v. Platkin, et al. ("ANJRPC")*, No. 3:18-cv-10507; *Cheeseman, et al. v. Platkin, et al.*, No. 1:22-cv-04360; *Ellman, et al. v. Platkin, et al.*, No. 3:22-cv-04397

Dear Judge:

      The State writes regarding the Third Circuit's decision in *Delaware State Sportsmen's Association, Inc., v. Delaware*, -- F.4th --, 2024 WL 3406290 (3d Cir. July 15, 2024). The Court affirmed denial of a preliminary injunction in a challenge to Delaware's assault weapons and large capacity magazine (LCM) restrictions, reasoning that the challengers failed to satisfy the equitable factors for injunctive relief. *Id*. at *5-8. But as relevant to this Court at summary judgment, Judge Roth issued a concurrence on the merits. *Id*. at *9.

      Judge Roth explains that the challenge fails on *Bruen*'s first step because assault weapons and LCMs are not "protected by the Second Amendment." *Id*. Initially, Judge Roth explains that "'bearable arms' are those that are commonly used for self-defense," and the common-use inquiry "hinges on more than [a weapon's] popularity." *Id*. at *12-13. She adds that "a weapon is in common use for self-defense if evidence shows it is (1) well adapted for self-defense and (2) widely possessed and employed for self-defense." *Id*. at *13. LCMs and assault weapons do not meet those criteria, and instead are "dangerous and unusual weapons" outside of Second Amendment protections. *Id*. at *14. Judge Roth adds that the court was not "bound" by *ANJRPC v. Att'y Gen New Jersey*, 910 F.3d 106, 116 (3d Cir. 2018), which pre-dated *Bruen*'s

 

July 17, 2024<br>
Page 2

clarification "that only weapons in common use today for self-defense, as opposed to generally lawful purposes, are protected by the Second Amendment." *Id.* at *16 (citation omitted). Moreover, Judge Roth explains that even if the laws regulating these instruments implicated the Second Amendment, they cannot succeed on step two of *Bruen* because the restrictions at issue "are consistent with the nation's historical traditional of firearm regulation." *Id.* at *17.

Judge Roth's opinion is a full endorsement of the State's position. And it undermines Plaintiffs' position that a weapon need only be commonly owned to achieve protection. *See* Dkt. 175-7 at 21-22, 28. This court should join the chorus of judicial opinions upholding the constitutionality of restrictions on assault weapons and large capacity magazines. *See* Dkt. 203 at 2-3.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY


By:   /s/ Daniel M. Vannella
Daniel M. Vannella
Assistant Attorney General

cc: All counsel of record (via ECF)