

**State of New Jersey**

| | DEPARTMENT OF LAW AND PUBLIC SAFETY | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | DIVISION OF LAW<br>25 MARKET STREET<br>PO BOX 112<br>TRENTON, NJ  08625-0112 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

July 23, 2024

**VIA ECF**
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, New Jersey 08608

      Re: *Association of New Jersey Rifle & Pistol Clubs, Inc., et al. v. Platkin, et al. ("ANJRPC")*, No. 3:18-cv-10507; *Cheeseman, et al. v. Platkin, et al.*, No. 1:22-cv-04360; *Ellman, et al. v. Platkin, et al.*, No. 3:22-cv-04397

Dear Judge:

      The State writes regarding the recent persuasive decision in *Vermont Federation of Sportsmen's Clubs, et al., v. Birmingham, et al.* (*VFSC*), No. 2:23-cv-710 (D. Vt. July 18, 2024), ECF 74 (attached). That court denied a preliminary injunction in a challenge to Vermont's large capacity magazine (LCM) restrictions. *Id*. at 87.

      The court found that the challenge likely failed both steps of the analysis under *N.Y State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). First, the court recognized that a plaintiff must prove the regulated weapons are in common use for self-defense for them to qualify for Second Amendment protection. *VFSC*, at 14. The court then reviewed the evidence, most importantly the written and oral testimony of expert Dr. Lucy P. Allen (also an expert here, *see* Dkt. 184-1 at Ex. 7). *Id*. at 16-39. The court found Dr. Allen's results persuasive, and found they refuted the notion that these weapons are in common use for self-defense. *Id.* The court added that while the plaintiffs introduced evidence as to the common *ownership* of guns and LCMs, they failed to carry their burden to show LCMs are actually in common *use for self-defense*—the key question. *Id*.; *cf*. Dkt. 175-7 at 21-22, 28 (plaintiffs making same argument).

      At the second step, the court went on assess the country's history and tradition of gun regulation. *VFSC*, at 40. The court relied on the findings of expert Professor

 

Robert Spitzer (also an expert here, *see* Dkt. 184-1 at Ex. 4), and denied a Daubert objection to his testimony. *Id.* at 44-64. The court found Vermont's LCM regulation was implemented in response to a modern problem without an historical analogue (*i.e.*, mass shootings), yet is nonetheless consistent with historical regulatory principles, and is therefore justified by America's history and tradition of firearm regulation—discussing, *inter alia*, restrictions on Bowie Knives and gunpowder. This court should join the chorus of opinions upholding the constitutionality of restrictions on assault weapons and LCMs. *See* Dkt. 203 at 2-3.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY


By:   /s/ Daniel M. Vannella
      Daniel M. Vannella
      Assistant Attorney General

Enclosure

cc: All counsel of record (via ECF)